# EXHIBIT A

Prepared-Excel 97

**APPLE COMPUTER, INC.**
**OPTIONS GRANTED**
*ADJUSTED FOR SPLITS*

| Optionee | Purported Option Date | Number of Options | Exercise Price | |
|---|---|---|---|---|
| Fred D. Anderson | 7/11/1997 | 2,000,000 | 3.3125 | Option exchange-Note A |
| | 12/19/1997 | 1,000,000 | 3.4219 | Option exchange-Note A |
| | 3/2/1999 | 1,900,000 | 8.6563 | |
| | 1/17/2001 | 2,000,000 | 8.4063 | |
| | | | | |
| Steven P. Jobs | 1/12/2000 | 40,000,000 | 21.7969 | cancelled 3/2003-Note B |
| | Oct-01 | 15,000,000 | 9.1500 | cancelled 3/2003-Note B |
| | | | | |
| Jonathan Rubinstein | 7/11/1997 | 800,000 | 3.3125 | Option exchange-Note A |
| | 12/19/1997 | 1,200,000 | 3.3470 | Option exchange-Note A |
| | 3/2/1999 | 1,833,336 | 8.6563 | |
| | 1/17/2001 | 2,000,000 | 8.4063 | |
| | | | | |
| Timothy Cook | 2/2/1998 | 2,800,000 | 4.4219 | |
| | 3/2/1999 | 1,200,000 | 8.6563 | |
| | 1/17/2001 | 2,000,000 | 8.4063 | |
| | | | | |
| Ronald B Johnson | 12/14/1999 | 2,400,000 | 23.7188 | |
| | | | | |
| Avadis Tevanian | 1/17/2001 | 2,000,000 | 8.4063 | |

Reflects two 2 for 1 split - one in June 2000 and one in 2005

A - Exchange options issued for earlier higher priced options which were cancelled
B - Jobs voluntarily cancelled outstanding employee options and received 10,000,000 restricted share in 3/03

Proxy statements reporting grants of options state that exercise price equals the fair market value based on close on the date of the grant (proxy statement dated 3/16/98 price based on close of trading day immediately preceding the date of the grant).

rev.8/24/2006

# EXHIBIT B

APPLE COMPUTER, INC.
PRICE RANGE
10 DAYS PRIOR - AFTER

| Purported Option Date | Purported Option Price | Price Range 10 Days Prior | Price Range 10 Days After |
|---|---|---|---|
| 7/11/97 | 3.3125 | 3.27-3.45 | 3.95-4.38 |
| 12/19/97 | 3.4219 | 3.23-4.74 | 3.45-3.89 |
| 2/2/98 | 4.4219 | 4.58-4.88 | 4.58-4.91 |
| 3/2/99 | 8.6563 | 8.44-9.61 | 8.05-8.88 |
| 12/14/99 | 23.7188 | 24.47-29.45 | 24.25-25.88 |
| 1/12/00 | 21.7969 | 23.19-27.99 | 24.19-28.38 |
| 1/17/01 | 8.4063 | 7.44-9.01 | 9.35-10.88 |

## PLAINTIFF CERTIFICATION

1.) Martin Vogel ("Plaintiff") hereby states, pursuant to Section 101 of the Private Securities Litigation Reform Act of 1995 of the Securities Exchange Act of 1934 that he has reviewed the complaint and has authorized the filing of it on his behalf.

2) Plaintiff did not purchase any common stock or other securities of Apple Computer, Inc. ("Apple") at the direction of his counsel or in order to participate in this private action.

3) Plaintiff is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary.

4.) Plaintiff has made no transactions during the class period specified in the complaint in the debt or equity securities that are the subject of the action except as follows: Plaintiff purchased 2000 common shares of Apple on February 6, 2006 for $67.90 per share.

4) Plaintiff has not sought to serve or served as a representative party on behalf of a class under the federal securities laws during the last three years.

5) Plaintiff will not accept any payment for serving as a representative party on behalf of the Class beyond Plaintiff's pro rata share of any recovery, except as ordered or approved by the court pursuant to section 21D(a)(4) of the Securities Exchange Act and including any award for reasonable costs and expenses directly relating to the representation of the class.

6.) The matters stated in this declaration are true to the best of my knowledge, information and belief.

7.). I hereby certify, under penalty of perjury that the foregoing is true and correct. Executed this 18th day of August, 2006.

Witnessed by:
Mark Vogel
Mark Vogel, Attorney at Law NJ

_____
Martin Vogel

## PLAINTIFF CERTIFICATION

KENNETH MAHONEY ("Plaintiff") hereby states, pursuant to Section 101 of the Private Securities Litigation Reform Act of 1995 of the Securities Exchange Act of 1934 that he has reviewed the complaint and has authorized the filing of it on his behalf.

1. Plaintiff did not purchase any common stock or other securities of Apple Computer, Inc. ("Apple") at the direction of his counsel or in order to participate in this private action.

2. Plaintiff is willing to serve as representative party on behalf of a class, including providing testimony at deposition and trial, if necessary.

3. Plaintiff has made no transactions during the class period specified in the complaint in the debt or equity securities that are the subject of the action except as follows: Plaintiff purchased 300 common shares of Apple on May 12, 2006 for $72.18 per share.

4. Plaintiff has not sought to serve or served as a representative party on behalf of a class under the federal securities laws during the last three years.

5. Plaintiff will not accept any payment for serving as a representative party on behalf of the Class beyond Plaintiff's pro rata share of any recovery, except as ordered or approved by the court pursuant to section 21D(a)(4) of the Securities Exchange Act and including any award for reasonable costs and expenses directly relating to the representation of the class.

6. The matters stated in this declaration are true to the best of may knowledge, information and belief.

7. I hereby certify, under penalty of perjury that the foregoing is true and correct.

Executed this 23rd day of August, 2006

_____
KENNETH MAHONEY