Patrice L. Bishop (182256)
service@ssbla.com
STULL, STULL & BRODY
10940 Wilshire Boulevard
Suite 2300
Los Angeles, CA 90024
Tel:   (310) 209-2468
Fax:   (310) 209-2087

Howard T. Longman
STULL, STULL & BRODY
6 East 45th Street
New York, NY 10017
Tel:   (212) 687-7230
Fax:   (212) 490-2022

Gary S. Graifman
KANTROWITZ, GOLDHAMER & GRAIFMAN
747 Chestnut Ridge Road
Chestnut Ridge, New York 10977
Tel:   (845) 356-2570
Fax:   (845) 356-4335

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN VOGEL and KENNETH MAHONEY, on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>STEVEN P. JOBS, PETER OPPENHEIMER, FRED ANDERSON, WILLIAM V. CAMPBELL, MILLARD S. DREXLER, ALBERT GORE, JR., ARTHUR D. LEVINSON, JEROME P. YORK and APPLE COMPUTER, INC.,<br><br>Defendants. | CASE NO. C06-05208 MHP<br><br>**CLASS ACTION**<br><br>**PROOF OF SERVICE OF SUMMONS AND COMPLAINT ON DEFENDANTS STEVEN P. JOBS, PETER OPPENHEIMER, FRED ANDERSON, WILLIAM V. CAMPBELL, MILLARD S. DREXLER, ALBERT GORE, JR., ARTHUR D. LEVINSON, JEROME P. YORK** |

**PROOF OF SERVICE OF SUMMONS AND COMPLAINT ON ALL INDIVIDUAL DEFENDANTS**
**CASE NO. C06-05208 MHP**
W:\STULL\APPLE3\PLD\CAPTION.wpd

## WAIVER OF SERVICE OF SUMMONS

TO:   Plaintiff and their attorneys, STULL STULL & BRODY

I acknowledge receipt of your request that I waive service of a summons on behalf of defendants STEVEN P. JOBS, PETER OPPENHEIMER, FRED ANDERSON, WILLIAM V. CAMPBELL, MILLARD S. DREXLER, ALBERT GORE, JR., ARTHUR D. LEVINSON, and JEROME P. YORK in the action entitled *Martin Vogel, et al. v. Steven P. Jobs, et al.*, which is case number C06-05208 MHP in the United States District Court for the Northern District of California. I have also received a copy of the Complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me. In addition, I have received the Civil Cover Sheet, Summons in a Civil Case, Order Setting Initial Case Management Conference and ADR Deadlines, Chief Judge Marilyn Hall Patel Standing Orders, Order Setting Conference, and [blank] Joint Case Management Statement and Proposed Order.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity or individual(s) on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity or individual(s) on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after October 10, 2006, or within 90 days after that date if the request was sent outside the United States.

October 13, 2006
Date

*Roberta Harting*
~~David Furbush~~ Roberta Harting
O'MELVENY & MYERS LLP
*Attorneys for Defendants*
STEVEN P. JOBS
PETER OPPENHEIMER
FRED ANDERSON
WILLIAM V. CAMPBELL
MILLARD S. DREXLER
ALBERT GORE, JR.
ARTHUR D. LEVINSON
JEROME P. YORK

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.