Jay W. Eisenhofer
Geoffrey C. Jarvis
Michael J. Barry
Mary S. Thomas (State Bar No. 175110)
Lesley E. Weaver (State Bar No. 191305)
GRANT & EISENHOFER P.A.
Chase Manhattan Centre
1201 North Market Street
Wilmington, DE 19801
Tel: 302.622.7000
Fax: 302.622.7100
jeisenhofer@gelaw.com

Merrill Glen Emerick (State Bar No. 117248)
ANDERLINI, FINKELSTEIN, EMERICK & SMOOT
400 S. El Camino Real – Suite 700
San Mateo, CA 94402
Tel: 650.348.0102
Fax: 650.348.0962
memerick@afeslaw.com

*Attorneys for Proposed Lead Plaintiff*
*The New York City Employees' Retirement System*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

In re APPLE COMPUTER INC. DERIVATIVE LITIGATION

This Document Relates To:

MARTIN VOGEL and KENNETH MAHONEY, on Behalf of Themselves and All Other Similarly Situated,

Plaintiffs,

v.

STEVEN JOBS, PETER OPPENHEIMER, FRED ANDERSON, WILLIAM V. CAMPBELL, MILLARD S. DREXLER, ALBERT GORE, Jr., ARTHUR D. LEVINSON, JEROME B. YORK and APPLE COMPUTER, INC.,

Defendants.

`

Master File No. C-06-04128-JF

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**

Date: March 9, 2007
Time: 10:30 a.m.
Courtroom 3, 5th Floor
Honorable Jeremy Fogel

Case No.: C-06-05208-JF

Honorable Jeremy Fogel

Pursuant to Fed. R. Civ. P. 26(f), Civil Local Rule 16-9, and the Clerk's Notice Dated January 30, 2007 Setting a Case Management Conference for March 9, 2007 at 10:30 a.m., the parties to the above-entitled action jointly submit this Joint Case Management Statement.

# I. DESCRIPTION OF THE CASE

## A. Brief Description of the Events Underlying the Action

### 1. The Parties' Joint Description of the Case

This is a putative class action asserting claims under the federal securities laws arising from the alleged conduct of defendant Apple Inc. ("Apple" or "the Company") in backdating stock options awarded to certain senior officers and directors. On June 29, 2006, Apple publicly announced that an internal investigation had discovered irregularities related to the issuance of certain stock option grants made between 1997 and 2001, that a special committee of Apple's outside directors had hired independent counsel to perform an investigation, and that the company had informed the SEC. This announcement was followed by additional updates regarding the investigation, most recently resulting in Apple's December 15, 2006 filing of Form 12b-25, which stated "Apple will need to restate its historical financial statements to record non-cash charges for compensation expense relating to past stock option grants." On December 29, 2006, Apple announced that it filed its Form 10-Q for the quarter ended July 1, 2006, and its Form 10-K for the fiscal year ended September 30, 2006, in which it recognized "additional non-cash stock-based compensation expenses" relating "solely [to] certain stock option grants made between 1997 and 2002."

In the Complaint filed by Plaintiff Vogel on August 24, 2006, the named plaintiff seeks recovery on behalf of purchasers of Apple securities and/or individuals who sold put options on Apple shares (the "Class") between December 1, 2005, and August 11, 2006 (the "Class Period."). This Complaint alleges claims against Apple and certain current and former members of its Board of Directors and certain senior executives, including Steven P. Jobs, Peter Oppenheimer, Fred D. Anderson, Arthur D. Levinson, Jerome B. York, Albert A. Gore, William V. Campbell, and Millard S. Drexler, pursuant to 15 U.S.C. sections 78n(a), 78j(b) and 78t(a), or

Sections 10(b), 14(a) and 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder by the Securities and Exchange Commission ("SEC"), 17 C.F.R. section 240.10b-5.

On March 14, 2005, the Company issued its proxy statement for the annual meeting to be held on April 21, 2005 (the "2005 Proxy Statement."), which sought shareholder approval to increase the number of shares reserved for issuance under Apple's Employee Stock Purchase Plan by 2 million to a total of 70 million shares, and to increase the number of shares reserved for issuance under the Company's 2003 Employee Stock Option Plan by 49 million. The 2005 Proxy Statement did not disclose any irregularities or improper accounting relating to previously-issued stock options. The shareholders approved the increases.

On January 19, 2007, the Court appointed Plaintiff New York City Employees' Retirement System as Lead Plaintiff and the law firm of Grant & Eisenhofer P.A. as lead counsel for the putative class. Lead Plaintiff will file a consolidated complaint by March 15, 2007. This complaint may expand the claims and the class period as alleged in the original complaint filed by Plaintiff Vogel. Defendants reserve all rights to oppose any attempt by Plaintiffs to add additional plaintiffs or attempt to expand the alleged class period.

**2. Defendants' Statement:**

The Defendants deny any and all allegations of wrongdoing as set forth in this action and specifically deny that they are liable to any person or entity based on the allegations contained in the complaint in this action. Defendants also deny that this matter is properly maintainable as a class action and specifically reserve all rights to oppose a motion for class certification in the event that one is filed. Defendants will set forth their full position in subsequent pleadings at appropriate stages of the case, and reserve all rights, defenses and objections in the interim.

**B. The Principal Factual Issues Which the Parties Dispute**

**1. Plaintiffs' Position:**

Although defendants here "deny any and all allegations of wrongdoing as set forth in this action," plaintiffs note that defendants have admitted that the Company improperly accounted for stock options by restating their financial results in that regard, and that prior to restating their financials, defendants sought and obtained shareholder approval for the issuance of new stock.

**2.     Defendants' Position:**

As set forth above, the Defendants deny any and all allegations of wrongdoing as set forth in this action and specifically deny that they are liable to any person or entity based on the allegations contained in the complaint in this action.  Defendants also deny that this matter is properly maintainable as a class action and specifically reserve all rights to oppose a motion for class certification in the event that one is filed.  As noted, Defendants will set forth their full position in subsequent pleadings at appropriate stages of the case, and reserve all rights, defenses and objections in the interim.

**C.     The Principal Legal Issues Which the Parties Dispute**

The principal legal issues that Plaintiffs contend are in dispute are:

(1)     Whether the defendants violated sections 10(b), 14(a) and 20(a) of the Exchange Act;

(2)     Whether the defendants caused Apple to issue false and misleading proxy and financial statements;

(3)     Whether this case deserves class wide treatment;

(4)     Whether the defendants are liable to any person or entity based on the allegations contained in the complaint in this action; and

(5)     Whether the defendants caused any legal cognizable damages.

**D.     CLASS ACTION ISSUES**

(1)     The specific paragraphs of Fed. R. Civ. P. 23 under which this action is maintainable as a class action:

Plaintiffs maintain that this case is described above are appropriately brought pursuant to Fed. R. Civ. P. 23(a), and (b)(1), (2) and (3).

Defendants deny that this matter is properly maintainable as a class action.

(2)     A description of the current putative class or classes in whose behalf the action is brought:

Plaintiff Vogel brought this action on behalf of himself and all purchasers of Apple securities and/or individuals who sold put options on Apple shares between December 1, 2005,

and August 11, 2006. Excluded from the putative Class are Defendants, as well as their affiliates or assigns.

Lead Plaintiff will file a consolidated complaint on behalf of the putative class on March 15, 2007, which may expand or alter the alleged class description. Defendants reserve all rights to oppose any attempt by Plaintiffs to add additional plaintiffs or attempt to expand the alleged class period.

Plaintiffs assert that the putative class claims meet the requirements of Rule 23(a) for the following reasons:

(1) The Class is so numerous that joinder of all members is impracticable. It is reasonable to assume that holders of the common stock are geographically dispersed throughout the United States;

(2) There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual class member. The common questions include, *inter alia*, the following:

> (i) Whether Defendants falsely reported to the public, through its financial statements and proxy materials, the Company's awarding of stock options to its senior management and employees;
>
> (ii) Whether defendants' actions violated the federal securities laws;
>
> (iii) Whether defendants' actions damaged plaintiffs.

(3) The claims and defenses of the New York City Employees' Retirement System are similar to the claims and defenses of the absent class members.

(4) The New York City Employees' Retirement System will fairly and adequately represent the interests of the members of the class. The New York City Employees' Retirement System is committed to prosecuting the Class counts and has retained competent counsel experienced in litigation of this nature.

(5) Defendants have acted on grounds generally applicable to the Class with respect to the matters complained of herein, thereby making appropriate the relief sought herein with respect to the class as a whole. Further, the prosecution of separate actions would create the risk of inconsistent or varying adjudications which would establish incompatible standards for

conduct for the Defendants; and/or adjudications which would as a practical matter be dispositive of the interests of other members of the Class.

Plaintiffs assert that the putative class claims meet the requirements of Rule 23(b) for the following reasons: The class counts assert claims for violation of the federal securities laws. Prosecution of these claims by individual members of the class could create a risk of inconsistent or varying adjudications with respect to the defendants' disclosure obligations and adjudication of these claims could, as a practical matter, be dispositive of the rights of Apple's public shareholders to challenge the disclosures at issue in this litigation. Further, Plaintiffs allege that the defendants named herein have acted on grounds generally applicable to all of Apple's public shareholders by, as Plaintiffs allege, publishing incomplete and misleading disclosures. Finally, questions of law and fact common to all members of the class predominate over any questions that may arise relating to individual class members in this litigation.

Defendants deny that the putative claims meet the requirements of Rule 23(a) or 23(b) and specifically deny that this matter is properly maintainable as a class action.

**E.     Other Factual Issues Which Remain Unresolved**

There are no unresolved factual issues regarding service of process, personal jurisdiction, subject matter jurisdiction or venue.

By letters to O'Melveny & Myers LLP ("OMM"), counsel for all Defendants except Fred Anderson, and Munger, Tolles & Olson LLP ("Munger"), counsel for Fred Anderson, dated February 12, 2007, and February 28, 2007, respectively, Plaintiffs sought to engage in a proactive discussion with Defendants about the preservation of electronic evidence, as is now suggested by the recent amendments to Federal Rules of Civil Procedure 26 and 34, among others. Plaintiffs met and conferred in this regard with OMM on February 21, 2007. Munger plans to provide a written response to plaintiffs. Plaintiffs have asked Defendants to identify the specific files Defendants have elected to preserve. Defendants have agreed to provide Plaintiffs with a written summary of their preservation efforts and are considering Plaintiffs' request to identify specifically what files have been preserved. Defendants believe that they have taken and

are taking all reasonable steps necessary to preserve relevant materials as required by the Federal Rules of Civil Procedure.

**F. The Parties Which Have Not Been Served and the Reasons**

All of the Defendants currently named have been served at this time. As set forth below, Plaintiffs anticipate filing a consolidated complaint on March 15, 2007, which may include additional parties.

**G. The Additional Parties Which the Below-Specified Parties Intend to Join and the Intended Time Frame for Such Joinder**

Plaintiffs have proposed filing a consolidated complaint in this action by March 15, 2007. Plaintiffs also proposed a briefing schedule which incorporates the previous agreement that Defendants have forty-five days to respond to the complaint. Plaintiffs further proposed that Plaintiffs' opposition to any motion to dismiss be due forty-five days after the filing of such motion, and that a reply brief be due twenty days after that time. Defendants have agreed to this proposal.

**H. The Following Parties Consent to Assignment of This Case to a United States Magistrate Judge for Trial**

The parties do not consent to assignment of this case to a United States Magistrate Judge for trial.

## II. ALTERNATIVE DISPUTE RESOLUTION

On February 27, 2007, after having met and conferred regarding ADR options, the parties filed a Notice of Need for ADR Phone Conference. Plaintiffs are amenable to participating in an ADR process now, but Defendants believe that it is premature at this time to engage in ADR. Defendants will discuss ADR options with Plaintiffs as appropriate during the course of the litigation.

## III. DISCLOSURES AND DISCOVERY

The parties met and conferred regarding discovery and agree that due to the stay of discovery imposed by the P.S.L.R.A., formal discovery, including initial disclosure, in this action is premature. In addition, Plaintiffs may deem it appropriate to seek relief from the PSLRA stay

to ensure preservation of evidence or as is otherwise appropriate. Defendants do not believe that any such relief is appropriate or warranted in this action.

## IV. TRIAL SCHEDULE

The parties believe that it is premature to request a trial date or to assess the possible length of the trial at this time.

Dated: March 2, 2007

Respectfully submitted,

**GRANT & EISENHOFER P.A.**

By /s/ Lesley E. Weaver
Lesley E. Weaver

Jay W. Eisenhofer
Geoffrey C. Jarvis
Michael J. Barry
Mary S. Thomas (State Bar No. 175110)
Lesley E. Weaver (State Bar No. 191305)
Chase Manhattan Centre
1201 N. Market Street
Wilmington, DE 19801
Tel: 302-622-7000

**ANDERLINI, FINKELSTEIN, EMERICK & SMOOT**
Merrill Glen Emerick (State Bar No. 117248)
400 S. El Camino Real – Suite 700
San Mateo, CA 94402
Tel: 650.348.0102
Fax: 650.348.0962
memerick@afeslaw.com

*Attorneys for Proposed Lead Plaintiff The New York City Employees' Retirement System*

Dated: March 2, 2007

GEORGE A. RILEY
DAVID M. FURBUSH
LUANN L. SIMMONS
O'MELVENY & MYERS LLP

By: /s/ Luann L. Simmons
Luann L. Simmons

Attorneys for Defendants STEVEN P. JOBS, PETER OPPENHEIMER, WILLIAM V. CAMPBELL, MILLARD S. DREXLER, ALBERT GORE, JR., ARTHUR D. LEVINSON, JEROME P. YORK, and APPLE INC. (formerly Apple Computer, Inc.)

Dated: March 2, 2007

JEROME C. ROTH
YOHANCE C. EDWARDS
GENEVIEVE A. COX
MUNGER, TOLLES & OLSON LLP

By: /s/ Yohance C. Edwards
Yohance C. Edwards

Attorneys for Defendant FRED D. ANDERSON

Filer's Attestation: Pursuant to General Order No. 45, Section X(B) regarding signatures, I attest under penalty of perjury that concurrence in the filing of the document has been obtained from Lesley E. Weaver and Yohance C. Edwards.

Dated: March 2, 2007

By s/Luann L. Simmons
Luann L. Simmons

Attorneys for Defendants STEVEN P. JOBS, PETER OPPENHEIMER, WILLIAM V. CAMPBELL, MILLARD S. DREXLER, ALBERT GORE, JR., ARTHUR D. LEVINSON, JEROME P. YORK, and APPLE INC. (formerly Apple Computer, Inc.)