GEORGE A. RILEY (State Bar No. 118304)
LUANN L. SIMMONS (State Bar No. 203526)
O'MELVENY & MYERS LLP
Embarcadero Center West
275 Battery Street
San Francisco, California 94111-3305
Telephone:  (415) 984-8700
Facsimile:   (415) 984-8701
E-Mail:       griley@omm.com
                    lsimmons@omm.com

DAVID M. FURBUSH (State Bar No. 83447)
O'MELVENY & MYERS LLP
2765 Sand Hill Road
Menlo Park, California 94025
Telephone:  (650) 473-2600
Facsimile:   (650) 473-2601
E-Mail:       dfurbush@omm.com

Attorneys for Defendants
STEVEN P. JOBS, WILLIAM V. CAMPBELL,
MILLARD S. DREXLER, ARTHUR D. LEVINSON,
JEROME B. YORK, GARETH C.C. CHANG, PETER O. CRISP,
LAWRENCE J. ELLISON, B. JURGEN HINTZ, KATHERINE
M. HUDSON, DELANO E. LEWIS, A.C. MARKKULA, JR.,
EDGAR S. WOOLARD, JR., and APPLE INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| MARTIN VOGEL and KENNETH MAHONEY, on Behalf of Themselves and All Other Similarly Situated,<br><br>                Plaintiffs,<br><br>        v.<br><br>STEVEN JOBS, PETER OPPENHEIMER, FRED ANDERSON, WILLIAM V. CAMPBELL, MILLARD S. DREXLER, ALBERT GORE, JR., ARTHUR D. LEVINSON, JEROME B. YORK AND APPLE COMPUTER, INC.<br><br>                Defendants. | Case No. C-06-05208-JF<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS CONSOLIDATED CLASS ACTION COMPLAINT**<br><br>Date:            September 7, 2007<br>Time:           9:00 a.m.<br>Department:  Ctrm 3, 5th Floor<br>Action Filed: August 24, 2006<br>Trial Date:    None Set<br>Judge:          Honorable Jeremy Fogel |

# REQUEST FOR JUDICIAL NOTICE

**I.   INTRODUCTION**

Pursuant to Federal Rule of Evidence 201(b), defendants Apple Inc. ("Apple"), Steven P. Jobs, William V. Campbell, Millard S. Drexler, Arthur D. Levinson, Jerome B. York, Gareth C.C. Chang, Peter O. Crisp, Lawrence J. Ellison, B. Jurgen Hintz, Katherine M. Hudson, Delano E. Lewis, A.C. Markkula, Jr., and Edgar S. Woolard, Jr. ("defendants") respectfully request that this Court take judicial notice of each of the following documents attached as exhibits to the Declaration of Vivi N. Tran in Support of Motion to Dismiss Consolidated Class Action Complaint ("Tran Declaration" or "Tran Decl.").

1. Apple's Definitive Proxy Statement Pursuant to Section 14(a) of the Securities Exchange Act of 1934 on Schedule 14A, filed with the United States Securities and Exchange Commission on March 16, 1998. A true and correct copy of the "1998 Proxy Statement" is attached to the Tran Declaration as **Exhibit A**.

2. Apple's Current Report Pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 on Form 8-K, filed with the United States Securities and Exchange Commission on April 24, 2007. A true and correct copy of the "April 8-K" is attached to the Tran Declaration as **Exhibit B**.

3. Apple's Registration Statement on Form S-8, filed with the United States Securities and Exchange Commission on July 31, 1998. A true and correct copy of the "1998 Registration Statement" is attached to the Tran Declaration as **Exhibit C**.

4. Apple's press release dated June 29, 2006, entitled "Apple to Investigate Stock Option Grants." A true and correct copy of "Apple's Press Release" is attached to the Tran Declaration as **Exhibit D**.

5. Apple's Annual Report Pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 on Form 10-K, filed with the United States Securities and Exchange Commission on December 29, 2006. A true and correct copy of the "2006 10-K" is attached to the Tran Declaration as **Exhibit E**.

6. Apple's Current Report Pursuant to Section 13 or 15(d) of the Securities Exchange

1 Act of 1934 on Form 8-K, filed with the United States Securities and Exchange Commission on
2 May 16, 2007. A true and correct copy of the "May 8-K" is attached to the Tran Declaration as
3 **Exhibit F**.

4 **II.     ARGUMENT**

5       Pursuant to Federal Rule of Evidence 201, a court may take judicial notice of a fact "not
6 subject to reasonable dispute in that it is either (1) generally known within the territorial
7 jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to
8 sources whose accuracy cannot reasonably be questioned." Each of the submitted exhibits meets
9 this standard and should therefore be judicially noticed.

10       It is well-established that SEC filings are proper subjects for judicial notice. *See, e.g.*,
11 *Ronconi v. Larkin*, 253 F.3d 423, 427 (9th Cir. 2001) (stating that a court may take judicial notice
12 of documents filed with the SEC); *In re Calpine Corp. Sec. Litig.*, 288 F. Supp. 2d 1054, 1076
13 (N.D. Cal. 2003) (same); *In re Gupta Corp. Sec. Litig.*, 900 F. Supp. 1217, 1228 (N.D. Cal. 1994)
14 (same); *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) (judicial notice of
15 documents filed with the SEC is proper because, among other things, "no serious question as to
16 their authenticity can exist"). Apple's 1998 Proxy Statement, April 8-K, 1998 Registration
17 Statement, 2006 10-K and May 8-K, attached to the Tran Declaration as Exhibits A, B, C, E and
18 F, respectively, are precisely such documents. They are therefore properly subject to judicial
19 notice.

20       Apple's Press Release, posted on Apple's website and attached as Exhibit D to the Tran
21 Declaration, is unambiguously "capable of accurate and ready determination by resort to sources
22 whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Courts have considered
23 and taken judicial notice of similar Internet postings under Rule 201 in other contexts. *See, e.g.*,
24 *Laborers' Pension Fund v. Blackmore Sewer Constr., Inc.*, 298 F.3d 600, 607 (7th Cir. 2002)
25 (taking judicial notice of information from the FDIC's official website); *In re BearingPoint, Inc.*
26 *Sec. Litig.*, 232 F.R.D. 534, 540 n.9 (E.D. Va. 2006) (allowing judicial notice of statements on a
27 website); *Town of Southold v. Town of E. Hampton*, 406 F. Supp. 2d 227, 232 n.2 (E.D.N.Y.
28 2005) ("This Court may take judicial notice of the contents of a website assuming . . . it is capable

1  of accurate and ready determination." (citation & internal quotation marks omitted)). The
2  Internet posting attached as Exhibit D should, therefore, receive the same treatment.
3        Documents referenced in a complaint are also proper subjects for judicial notice. The
4  1998 Proxy Statement, the 2006 10-K, and Apple's Press Release are referenced and quoted in
5  the Consolidated Class Action Complaint ("Complaint"). *See, e.g.*, Complaint ¶¶ 45, 48-56, 116.
6  Therefore, the Court should take judicial notice of Exhibits A, D and E. *No. 84 Employer-*
7  *Teamster Joint Council Pension Trust Fund v. Am. W. Holding Corp.*, 320 F.3d 920, 925 n.2 (9th
8  Cir. 2003) (considering documents "referenced in the complaint and whose authenticity has not
9  been questioned"); *In re CornerStone Propane Partners, L.P. Sec. Litig.*, 355 F. Supp. 2d 1069,
10 1076 (N.D. Cal. 2005) ("Under the incorporation by reference doctrine of the Ninth Circuit, this
11 court is entitled to take documents on judicial notice which are referenced in but not attached to
12 the complaint, as long as they are not subject to authenticity challenges."); *In re Van Wagoner*
13 *Funds, Inc. Sec. Litig.*, 382 F. Supp. 2d 1173, 1178 n.1 (N.D. Cal. 2004) ("Documents whose
14 contents are alleged in a complaint and whose authenticity no party questions, but which are not
15 physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to
16 dismiss."); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 707 (3d Cir. 1996) ("Because plaintiffs'
17 claims are based upon these documents, they were properly considered as part of defendants'
18 motions to dismiss."); *Plevy v. Haggerty*, 38 F. Supp. 2d 816, 821 (C.D. Cal. 1998) (taking
19 judicial notice of press releases and news articles); *In re Guess?, Inc. Sec. Litig.*, 174 F. Supp. 2d
20 1067, 1068 n.1 (C.D. Cal. 2001) ("SEC filings, stock prices and news articles may be considered
21 under a motion to dismiss.").

### III. CONCLUSION

For the foregoing reasons, defendants respectfully request that the Court take judicial notice of the documents attached to the Declaration of Vivi N. Tran in Support of Motion to Dismiss Consolidated Class Action Complaint.

Dated: June 8, 2007

O'MELVENY & MYERS LLP

By: /s/ George. A. Riley
George A. Riley

Attorneys for Defendants
STEVEN P. JOBS, WILLIAM V. CAMPBELL, MILLARD S. DREXLER, ARTHUR D. LEVINSON, JEROME B. YORK, GARETH C.C. CHANG, PETER O. CRISP, LAWRENCE J. ELLISON, B. JURGEN HINTZ, KATHERINE M. HUDSON, DELANO E. LEWIS, A.C. MARKKULA, JR., AND EDGAR S. WOOLARD, JR.

MP1:999070.2