1  Jay W. Eisenhofer (*pro hac vice*)
   Charles T. Caliendo (*pro hac vice*)
2  GRANT & EISENHOFER P.A.
   485 Lexington Avenue, 29th Floor
3  New York, NY 10017
   Tel:  646.722.8500
4  Fax:  646.722.8501
   jeisenhofer@gelaw.com
5  ccaliendo@gelaw.com

6  Michael J. Barry (*pro hac vice*)
   Lesley E. Weaver (State Bar No. 191305)
7  GRANT & EISENHOFER P.A.
   1201 North Market Street
8  Wilmington, DE 19801
   Tel:  302.622.7000
9  Fax:  302.622.7100
   mbarry@gelaw.com
10 lweaver@gelaw.com

11 Merrill Glen Emerick (State Bar No. 117248)
   ANDERLINI, FINKELSTEIN, EMERICK & SMOOT
12 400 S. El Camino Real – Suite 700
   San Mateo, CA 94402
13 Tel: 650.348.0102
   Fax: 650.348.0962
14 memerick@afeslaw.com

15 *Attorneys for Lead Plaintiff*
   *The New York City Employees' Retirement System*
16

17                  **UNITED STATES DISTRICT COURT**
                   **NORTHERN DISTRICT OF CALIFORNIA**
                         **SAN JOSE DIVISION**
18

19 MARTIN VOGEL and KENNETH
   MAHONEY, on Behalf of Themselves and          Case No.: C-06-05208-JF
20 All Other Similarly Situated,

21              Plaintiffs,                       **LEAD PLAINTIFF'S RESPONSE TO**
                                                 **DEFENDANTS' REQUEST FOR**
22        v.                                     **JUDICIAL NOTICE RELATING TO**
                                                 **THEIR MOTION TO DISMISS THE**
23 STEVEN JOBS, PETER OPPENHEIMER,               **CONSOLIDATED CLASS ACTION**
   FRED ANDERSON, WILLIAM V.                     **COMPLAINT**
24 CAMPBELL, MILLARD S. DREXLER,                 Date:          September 7, 2007
   ALBERT GORE, Jr., ARTHUR D. LEVINSON,         Time:          9:00 a.m
25 JEROME B. YORK and APPLE COMPUTER,            Department:    Ctrm 3, 5th Floor
   INC.,                                         Action Filed:  August 24, 2006
26              Defendants.                       Trial Date:    None Set
                                                 Judge:         Honorable Jeremy Fogel
27

28

The New York City Employee's Retirement System ("NYCERS" or "Lead Plaintiff"), on behalf of itself and the putative class of Apple, Inc. ("Apple" or the "Company") shareholders it represents ("Plaintiffs"), submits this response to Defendants' Request for Judicial Notice relating to their Motion to Dismiss the Consolidated Class Action Complaint.

## INTRODUCTION

Defendants  have asked the Court to take judicial notice of a number of documents for purposes of ruling on their Motions to Dismiss The Consolidated Class Action Complaint.  For the reasons set forth herein, Plaintiffs have no objection to this Court taking judicial notice of the existence of documents filed with the Securities and Exchange Commission (the "SEC"). Plaintiffs do, however, object to this Court taking judicial notice of the truth of any statements made in these documents.

## FACTUAL BACKGROUND

Defendants have asked the Court to take judicial notice of a number of documents filed by Apple with the SEC.  *See* Exhibits A-F to the Declaration of Vivi N. Tran in Support of Motion to Dismiss Consolidated Class Action Complaint.  While Plaintiffs have no objection to the Court taking judicial notice of the existence of the publicly filed documents, Plaintiffs respectfully request that this Court not take judicial notice of the truth of these Documents.

## ARGUMENT

Because "[a] motion to dismiss under Rule 12(b)(6) tests for legal sufficiency of the claims alleged in the complaint . . . .materials outside of the pleadings ordinarily are not considered on a motion to dismiss." *Ramirez v. United Airlines, Inc.,* 416 F. Supp. 2d 792, 795 (N.D. Cal. 2005).  However, "a court may consider matters properly subject to judicial notice" without converting the motion to dismiss to one for summary judgment. *Id.* (citing *Adibi v. Cal. State Bd. of Pharmacy*, 393 F. Supp. 2d 999, 1003 (N.D. Cal. 2005)).  Federal Rule of Evidence 201 provides that "a court may take judicial notice of any fact 'not subject to reasonable dispute in that it is . . .  capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'" *Id.*   While the courts routinely take judicial notice of the

existence of publicly-filed documents, the <u>truth</u> of the matters contained in such documents is not the proper subject of judicial notice.

    **A.**    **The Court Should Not Take Judicial Notice of the Truth of the Publicly Filed Documents**

Defendants do not specify whether they are seeking notice of the truth of the publicly filed documents.  While Plaintiffs do not dispute that the Court can take judicial notice of the <u>existence</u> of the SEC filings, the truth of any matters contained therein is not the proper subject of judicial notice.  *See, e.g., Marsh v. San Diego County,* 432 F. Supp. 2d 1035, 1044 (S.D. Cal. 2006) (noting that a "court may take judicial notice of what attached documents contain, but not the truth of th[eir] contents"); *In re Infonet Serv. Corp. Sec. Litig.,* 310 F. Supp. 2d 1080, 1083 n.1 (C.D. Cal. 2003) (noting that "[j]udicial notice of SEC filings [is] proper when considered 'for the purpose of determining what statements the documents contain and not to prove the truth of the documents'") (quoting *Bryant v. Avado Brands, Inc.,* 187 F.3d 1271, 1275-78 (11th Cir. 1999)); *In re Adaptive Broadband Sec. Litig.,* No. C 01-1092 SC, 2002 WL 989478, at *20 (N.D. Cal. Apr. 2, 2002) (taking judicial notice of existence of Form 10-K but declining to "take judicial notice of [its] truth"); *Cherednichenko v. Quaterdeck Corp.,* No. CV97-4320-GHK (CWX), 1997 WL 809750, at *4 n.4 (C.D. Cal. Nov. 26, 1997) ("We take judicial notice of the 10-K annual report because it is a public document filed with the SEC, but do not use it for its truth.").  Accordingly, the Court should not take judicial notice of the truth of the Publicly Filed Documents.

1

## CONCLUSION

2          For the reasons set forth herein, Plaintiffs respectfully request that the Court decline to

3   take notice of the truth of any allegations contained in the SEC filings submitted by Defendants

4   in support of their motion to dismiss.

5
    Dated: July 30, 2007                    Respectfully submitted,
6                                           **GRANT & EISENHOFER P.A.**

7                                            /s/ Michael J. Barry
                                            Jay W. Eisenhofer (*pro hac vice*)
8                                           Charles T. Caliendo (*pro hac vice*)
                                            485 Lexington Avenue, 29th Floor
9                                           New York, NY 10017
                                            Tel:  646.722.8500
10                                          Fax:  646.722.8501
                                            jeisenhofer@gelaw.com
11                                          ccaliendo@gelaw.com
                                                   -and-
12                                          Michael J. Barry (*pro hac vice*)
                                            Lesley E. Weaver (State Bar No. 191305)
13                                          1201 North Market Street
                                            Wilmington, DE 19801
14                                          Tel:  302.622.7000
                                            Fax:  302.622.7100
15                                          mbarry@gelaw.com
                                            lweaver@gelaw.com
16
                                            **ANDERLINI, FINKELSTEIN, EMERICK**
17                                          **  & SMOOT**

18                                          Merrill Glen Emerick (State Bar No. 117248)
19                                          400 S. El Camino Real – Suite 700
                                            San Mateo, CA 94402
20                                          Tel: 650.348.0102
                                            Fax: 650.348.0962
21                                          memerick@afeslaw.com

22

23

24

25

26

27

28

**Lead Plaintiff's Response To Defendants' Request For Judicial Notice Relating To Their
Motion To Dismiss The Consolidated Class Action Complaint (Case No.: C-06-05208-JF)**