Jay W. Eisenhofer (*pro hac vice*)
Charles T. Caliendo (*pro hac vice*)
GRANT & EISENHOFER P.A.
485 Lexington Avenue, 29th Floor
New York, NY 10017
Tel:  646.722.8500
Fax:  646.722.8501
jeisenhofer@gelaw.com
ccaliendo@gelaw.com

Michael J. Barry (*pro hac vice*)
Lesley E. Weaver (State Bar No. 191305)
GRANT & EISENHOFER P.A.
1201 North Market Street
Wilmington, DE 19801
Tel:  302.622.7000
Fax:  302.622.7100
mbarry@gelaw.com
lweaver@gelaw.com

Merrill Glen Emerick (State Bar No. 117248)
ANDERLINI, FINKELSTEIN, EMERICK & SMOOT
400 S. El Camino Real – Suite 700
San Mateo, CA 94402
Tel: 650.348.0102
Fax: 650.348.0962
memerick@afeslaw.com

*Attorneys for Lead Plaintiff*
*The New York City Employees' Retirement System*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| MARTIN VOGEL and KENNETH MAHONEY, on Behalf of Themselves and All Other Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>STEVEN JOBS, PETER OPPENHEIMER, FRED ANDERSON, WILLIAM V. CAMPBELL, MILLARD S. DREXLER, ALBERT GORE, Jr., ARTHUR D. LEVINSON, JEROME B. YORK and APPLE COMPUTER, INC.,<br><br>Defendants. | Case No.: C-06-05208-JF<br><br>**LEAD PLAINTIFF'S NOTICE OF MOTION; MOTION; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO FILE THE FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT AND TO AMEND THE CAPTION**<br><br>Date:        January 18, 2008<br>Time:       9:00 a.m.<br>Department:  Ctrm 3, 5th Floor<br>Action Filed:  August 24, 2006<br>Trial Date:   None Set<br>Judge:      Honorable Jeremy Fogel |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

      PLEASE TAKE NOTICE that on January 18, 2008 at 9:00 a.m., Lead Plaintiffs will and hereby do move for an order permitting the filing of the First Amended Class Action Complaint. This motion also seeks leave to amend the caption of the case to the following: *In re: Apple PSLRA Backdating Litigation*, Case No.: C-06-05208-JF.

**ISSUES TO BE DECIDED**

    1.     May Plaintiff file an amendment to the Consolidated Class Action Complaint? and;

    2.     May Plaintiff amend the caption to read: *In re: Apple PSLRA Backdating Litigation*, Case No.: C-06-05208-JF?

**MEMORANDUM AND POINTS OF AUTHORITIES**

      Lead Plaintiff the New York City Employees Retirement System ("NYCERS") hereby moves the Court, pursuant to Federal Rule of Civil Procedure 15(a), for permission to file the [Proposed] First Amended Consolidated Class Action Complaint  (the "[Proposed] Amended Complaint") in order to assert a direct claim under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and SEC Rule 10b-5 promulgated thereunder.[1]  By the present motion, NYCERS also seeks leave to amend the caption of the case to properly reflect that individual Plaintiffs Martin Vogel and Kenneth Mahoney are not the lead plaintiffs in this litigation, and accordingly requests that the caption be amended to the following: *In re: Apple, Inc. PSLRA Backdating Litigation*, Case No.: C-06-05208-JF.

---

[1] In an opinion dated November 14, 2007 (*Vogel v. Jobs, et al.*, No. 5:06-cv-05208-JF, (Nov. 14, 2007)), the Court granted defendants' motion to dismiss the Consolidated Class Action Complaint dated March 23, 2007, with leave to amend to assert derivative claims.  Lead Plaintiff is not asserting any derivative claims in the proposed amended complaint, but instead has amended its pleading to assert new direct claims under Sections 10(b) and 20(a) of the Exchange Act on behalf of the Section 10(b) Class.  For purposes of appeal, however, Lead Plaintiff has included in the in the [Proposed] Amended Complaint the claims that were previously dismissed by the Court's November 14 Order.  *See* Local Rule 10-1 ("Any party filing or moving to file an amended pleading must reproduce the entire proposed pleading and may not incorporate any part of a prior pleading by reference."); *see also Forsyth v. Humana, Inc.*, 114 F.3d 1467 (1997) ("If a plaintiff fails to include dismissed claims in an amended complaint, the plaintiff is deemed to have waived any error in the ruling dismissing the prior complaint.").  Accordingly, Lead Plaintiff understands that if the Court does not deem it appropriate to reconsider its November 14 Order on those claims, the claims may be dismissed with prejudice and no further briefing on them would be necessary.

**PRELIMINARY STATEMENT**

By Order dated November 14, 2007, this Court granted Defendants' motion to dismiss the Consolidated Amended Complaint (the "original Complaint") on the grounds that the claims asserted therein could only be pursued derivatively on behalf of Apple Inc. ("Apple" or the "Company") and not directly on behalf of the shareholders of the Company.  In doing so, the Court granted NYCERS leave to file an amended complaint by December 14, 2007, but only to assert derivative claims.

Upon reflection of its duties to the absent class members represented in this case, however, NYCERS has determined that it is both necessary and appropriate to assert a direct class claim that was *not* asserted in the original Complaint – specifically, a claim under Section 10(b) of the Exchange Act.  This claim is brought within the statute of limitations applicable to such claims and relates back to the original commencement of this action by plaintiffs Martin Vogel and Kenneth Mahoney on August 24, 2006.  Defendants would suffer no prejudice if NYCERS is permitted to assert the claim.  Accordingly, NYCERS respectfully requests that the Court grant it permission to file the Amended Complaint in the form attached hereto as Exhibit A.

In addition, since NYCERS was appointed Lead Plaintiff under the PSRLA, individual plaintiffs Martin Vogel and Kenneth Mahoney no longer are prosecuting this case in a lead capacity.  Accordingly, NYCERS submits that the caption of the case should be amended to reflect this fact, and requests that the caption be amended to reflect the name of the case as follows:  *In re: Apple, Inc. PSLRA Backdating Litigation*, Case No.: C-06-05208-JF.

**BACKGROUND**

On August 24, 2006, plaintiffs Martin Vogel and Kenneth Mahoney filed a class action complaint against certain officers and directors of Apple asserting claims relating to the improper backdating of stock options at the Company.  The complaint filed by Messrs. Vogel and Mahoney asserted claims under Section 10(b) of the Exchange act and Rule 10b-5 promulgated thereunder (Count I), a claim under Section 14(a) of the Exchange Act relating to alleged misstatements made in the Company's proxy statement for the 2006 annual meeting (Count II), and a claim under Section 20(a) of the Exchange act asserting "control person" liability against certain individual defendants (Count III).  Class Action Complaint For Violation Of Federal Securities Laws, filed Aug 24, 2006 [Docket No. 1].

On January 19, 2007, the Court appointed NYCERS as the Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by Section 101(a) of the Private Securities Litigation Reform Act of 1995 (the "PSLRA").  On March 23, 2007, NYCERS filed the Consolidated Class Action Complaint.  NYCERS's original Complaint asserted claims under Section 14(a) and 20(a) of the Exchange Act (Counts I and II, respectively), and a state law claim alleging a breach of the duty of disclosure (Count III).  [Docket No. 39].

After briefing on Defendants' motions to dismiss, on November 14, 2007, this Court granted defendants' motions and dismissed the claims asserted in NYCERS's original Complaint on the grounds that the claims asserted could only be asserted derivatively on behalf of the Company.  In doing so, however, the Court granted NYCERS leave to file an amended complaint, but only to assert derivative claims.  Order Granting Motion To Dismiss [Docket no. 69] at 8 ("Order") ("Any amended complaint may assert only derivative claims and shall be filed within thirty (30) days of the date of this order.")

As discussed below, in its role as Lead Plaintiff, NYCERS has determined that it would not be in the best interests of the class to assert derivative claims, but rather that it would be in the best interests of the class to preserve plaintiff's objection to the dismissal of the claims asserted in the

1  original Complaint for purposes of appeal and to file an Amended Complaint that asserts a direct

2  claim on behalf of the class under Section 10(b) of the Exchange Act.

3  **ARGUMENT**

4  **I.     NYCERS'S MOTION TO AMEND SHOULD BE GRANTED**

5      A request for leave to amend is governed by Federal Rule of Civil Procedure 15(a), which

6  provides that "leave shall be freely given when justice so requires." Further, in this Circuit, this

7  "policy is 'to be applied with extreme liberality.'" *Eminence Capital, LLC v. Aspeon, Inc*., 316

8  F.3d 1048, 1052 (9th Cir. 2003) (quoting *Owens v. Kaiser Found. Health Plan, Inc*., 244 F.3d 708,

9  712 (9th Cir. 2001)). In deciding whether to grant leave to amend, the Court will consider several

10 factors, including: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, and (4)

11 futility. *Owens*, 244 F.3d at 712 (citing *Griggs v. Pace Am. Group, Inc*., 170 F.3d 877, 880 (9th

12 Cir. 1999)).  Here, each factor favors the proposed amendment.

13     First, there can be no suggestion of bad faith.  As the court-designated Lead Plaintiff under

14 the Private Securities Litigation Reform Act, NYCERS serves as a "fidiciary for all members of

15 the proposed class" and in this regard "must provide fair and adequate representation and

16 management to obtain the largest recovery for the proposed class consistent with good faith and

17 meritorious advocacy." *Zucker v. Zoran Corp.*, No. C 06-04843 WHA, 2006 WL 3591156 (N.D.

18 Cal. Dec. 11, 2006).  Consistent with this fiduciary duty, NYCERS has determined that it would

19 not be in the best interests of the class of Apple shareholders represented in this lawsuit to abandon

20 all direct class claims and to assert only derivative claims on behalf of Apple itself.  As this Court

21 acknowledged, the derivative claims arising from the improper backdating of stock options at the

22 Company currently are being prosecuted in *In re Apple Computer Inc. Deriv. Litig.*, Case No. C

23 06-4128 JF.  Any derivative claims asserted by NYCERS, therefore, likely would be subject to

24 consolidation with that pending derivative action.  Order [Docket No. 69] at 6.  NYCERS has no

25 reason to believe that the claims of the Company asserted derivatively by the plaintiff shareholders

26 in that litigation are inadequately represented.  However, as the Lead Plaintiff designated pursuant

27 to the PSLRA, NYCERS has a responsibility to pursue to the fullest extent viable claims that may

28 be asserted directly on behalf of Apple's shareholders.

4

In this regard, NYCERS has determined that it is both necessary and appropriate to assert a claim under Section 10(b) against the officers and directors of Apple who were responsible for making false statements that concealed the backdating from the Company's public shareholders, and which artificially inflated the price of the Company's stock.  As set forth in the accompanying [Proposed] Amended Complaint (at paragraphs 469 through 474) Apple's shareholders suffered significant damages when the Company's stock price fell over 14 % following disclosures, on June 29, 2006, of "irregularities" in the Company's historic accounting practices for stock options. Although the Company's stock price thereafter rose significantly so as to eliminate a potential claim for damages for many investors who bought stock below the "90-day lookback" price imposed under the PSLRA (15 U.S.C. § 78u-4(e)(1)), many shareholders – *i.e.*, class members – did in fact purchase Apple stock *above* this "lookback" price and as such have a viable claim for damages.

Second, there is neither undue delay nor any possible prejudice to Defendants.  This motion is filed within 30 days of the ruling on the Defendants' motions to dismiss NYCERS's original Complaint, and within the time proscribed for the filing of an amended pleading under the terms of the Court's Order.  [Docket No. 69].  There is, therefore, no undue delay.  There also is no possible prejudice to the Defendants.  The statute of limitations applicable to a claim under Section 10(b) of the Exchange Act is two years from the date of disclosure of the facts giving rise to the cause of action.   Here, the earliest that Apple's public shareholders could have had any knowledge whatsoever regarding the improper backdating of stock options at the Company was June 29, 2006, when the Company disclosed "irregularities" in its historic accounting for stock options.  *See* [Proposed] Amended Complaint at ¶ 5.  This action, commenced within two months of that disclosure, originally included a claim under Section 10(b) [Docket No. 1, Count I], and even this [Proposed] Amended Complaint is filed within the statutory two year period.  Defendants cannot, therefore, claim any prejudice if the filing of the [Proposed] Amended Complaint is permitted at this time.

Finally, the proposed amendments certainly are not futile.   Apple already has acknowledged the widespread and improper backdating of stock options.  Further, two of the

5

individual defendants have been sued by the Securities and Exchange Commission for securities fraud relating to their involvement in Apple's backdating practices.  And the fall of the Company's stock price following disclosure of the "irregularities" in Apple's historic accounting for stock options is sufficient to demonstrate "loss causation."  *See Dura Pharms., Inc. v. Broudo*, 544 U.S. 336 (2005).   Backdating stock options – lying about grant dates in order to conceal extra compensation being provided to grant recipients – is plainly fraudulent and gives rise to an actionable claim under Section 10(b) and Rule 10b-5.  *See In re UnitedHealth Group PSLRA Litig*., No. 06-CV-1691 (JMR/FLN), 2007 WL 1621456, at **1-2 (D. Minn. June 4, 2007) ("Plaintiffs' claims are nowhere near as complex as defense counsel suggest. If plaintiffs are correct, this case is incredibly simple. Plaintiffs claim defendants were playing a game with a stacked deck. When awarded options, with deliberately selected grant dates which were already in the money, defendants were playing a game they knew they could not lose; and, unsurprisingly, defendants won.  … In *The Sting*, the bad guy is ultimately brought down by utterly charming con men, played by Paul Newman and Robert Redford. *The Sting* (Universal Pictures, 1973). They gain their revenge through a scheme involving "past-posting," or betting on horse races after the results are known. The Court expresses not the slightest opinion as to whether such shenanigans occurred here, but such is the essence of plaintiffs' theory.  It is a poker axiom that if a player has his knees under the table and cannot tell who the sucker is, he's it. In this game, according to plaintiffs, the patsy was either the hapless corporation, which in varying ways defendants controlled, or the corporation's shareholders, whose equity provided the game's antes and bloated pot.  That's it.  A claim has been stated.").

If Defendants have any specific reasons why the claims asserted in the [Proposed] Amended Complaint are somehow insufficiently pled, these issues should be addressed in the context of a motion to dismiss.  There is, however, no reason to deny NYCERS leave to file the [Proposed] Amended Complaint.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## II.   NYCERS'S   MOTION   TO   AMEND   THE   CAPTION   SHOULD   BE   GRANTED

On January 19, 2007, the Court appointed NYCERS as the Lead Plaintiff to prosecute this case under the PSLRA.   Neither of the individual defendants who commenced this action, therefore, have had any role in the prosecution of the case since NYCERS assumed its leadership position.

To eliminate the possibility for confusion relating to the perception of Messrs. Vogel's and Mahoney's responsibility for the prosecution of this litigation, NYCERS respectfully submits that the caption should be amended to identify the case as follows:   *In re: Apple, Inc. PSLRA Backdating Litigation*, Case No.: C-06-05208-JF.

### CONCLUSION

NYCERS respectfully requests that the Court grant NYCERS permission to file the Amended Complaint in the form attached hereto as Exhibit A, and order that the caption in this case be amended .   In the alternative, NYCERS respectfully requests that the Court enter a final Order denying its motion to amend and dismissing this case with prejudice in order that NYCERS can effect an appeal.
.

Dated: December 14, 2007            Respectfully submitted,

                                      GRANT & EISENHOFER P.A.

                                       /s/ Michael J. Barry
                                       Jay W. Eisenhofer *(pro hac vice)*
                                       Charles T. Caliendo *(pro hac vice)*
                                       485 Lexington Avenue, 29th Floor
                                       New York, NY 10017
                                       Tel:  646.722.8500
                                       Fax:  646.722.8501
                                       jeisenhofer@gelaw.com
                                       ccaliendo@gelaw.com
                                            -and-
                                       Michael J. Barry *(pro hac vice)*
                                       Lesley E. Weaver (State Bar No. 191305)
                                       1201 North Market Street
                                       Wilmington, DE 19801
                                       Tel:  302.622.7000
                                       Fax:  302.622.7100
                                       mbarry@gelaw.com
                                       lweaver@gelaw.com

7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ANDERLINI, FINKELSTEIN, EMERICK
    & SMOOT
Merrill Glen Emerick (State Bar No. 117248)
400 S. El Camino Real – Suite 700
San Mateo, CA 94402
Tel: 650.348.0102
Fax: 650.348.0962
memerick@afeslaw.com

**Lead Plaintiff's Notice Of Motion; Motion; And Memorandum Of Points And Authorities In Support Of Motion To File The First Amended Consolidated Class Action Complaint And To Amend The Caption (Case No.: C-06-05208-JF)**