**Exhibit A**

TO THE DECLARATION OF VIVI N. TRAN IN SUPPORT OF OPPOSITION TO MOTION FOR LEAVE TO FILE FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE JEREMY FOGEL, JUDGE

| | | |
|---|---|---|
| MARTIN VOGEL, ET AL., | ) | |
| | ) | |
| PLAINTIFFS, | ) | NO. C 06-5208JF |
| | ) | C 06-4128FJ |
| VS. | ) | |
| | ) | |
| STEVEN P. JOBS, ET AL., | ) | PAGES 1 - 32 |
| | ) | |
| DEFENDANTS. | ) | |
| | ) | |
| IN RE APPLE INC. DERIVATIVE | ) | SAN JOSE, CALIFORNIA |
| LITIGATION | ) | FRIDAY, SEPTEMBER 7, 2007 |
| | ) | |

CERTIFIED COPY

TRANSCRIPT OF PROCEEDINGS

APPEARANCES:

FOR PLAINTIFF:       GRANT & EISENHOFER
                     485 LEXINGTON AVENUE, 29TH FLOOR
                     NEW YORK, NEW YORK  10017
                BY:  JAY W. EISENHOFER, ATTORNEY AT LAW

                     COTCHETT, PITRE & MCCARTHY
                     SAN FRANCISCO AIRPORT OFFICE CENTER
                     840 MALCOLM ROAD, STE. 200
                     BURLINGAME, CALIFORNIA  94010
                BY:  MARK C. MOLUMPHY, ATTORNEY AT LAW

                     KELLER, ROHRBACK
                     1201 THIRD AVENUE, SUITE 3200
                     SEATTLE, WASHINGTON  98101-3052
                BY:  ELIZABETH A. LELAND, ATTORNEY AT LAW

REPORTED BY:         RAYNEE H. MERCADO, CSR NO. 8258

**RAYNEE H. MERCADO, CSR, RMR, CRR, FCRR (510) 451-8404**

1   NEED TO MOVE ON TO THE DERIVATIVE CASE.

2       **MR. EISENHOFER:**  THANK YOU, YOUR HONOR.

3       VERY -- VERY QUICKLY, YOUR HONOR.  IN THIS CASE,

4   NUMBER ONE, ONE OF THE TESTS THE COURTS LOOK TO AS TO WHETHER OR

5   NOT SOMEONE IS DIRECT OR DERIVATIVE IS WHO WOULD THE RELIEF GO

6   TO.

7       IN THIS CASE, THERE IS NO WAY THAT THE RELIEF THAT WE

8   SEEK IN THIS CASE COULD POSSIBLY BE GIVEN TO APPLE BECAUSE WHAT

9   WE SEEK ARE CANCELLATION OF SHARES SO THAT THE SHAREHOLDERS --

10  SO THAT THE SHAREHOLDERS -- OR DAMAGES TO COMPENSATE FOR -- FOR

11  THOSE SHARES SO THAT THE SHAREHOLDERS, DURING THE RELEVANT TIME

12  PERIOD, WOULD BE PUT IN THE POSITION THEY WOULD HAVE BEEN PUT IN

13  IF THOSE SHARES THAT WERE APPROVED PURSUANT TO THE MISLEADING

14  PROXY STATEMENTS HAD NOT BEEN ISSUED.

15      **THE COURT:**  THERE IS NO OUT-OF-POCKET LOSS, THOUGH,

16  IS THERE?  I MEAN, THERE'S A -- PERHAPS AN ARGUMENT THAT THEY --

17  SHAREHOLDERS WOULD HAVE HAD MORE VALUE HAD THESE ACTS NOT

18  OCCURRED, BUT -- BUT THERE'S NO FACTS ALLEGED IN THE COMPLAINT

19  AND I AM QUESTIONING WHETHER ANY FACTS COULD BE ALLEGED THAT

20  THEY ACTUALLY LOST MONEY AS A RESULT OF THE DILUTION.

21      **MR. EISENHOFER:**  THEY DID LOSE MONEY AS A RESULT OF

22  DILUTION BECAUSE THEY OWNED 20 PERCENT LESS.

23      **THE COURT:**  NO, NO.  I UNDERSTAND THAT THEY LOST

24  VALUE.  THAT'S DIFFERENT FROM SAYING THAT THEY LOST MONEY.  THEY

25  LOST AN INCHOATE VALUE OF SHARES, BUT THE STOCK PRICE DIDN'T

1  DROP.  THERE WAS NO -- IF WE'RE LOOKING AT THE MORE
2  GARDEN-VARIETY PSLRA FACT PATTERN, THERE WASN'T A FRAUDULENT
3  ACTED FOLLOWED BY A CRASHING OF THE STOCK PRICE.
4           **MR. EISENHOFER:**  NO, BECAUSE IT'S NOT A 10B5 OPEN
5  MARKET PURCHASE CASE, SO YOU CAN'T APPLY THE RULE OF A 10B5 CASE
6  TO A SECTION 14 CASE.  IT DOESN'T -- IT DOESN'T WORK.
7           **THE COURT:**  BUT YOU STILL HAVE TO HAVE ECONOMIC LOSS.
8           **MR. EISENHOFER:**  YOU DO HAVE ECONOMIC LOSS, YOUR
9  HONOR.  YOU HAVE ECONOMIC LOSS BECAUSE IF I OWN 20 PERCENT OF
10 SOMETHING THAT'S WORTH A HUNDRED DOLLARS, AND THEN SOMEBODY
11 REDUCES MY INTEREST TO 18 PERCENT, I HAD ECONOMIC LOSS.  I NOW
12 HAVE SOMETHING THAT'S WORTH $18 AND NOT $20.  AND WHEN YOU APPLY
13 IT TO BILLIONS, IT ADDS UP TO BILLIONS OF DOLLARS.  BUT IT IS
14 CLEARLY ECONOMIC LOSS.
15          IT'S NOT A STOCK PRICE DROP, BUT IT'S NOT A STOCK
16 PRICE DROP CASE.  IT'S A SECTION 14 CASE, AND TO APPLY THE STOCK
17 PRICE DROP RULES TO A SECTION 14 CASE GOES WAY BEYOND SHOWING A
18 ECONOMIC LOSS.  IT BASICALLY WOULD READ SECTION 14 OUT OF THE
19 STATUTE --
20          **THE COURT:**  ALL RIGHT.
21          **MR. EISENHOFER:**  -- 'CAUSE YOU'RE NOT GOING TO BE
22 ABLE TO EVER DO IT.
23          **THE COURT:**  OKAY.
24          **MR. EISENHOFER:**  JUST ONE OTHER THING ON THE MOOTNESS
25 POINT, VERY QUICKLY.

## CERTIFICATE OF REPORTER

I, RAYNEE H. MERCADO, OFFICIAL REPORTER FOR THE UNITED STATES COURT, NORTHERN DISTRICT OF CALIFORNIA, HEREBY CERTIFY THAT THE FOREGOING PROCEEDINGS IN C06-5208JF AND C06-4128JF, VOGEL, ET AL. V. JOBS, ET AL., AND IN RE APPLE INC. DERIVATIVE LITIGATION, WERE REPORTED BY ME, A CERTIFIED SHORTHAND REPORTER, AND WERE THEREAFTER TRANSCRIBED UNDER MY DIRECTION INTO TYPEWRITING; THAT THE FOREGOING IS A FULL, COMPLETE AND TRUE RECORD OF SAID PROCEEDINGS AS BOUND BY ME AT THE TIME OF FILING.

THE VALIDITY OF THE REPORTER'S CERTIFICATION OF SAID TRANSCRIPT MAY BE VOID UPON DISASSEMBLY AND/OR REMOVAL FROM THE COURT FILE.

*Raynee H. Mercado*

RAYNEE H. MERCADO, CSR, RMR, CRR, FCRR

FRIDAY, JANUARY 18, 2008