Jay W. Eisenhofer *(pro hac vice)*
Charles T. Caliendo *(pro hac vice)*
GRANT & EISENHOFER P.A.
485 Lexington Avenue, 29th Floor
New York, NY 10117
Tel: 646.722.8500
Fax: 646.722.8501
jeisenhofer@gelaw.com

Michael J. Barry *(pro hac vice)*
Lesley E. Weaver (State Bar No. 191305)
GRANT & EISENHOFER P.A.
1201 North Market Street
Wilmington, DE 19801
Tel: 302.622.7000
Fax: 302.622.7100

Merrill Glen Emerick (State Bar No. 117248)
ANDERLINI, FINKELSTEIN, EMERICK & SMOOT
400 S. El Camino Real – Suite 700
San Mateo, CA 94402
Tel: 650.348.0102
Fax: 650.348.0962
memerick@afeslaw.com

*Attorneys for Lead Plaintiff*
*The New York City Employees' Retirement System*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| MARTIN VOGEL and KENNETH MAHONEY, on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>STEVEN JOBS, PETER OPPENHEIMER, FRED ANDERSON, WILLIAM V. CAMPBELL, MILLARD S. DREXLER, ALBERT GORE, JR., ARTHUR D. LEVINSON, JEROME B. YORK and APPLE COMPUTER, INC.,<br><br>Defendants. | Case No.: C-06-05208-JF<br><br>**LEAD PLAINTIFF'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO FILE FIRST AMENDED CONSOLIDTED CLASS ACTION COMPLAINT AND TO AMEND THE CAPTION**<br><br>Date: March 21, 2008<br>Time: 9:00 a.m.<br>Place: Ctrm. 3, 5th Floor<br>Action Filed: August 24, 2006<br>Trial Date: None Set<br>Judge: Honorable Jeremy Fogel |

**LEAD PLAINTIFF'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO FILE FIRST AMENDED CONSOLIDTED CLASS ACTION COMPLAINT AND TO AMEND THE CAPTION**

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ........................................................................................... 1

I.  NYCERS'S MOTION FOR LEAVE TO AMEND SHOULD BE GRANTED BECAUSE IT FURTHERS THE ADMINISTRATION OF JUSTICE, IS NOT FUTILE, AND WAS NOT UNDULY DELAYED, RESULTING IN NO PREJUDICE TO DEFENDANTS..................................2

    A.  NYCERS's Proposed Amendment to Add the Section 10(b) Claims is Not Futile. ......................................................................................3

    B.  NYCERS Has Promptly Sought to Bring These Claims at the Pleading Stage in Connection with Being Granted Leave to Amend, and So There is No Delay. ....................................................3

    C.  Defendants Will Not Suffer Prejudice if the Section 10(b) Claims are Asserted.................................................................................4

    D.  NYCERS's proposed amendment to add the Section 10(b) Claims is Not Made in Bad Faith. ..............................................................5

    E.  Allowing this Amendment Furthers the Administration of Justice. ........................6

II. NYCERS DID NOT WAIVE THE SECTION 10(B) CLAIMS .........................................6

III. NYCERS HAS NOT TAKEN AN INCONSISTENT POSITION THAT PREJUDICES DEFENDANTS OR RUNS THE RISK OF INCONSISTENT RULING, AND SO IS NOT JUDICIALLY ESTOPPED FROM PLEADING SECTION 10(B) CLAIMS. ...........................................8

CONCLUSION.................................................................................................................... 10

i

**LEAD PLAINTIFF'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO FILE FIRST AMENDED CONSOLIDTED CLASS ACTION COMPLAINT AND TO AMEND THE CAPTION**

## **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Amerisource Bergen Corp. v. Dialysist West, Inc.*,
    465 F.3d 946 (9th Cir. 2006) .................................................................................................5

*Chodos v. West Publishing Co.*,
    292 F.3d 992 (9th Cir. 2002) .................................................................................................4

*Ferdik v. Bonzelet*,
    963 F.2d 1258 (9th Cir. 1992), *cert. denied*, 506 U.S. 915 (1992).........................................7

*Forsyth v. Humana, Inc.*,
    114 F.3d 1467 (9th Cir. 1997), *cert. denied*, 522 U.S. 996 (1997).........................................6

*Hal Roach Studios Inc. v. Richard Feiner & Co.*,
    896 F.2d 1542 (9th Cir. 1990) ...............................................................................................7

*King v. Atiyeh*,
    814 F.2d 565 (9th Cir. 1987) .................................................................................................7

*Lockheed Martin Corp. v. Network Solutions, Inc.*,
    194 F.3d 980 (9th Cir. 1999) .................................................................................................3

*London v. Coopers & Lybrand*,
    644 F.2d 811 (9th Cir. 1981) .................................................................................................7

*Marx v. Loral Corp.*,
    87 F.3d 1049 (9th Cir. 1996) .................................................................................................7

*Morongo Band of Mission Indians v. Rose*,
    893 F.2d 1074 (9th Cir. 1990) ..........................................................................................4, 5

*New Hampshire v. Maine*,
    532 U.S. 742 (2001).................................................................................................................8

*Owens v. Kaiser Foundation Health Plan, Inc.*,
    244 F.3d 708 (9th Cir. 2001) .................................................................................................2

*Sorosky v. Burroughs Corp.*,
    826 F.2d 794 (9th Cir. 1986) .................................................................................................6

*Strickland v. Washington*,
    466 U.S. 668 (1984) , *reh'g denied*, 467 U.S.1267 (1984).................................................. 5-6

*Thornton v. McClatchy Newspapers, Inc.*,
    261 F.3d 789 (9th Cir. 2001) .................................................................................................6

*Wagner v. Professional Engineers in California Government*,
    354 F.3d 1036 (9th Cir. 2004) ...............................................................................................9

ii

**LEAD PLAINTIFF'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO FILE FIRST AMENDED CONSOLIDTED CLASS ACTION COMPLAINT AND TO AMEND THE CAPTION**

*Yniguez v. Arizona*,
    939 F.2d 727 (9th Cir. 1991) ..................................................................................................9

**STATUTES**

15 U.S.C. § 78j(b) ............................................................................................................... passim

**OTHER AUTHORITIES**

Fed. R. Civ. P. 15(a) ........................................................................................................... 2-3

Fed. R. Civ. P. 15(c) ................................................................................................................4

Local Rule 10-1.........................................................................................................................6

iii

**LEAD PLAINTIFF'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO FILE FIRST AMENDED CONSOLIDTED CLASS ACTION COMPLAINT AND TO AMEND THE CAPTION**

Lead Plaintiff the New York City Employees Retirement System ("NYCERS") submits this reply to the Opposition to Motion for Leave to File the First Amended Class Action Complaint.[1]

## PRELIMINARY STATEMENT

Defendants' opposition to NYCERS's motion to amend completely misses its mark. Plaintiff did not act in bad faith in seeking the amendment, and Defendants will suffer absolutely no prejudice whatsoever if NYCERS's motion to amend is granted. NYCERS seeks to amend its complaint to assert a claim under Section 10(b) of the Securities Exchange Act of 1934, and SEC Rule 10b-5 promulgated thereunder, because this Court held that the previously-asserted claim under Section 14(a) could only be asserted derivatively on behalf of Apple, Inc. ("Apple" or the "Company"). Although NYCERS disagrees with the Court's holding in this regard, the Court's decision required NYCERS to evaluate whether it would be in the best interests of the putative class to simply appeal the dismissal of the Section 14(a) claim, or to exhaust and preserve the direct claims that could be asserted on behalf of Apple's shareholders before commencing any such appeal. In consideration of its fiduciary duties to the absent class members, NYCERS determined that the most appropriate course of action would be to exhaust the direct claims available to Apple's shareholders, even if the membership of putative class with viable Section 10(b) claims would be far smaller than those with standing to assert claims under Section 14(a). This is not evidence of bad faith. It is the rational conduct of a responsible lead plaintiff.

Baseless rhetoric aside, the cases upon which Defendants rely in opposing Plaintiff's motion are completely inapposite. *Every one* of the cases Defendants cite in support of their argument that NYCERS somehow "waived" the Section 10(b) claim by not including it in the Consolidated Amended Complaint involved situations where the plaintiffs sought to assert *for the first time on appeal* claims that were not included in the operative complaint addressed by the district court. In stark contrast, NYCERS has sought to amend to include the Section 10(b) claim

---

[1] Defendants do not oppose NYCERS's motion to amend the caption as follows: *In re: Apple, Inc. PSLRA Backdating Litigation*, Case No.: C-06-05208-JF. Because NYCERS has established good cause for the amendment, and because it is unopposed, NYCERS respectfully asks that this motion be granted.

1

*before* taking an appeal in this case. Indeed, the very cases cited by Defendants in support of their "waiver" argument provide the reason why NYCERS filed its motion to amend before this Court.

Their "judicial estoppel" argument fares no better. In order to invoke the doctrine of judicial estoppel, Defendants must demonstrate that NYCERS previously articulated a position *directly contrary* to the position advocated in its motion to amend, and that the Court *relied on* that position in issuing a previous order. Defendants can do neither. Although NYCERS previously characterized a Section 10(b) claim as "*de minimis*" when compared to a Section 14(a) claim, NYCERS did not claim that the Section 10(b) claim was not viable. And in any event NYCERS's previous characterization of the relative size of the Section 10(b) claim to its preferred Section 14(a) claim did not form the basis of any previous Order of this Court. Judicial estoppel, thus, simply does not apply.

Finally, NYCERS cannot be charged with undue delay in filing the motion to amend here. NYCERS filed its motion promptly after the Court ruled that the Section 14(a) claim could only be pursued derivatively on behalf of the Company. More importantly, Defendants can show no prejudice whatsoever if NYCERS's motion were to be granted. The statute of limitations on the Section 10(b) claim has not run, and thus could be asserted in a separate complaint even if the Court were to decline NYCERS permission to file an amended complaint in this case. NYCERS's motion to amend, therefore, should be granted.

## I. NYCERS'S MOTION FOR LEAVE TO AMEND SHOULD BE GRANTED BECAUSE IT FURTHERS THE ADMINISTRATION OF JUSTICE, IS NOT FUTILE, AND WAS NOT UNDULY DELAYED, RESULTING IN NO PREJUDICE TO DEFENDANTS.

Consistent with the standard articulated in *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001), NYCERS has demonstrated that amendment is not futile, and that no undue delay, prejudice to defendants, or bad faith exists. The standard for granting amendment, especially where amendment is timely sought, as is the case here, is an extremely generous standard. Even defendants admit that the plain language of Federal Rule of Civil

2

LEAD PLAINTIFF'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO FILE FIRST AMENDED CONSOLIDTED CLASS ACTION COMPLAINT AND TO AMEND THE CAPTION

Procedure 15(a) requires that amendment be permitted "freely when justice so requires." Justice requires that NYCERS be permitted to pursue its viable section 10(b) claims.

### A. NYCERS's Proposed Amendment to Add the Section 10(b) Claims is Not Futile.

Implicitly recognizing that it would be improper for the court to find on this motion that NYCERS's section 10(b) claims have no merit without permitting briefing on the issue, defendants do not argue the futility of amendment. *See* Defendants' Opposition at 9, & n.3 ("leaving aside the futility of NYCERS's proposed amendment" and reserving their right to move to dismiss). For purposes of this motion, therefore, Defendants have conceded that the proposed Section 10(b) claim is viable and that the proposed amendment, therefore, is not futile.

### B. NYCERS Has Promptly Sought to Bring These Claims at the Pleading Stage in Connection with Being Granted Leave to Amend, and So There is No Delay.

Defendants argue that NYCERS gives "no reason" for its "delay" in seeking amendment. As set forth in NYCERS's opening brief, there is no delay. On November 14, 2007, the Court granted defendants' motion to dismiss. NYCERS immediately brought this motion, timely within the local rules, filing it by December 14, 2007. Indeed, NYCERS is still well within the statute of limitations for this claim, and such a claim may still be brought in any court of competent jurisdiction. *See* Motion at 5. Defendants do not contest this.

In fact, the cases citing undue delay in denying amendment contrast sharply with the facts here. In *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980 (9th Cir. 1999), relied upon by defendants, plaintiffs' motion to amend was brought several months after the stipulated deadline for amending the complaint had passed and after the parties had engaged in significant discovery. *Id.* at 986. The district court found, and the Court of Appeals agreed, that permitting the amendment would prejudice the defendants because it would require significant additional discovery. *Id.* In sharp contrast, NYCERS has fully complied with the Court's deadline for seeking leave to file an amended pleading, and the parties have engaged in no discovery whatsoever. There exists, therefore, no potential prejudice at all to the Defendants if the proposed amendment is granted.

**LEAD PLAINTIFF'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO FILE FIRST AMENDED CONSOLIDTED CLASS ACTION COMPLAINT AND TO AMEND THE CAPTION**

Defendants' reliance on *Chodos v. West Publishing Co.*, 292 F.3d 992 (9th Cir. 2002) is similarly misplaced. In that case the court expressly found that amendment was a "dilatory tactic" and that the addition of a new, previously unasserted fraud claim would unduly prejudice the defendants. *Id.* at 1003. Here, the proposed amendment is not a dilatory tactic. The Court itself ordered NYCERS to amend its complaint, and NYCERS has done so. NYCERS's proposed amendment fully complies both with this Court's orders and with the statute of limitations, even without invoking the relating-back prong of Federal Rule of Civil Procedure 15(c) and so is timely.

  **C.**  **Defendants Will Not Suffer Prejudice if the Section 10(b) Claims are Asserted.**

Defendants would face no prejudice *whatsoever* if NYCERS's motion was granted. Although Defendants argue that they "now would be forced to develop an entirely new defense" if these claims are incorporated into the proposed amended complaint (Defendants' Opposition at 10), they fail entirely to articulate how their ability to present such a "new defense" would be compromised if a Section 10(b) claim were asserted now. Defendants acknowledge that they have been on notice of these purportedly "new" Section 10(b) claims from the outset of this action and defendants concede that the same claims may be pursued against them in the derivative action. Defendants' Opposition at 3, n.2. Moreover, the standard for proving a Section 10(b) claim is much higher than that for a Section 14(a) claim, requiring that NYCERS demonstrate scienter, guilty knowledge of defendants' wrongdoing on the part of each defendant, or recklessness in failing to thwart such wrongdoing. Permitting NYCERS to bring claims of which Defendants have had plenty of notice, which they face in parallel litigation, and which impose a higher pleading standard does not unduly prejudice Defendants.

The cases cited by Defendants make clear that the "prejudice" prong of the leave to amend test deals with harm to the opposing party of a much more radical nature. In *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074 (9th Cir. 1990), for example, the original action was brought to enforce an ordinance regulating bingo games. The plaintiff moved two years after its original complaint to add RICO claims that had never before been asserted. *Id.* at 1076,

4

1079. The court's finding of prejudice was inextricably intertwined with its finding of lack of notice and extreme delay. *Id.* at 1079 ("In light of the radical shift in direction posed by these claims, their tenuous nature, and the inordinate delay, we conclude that the district court did not clearly abuse its discretion in denying leave to amend."). That is not the case here. There is neither inordinate delay, nor is the proposed Section 10(b) claim "tenuous" (and in this regard Defendants do not claim otherwise). Similarly, in *Amerisource Bergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946 (9th Cir. 2006), plaintiffs' motion to amend was brought while parties were in discovery and after the amending party's motion for final judgment. No such prejudice exists here. Defendants simply will be compelled to defend claims of which they have long had fair notice and which arise out of the factual allegations that have been at issue in this case all along.

### D. NYCERS's proposed amendment to add the Section 10(b) Claims is Not Made in Bad Faith.

Defendants repeatedly make the unsupported argument that NYCERS represented to the court that the Section 10(b) claims were "worthless," implying that NYCERS admitted that Section 10(b) claims were not viable. This is untrue. NYCERS argued only that the claims were *de minimis* in comparison to the far larger Section 14(a) claims.

Defendants also overreach in charging that NYCERS diminished the value of the Section 10(b) claims to enhance NYCERS's standing for lead plaintiff. First, Defendants offer no support for the reckless claim that NYCERS "abandoned" claims in seeking to apply for lead plaintiff. The argument is nonsensical, because the motion for lead plaintiff did not affect the pleadings. The argument also offends this Court's ruling in appointing NYCERS. NYCERS made no secret of the fact that it believed this case centered on the Section 14(a) claims. Now that the court has dismissed those claims, the landscape has dramatically altered. Based on this holding, NYCERS, as the Court-appointed lead plaintiff, should be permitted to preserve viable direct claims that may be asserted on behalf of Apple's shareholders, even if the membership of a class with viable Section 10(b) claims is considerably smaller than those with potential claims under Section 14(a). *See, e.g., Strickland v. Washington*, 466 U.S. 668, 681 (1984), *reh'g denied*, 467 U.S. 1267 (1984)("Because advocacy is an art and not a science, and because the

5

**LEAD PLAINTIFF'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO FILE FIRST AMENDED CONSOLIDTED CLASS ACTION COMPLAINT AND TO AMEND THE CAPTION**

adversary system requires deference to counsel's informed decisions, strategic choices must be respected in these circumstances if they are based on professional judgment.")

No facts warrant a finding of bad faith here, particularly under the cases upon which defendants rely. There is no "history of dilatory tactics" as expressly found in *Thornton v. McClatchy Newspapers, Inc.*, 261 F.3d 789, 799 (9th Cir. 2001). Similarly, the facts here cannot be stretched to fit those of *Sorosky v. Burroughs Corp.*, 826 F.2d 794 (9th Cir. 1986). In *Sorosky*, the court made a specific finding that plaintiff sought to add a new defendant not due to a legitimate belief that a party was culpable, but rather to destroy diversity and the jurisdiction of the court. *Id.* at 805. This is a patently improper purpose, and one that does not exist here.

### E. Allowing this Amendment Furthers the Administration of Justice.

Allowing the proposed amendment will further the administration of justice. It is true that previously NYCERS made a strategic decision not to include Section 10(b) claims while pursuing what it perceived to be significantly more valuable and inclusive claims under Section 14(a). However, now that the Court has ruled that Section 14(a) claims can only be pursued derivatively (a result with which NYCERS respectfully disagrees), it is incumbent upon NYCERS, in its capacity as a Court-appointed representative of absent class members, to preserve viable direct claims even if those claims are only available to a much smaller potential class. If NYCERS did not seek leave to amend to assert a Section 10(b) claim prior to taking an appeal of the dismissal of the Section 14(a) claim, NYCERS would be foreclosed from pursuing that viable Section 10(b) claim. Local Rule 10-1; *Forsyth v. Humana, Inc.*, 114 F.3d 1467 (9th Cir. 1997), *cert. denied*, 522 U.S. 996 (1997) (a plaintiff who fails to include dismissed claims in an amended complaint is considered to have waived them).

## II. NYCERS DID NOT WAIVE THE SECTION 10(B) CLAIMS

NYCERS seeks leave of this court to amend the complaint and include the Section 10(b) claims precisely so that NYCERS will not be deemed to have waived them. *See* Motion at 1, n.1. Ignoring this, Defendants argue that by electing to pursue the Section 14(a) claims and not the Section 10(b) claims in the consolidated complaint, NYCERS forever waived them. Defendants' argument is completely misplaced.

6

*Every one* of the cases relied upon by Defendants in support of their "waiver" argument stands for the proposition that *on appeal* "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." *See, e.g., London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981). These cases are all distinguishable, because in each of them, the plaintiff *failed to seek to amend its complaint to include the claims later deemed waived on appeal*. Rather, the plaintiff sought on appeal to revive claims that were not incorporated in the operative complaint at the time the appeal was taken. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), cert. denied, 506 U.S. 915 (1992)(where the court addressed a plaintiff's failure to amend its pleading to include a claim); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)(the party did not seek to amend the complaint). Indeed it is precisely to *avoid* this waiver at the appellate court that NYCERS has filed its motion to amend here.

Defendants completely miscite *Marx v. Loral Corp.*, 87 F.3d 1049 (9th Cir. 1996), claiming the case holds that "plaintiffs waive a theory alleged in a complaint by electing to proceed in the amended complaint without it." Defendants' Opposition at 6. The case actually holds that an argument never brought before a district court may not be raised for the first time on appeal absent exceptional circumstances. *Id.* at 1055. Obviously, NYCERS is raising this issue before the district court here. Similarly, the issue in *Hal Roach Studios Inc. v. Richard Feiner & Co.*, 896 F.2d 1542 (9th Cir. 1990), was not whether a plaintiff should be permitted to amend, but whether judgment can stand against an individual named in the original complaint but not named in the superseding, operative complaint at the time of final judgment. After judgment, the issue arose on appeal as to whether the party had standing to appeal. *Id.* at 1546. Not one of these cases bears on the analysis here, because none of the plaintiffs in those cases sought leave to amend to include the claims later deemed waived on appeal. NYCERS has not waived the Section 10(b) claims by allowing final judgment to be reached without attempting to add them into the operative complaint.

### III. NYCERS HAS NOT TAKEN AN INCONSISTENT POSITION THAT PREJUDICES DEFENDANTS OR RUNS THE RISK OF INCONSISTENT RULING, AND SO IS NOT JUDICIALLY ESTOPPED FROM PLEADING SECTION 10(B) CLAIMS.

The Supreme Court applies the following test to determine if a party should be judicially estopped from asserting a position: (1) is the position clearly inconsistent with a previous position; (2) did the court accept or adopt that previous position; and (3) does the party gain an unfair advantage by adopting two completely inconsistent positions? *New Hampshire v. Maine*, 532 U.S. 742, 1742-742 (2001). Because the answer to each of these questions is no, the doctrine of judicial estoppel does not apply here.

It is undisputed that the original complaint included claims pursuant to Section 10(b), which NYCERS then did not include in the Consolidated Complaint. It is also true that when seeking appointment as Lead Plaintiff, NYCERS described the Section 10(b) claims as *de minimis* solely with regard to its potential damages in comparison to the damages NYCERS believed it could obtain pursuant to Section 14(a). However, at no point did NYCERS state that the Section 10(b) claims were not viable. Comparing the relative size of potential claims and characterizing Section 10(b) claims as "*de minimis*" as compared to the much larger potential Section 14(a) claims is simply not the same as saying the Section 10(b) claims have no merit. These positions are not "clearly inconsistent."

But even if NYCERS's position is "clearly inconsistent," this is still not enough to invoke the doctrine of judicial estoppel because this Court did not adopt or rely upon NYCERS's previous characterization of the Section 10(b) claims in issuing any prior Order. Rather, the Court appointed NYCERS lead plaintiff when no other applicant, in fact, moved to serve as lead plaintiff, and in a separate order, dismissed NYCERS's Section 14(a) claims. There is no risk of inconsistent decision by permitting NYCERS to add the Section 10(b) claims at this time.

Finally, as discussed above, Defendants would suffer no prejudice at all if NYCERS is permitted to include the Section 10(b) claims. This case is at the pleading stage and as Defendants note, they will have every opportunity to test the merits of these claims, pursuant to a Rule 12(b)(6) motion, as well as at summary judgment and trial. Defendants were plainly on

8

1  notice of the Section 10(b) claims, both in this action and in the derivative action. But more
2  importantly, the statute of limitations on the Section 10(b) claims has not run, and NYCERS
3  would be allowed to assert the Section 10(b) claims in a separate complaint if necessary. In
4  short, Defendants would suffer no prejudice at all if NYCERS is allowed to add the Section
5  10(b) claims here.

6  Defendants rely heavily on the *Yniguez* case, but in that case, the Arizona Attorney
7  General plainly took directly conflicting positions: first the AG sought a ruling that it was not
8  party to the action, and then sought to intervene on appeal, which required a finding that the AG
9  was a party. *Yniguez v. Arizona*, 939 F.2d 727, 738 (9th Cir. 1991). For the rationale of *Yniguez*
10 to apply with any force here, NYCERS would have had to have sought and obtained a finding
11 from this Court that the Section 10(b) claims were not viable. NYCERS clearly never asserted
12 such a position, and the Court has made no such finding. The issue here is whether a strategic
13 decision to focus on some claims rather than others irrevocably waives such claims where leave
14 to amend otherwise has been granted. Similarly, in *Wagner v. Professional Engineers in*
15 *California Government,* 354 F.3d 1036 (9th Cir. 2004), the plaintiff articulated a legal position
16 that was adopted by the district court in granting the plaintiff's motion to dismiss a counterclaim.
17 Because the district court expressly adopted and relied upon the legal position articulated by the
18 plaintiff in moving to dismiss a counterclaim, the Court of Appeals held that the plaintiff could
19 be judicially estopped from adopting a completely contrary legal position and asserting a claim
20 that it previously argued it was not asserting *Id.* at 1048. Defendants can point to no Order of
21 this Court that relied upon or adopted any commitment by NYCERS never to assert a claim
22 under Section 10(b). As such, the doctrine of judicial estoppel simply does not apply.

9

**LEAD PLAINTIFF'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO FILE FIRST AMENDED CONSOLIDTED CLASS ACTION COMPLAINT AND TO AMEND THE CAPTION**

# **CONCLUSION**

For the foregoing reasons, NYCERS submits that its Motion for Leave to File a First Amended Consolidated Complaint should be granted.

Dated: February 13, 2008

Respectfully submitted,

GRANT & EISENHOFER P.A.

 /s/ Michael J. Barry
Jay W. Eisenhofer *(pro hac vice)*
Charles T. Caliendo *(pro hac vice)*
485 Lexington Avenue, 29th Floor
New York, NY 10017
Tel:  646.722.8500
Fax:  646.722.8501
jeisenhofer@gelaw.com
ccaliendo@gelaw.com

-and-

Michael J. Barry *(pro hac vice)*
Lesley E. Weaver (State Bar No. 191305)
1201 North Market Street
Wilmington, DE 19801
Tel:  302.622.7000
Fax:  302.622.7100
mbarry@gelaw.com
lweaver@gelaw.com


ANDERLINI, FINKELSTEIN, EMERICK
    & SMOOT
Merrill Glen Emerick (State Bar No. 117248)
400 S. El Camino Real – Suite 700
San Mateo, CA 94402
Tel: 650.348.0102
Fax: 650.348.0962
memerick@afeslaw.com

10

**LEAD PLAINTIFF'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO FILE FIRST AMENDED CONSOLIDTED CLASS ACTION COMPLAINT AND TO AMEND THE CAPTION**