1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**E-Filed 05/14/2008**

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

|  |  |
|---|---|
| MARTIN VOGEL and KENNETH MAHONEY, on Behalf of Themselves and All Others Similarly Situated,<br><br>                         Plaintiffs,<br><br>          v.<br><br>STEVEN JOBS, et al.,<br><br>                         Defendants. | Case Number C 06-5208 JF<br><br>ORDER[1] DENYING MOTION FOR LEAVE TO FILE FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT |

Lead Plaintiff New York City Employees' Retirement System ("NYCERS") moves for

leave to file an amended complaint. Defendants Apple Inc. ("Apple"), Steven P. Jobs, William

V. Campbell, Millard S. Drexler, Arthur D. Levinson, Jerome B. York, Fred D. Anderson,

Gareth C.C. Chang, Peter O. Crisp, Lawrence J. Ellison, B. Jurgen Hintz, Katherine M. Hudson,

Delano E. Lewis, A.C. Markkula, Jr., and Edgar S. Wollard, Jr. ("Defendants") oppose the

motion.  The Court heard oral argument on March 21, 2008. For the reasons set forth below, the

motion will be denied.

---

[1] This disposition is not designated for publication and may not be cited.

**I.  BACKGROUND**

On August 24, 2006, Plaintiffs Martin Vogel and Kenneth Mahoney filed a class action complaint ("Original Complaint") against various officers and directors of Apple, alleging improper options backdating.  Among the asserted claims, the Original Complaint alleged: (1) a claim under Section 10(b) and 10(b)(5) of the Securities Exchange Act for deceiving the investing public and artificially inflating the market price of Apple common stock; (2) a claim under Section 14(a) of the Securities Exchange Act for making allegedly misleading representations in Apple Proxy Statements; and (3) a claim under Section 20(a) of the Securities Exchange Act for control person liability.  After the Original Complaint was filed, NYCERS filed a motion for appointment as Lead Plaintiff under the Private Securities Litigation Reform Act ("PSLRA").  In support of its motion, NYCERS argued that it was well-situated to represent the interests of class members with respect to the Section 14(a) claim and that the Section 10(b) claims were "*de minimis*." NYCERS Mem. In Support of Mot. for its Appt. As Lead Plaintiff ("Appt. Mot.") at 2:78, 14:5-18.  On January 19, 2007, the Court appointed NYCERS as lead plaintiff and approved its choice of class counsel.  On March 23, 2007, Lead Plaintiff filed the operative consolidated class action complaint ("the Consolidated Complaint").  The Consolidated Complaint asserted three class claims: (1) violation of section 14(a) with respect to the 2005 Proxy Statement, against the Director Defendants and Anderson; (2) violation of section 20(a) with respect to the 2005 Proxy Statement, against the Director Defendants and Anderson; and (3) breach of the common-law duty of disclosure, against all Defendants.  The Consolidated Complaint did not assert any Section 10(b) claims.

On June 8, 2007, Defendants moved to dismiss the Consolidated Complaint.  Defendants argued that the Consolidated  Complaint did not allege loss causation and did not state a direct claim.  On November 14, 2007, this Court granted Defendants' motion to dismiss, holding that Plaintiffs' claims properly should be asserted as derivative claims on behalf of Apple because Apple's stock price did not fall as a result of backdating disclosures and thus Apple's shareholders suffered no direct loss.  November 14, 2007 Order Granting Motion to Dismiss

2

1   ("Dismissal Order") at 8:2-5.  The Court held specifically that "[a]ny amended complaint may

2   assert only derivative claims." Dismissal Order at 8:8-9.

3       On December 14, 2007, Lead Plaintiff filed the instant motion for leave to file a first

4   amended class action complaint ("FACC") and to amend the caption.  The proposed FACC

5   asserts new claims for violations of Section 10(b) as well as amended versions of the claims

6   asserted in the Consolidated Complaint.

7                   **II.  LEGAL STANDARD**

8       Motions for leave to amend are governed by Federal Rule of Civil Procedure 15(a), which

9   provides that "leave shall be freely given when justice so requires."  In deciding whether to grant

10  leave to amend, the Court will consider several factors, including: (1) undue delay by the party

11  seeking the amendment; (2) prejudice to the opposing party; (3) bad faith; (4) futility of

12  amendment; and (5) whether the party previously has amended its pleadings.  *Bonin v. Calderon*,

13  59 F.3d 815, 845 (9th Cir. 1995).  The Court has discretion in deciding whether to grant leave to

14  amend, but it "'must be guided by the underlying purpose of Rule 15—to facilitate decision on

15  the merits rather than on the pleadings or technicalities.'"  *DCD Programs, Ltd. v. Leighton*, 833

16  F.2d 183, 186 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir.

17  1981)).  Generally, the policy of granting leave to amend is to be applied with extreme liberality.

18  *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990); *see also Griggs*

19  *v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999) (noting that inferences should be

20  drawn "in favor of granting the motion").

21                   **III.  DISCUSSION**

22  **1.      Rule 15(a)**

23          **a.      Undue Delay**

24      Defendants first contend that Lead Plaintiff has delayed unduly in bringing the instant

25  motion.  An amending party's delay in seeking to amend its pleadings is not, by itself, sufficient

26  to justify denying a motion for leave to amend.  *Owens v. Kaiser Found. Health Plan, Inc.*, 244

27  F.3d 708, 712-13 (9th Cir. 2001).  Courts are more willing to conclude that delay is prejudicial

28  when facts previously were available and no reason is given for their exclusion from antecedent

3

1  complaints. *Chodos v. W. Pub. Co., Inc.*, 292 F.3d 992, 1003 (9th Cir. 2002).  While Lead

2  Plaintiff does not identify learned facts that were not available previously, the instant motion was

3  filed shortly after the Court issued the Dismissal Order.  Accordingly, the Court concludes that

4  the instant motion is timely.

5  **b.    Bad Faith**

6  Bad faith is another factor to be considered when evaluating whether to grant leave to

7  amend.  *Bonin*, 59 F.3d at 845.  Bad faith often is another aspect of undue delay.  *See Swanson v.*

8  *Babbitt*, 3 F.3d 1348, 1354 (9th Cir. 1993) (noting that a deliberate design to delay constitutes

9  bad faith); *see also United States v. Beamon*, 992 F.2d 1009, 1013 (9th Cir. 1993) (noting that in

10  cases of bad faith, the reasons for delay may well control).  The timing of a request to amend

11  when considered in light of the reasons offered for the delay in seeking the request may disclose

12  that the moving party merely is seeking to delay proceedings.  *Id.*; *See also Zivkovic v. S.Cal.*

13  *Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (noting prejudicial undue delay when the

14  motion to amend was filed three days prior to the close of discovery).  In the instant case,

15  because there is a timely motion and discovery has not commenced, there is no evidence of

16  dilatory tactics by Lead Plaintiff.

17  More troubling is Defendants' argument that Lead Plaintiff's attempt to plead a direct

18  Section 10(b) claim is inconsistent with the terms of the Dismissal Order, which granted leave to

19  amend only to add state law derivative claims.  Defendants suggest that Lead Plaintiff's prior

20  characterization of its Section 10(b) claims as *de minimis* shows that Lead Plaintiff knew before

21  the Consolidated Complaint was filed that the viability of its Section 10(b) claim was doubtful.

22  However, given the express terms of the Dismissal Order, the only way Lead Plaintiff properly

23  could seek to assert a Section 10(b) claim was to file a motion for leave to amend.  The Court has

24  no reason to believe that Lead Plaintiff or its counsel did so in bad faith.

25  **c.    Undue Prejudice**

26  Undue prejudice to the opposing party is given the greatest weight in evaluating a motion

27  for leave to amend.  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir.

28  2003).  Prejudice may exist if the amendment will result in significant delays in the resolution of

4

1   the dispute because the addition of new claims will increase the scope and complexity of the

2   litigation or because the amendment will require the court to reopen discovery. *See In re Fritz*

3   *Companies Securities Litigation*, 282 F.Supp. 2d 1105, 1109 (N.D. Cal. 2003). Nonetheless,

4   absent a showing of prejudice to the opposing party, or a strong demonstration of any of the

5   remaining factors, there is a presumption in favor of granting leave to amend. *Eminence*, 316

6   F.3d at 1052.

7   _____Defendants assert that they will be prejudiced if the Lead Plaintiff is permitted to amend

8   its complaint because the addition of Section 10(b) claims would alter the nature of the litigation,

9   requiring them to develop an entirely new defense. At the same time, Defendants concede that

10  Section 10(b) claims are at issue in parallel litigation, *In re Apple Computer Inc. Derivative*

11  *Action*, Case No. C-06-04128-JF ("Derivative Action"). Defendants' Opposition at 3, n.2.

12  Under these circumstances, any prejudice to Defendants from the proposed amendment would be

13  at least somewhat mitigated.

14              **d.    Futility and Previous Amendments**

15          The general rule that parties may amend their pleadings does not apply to actions in

16  which the amendment would be an exercise in futility, or in which the amended complaint also

17  would be subject to dismissal. *Fritz*, 282 F.Supp. 2d at 1111 (citing *Steckman v. Hart Brewing,*

18  *Inc.*, 143 F.3d 1293, 1297 (9th Cir. 1998)). A proposed amendment is futile if it fails to state a

19  claim under the principles employed by the court when deciding a Rule 12(b)(6) motion to

20  dismiss. *Jones v. Cmty. Redevelopment Agency*, 733 F.2d 646, 650 (9th Cir. 1984). A claim may

21  be dismissed pursuant to Rule 12(b)(6) if it asserts a legal theory that is not cognizable as a

22  matter of law, or if it fails to allege sufficient facts to support cognizable legal claims. *SmileCare*

23  *Dental Group v. Delta Dental Plan of Cal.*, 88 F.3d 780, 782 (9th Cir. 1996). Defendants do not

24  claim that the amendment at issue here would be futile.

25              **e.    Judicial Estoppel**

26          Judicial estoppel "precludes a party from gaining an advantage by taking one position and

27  then seeking a second advantage by taking an incompatible position." *Risetto v. Plumbers &*

28  *Steamfitters Local 343*, 94 F.3d 597, 600 (9th Cir. 1996). Defendants assert that Lead Plaintiff's

1    prior characterization of its Section 10(b) claims as *de minimis* in relation to its Section 14(a) and

2    Section 20(a) claims is inconsistent with Lead Plaintiff's present effort to assert a new Section

3    10(b) claim.  However, nothing in the record suggests that Lead Plaintiff's pleading decisions

4    have been motivated by a desire to take advantage of Defendants.

5         **f.    Waiver**

6         Finally, Defendants argue that Lead Plaintiff waived its right to assert a Section 10(b)

7    claim by omitting such a claim from the Consolidated Complaint.  Defendants note correctly that

8    the Consolidated Complaint superseded the Original Complaint, and that generally a party's

9    failure to reassert a claim may be deemed a waiver of that claim.  *See London v. Coopers &*

10   *Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).

11        A number of courts have criticized this rule as "formalistic."  *See Davis v. TXO*

12   *Production Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991).  However, the *London*  rule is well-

13   established in the Ninth Circuit. *See Loux v. Rhay,* 375 F.2d 55, 57 (9th Cir. 1967) ("The

14   amended complaint supersedes the original, the latter being treated thereafter as nonexistent.");

15   *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("All causes of action alleged in an original

16   complaint which are not alleged in an amended complaint are waived."); *Marx v. Loral Corp.*, 87

17   F.3d 1049, 1055 (9th Cir. 1996); *see also Nelson v. Capital One Bank*, 206 F.R.D. 499, 501-02

18   (N.D. Cal. 2001) ("[c]onsolidated complaint . . . supersedes the original complaint"); *Lindner*

19   *Dividend Fund, Inc. v. Ernst & Young*, 880 F. Supp. 49 (D. Mass. 1995) (holding that a

20   consolidated class action complaint superseded earlier complaints).

21        Here, it is evident that Lead Plaintiff made a strategic decision not to pursue a Section

22   10(b) claim in the Consolidated Complaint.  Although Section 10(b) claims were asserted in the

23   Original Complaint, as a matter of law the Consolidated Complaint superseded the earlier filing.

24   Apart from the financial burden to Defendants, allowing Lead Plaintiff to resurrect a discarded

25   claim after receiving an adverse ruling on its other claims would run counter to well-established

26   circuit precedent.  *See, e.g., International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d

27   Cir.1977) (finding that an amended complaint "supersedes the original and renders it of no legal

28   effect."), *cert. denied*, 434 U.S. 1014, 98 S.Ct. 730, 54 L.Ed.2d 758 (1978).  Accordingly, the

6

1  Court concludes that the Section 10(b) claim has been waived.

2  **IV.  ORDER**

3         For reasons set forth above, Lead Plaintiff's motion for leave to file the FACC will be

4  DENIED.[2]   IT IS SO ORDERED.

5

6  DATED: May 14, 2008.

7

8                                          _____
                                           JEREMY FOGEL
9                                          United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  _____

27         [2] In light of this ruling and the Dismissal Order, Lead Plaintiff's unopposed motion to
    amend the caption fo the instant action to read "*In re Apple, Inc. PSLRA Backdating Litigation*"
28  appears to be moot and will be terminated without prejudice.

7

1  This Order has been served upon the following persons:

2  Michael J. Barry     mbarry@gelaw.com, mswift@gelaw.com

3  Patrice L. Bishop     service@ssbla.com

4  Charles Thomas Caliendo  ccaliendo@gelaw.com, mswift@gelaw.com

5  Diane M. Doolittle     dianedoolittle@quinnemanuel.com,
                 emilywada@quinnemanuel.com,
6                sandranichols@quinnemanuel.com

7  Yohance Claude Edwards  yohance.edwards@mto.com, milvi.giesinger@mto.com

8  David Malcolm Furbush  david.furbush@pillsburylaw.com, dedmondson@omm.com,
                dshah@omm.com, frances.ceccacci@pillsburylaw.com,
9               lnewell@omm.com, vtran@omm.com

10 Gary S. Graifman     ggraifman@kgglaw.com

11 Howard Theodore Longman  tsvi@aol.com

12 John Mark Potter     matthewgardner@quinnemanuel.com,
               rachelmullinax@quinnemanuel.com
13

14 George A. Riley      griley@omm.com, cchiu@omm.com, mhenderson@omm.com

15 Jerome Cary Roth     Jerome.Roth@mto.com, susan.ahmadi@mto.com

16 Luann Loraine Simmons  lsimmons@omm.com, cchiu@omm.com, cholsome@omm.com,
               smeblin@omm.com

17 John W. Spiegel      spiegeljw@mto.com, berryjm@mto.com, finchac@mto.com,
               giesingermj@mto.com, stonelc@mto.com, voigtsam@mto.com
18

19 Mary Sikra Thomas    mthomas@gelaw.com, memaryt@verizon.net

20 Elizabeth B. Wydra    elizabethwydra@quinnemanuel.com,
               veronicavelilla@quinnemanuel.com

21 Notice has been delivered by other means to:

22 Jay W. Eisenhofer
   Grant & Eisenhofer, P.A.
23 45 Rockefeller Center, 15th Floor
   630 Fifth Avenue
24 New York, NY 10111

25 Carl Holliday Moor
   Munger Tolles & Olson LLP
26 355 South Grand Avenue
   35th Floor
27 Los Angeles, CA 90071-1560

28

Case No. C 06-5208 JF
ORDER DENYING MOTION FOR LEAVE TO FILE FIRST AMENDED CONSOLIDATED COMPLAINT
(JFEX1)