1  GEORGE A. RILEY (State Bar No. 118304)
   O'MELVENY & MYERS LLP
2  Two Embarcadero Center
   28th Floor
3  San Francisco, California  94111-3828
   Telephone:   (415) 984-8700
4  Facsimile:   (415) 984-8701
   E-Mail:      griley@omm.com
5  Attorneys for Defendant APPLE INC.

6  JAY W. EISENHOFER (*admitted pro hac vice*)
   MICHAEL J. BARRY (*admitted pro hac vice*)
7  GRANT & EISENHOFER P.A.
   Chase Manhattan Centre
8  1201 N. Market Street
   Wilmington, Delaware 19801
9  Telephone:   (302) 622-7000
   Facsimile:   (302) 622-7100
10 E-Mail:      jeisenhofer@gelaw.com
                mbarry@gelaw.com
11 Attorneys for Lead Plaintiff THE NEW YORK CITY EMPLOYEES'
   RETIREMENT SYSTEM
12
   (Additional Counsel Listed on Signature Page)
13

14              **UNITED STATES DISTRICT COURT**

15             **NORTHERN DISTRICT OF CALIFORNIA**

16                    **SAN JOSE DIVISION**

17 | IN RE APPLE INC. SECURITIES | Case No. C-06-5208-JF |
18 | LITIGATION | |
   | | CLASS ACTION |
19 | THIS DOCUMENTS RELATES TO: | **STIPULATION AND AGREEMENT OF** |
   | ALL ACTIONS | **SETTLEMENT** |
20
21
22
23
24
25
26
27
28

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement dated as of September 28, 2010 (the "Stipulation") is made and entered into by and among the Court-appointed Lead Plaintiff, the New York City Employees' Retirement System ("NYCERS"), plaintiffs Martin Vogel and Kenneth Mahoney, and defendants Apple Inc., Steven P. Jobs, Fred D. Anderson, Nancy R. Heinen, William V. Campbell, Millard S. Drexler, Arthur D. Levinson, and Jerome B. York,[1] by and through their respective counsel of record in the Action.[2]  The Stipulation is intended by the Settling Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims, upon and subject to the terms and conditions hereof.

## I.     BACKGROUND

### A.     Procedural History

1.     *Vogel, et al. v. Jobs, et al.*, Case No. C-06-5208-JF ("*Vogel I*")

On August 24, 2006, plaintiffs Martin Vogel and Kenneth Mahoney filed a purported class action in the U.S. District Court for the Northern District of California against Apple and the following current or former officers and directors: Steven P. Jobs, Fred D. Anderson, Peter Oppenheimer, William V. Campbell, Millard S. Drexler, Albert Gore, Jr., Arthur D. Levinson, and Jerome B. York.  The action, captioned *Vogel, et al. v. Jobs, et al.*, Case No. C-06-5208-JF, alleged violations of Sections 10(b), 14(a), and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act").  On October 24, 2006, NYCERS filed a Motion for Its Appointment as Lead Plaintiff and for Approval of Its Selection of Counsel.  On January 19, 2007, the Court granted NYCERS's motion and appointed Grant & Eisenhofer P.A. as lead counsel.

On March 23, 2007, NYCERS filed a consolidated class action complaint ("Consolidated Complaint") against Apple and the following current or former officers and directors: Steven P. Jobs, Fred D. Anderson, William V. Campbell, Millard S. Drexler, Arthur D. Levinson, Jerome B. York, Gareth C.C. Chang, Peter O. Crisp, Lawrence J. Ellison, B. Jurgen Hintz, Katherine M. Hudson, Delano E. Lewis, A.C. Markkula, Jr., and Edgar S. Woolard, Jr.  The Consolidated

---

[1]   Mr. York died on March 18, 2010.
[2]   Capitalized terms are defined in Sections IV.1.1 through IV.1.37 below.

Complaint alleged violations of Sections 14(a) and 20(a) of the Exchange Act and breach of state law duties of disclosure.  NYCERS did not assert a claim under Section 10(b) of the Exchange Act.  On June 8, 2007, the defendants moved to dismiss the Consolidated Complaint.  On November 14, 2007, the Court dismissed the Consolidated Complaint with leave to amend only as a derivative action.

On December 14, 2007, NYCERS filed a motion for leave to file a first amended consolidated class action complaint to assert claims under Sections 10(b) and 20(a) of the Exchange Act, as well as amended versions of the claims asserted in the Consolidated Complaint.  On May 14, 2008, the Court denied NYCERS's motion for leave to amend.  On June 12, 2008, the Court entered judgment in favor of the defendants and dismissed NYCERS's claims with prejudice.

On June 17, 2008, NYCERS filed a notice of appeal before the U.S. Court of Appeals for the Ninth Circuit.  On January 28, 2010, the Ninth Circuit affirmed the Court's dismissal of NYCERS's claims under Section 14(a) of the Exchange Act and state law.  The Ninth Circuit reversed the Court's May 14, 2008 order and granted NYCERS leave to amend its complaint to assert claims under Sections 10(b) and 20(a) of the Exchange Act.  On March 22, 2010, NYCERS filed a First Amended Consolidated Class Action Complaint alleging violations of Sections 10(b) and 20(a) of the Exchange Act against Apple and the following current or former officers and directors: Steven P. Jobs, Fred D. Anderson, Nancy R. Heinen, William V. Campbell, Millard S. Drexler, Arthur D. Levinson, and Jerome B. York.

> 2. *Vogel, et al. v. Apple Inc., et al.*, Case No. C-08-3123-JF ("*Vogel II*")

On June 27, 2008, plaintiffs Vogel and Mahoney filed another purported class action suit in the U.S. District Court for the Northern District of California against Apple and the following current or former officers and directors: Steven P. Jobs, Fred D. Anderson, Nancy R. Heinen, William V. Campbell, Millard S. Drexler, Arthur D. Levinson, and Jerome B. York.  This action, captioned *Vogel, et al. v. Apple Inc., et al.*, Case No. C-08-3123-JF, alleged violations of Sections 10(b) and 20(a) of the Exchange Act.  On July 22, 2008, the Court stayed all proceedings in *Vogel II* pending the outcome of NYCERS's appeal before the Ninth Circuit in *Vogel I*.

STIPULATION AND AGREEMENT OF
SETTLEMENT - C-06-5208-JF

1

          3.      Consolidated Action

2

On April 8, 2010, the Court entered an order consolidating *Vogel I* and *Vogel II*.  The

3

Court designated NYCERS as the Lead Plaintiff and Grant & Eisenhofer P.A. as lead counsel for

4

the consolidated action.  On May 14, 2010, Plaintiffs filed a Corrected First Amended

5

Consolidated Class Action Complaint against Apple and the following current or former officers

6

and directors: Steven P. Jobs, Fred D. Anderson, Nancy R. Heinen, William V. Campbell, Millard

7

S. Drexler, Arthur D. Levinson, and Jerome B. York.  The action, captioned *In re Apple Inc.*

8

*Securities Litigation*, Case No. C-06-5208-JF, alleges violations of Sections 10(b) and 20(a) of

9

the Exchange Act.  Defendants' response is due on October 1, 2010.  The Court has not

10

previously certified any class in the Action.

11

      **B.**      **Mediation and Settlement Negotiations**

12

Counsel for the Settling Parties have engaged in substantial arm's-length negotiations in

13

an effort to resolve the Action, including mediation sessions with Jonathan B. Marks of

14

MarksADR, LLC on May 19-20, 2010, and numerous in-person meetings and teleconferences.

15

**II.**      **PLAINTIFFS' CLAIMS AND THE BENEFITS OF THE SETTLEMENT**

16

Plaintiffs assert that their claims have merit and that the evidence of the underlying events

17

and transactions alleged in the Action supports their claims.  Nevertheless, Plaintiffs recognize

18

the significant expense and prolonged proceedings necessary to prosecute the Action against

19

Defendants through trial and, potentially, through appeals.  Plaintiffs have also taken into account

20

the uncertain outcome, risks, difficulties and delays inherent in any litigation, especially in

21

complex actions.  Plaintiffs are also mindful of the problems of proof and possible defenses to the

22

claims asserted in the Action, including without limitation issues with respect to proof of

23

damages, proof of causation of damages, and proof of Defendants' requisite intent.

24

Based on a careful evaluation, Plaintiffs and Plaintiffs' Counsel have determined it is

25

desirable to settle the Action on the terms and conditions set forth in this Stipulation.  Plaintiffs

26

and Plaintiffs' Counsel also have concluded that the terms and conditions of this Stipulation are

27

fair, reasonable and adequate, and that it is in the best interests of the Class to settle the claims

28

asserted in the Action pursuant to the terms and provisions of this Stipulation.

STIPULATION AND AGREEMENT OF
SETTLEMENT - C-06-5208-JF

III.   **DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY AND AGREEMENT TO THE SETTLEMENT**

Defendants deny that they committed, or attempted to commit, any violations of law or breached any duties owed to Apple, its shareholders or otherwise.  Defendants also deny that Plaintiffs and the Class have suffered any harm as a result of conduct alleged in the Action.  In particular, Defendants deny that Apple's share price was artificially inflated by reason of any alleged misrepresentations or omissions.  Defendants further deny that any harm allegedly suffered by Plaintiffs and the Class was caused by any misrepresentations or omissions.  Defendants maintain that they have meritorious defenses to all the claims alleged in the Action.

Nonetheless, Defendants believe that further litigation would be protracted, burdensome, expensive, and distracting.  Defendants have also determined that further litigation would divert resources and attention from other activities important to Apple's business and its shareholders' interests.  Thus, Defendants have concluded that it is desirable and beneficial to settle the Action on the terms and conditions set forth in this Stipulation.

IV.   **TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT**

NOW, THEREFORE, in consideration of the promises and agreements, covenants, representations, and warranties set forth herein, intending to be legally bound;

IT IS HEREBY STIPULATED AND AGREED, by and among the Settling Parties, through their respective counsel that, subject to approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that the Released Claims shall be fully, finally, and forever resolved, discharged and settled on the merits and with prejudice and that the Action shall be dismissed with prejudice, as to all Settling Parties, on the following terms and conditions:

1.   ***Definitions***

As used in this Stipulation, the following capitalized terms have the meanings below:

1.1.   "Action" means the consolidated action captioned *In re Apple Inc. Securities Litigation*, Case No. C-06-5208, currently pending in the U.S. District Court for the Northern District of California.

1.2.   "Apple" means Apple Inc. (formerly known as "Apple Computer, Inc.") and its

past, present, and future parents, subsidiaries, predecessors, successors, agents, affiliates and assigns.

1.3.    "Attorneys' Fees and Expenses" means such funds as may be awarded to Plaintiffs' Counsel by the Court, as defined herein, to compensate them for their reasonable fees and expenses incurred in connection with the litigation of the Action.

1.4.    "Authorized Claimant" means any member of the Class who is a Claimant, as defined herein, and whose claim for recovery has been authorized pursuant to the terms of this Stipulation.

1.5.    "Claimant" means any Class Member who files a Proof of Claim, as defined herein, in such form and manner, and within such time, as the Court shall prescribe.

1.6.    "Claims Administrator" means the firm of Epiq Class Action & Claims Solutions, Inc., which shall administer the Settlement.

1.7.    "Class" means all purchasers of Apple common stock during the Class Period. Excluded from the Class are Defendants, as defined herein, all current and former directors and officers of Apple, and all employees of Apple and/or its subsidiaries during the Class Period, as defined herein, and any family member, trust, company, entity, or affiliate controlled or owned by any of the excluded persons and entities referenced in this subsection.  Also excluded from the Class are any persons and entities that exclude themselves by filing a request for exclusion in accordance with the requirements set forth in the Notice.

1.8.    "Class Member" means a person or entity that falls within the definition of the Class.

1.9.    "Class Period" means the period from August 24, 2001 through June 29, 2006, both dates inclusive.

1.10.    "Court" means the U.S. District Court for the Northern District of California.

1.11.    "Defendants" means Apple, Steven P. Jobs, Fred D. Anderson, Nancy R. Heinen, William V. Campbell, Millard S. Drexler, Arthur D. Levinson, and Jerome B. York.

1.12.    "Defendants' Counsel" means the law firms of O'Melveny & Myers LLP, Farella Braun & Martel LLP, and Munger, Tolles & Olson LLP.

STIPULATION AND AGREEMENT OF
SETTLEMENT - C-06-5208-JF

1      1.13.   "Effective Date" means the date upon which the Settlement contemplated by this

2   Stipulation shall become effective, as set forth in Section 10 of this Stipulation.

3      1.14.   "Escrow Agent" means The Huntington National Bank, which shall administer the

4   Settlement Fund.

5      1.15.   "Final" means the time when a judgment that has not been reversed, vacated, or

6   modified in any way is no longer subject to appellate review, either because of disposition on

7   appeal and conclusion of the appellate process or because of the passage, without action, of the

8   time for seeking appellate review.  More specifically, it is that situation when: (1) either no appeal

9   has been filed and the time has passed for any notice of appeal to be timely filed in the Action; or

10  (2) an appeal has been filed and a judgment has been affirmed on appeal, and is no longer subject

11  to review upon appeal or review by writ of certiorari, or the appeal has been dismissed and the

12  time for any reconsideration or further appellate review has passed.

13     1.16.   "Net Settlement Fund" means the Settlement Fund, as defined herein, net of any

14  taxes.

15     1.17.   "Notice" means the Notice of Proposed Settlement of Class Action, Settlement

16  Fairness Hearing, and Application for Attorneys' Fees and Expenses, which is to be sent to Class

17  Members substantially in the form attached hereto as Exhibit A-1.

18     1.18.   "Order and Final Judgment" means an order and judgment substantially in the

19  form attached hereto as Exhibit B.

20     1.19.    "Plaintiffs" means the New York City Employees' Retirement System, Martin

21  Vogel, and Kenneth Mahoney.

22     1.20.   "Plaintiffs' Counsel" means Plaintiffs' Lead Counsel, as defined herein, and the

23  law firms of Anderlini & Emerick LLP, Stull, Stull & Brody, and Kantrowitz, Goldhamer &

24  Graifman.

25     1.21.   "Plaintiffs' Lead Counsel" means the law firm of Grant & Eisenhofer P.A.

26     1.22.   "Preliminary Approval Order" means the [Proposed] Order Preliminarily

27  Approving Settlement, Directing Notice of Settlement, and Scheduling Settlement Fairness

28  Hearing substantially in the form attached hereto as Exhibit A.

1.23.    "Proof of Claim" means the Proof of Claim to be submitted by Claimants substantially in the form attached hereto as Exhibit A-3.

1.24.    "Publication Notice" means the Summary Notice of Proposed Settlement, Settlement Fairness Hearing, and Motion for Attorneys' Fees and Expenses, which is to be published substantially in the form attached hereto as Exhibit A-2.

1.25.    "Released Claims" means Released Plaintiffs' Claims and Released Defendants' Claims, as defined herein.

1.26.    "Released Defendants" means (1) Defendants, (2) Peter Oppenheimer, Albert Gore, Jr., Gareth C.C. Chang, Peter O. Crisp, Lawrence J. Ellison, B. Jurgen Hintz, Katherine M. Hudson, Delano E. Lewis, A.C. Markkula, Jr., and Edgar S. Woolard, Jr., and (3) their respective predecessors, successors, parents, subsidiaries, affiliates, estates, assigns, heirs, and agents (including without limitation any investment bankers, accountants, insurers, reinsurers, or attorneys, and any past, present, or future officers, directors, and employees of Apple and their predecessors, successors, parents, subsidiaries, affiliates, and agents), and any trusts for which any of them are trustees, settlers, or beneficiaries.

1.27.    "Released Defendants' Claims" means all claims, demands, rights, liabilities or causes of action, in law or in equity, accrued or unaccrued, fixed or contingent, direct, individual or representative, of any nature and description whatsoever, whether known or unknown, or based on federal, state, local, statutory, or common law or any other law, rule, or regulation, including the law of any jurisdiction outside the United States, that could have been brought in this proceeding or in the future by Released Defendants against Released Plaintiffs, as defined herein, arising out of the institution, prosecution, assertion, settlement, or resolution of the Action or the Released Claims; provided however, that Released Defendants shall retain the right to enforce in the Court the terms of the Stipulation.  "Released Defendants' Claims" shall also include all claims, demands, rights, liabilities or causes of action, in law or in equity, accrued or unaccrued, fixed or contingent, direct, individual or representative, of any nature and description whatsoever, whether known or unknown, or based on federal, state, local, statutory, or common law or any other law, rule, or regulation, including the law of any jurisdiction outside the United States, that

1   Apple might have for contribution or otherwise against any other of the Released Defendants

2   arising out of or related to Apple's payment of funds in settlement of this Action.

3        1.28.   "Released Parties" means Released Plaintiffs, as defined herein, and Released

4   Defendants.

5        1.29.   "Released Plaintiffs" means Plaintiffs, their attorneys, and their respective

6   predecessors, successors, parents, subsidiaries, affiliates, estates, assigns, heirs, agents, and any

7   trusts for which any of them are trustees, settlers, or beneficiaries.

8        1.30.   "Released Plaintiffs' Claims" means all claims (including "Unknown Claims" as

9   defined in Section 1.37 of this Stipulation), demands, rights, suits, matters, issues, or causes of

10  action under federal, state, local, foreign law, or any other law, rule, or regulation, whether known

11  or unknown, that were, could have been, or could in the future be asserted against the Released

12  Parties by (1) Plaintiffs, (2) any Class Member, and (3) their respective predecessors, successors,

13  parents, subsidiaries, affiliates, estates, assigns, heirs, and agents, and any trusts for which any of

14  them are trustees, settlers, or beneficiaries, in any court of competent jurisdiction or any other

15  adjudicatory tribunal, in connection with, arising out of, related to, based upon, in whole or in

16  part, directly or indirectly, in any way, to the facts, transactions, events, occurrences, acts,

17  disclosures, oral or written statements, representations, filings, publications, disseminations, press

18  releases, presentations, accounting practices or procedures, compensation practices or procedures,

19  omissions or failures to act which were or which could have been alleged or described in this

20  Action or similar proceedings.

21       1.31.   "Settlement" means the settlement of the Action as contemplated by this

22  Stipulation.

23       1.32.   "Settlement Fairness Hearing" means a hearing pursuant to Rule 23(e) of the

24  Federal Rules of Civil Procedure, as described in the proposed Preliminary Approval Order,

25  attached hereto as Exhibit A.

26       1.33.   "Settlement Fund" means the cash deposited into an interest bearing escrow

27  account for the payment of claims made in accordance with this Stipulation, and any interest or

28  income earned thereon.

STIPULATION AND AGREEMENT OF
SETTLEMENT - C-06-5208-JF

1.34.   "Settling Parties" means Plaintiffs and Defendants, each of which may also be referred to herein as a "Settling Party."

1.35.   "Stipulation" means this Stipulation and Agreement of Settlement.

1.36.   "Taxes" means (i) taxes on the interest or income earned on the Settlement Fund and (ii) expenses and costs incurred in connection with the taxation of the Settlement Fund (including without limitation expenses of tax attorneys and accountants).

1.37.   "Unknown Claims" shall collectively mean all claims, demands, rights, liabilities, and causes of action of every nature and description which (1) Plaintiffs, (2) any Class Member, or (3) their respective predecessors, successors, parents, subsidiaries, affiliates, estates, assigns, heirs, and agents, and any trusts for which any of them are trustees, settlers, or beneficiaries, does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Parties, or might have affected his, her, or its decision not to object to this Settlement.  With respect to any and all Released Plaintiffs' Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Plaintiffs shall expressly waive, and each Class Member shall be deemed to have waived, and by operation of the Order and Final Judgment shall have waived, the provisions, rights and benefits of California Civil Code §1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Further, Plaintiffs shall expressly waive, and each Class Member shall be deemed to have expressly waived, and by operation of the Order and Final Judgment shall have waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code § 1542.  Plaintiffs and Class Members may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims, but Plaintiffs shall expressly, fully, finally and forever settle and release, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Order and Final Judgment shall have, fully, finally, and forever

STIPULATION AND AGREEMENT OF
SETTLEMENT - C-06-5208-JF

settled and released, any and all Released Plaintiffs' Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including without limitation conduct that is negligent, intentional, with or without malice, and a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  Plaintiffs acknowledge, and each Class Member shall be deemed by operation of the Order and Final Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

2.    ***Settlement Consideration***

2.1.    In full and complete settlement of the Released Claims, the Settling Parties agree to the following:

2.1.1.   Within ten (10) business days of the entry of the Preliminary Approval Order, or sooner should it so elect, Apple shall pay $14 million in cash into the Settlement Fund.

2.1.2.   Within thirty (30) business days of the Effective Date, or sooner should it so elect, Apple's Board of Directors shall adopt the amendments to (a) the Amended Bylaws of Apple Inc. in the form attached hereto as Exhibit C; and (b) the Compensation Committee Charter of Apple Inc. in the form attached hereto as Exhibit E.

2.1.3.   Within thirty (30) business days of the Effective Date, or sooner should it so elect, Apple shall amend its Insider Trading Policy to include the changes set forth in Exhibit D attached hereto.

2.1.4.   Apple agrees that the modification to the Amended Bylaws of Apple Inc. detailed in Exhibit C, the modification to the Compensation Committee Charter of Apple Inc. detailed in Exhibit E, and the modifications to Apple's Insider Trading Policy detailed in Exhibit D shall remain in effect until at least the end of Apple's 2012 fiscal year.  To the extent that any of the terms set forth in Exhibits C or E may in the future come into conflict with any applicable state or federal statutes, rules, regulations or controlling case law, then such applicable statutes, rules, regulations or case law will control, and Apple may modify such terms as necessary to

STIPULATION AND AGREEMENT OF
SETTLEMENT - C-06-5208-JF

1   comply with such applicable law(s).  Such determination shall be made by a majority of Apple's

2   Board of Directors and shall be disclosed to shareholders in a Form 8-K no less than ten (10)

3   business days before the effective date of such modifications.  With respect to Exhibit D, the

4   parties acknowledge and agree that Apple must have the flexibility to review and modify its

5   Insider Trading Policy in response to, among other things and without limitation, changes in

6   legal, regulatory, or other applicable rules, regulations, and guidelines.

7        2.1.5.   Apple agrees that the following measures that were adopted pursuant to the

8   Stipulation of Settlement entered on September 4, 2008, to settle pending derivative litigation

9   shall remain in effect until at least May 1, 2013, rather than May 1, 1011, as originally agreed:

10        2.1.5.1.     The Equity Award Grant Practices Policy in the form set forth

11   in Exhibit G;

12        2.1.5.2.     The appointment of the Trading Compliance Committee with

13   the purposes, composition, authority and duties set forth in Exhibit H;

14        2.1.5.3.     The amendments to the charter of the Compensation Committee

15   of the Board of Directors set forth in Exhibit I;

16        2.1.5.4.     The amendment to Apple's Corporate Governance Guidelines

17   providing that at least one member of the Compensation Committee of the Board of Directors will

18   not simultaneously serve on the Audit and Finance Committee of the Board of Directors;

19        2.1.5.5.     The Corporate Minutes Procedure in the form set forth in

20   Exhibit J;

21        2.1.5.6.     The Actions by Unanimous Written Consent Procedure in the

22   form set forth in Exhibit K; and

23        2.1.5.7.     The director and officer training program set forth in Exhibit L.

24        2.1.6.   To the extent that any of the terms set forth in Exhibits G, H, and L, the

25   modifications to Apple's Compensation Committee charter in Exhibit I, and the modifications to

26   Apple's Corporate Governance Guidelines detailed in Section 2.1.5.4 above, may in the future

27   come into conflict with any applicable state or federal statutes, rules, regulations or controlling

28   case law, then such applicable statutes, rules, regulations or case law will control, and Apple may

STIPULATION AND AGREEMENT OF
SETTLEMENT - C-06-5208-JF

modify such terms as necessary to comply with such applicable law(s).  Such determination shall be made by a majority of the independent members of the Board, and shall be disclosed to shareholders in a Form 8-K no less than ten (10) business days before the effective date of such modification.  With respect to Exhibits J and K, the parties acknowledge and agree that Apple must have the flexibility to review and modify such policies and procedures in response to, among other things and without limitation, technological advancements, changes in governance practices and business needs and changes in accounting, legal, regulatory and other applicable rules, regulations and guidelines.

          2.1.7.   Within thirty (30) business days of the Effective Date, or sooner should it so elect, Apple shall make donations to the corporate governance programs in the amounts specified in Exhibit F.

          3.      ***Handling and Disbursement of Funds by the Escrow Agent***

          3.1.     The Net Settlement Fund shall be distributed to the Authorized Claimants as provided in Section 6 of this Stipulation.

          3.2.     The Escrow Agent shall invest any funds held in escrow exclusively in instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including a U.S. Treasury Money Market Fund or a bank account insured by the Federal Deposit Insurance Corporation ("FDIC") up to the guaranteed FDIC limit, and shall collect and reinvest all interest accrued thereon.  The Released Defendants are not in any way responsible for such investments and bear no risk whatsoever relating to them.  The parties hereto agree that the Settlement Fund is intended to be a "Qualified Settlement Fund" within the meaning of Treasury Regulation § 1.468B-1 and that the Claims Administrator, as administrator of the Settlement Fund within the meaning of Treasury Regulation §1.468B-2(k)(3), shall be responsible for filing tax returns for the Settlement Fund and paying from the Settlement Fund any Taxes owed with respect to the Settlement Fund.  The parties hereto agree that the Settlement Fund shall be treated as a Qualified Settlement Fund from the earliest date possible, and agree to any relation-back election required to treat the Settlement Fund as a Qualified Settlement Fund from the earliest date possible.  Defendants' Counsel agree

STIPULATION AND AGREEMENT OF
SETTLEMENT - C-06-5208-JF

1  to provide promptly to the Claims Administrator the statement described in Treasury Regulation §

2  1.468B-3(e).

3      3.3.    All Taxes shall be paid out of the Settlement Fund, shall be considered a cost of

4  administration of the settlement, and shall be timely paid by the Escrow Agent upon the

5  instructions of the Claims Administrator without prior order of the Court.

6      3.4.    Other than the payment of Taxes as set forth in Section 3.3 of this Stipulation,

7  Apple shall be responsible for the payment of all reasonable documented fees and expenses

8  incurred by or payable to the Escrow Agent relating to the administration of the Settlement Fund

9  as outlined in this Stipulation.  No such administrative fees shall be deemed incurred by or paid

10  out of the Settlement Fund.

11      3.5.    Defendants and Defendants' Counsel shall have no liability or responsibility for

12  Taxes.  The Escrow Agent shall indemnify and hold each of the Defendants and Defendants'

13  Counsel harmless for Taxes (including without limitation Taxes payable by reason of any such

14  indemnification).

15      3.6.    The Escrow Agent shall not disburse the Settlement Fund except as provided in

16  this Stipulation, by an order of the Court, or with the written agreement of Defendants' Counsel

17  and Plaintiffs' Lead Counsel.

18      3.7.    Subject to further order and/or direction as may be made by the Court, the Escrow

19  Agent is authorized to execute such transactions on behalf of the Class as are consistent with the

20  terms of this Stipulation.

21      3.8.    All funds held by the Escrow Agent shall be deemed to be in the custody of the

22  Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be

23  distributed or returned to the parties who deposited such funds pursuant to this Stipulation and/or

24  further order(s) of the Court.

25      4.    ***Class Certification***

26      4.1.    The Settling Parties hereby stipulate to certification of the Class, pursuant to Rule

27  23(b)(3) of the Federal Rules of Civil Procedure, solely for purposes of this Settlement.  The

28  certification of the Class shall be binding only with respect to the Settlement and only if the Order

STIPULATION AND AGREEMENT OF
SETTLEMENT - C-06-5208-JF

and Final Judgment becomes Final.

5.    *__Administration__*

5.1.    The Claims Administrator shall administer the Settlement subject to the Court's jurisdiction.  Except as provided in this Stipulation, Defendants shall have no responsibility or liability concerning the appointment of the Claims Administrator or any actions taken by the Claims Administrator.

5.2.    Apple shall be responsible for the payment of all reasonable documented administrative fees and expenses incurred by or payable to the Claims Administrator relating to the responsibilities outlined in this Stipulation.  No such administrative fees shall be deemed incurred by or paid out of the Settlement Fund.

5.3.    The Claims Administrator shall be responsible for mailing and publishing the Notice and Publication Notice, respectively.  Apple shall reimburse the Claims Administrator for the reasonable costs incurred to mail and publish the Notice and Publication Notice, respectively.

5.4.    Apple shall direct its transfer agent to provide to the Claims Administrator Apple's shareholder lists solely for purposes of providing notice to the Class.  Plaintiffs and Plaintiffs' Counsel agree that Apple's shareholder lists will not be used for any purposes other than providing notice to the Class as provided in this section and will otherwise not be disclosed to any other persons.  Apple shall have no liability to Plaintiffs or the Class with respect to the provision of such shareholder lists.  Apple shall reimburse the Claims Administrator for the reasonable costs incurred to obtain the shareholder lists from Apple's transfer agent.

5.5.    Each Proof of Claim shall be submitted to and reviewed by the Claims Administrator, who shall determine in accordance with this Stipulation the extent, if any, to which each Proof of Claim shall be authorized, subject to review by the Court pursuant to subsection 5.5.4 below.  For purposes of determining the extent, if any, to which a Class Member shall be entitled to be treated as an "Authorized Claimant," the following conditions shall apply:

5.5.1.    Each Class Member shall be required to submit a Proof of Claim supported by such documents as are designated therein, including proof of the transactions claimed and such other documents or proof as the Claims Administrator in its discretion may deem acceptable;

- 15 -

5.5.2.   All Proofs of Claim must be submitted in accordance with and by the date specified in the Notice, unless such period is extended by Court order.  A Proof of Claim shall be deemed to have been submitted when posted, if received with a postmark indicated on the envelope and if sent by first-class mail postage pre-paid and addressed in accordance with the instructions therein;

5.5.3.   Proofs of Claim that do not meet the submission requirements may be rejected.  Prior to rejection of a Proof of Claim, the Claims Administrator shall communicate with the Claimant in order to attempt to remedy the curable deficiencies in the Proofs of Claim submitted.  The Claims Administrator shall notify, in a timely fashion and in writing, each Claimant whose Proofs of Claim they propose to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Proof of Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subsection 5.5.4 below;

5.5.4.   If any Claimant whose Proof of Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days of the date of mailing of the notice required in subsection 5.5.3 above, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a Proof of Claim cannot be otherwise resolved, Plaintiffs' Lead Counsel shall thereafter present the request for review to the Court; and

5.5.5.   The administrative determinations of the Claims Administrator accepting and rejecting Proofs of Claim shall be presented to the Court, on notice to Defendants' Counsel, for approval by the Court in an order (the "Class Distribution Order").

5.6.   Any Class Member who does not submit a valid Proof of Claim will not be entitled to receive any proceeds from the Net Settlement Fund, but will otherwise be bound by all of the terms of this Stipulation, the Settlement, and the Order and Final Judgment, including the releases and injunctions provided for herein and therein.

5.7.   Each Claimant shall be deemed to have submitted to the jurisdiction of the Court

STIPULATION AND AGREEMENT OF
SETTLEMENT - C-06-5208-JF

with respect to his, hers or its Proof of Claim, and such Proof of Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that Claimant's status as a Class Member and the validity and amount of the Claimant's Proof of Claim.  No discovery shall be allowed on the merits of the Action or Settlement in connection with processing of Proofs of Claim.

6. ***Distribution to Authorized Claimants***

6.1.    The Court's approval of the "Plan of Allocation" (described in the Notice attached as Exhibit A-1) is not a necessary term of this Stipulation and it is not a condition of this Stipulation that any particular Plan of Allocation be approved.  The Plan of Allocation and determinations made thereunder shall be considered separately from the Court's consideration of whether the Settlement is fair, reasonable, and adequate and in the best interests of the Class.  Any order or proceedings relating to the Plan of Allocation and determinations thereunder, or any appeal from any order or proceedings relating to the Plan of Allocation or any determinations thereunder, shall not affect or delay the Effective Date and the finality of the Order and Final Judgment.

6.2.    The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's "Recognized Claim," as set forth in the Notice.

6.3.    Payment pursuant to this Stipulation shall be deemed final and conclusive against all Class Members.  All Class Members whose Proofs of Claim are not approved by the Court shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation, the Settlement, and the Order and Final Judgment, including the releases and injunctions provided for therein and herein.

6.4.    All proceedings with respect to the administration, processing, and determination of Proofs of Claim described by Sections 5 and 6 of this Stipulation and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Proofs of Claim, shall be subject to the jurisdiction of the Court.

6.5.    The Net Settlement Fund shall be distributed to Authorized Claimants by the

STIPULATION AND AGREEMENT OF
SETTLEMENT - C-06-5208-JF

1   Claims Administrator only after the Effective Date and after: (i) all Proofs of Claim have been

2   processed, and all Claimants whose Proofs of Claim have been rejected or disallowed, in whole or

3   in part, have been notified and provided the opportunity to be heard concerning such rejection or

4   disallowance; (ii) all objections with respect to all rejected or disallowed Proofs of Claim have

5   been resolved by the Court, and all appeals therefrom have been resolved or the time therefor has

6   expired; (iii) all matters with respect to attorneys' fees, costs, and disbursements have been

7   resolved by the Court, all appeals therefrom have been resolved or the time therefor has expired;

8   and (iv) all costs of administration have been paid.  Apple shall reimburse the Claims

9   Administrator for the reasonable costs incurred to process Proofs of Claim and distribute the Net

10  Settlement Fund to Authorized Claimants.

11          6.6.    Except as provided in this Stipulation, Defendants and Defendants' Counsel shall

12  not have any responsibility for, interest in, or liability whatsoever with respect to:

13          6.6.1.  any act, omission or determination of Plaintiffs' Counsel, the Escrow

14  Agent, or the Claims Administrator, or any of their respective designees or agents, in connection

15  with the administration of the Settlement or otherwise;

16          6.6.2.  the management, investment, or distribution of the Settlement Fund;

17          6.6.3.  the determination, administration, calculation, or payment of any claims

18  asserted against the Settlement Fund;

19          6.6.4.  the Plan of Allocation; or

20          6.6.5.  any losses suffered by, or fluctuations in the value of, the Settlement Fund.

21      7.      ***Terms of Preliminary Approval Order***

22          7.1.    Promptly after this Stipulation has been fully executed, Plaintiffs' Lead Counsel

23  and Defendants' Counsel jointly shall apply to the Court for entry of the Preliminary Approval

24  Order, substantially in the form attached hereto as Exhibit A.

25      8.      ***Terms of Order and Final Judgment***

26          8.1.    If the Settlement contemplated by this Stipulation is approved by the Court,

27  Plaintiffs' Lead Counsel and Defendants' Counsel jointly shall request that the Court enter an

28  Order and Final Judgment substantially in the form attached hereto as Exhibit B.

STIPULATION AND AGREEMENT OF
SETTLEMENT - C-06-5208-JF

9.        ***Attorneys' Fees and Expenses***

9.1.      Plaintiffs' Lead Counsel will apply to the Court for an award of Attorneys' Fees and Expenses in an amount not to exceed $2.45 million to compensate Plaintiffs' Counsel for their reasonable fees and expenses incurred in connection with the litigation of the Action.  Apple shall pay Plaintiffs' Lead Counsel the amount of Attorneys' Fees and Expenses determined by the Court within five (5) business days of (i) the Effective Date or (ii) the date on which the Court enters an order awarding Attorneys Fees and Expenses, whichever occurs first.

9.2.      Plaintiffs' Lead Counsel agrees to refund to Apple any award of Attorneys' Fees and Expenses paid to Plaintiffs' Lead Counsel in the event the Court's award of Attorneys' Fees and Expenses is reduced or reversed on appeal.  Payment of some or all of the Attorneys' Fees and Expenses shall be made by Plaintiffs' Lead Counsel to Apple within five (5) business days of a Final order by the Court, the U.S. Court of Appeals, or the U.S. Supreme Court directing such reduction or reversal.

9.3.      Apple shall pay any award of Attorneys' Fees and Expenses in addition to and not out of the Settlement Fund identified above in Section 2.1.1 or the donations to the corporate governance programs identified above in Section 2.1.7.

9.4.      The determination regarding the amount of any award of Attorneys' Fees and Expenses shall be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement.  It is not a condition of this Stipulation or Settlement that any particular amount of Attorneys' Fees and Expenses be awarded by the Court.  Any order or proceedings relating to the amount of any award Attorneys' Fees and Expenses, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to modify, terminate or cancel this Stipulation, or affect or delay the finality of the Order and Final Judgment approving this Stipulation and the Settlement.

9.5.      Except as provided in this Stipulation, Released Defendants shall have no responsibility for, and no liability whatsoever with respect to, any payment to Plaintiffs' Counsel and/or any other person or entity who receives payment from the Settlement Fund.

9.6.      The Released Defendants shall have no responsibility for, and no liability

STIPULATION AND AGREEMENT OF
SETTLEMENT - C-06-5208-JF

1  whatsoever with respect to, the allocation among Plaintiffs' Lead Counsel, other Plaintiffs'

2  Counsel and/or any other person who may assert some claim thereto, of any award of Attorneys'

3  Fees and Expenses.

4        10.    ***Effective Date of Settlement, Waiver or Termination***

5        10.1.    The "Effective Date" of Settlement shall be the date when all the following shall

6  have occurred:

7           10.1.1. approval by the Court of the Settlement, following notice to the Class and a

8  hearing, as prescribed by Rule 23(e) of the Federal Rules of Civil Procedure; and

9           10.1.2. entry by the Court of an Order and Final Judgment that becomes Final, or,

10  in the event that the Court enters an order and final judgment in a form other than provided in

11  Exhibit B attached hereto (the "Alternative Judgment") and none of the parties hereto elects to

12  terminate this Settlement, the date that the Alternative Judgment becomes Final.

13        10.2.    Defendants' Counsel or Plaintiffs' Lead Counsel shall have the right to terminate

14  the Settlement and this Stipulation by providing written notice of their election to do so (the

15  "Termination Notice") to all other parties hereto within thirty (30) days of: (a) the Court's refusal

16  to approve this Stipulation or any material part of it (including, but not limited to, Section 9.3 or

17  any element of the settlement consideration identified in Section 2.1); (b) the Court's refusal to

18  enter a Preliminary Approval Order substantially in the form set forth in Exhibit A attached

19  hereto; (c) the Court's refusal to enter an Order and Final Judgment substantially in the form set

20  forth in Exhibit B attached hereto; (d) the date on which the Order and Final Judgment is

21  modified or reversed in any material respect by the U.S. Court of Appeals or the U.S. Supreme

22  Court; or (e) the date upon which an Alternative Judgment is modified or reversed in any material

23  respect by the U.S. Court of Appeals or the U.S. Supreme Court.

24        10.3.    Lead Plaintiff and Defendants, through their counsel, have executed a

25  "Supplemental Agreement" setting forth certain conditions under which this Stipulation may be

26  withdrawn or terminated if potential Class Members who purchased in excess of a certain number

27  of Apple shares during the Class Period exclude themselves from the Class.  The Supplemental

28  Agreement shall not be filed with the Court unless a dispute arises about its terms or the Court so

STIPULATION AND AGREEMENT OF
SETTLEMENT - C-06-5208-JF

orders.  In the event of a withdrawal from this Stipulation under the Supplemental Agreement, this Stipulation shall become null and void and of no further force and effect, and the provisions of Section 10.4 of this Stipulation shall apply.  Notwithstanding the foregoing, the Stipulation shall not become null and void as a result of Defendants' election to exercise its option to withdraw from the Stipulation until the conditions in the Supplemental Agreement have been satisfied.

10.4.   Except as provided in this Stipulation, in the event the Settlement is terminated, cancelled, or fails to become effective for any reason, then the parties to this Stipulation shall be deemed to have reverted to their respective status in the Action immediately prior to the execution of this Stipulation and, except as otherwise expressly provided, the parties shall proceed in all respects as if this Stipulation and any related orders had not been entered, and the Escrow Agent shall, within ten (10) business days after written notification from Defendants' Counsel of any such event, cause the Settlement Fund to revert to Apple, together with any interest earned thereon, but less any Taxes due with respect to such income.  The costs of providing notice to the Class and administering the Settlement Fund, as provided for in this Stipulation, shall be non-refundable.

11.   ***No Admission of Wrongdoing***

11.1.   This Stipulation, whether or not consummated, and any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement or any negotiation, discussion or proceedings in connection with this Stipulation or the Settlement:

11.1.1. shall not be offered or received against Released Defendants as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any Released Defendants with respect to the truth of any fact alleged by any Plaintiffs or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of or by Released Defendants;

11.1.2. shall not be offered or received against Released Defendants as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect

1  to any statement or written document approved or made by any Released Defendants;

2         11.1.3. shall not be offered or received against Released Defendants as evidence of

3  a presumption, concession, or admission with respect to any liability, negligence, fault or

4  wrongdoing, or in any way referred to for any other reason as against any Released Defendants,

5  in any other civil, criminal, or administrative action or proceeding, other than such proceedings as

6  may be necessary to effectuate the provisions of this Stipulation; provided however, that if this

7  Stipulation is approved by the Court, Released Defendants may refer to it to effectuate the rights

8  and liability protections granted to them hereunder; and

9         11.1.4. shall not be construed against Released Defendants as an admission or

10  concession that the consideration to be given hereunder represents the amount which could be or

11  would have been recovered after trial.

12      12.  ***Miscellaneous Provisions***

13      12.1.   All of the exhibits attached hereto are hereby incorporated by reference as though

14  fully set forth herein.

15      12.2.   This Stipulation may not be modified or amended, nor may any of its provisions

16  be waived, except by a writing executed by all Settling Parties or their respective successors-in-

17  interest, or by authorized counsel for the foregoing entities and individuals.

18      12.3.   The headings herein are used for the purpose of convenience only and are not

19  meant and shall not be construed to have any legal effect.

20      12.4.   The administration and consummation of the Settlement embodied in this

21  Stipulation shall be under the Court's authority, and the Court shall retain jurisdiction for the

22  purpose of entering orders awarding Attorneys' Fees and Expenses and enforcing the terms of

23  this Stipulation.

24      12.5.   The waiver by one party of any breach of this Stipulation by any other party shall

25  not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

26      12.6.   This Stipulation and its exhibits, together with the Supplemental Agreement,

27  constitute the entire agreement among the Settling Parties concerning the Settlement of the

28  Action, and supersede any prior agreements or understandings between the Settling Parties with

respect to the Settlement.  No representations, warranties, or inducements have been made by any Settling Party concerning this Stipulation, its exhibits or the Supplemental Agreement, other than those contained and memorialized in such documents.

12.7.    This Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Settling Parties shall exchange among themselves original signed counterparts. Any signature to this Stipulation, to the extent signed and delivered by facsimile, shall be treated in all manners and respects as an original signature and shall be considered to have the same binding legal effect as if it were the original signed version thereof delivered in person.  At the request of a Settling Party, any other Settling Party so executing and delivering this Stipulation by facsimile shall re-execute original forms thereof and deliver them to the requesting party.  No Settling Party shall raise the use of facsimile to deliver or transmit a signature as a defense to the formation or enforceability of this Stipulation, and each such Settling Party forever waives any such defense.

12.8.    This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Released Parties.  There are no third-party beneficiaries to this Stipulation.

12.9.    The construction, interpretation, operation, effect and validity of this Stipulation, and all documents necessary to effectuate it, shall be governed by the laws of the State of California without regard to conflicts of laws, except to the extent that federal law requires that federal law governs.  Any dispute concerning the terms of this Settlement, including the implementation of the corporate governance provisions and any payment or donations by Apple, shall first be submitted to Jonathan B. Marks of MarksADR, LLC for resolution, subject to Court review and approval.  In the event that Mr. Marks is unavailable, the dispute shall be submitted to a mediator agreed upon by the Settling Parties.  If the Settling Parties are unable to agree on a mediator, they will apply to the Court for the appointment of a mediator.

12.10.  This Stipulation shall not be construed more strictly against one Settling Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties.  This Stipulation is the result of arm's-length negotiations between

STIPULATION AND AGREEMENT OF
SETTLEMENT - C-06-5208-JF

the Settling Parties, and all Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

12.11.  All counsel and any other person executing this Stipulation and any of its exhibits, or any related settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

12.12.  Plaintiffs' Lead Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking prompt Court approval of the Preliminary Approval Order, the Stipulation, and the entry of the Order and Final Judgment, and to promptly agree upon and execute all such other documentation and to take all such other action as may be reasonably required to obtain the Court's final approval of the Settlement and the entry of the Order and Final Judgment.

12.13.  The Settling Parties (i) acknowledge their intent to consummate the Settlement and (ii) agree to cooperate as reasonably necessary to effectuate and implement this Stipulation, and to use their commercially reasonable efforts to accomplish this Stipulation's terms and to consummate its contemplated transactions.

12.14.  The Settling Parties acknowledge, represent, and warrant to each other that the mutual releases and payments hereunder are adequate consideration for the consideration given.

12.15.  Whenever this Settlement requires or contemplates that one party shall or may give notice to another, notice shall be provided by facsimile and/or next-day (excluding weekends and court holidays) express delivery service as follows:

If to Defendants, then to:

George A. Riley, Esq.
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, California 94111

Yohance C. Edwards, Esq.
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, California 94105

STIPULATION AND AGREEMENT OF
SETTLEMENT - C-06-5208-JF

1        Douglas R. Young, Esq.
            FARELLA BRAUN & MARTEL LLP
2        Russ Building
            235 Montgomery Street, 17th floor
3        San Francisco, California 94104

4        If to Plaintiffs, then to:

5        Michael J. Barry, Esq.
            GRANT & EISENHOFER P.A.
6        Chase Manhattan Centre
            1201 N. Market Street
7        Wilmington, Delaware 19801

8        12.16.  Nothing in this Stipulation, the Settlement, the negotiations and the mediation

9 relating thereto is intended to or shall be deemed to constitute a waiver of any applicable privilege

10 or immunity, including without limitation the attorney-client privilege or work product immunity.

11        12.17.  Plaintiffs' Lead Counsel shall not assign any of its rights or obligations under this

12 Stipulation without Defendants' prior written consent, and any attempted transfer or assignment

13 in violation of this provision shall be null and void.

14        12.18.  The Settling Parties reserve the right, subject to the Court's approval, to make any

15 reasonable extensions of time that might be necessary to carry out any of the provisions of this

16 Stipulation.

17

18 Dated: September 28 , 2010            GEORGE A. RILEY
                                       O'MELVENY & MYERS LLP
19

20                                    By: _George A. Riley /by Juan L. Simian_

21                                           George A. Riley

22                                  Attorneys for Defendant
                                 APPLE INC.

23

24

25

26

27

28

STIPULATION AND AGREEMENT OF
SETTLEMENT - C-06-5208-JF

1    Dated: September **28**, 2010

2

DOUGLAS R. YOUNG (S.B. #73248)
FARELLA BRAUN & MARTEL LLP
Russ Building
235 Montgomery Street, 17th floor
San Francisco, California 94104
Telephone:    (415) 954-4400
Facsimile:    (415) 954-4480
E-Mail:       dyoung@fbm.com

By: _____
                Douglas R. Young

Attorneys for Defendants
STEVEN P. JOBS, WILLIAM V. CAMPBELL,
MILLARD S. DREXLER, ARTHUR D.
LEVINSON and JEROME B. YORK

Dated: September ___, 2010

JEROME C. ROTH (S.B. #159483)
YOHANCE C. EDWARDS (S.B. #237244)
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, California 94105
Telephone:    (415) 512-4000
Facsimile:    (415) 512-4077
E-Mail:       Jerome.Roth@mto.com
              Yohance.Edwards@mto.com

By: _____
                Yohance C. Edwards

Attorneys for Defendants
FRED D. ANDERSON and NANCY R.
HEINEN

- 26 -

1  Dated: September ___, 2010

DOUGLAS R. YOUNG (S.B. #73248)
FARELLA BRAUN & MARTEL LLP
Russ Building
235 Montgomery Street, 17th floor
San Francisco, California 94104
Telephone:    (415) 954-4400
Facsimile:    (415) 954-4480
E-Mail:       dyoung@fbm.com


By:_____
           Douglas R. Young

Attorneys for Defendants
STEVEN P. JOBS, WILLIAM V. CAMPBELL,
MILLARD S. DREXLER, ARTHUR D.
LEVINSON and JEROME B. YORK

Dated: September _28_, 2010

JEROME C. ROTH (S.B. #159483)
YOHANCE C. EDWARDS (S.B. #237244)
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, California 94105
Telephone:    (415) 512-4000
Facsimile:    (415) 512-4077
E-Mail:       Jerome.Roth@mto.com
              Yohance.Edwards@mto.com


By:_____
           Yohance C. Edwards

Attorneys for Defendants
FRED D. ANDERSON and NANCY R.
HEINEN

- 26 -

STIPULATION AND AGREEMENT OF
SETTLEMENT - C-06-5208-JF

1  Dated: September ___, 2010

2

3

4

5

6

7

8

9

10

11  Dated: September 28, 2010

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JAY W. EISENHOFER
MICHAEL J. BARRY
LESLEY E. WEAVER
GRANT & EISENHOFER P.A.

By:_____
        Michael J. Barry

MERRILL GLEN EMERICK (SB# 117248)
ANDERLINI & EMERICK LLP
411 Borel Avenue, Suite 501
San Mateo, California 94402
Telephone:    (650) 242-4884
Facsimile:    (650) 212-0081

Attorneys for Lead Plaintiff
THE NEW YORK CITY EMPLOYEES'
RETIREMENT SYSTEM

PATRICE L. BISHOP (S.B. #182256)
HOWARD T. LONGMAN
STULL, STULL & BRODY
10940 Wilshire Boulevard, Suite 2300
Los Angeles, California 90024
Telephone:    (310) 209-2468
Facsimile:    (310) 209-2087
Email:        pbishop@ssbla.com

By: Patrice Bishop
        Patrice L. Bishop

GARY S. GRAIFMAN
KANTROWITZ, GOLDHAMER &
GRAIFMAN
747 Chestnut Ridge Road
Chestnut Ridge, New York 10977
Telephone: (845) 356-2570
Facsimile: (845) 356-4335

Attorneys for Plaintiffs
MARTIN VOGEL and KENNETH MAHONEY

    I, Michael J. Barry, am the ECF User whose ID and password are being used to file this

Stipulation and Agreement of Settlement.  In compliance with General Order 45, X.B., I hereby

attest that George A. Riley, Douglas R. Young, Yohance C. Edwards, and Patrice L. Bishop have

concurred in this filing.

                            By: _____
                                    Michael J. Barry

- 27 -

STIPULATION AND AGREEMENT OF
SETTLEMENT - C-06-5208-JF

1   Dated: September 28, 2010            JAY W. EISENHOFER
                                        MICHAEL J. BARRY
2                                       LESLEY E. WEAVER
                                        GRANT & EISENHOFER P.A.
3

4                                       By: _____
                                                 Michael J. Barry
5

6                                       MERRILL GLEN EMERICK (SB# 117248)
                                        ANDERLINI & EMERICK LLP
7                                       411 Borel Avenue, Suite 501
                                        San Mateo, California 94402
8                                       Telephone:    (650) 242-4884
                                        Facsimile:    (650) 212-0081
9
                                        Attorneys for Lead Plaintiff
10                                      THE NEW YORK CITY EMPLOYEES'
                                        RETIREMENT SYSTEM

11  Dated: September ____, 2010         PATRICE L. BISHOP (S.B. #182256)
                                        HOWARD T. LONGMAN
12                                      STULL, STULL & BRODY
                                        10940 Wilshire Boulevard, Suite 2300
13                                      Los Angeles, California 90024
                                        Telephone:    (310) 209-2468
14                                      Facsimile:    (310) 209-2087
                                        Email:        pbishop@ssbla.com
15

16                                      By: _____
                                                 Patrice L. Bishop
17

18                                      GARY S. GRAIFMAN
                                        KANTROWITZ, GOLDHAMER &
                                        GRAIFMAN
19                                      747 Chestnut Ridge Road
                                        Chestnut Ridge, New York 10977
20                                      Telephone: (845) 356-2570
                                        Facsimile: (845) 356-4335
21
                                        Attorneys for Plaintiffs
22                                      MARTIN VOGEL and KENNETH MAHONEY

23          I, Michael J. Barry, am the ECF User whose ID and password are being used to file this

24  Stipulation and Agreement of Settlement.  In compliance with General Order 45, X.B., I hereby

25  attest that George A. Riley, Douglas R. Young, Yohance C. Edwards, and Patrice L. Bishop have

26  concurred in this filing.

27                                      By: _____
                                                 Michael J. Barry
28
                                        STIPULATION AND AGREEMENT OF
                    - 27 -              SETTLEMENT - C-06-5208-JF