# Exhibit A-1

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| IN RE APPLE INC. SECURITIES LITIGATION | Case No. C-06-5208-JF |
| THIS DOCUMENTS RELATES TO: ALL ACTIONS | CLASS ACTION |

# NOTICE OF PROPOSED SETTLEMENT, SETTLEMENT FAIRNESS HEARING, AND MOTION FOR ATTORNEYS' FEES AND EXPENSES

*A FEDERAL COURT AUTHORIZED THIS NOTICE. THIS IS NOT A SOLICITATION FROM A LAWYER.*
PLEASE READ THIS NOTICE CAREFULLY!

This Notice relates to a proposed settlement of a class action lawsuit (the "Action") filed by the Court-appointed "Lead Plaintiff," the New York City Employees' Retirement System ("NYCERS"), and plaintiffs Martin Vogel and Kenneth Mahoney (together with NYCERS, "Plaintiffs"), against Apple Inc. ("Apple") and the following current or former officers and directors: Steven P. Jobs, Fred D. Anderson, Nancy R. Heinen, William V. Campbell, Millard S. Drexler, Arthur D. Levinson, and Jerome B. York (together with Apple, "Defendants").

- If you purchased Apple common stock between August 24, 2001, and June 29, 2006, both dates inclusive (the "Class Period"), you may be a "Class Member" and may be eligible for a payment from the proposed settlement described below (the "Settlement"). Payments will be made if the Court approves the Settlement and Plan of Allocation (as defined below) and after any appeals are resolved and completion of claims processing.

- This Notice explains important legal rights you may have. Your legal rights will be affected regardless of whether you do or do not act. These rights, and the deadlines to exercise them, are explained below.

1. **Statement of Plaintiffs' Recovery**: Pursuant to the Settlement, Apple will pay $14 million in cash into an interest bearing escrow account (the "Settlement Fund"). Apple also has agreed to implement certain corporate governance measures and to donate $2.5 million to corporate governance programs at designated educational institutions. The Settlement Fund, less taxes (the "Net Settlement Fund"), will be used to pay the authorized claims of persons and entities that purchased Apple common stock during the Class Period ("Authorized Claimant").

   Plaintiffs' Lead Counsel estimates that owners of approximately 234.8 million shares of Apple common stock may be eligible for potential recovery, with an average per share recovery from the Net Settlement Fund of approximately $0.06. Based on its experience with other cases, Plaintiffs' Lead Counsel believes that the average per share recovery will be greater than $0.06 because typically fewer than 100% of eligible shareholders elect to participate in securities class action settlements. The Plan of Allocation on page 6 has information about an Authorized Claimant's potential recovery and how the Net Settlement Fund will be distributed.

2. **Statement of Potential Outcome of Action**: The parties disagree on both liability and damages and the average amount of damages that would be recoverable if Plaintiffs prevailed. Defendants deny that they are liable to Plaintiffs or the Class and deny that Plaintiffs or the Class have suffered any damage. The issues on which the parties disagree include: (a) whether the complaint's allegations support a federal securities law claim; (b) whether Defendants acted with the requisite state of mind, or scienter; (c) whether Defendants' alleged misstatements or omissions harmed Class Members; (d) whether Defendants' alleged misstatements or omissions were material to investors; (e) the extent to which factors other than the alleged misstatements or omissions affected (if at all) Apple's stock price during the Class Period.

3. **Statement of Attorneys' Fees and Expenses Sought**: Plaintiffs' Counsel (as defined below) intend to apply for an award of fees incurred by Plaintiffs' Counsel in connection with the Action in an amount not to exceed $2,000,000, plus expenses not to exceed $450,000. Of this amount, Plaintiffs' Lead Counsel, the law firm of Grant & Eisenhofer P.A., intends to apply for an award for fees in the amount of $1,533,750, which represents 7.5% of the total economic value of the Settlement, plus out of pocket expenses; the law firm of Stull Stull & Brody, counsel for plaintiffs in Vogel, et al. v. Apple Inc., et al., Case No. C-08-3123-JF (N.D. Ca.) ("Vogel II") intends to apply for an award of fees in the amount of $466,250, which represents 2.28% of the total economic value of the Settlement, plus out of pocket expenses. Apple has agreed to pay Plaintiffs' Lead Counsel the amount of reasonable attorneys' fees and expenses as may be awarded by the Court ("Attorneys' Fees and Expenses"). Apple will pay these Attorneys' Fees and Expenses separately, and such payment will not affect the amount of the Net Settlement Fund. The term "total economic value of the Settlement," as used herein, includes all payments Apple has agreed to make under the Settlement, including Apple's payment to establish the Settlement Fund, donations to selected educational institutions, reimbursement of the costs of administering and distributing the Net Settlement Fund, and payment of Attorneys' Fees and Expenses.

4. **Identification of Attorneys' Representatives**: Questions regarding the Settlement may be directed to Plaintiffs' Lead Counsel: Jay W. Eisenhofer and Michael J. Barry, Grant & Eisenhofer P.A., 1201 N. Market Street, Wilmington, DE 19801, (302) 622-7000.

5. **Reasons for the Settlement.** Plaintiffs believe that the Settlement provides immediate benefits to the Class. These benefits must be compared to the risk that the Class may recover a lower amount or nothing after a contested trial and possible appeals that are likely to require several years of expensive litigation. Plaintiffs have further considered the uncertain outcome, risks, difficulties, and delays inherent in any litigation and are mindful of the problems of proof and possible defenses to the claims asserted in the Action.

Defendants deny all allegations of wrongdoing or liability whatsoever and maintain that they have meritorious defenses to all claims alleged in the Action. Defendants believe that further litigation would be protracted, burdensome, expensive, and distracting. Defendants have also determined that further litigation would divert resources and attention from other activities that are important to Apple's business and its shareholders' interests.

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **Submit a claim form by _____, 2011.** | The only way to potentially receive a payment from the settlement. |
| **Exclude yourself from the Class by _____, 2010.** | Receive no payment from the settlement. This is the only option that allows you to retain your right to file a separate lawsuit against Defendants related to the claims at issue in the Action. |
| **Object to the Settlement by _____, 2010.** | Write to the Court explaining why you do not think the Settlement should be approved and, if you wish to attend and speak at the Settlement Fairness Hearing, indicating your intention to do so. |
| **Attend the Settlement Fairness Hearing on _____, 2011.** | Submit a valid written objection indicating your intention to attend the Settlement Fairness Hearing and speak in Court about the fairness of the Settlement. |
| **Do nothing.** | Receive no payment from the Settlement. Give up your rights. |

## WHAT THIS NOTICE CONTAINS

WHY DID I GET THIS NOTICE? ................................................................................................3
WHAT IS THIS CASE ABOUT?  WHAT HAS HAPPENED SO FAR? ......................................3
WHAT RECOVERY DOES THE SETTLEMENT PROVIDE? ....................................................3
HOW DO I KNOW IF I AM PART OF THIS SETTLEMENT? ....................................................3
WHY HAVE PLAINTIFFS AGREED TO THE SETTLEMENT? .................................................4
WHY HAVE DEFENDANTS AGREED TO THE SETTLEMENT? .............................................4
HOW DO I GET A PAYMENT? ..................................................................................................4
WHEN WOULD I GET MY PAYMENT? .....................................................................................4
HOW MUCH WILL MY PAYMENT BE? .....................................................................................4
WHAT RIGHTS AM I GIVING UP BY AGREEING TO THE SETTLEMENT? ...........................4
DO I HAVE A LAWYER IN THIS CASE? ..................................................................................5
HOW WILL THE LAWYERS BE PAID? .....................................................................................5
IF I DON'T WANT TO PARTICIPATE IN THE SETTLEMENT, HOW DO I EXCLUDE MYSELF? ..................5
HOW DO I TELL THE COURT THAT I DO NOT LIKE THE PROPOSED SETTLEMENT? .........................5
WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT? ............6
WHAT HAPPENS IF I DO NOTHING AT ALL? .........................................................................6
PLAN OF ALLOCATION ............................................................................................................6
CORPORATE REFORM MEASURES AND DONATION .........................................................8
SPECIAL NOTICE TO BROKERS, BANKS AND OTHER NOMINEES ...................................8
CAN I SEE THE COURT FILE?  WHOM SHOULD I CONTACT IF I HAVE QUESTIONS? ....................8

## WHY DID I GET THIS NOTICE?

1. You are being sent this Notice because you or someone in your family may have acquired Apple common stock during the Class Period. As a potential Class Member, you have a right to know about the proposed Settlement and your options before the Court decides whether to approve the Settlement.

2. This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them. This Notice also is intended to inform you of a hearing at which the Court will consider the Settlement, the Plan of Allocation, the application for Attorneys' Fees and Expenses, and other related matters (the "Settlement Fairness Hearing").

**THE ISSUANCE OF THIS NOTICE IS NOT AN EXPRESSION OF THE COURT'S OPINION ON THE MERITS OF ANY CLAIM IN THE LAWSUIT, AND THE COURT STILL HAS TO DECIDE WHETHER TO APPROVE THE SETTLEMENT.**

## WHAT IS THIS CASE ABOUT? WHAT HAS HAPPENED SO FAR?

3. On August 24, 2006, plaintiffs Martin Vogel and Kenneth Mahoney filed a class action lawsuit alleging federal securities laws violations against Apple and certain other defendants in the U.S. District Court for the Northern District of California, captioned Vogel, et al. v. Jobs, et al., Case No. C-06-5208-JF ("Vogel I").

4. On January 19, 2007, the Court appointed NYCERS as Lead Plaintiff and approved NYCERS's selection of the law firm Grant & Eisenhofer P.A. as Plaintiffs' Lead Counsel.

5. On March 23, 2007, NYCERS filed a consolidated class action complaint (the "Consolidated Complaint"). On November 14, 2007, the Court dismissed the Consolidated Complaint. On December 14, 2007, NYCERS filed a motion to file an amended complaint. On May 14, 2008, the Court denied NYCERS's motion. On June 12, 2008, the Court entered judgment and dismissed NYCERS's claims with prejudice.

6. On June 17, 2008, NYCERS filed a notice of appeal before the US Court of Appeals for the Ninth Circuit (the "Ninth Circuit").

7. On June 27, 2008, plaintiffs Vogel and Mahoney filed another class action lawsuit in the U.S. District Court for the Northern District of California, captioned Vogel, et al. v. Apple Inc., et al., Case No. C-08-3123-JF (Vogel II).

8. On January 28, 2010, the Ninth Circuit in Vogel I affirmed the Court's dismissal of NYCERS's claims in the Consolidated Complaint, but granted NYCERS leave to file its amended complaint.

9. On March 22, 2010, NYCERS filed a First Amended Consolidated Class Action Complaint in Vogel I.

10. On April 8, 2010, the Court entered an order consolidating Vogel I and Vogel II, designating NYCERS as Lead Plaintiff and Grant & Eisenhofer P.A. as Plaintiffs' Lead Counsel for the consolidated action. The consolidated action is captioned In re Apple Inc. Securities Litigation, Case No. C-06-5208-JF.

11. On May 14, 2010, Plaintiffs filed the operative complaint in the Action, the Corrected First Amended Class Action Complaint.

12. Plaintiffs allege that Apple issued false and misleading financial statements regarding the amount of compensation paid to Apple executives and its accounting for certain past stock option grants. These alleged misstatements, Plaintiffs claim, artificially inflated Apple's stock price during the Class Period. Plaintiffs seek money damages for alleged violations of federal securities laws. Defendants deny all allegations of wrongdoing or liability whatsoever and maintain that they have meritorious defenses to each claim.

## WHAT RECOVERY DOES THE SETTLEMENT PROVIDE?

13. The Net Settlement Fund consists of $14 million in cash, plus interest, less taxes. Apple has also agreed to implement certain corporate governance measures and to donate a total of $2.5 million in twelve equal payments to corporate governance programs at twelve educational institutions. Attorneys' Fees and Expenses, notification costs, and costs to administer and distribute the Net Settlement Fund will be paid separately by Apple and will not be deducted from the Net Settlement Fund.

14. Plaintiffs' Lead Counsel estimates that owners of approximately 234.8 million shares of Apple common stock may be eligible for potential recovery, with an average per share recovery from the Net Settlement Fund of approximately $0.06. Based on its experience with other cases, Plaintiffs' Lead Counsel believes that the average per share recovery will be greater than $0.06 because typically fewer than 100% of eligible shareholders elect to participate in securities class action settlements. The Plan of Allocation on page 6 has information about an Authorized Claimant's potential recovery and how the Net Settlement Fund will be distributed.

## HOW DO I KNOW IF I AM PART OF THIS SETTLEMENT?

15. The Class covered by this Settlement consists of all persons and entities that purchased Apple common stock during the Class Period. Excluded from the Class are Defendants, all current and former directors and officers of Apple, all employees of Apple and/or its subsidiaries during the Class Period, any family member, trust, company, entity, or affiliate controlled or owned by any of the excluded persons and entities referenced above. Also excluded are any persons and entities that exclude themselves by filing a request for exclusion in accordance with the requirements set forth on page 5 ("If I Do Not Want to Participate in the Settlement, How Do I Exclude Myself?").

16. Check your investment records or contact your broker to determine whether you purchased Apple common stock during the Class Period. If you sold Apple common stock during the Class Period, or if one of your mutual funds purchased Apple common stock during the Class Period, that alone does not make you a Class Member.

17. If you are still not sure, you may visit www.AppleSecuritiesSettlement.com. You also may fill out and return the Proof of Claim as described in Sections 20, 23 – 25 & 43 – 53 below to determine whether you qualify.

**RECEIPT OF THIS NOTICE DOES NOT NECESSARILY MEAN YOU ARE A CLASS MEMBER OR ARE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT. IF YOU WISH TO PARTICIPATE IN THE SETTLEMENT, YOU MUST COMPLETE AND MAIL THE ACCOMPANYING PROOF OF CLAIM TO THE CLAIM ADMINISTRATOR, POSTMARKED ON OR BEFORE _____, 2011.**

## WHY HAVE PLAINTIFFS AGREED TO THE SETTLEMENT?

18. Plaintiffs believe that the claims alleged in the Action have merit. Nevertheless, Plaintiffs recognize that significant expense and prolonged proceedings will be necessary to prosecute the Action through trial and, potentially, through appeals. Plaintiffs have also taken into account the uncertain outcome, risks, difficulties and delays inherent in any litigation. Plaintiffs are mindful of the problems of proof and possible defenses to the claims asserted in the Action. Based on a careful evaluation, Plaintiffs and Plaintiffs' Counsel have determined that the terms and conditions of the Settlement are fair, reasonable and adequate, and in the best interests of the Class.

## WHY HAVE DEFENDANTS AGREED TO THE SETTLEMENT?

19. Defendants deny all allegations of wrongdoing or liability whatsoever and maintain they have meritorious defenses to each claim. Defendants also deny that Plaintiffs or the Class have suffered any harm as a result of the alleged conduct. In particular, Defendants deny that any harm allegedly suffered by Plaintiffs or the Class was caused by any misrepresentations or omissions or that Apple's share price was artificially inflated by reason of any alleged misrepresentations or omissions. Nonetheless, Defendants believe that further litigation would be protracted, burdensome, expensive, and distracting. Defendants have also determined that further litigation would divert resources and attention from other activities that are important to Apple's business and its shareholders' interests.

## HOW DO I GET A PAYMENT?

20. To qualify for a payment, you must send in the Proof of Claim that accompanies this Notice. You may also get a Proof of Claim by calling 1-888-760-4869 or visiting www.AppleSecuritiesSettlement.com. Read the instructions carefully, fill out the Proof of Claim, include all the documents it asks for, sign it, and mail it postmarked no later than _____, 2011.

21. Each Class Member who submits a Proof of Claim shall be deemed to have submitted to the jurisdiction of the U.S. District Court for the Northern District of California with respect to that Proof of Claim.

## WHEN WOULD I GET MY PAYMENT?

22. The Court will hold a "Settlement Fairness Hearing" on _____, 2011. The Settlement Fairness Hearing is described in more detail on page 6. If the Court approves the Settlement, there may be appeals. It is uncertain whether the appeals (if any) will be resolved, and resolving them can take time, perhaps more than a year. It also takes time for all Proofs of Claim to be processed. After any appeals are resolved and all Proofs of Claim are processed, Authorized Claimants will be paid. Please be patient.

## HOW MUCH WILL MY PAYMENT BE?

23. You can calculate your "Recognized Claim" in accordance with the Plan of Allocation on page 6.

24. If you qualify for a payment, the amount will depend on a number of factors, including (i) when during the Class Period you purchased shares of Apple common stock; (ii) the purchase price paid for the shares; (iii) whether the shares were held at the end of the Class Period or sold during the Class Period; (iv) if sold, when the shares were sold and the amount received; and (v) the number of Recognized Claims (discussed below).

25. The Court may disallow or adjust any Class Member's claim. The Court also may modify the Plan of Allocation without further notice to the Class. Payments pursuant to the Plan of Allocation, as approved by the Court, will be conclusive against all Authorized Claimants. No person shall have any claim against Defendants, Plaintiffs' Counsel, the Claim Administrator, or other agent designated by Plaintiffs' Lead Counsel based on the distributions made substantially in accordance with any Settlement and/or Plan of Allocation approved by the Court.

## WHAT RIGHTS AM I GIVING UP BY AGREEING TO THE SETTLEMENT?

26. If the Settlement is approved, the Court will enter an Order and Final Judgment dismissing the Action with prejudice. The Order and Final Judgment shall, upon the Effective Date, fully, finally, and forever resolve, discharge and settle all Released Claims on the merits and with prejudice. Except for those Class Members who validly and timely request to be excluded from the Class, the Order and Final Judgment will also forever bar and enjoin Class Members and the Released Parties from instituting, continuing, or prosecuting any action asserting any Released Claims against any Released Party.

27. The precise definitions of the capitalized terms in the paragraph above are in the Stipulation and Agreement of Settlement dated as of September 28, 2010, which is available at www.AppleSecuritiesSettlement.com. In general, the term Released Claims includes, but is not limited to, all claims that were or could be asserted against Apple and its current and former officers and directors by Plaintiffs and any Class Member based on the allegations in this Action or similar proceedings. The term Released Parties generally includes, but is not limited to, Plaintiffs, Apple, and Apple's current and former officers and directors.

## DO I HAVE A LAWYER IN THIS CASE?

28. The Court has ordered that the law firm of Grant & Eisenhofer P.A., in Wilmington, Delaware, will represent the interests of all Class Members. You will not be separately charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

## HOW WILL THE LAWYERS BE PAID?

29. At the Settlement Fairness Hearing described below, or at such other time as the Court may direct, "Plaintiffs' Counsel" intend to apply for an award of fees incurred by Plaintiffs' Counsel in connection with the Action in an amount not to exceed $2,000,000, plus expenses not to exceed $450,000. Of this amount, Plaintiffs' Lead Counsel intends to apply for an award for fees in the amount of $1,533,750, which represents 7.5% of the total economic value of the Settlement, plus out of pocket expenses; the law firm of Stull Stull & Brody, counsel for plaintiffs in Vogel II intends to apply for an award of fees in the amount of $466,250, which represents 2.28% of the total economic value of the Settlement, plus out of pocket expenses. Apple has agreed to pay Plaintiffs' Lead Counsel the amount of reasonable attorneys' fees and expenses as may be awarded by the Court (Attorneys' Fees and Expenses). Apple will pay these Attorneys' Fees and Expenses separately, and such payment will not affect the amount of the Net Settlement Fund. The term "total economic value of the Settlement," as used herein, includes all payments Apple has agreed to make under the Settlement, including Apple's payment to establish the Settlement Fund, donations to selected educational institutions, reimbursement of the costs of administering and distributing the Net Settlement Fund, and payment of Attorneys' Fees and Expenses. "Plaintiffs' Counsel" includes Plaintiffs' Lead Counsel, and the law firms of Anderlini & Emerick LLP, Stull, Stull & Brody, and Kantrowitz, Goldhamer & Graifman.

30. The fees requested by Plaintiffs' Counsel will compensate them for their efforts in achieving the Settlement for the benefit of the Class, and for their risk in undertaking this representation on a contingency basis.

**THE ISSUANCE OF THS NOTICE IS NOT AN EXPRESSION OF THE COURT'S OPINION ON ANY AWARD FOR ATTORNEYS' FEES AND EXPENSES.**

## IF I DON'T WANT TO PARTICIPATE IN THE SETTLEMENT, HOW DO I EXCLUDE MYSELF?

31. If the Court approves the Settlement and enters an Order and Final Judgment, each Class Member will be bound by the terms thereof unless such person or entity sends a copy of a written request for exclusion from the Class by first-class mail postage pre-paid, postmarked no later than _____, 2010, to (1) Claim Administrator, In re Apple Inc. Securities Litigation, PO Box 6809, Portland, OR, 97228-6809, and (2) the following counsel:

<u>Plaintiffs' Lead Counsel:</u>

Jay W. Eisenhofer
Michael J. Barry
Grant & Eisenhofer P.A.
1201 N. Market Street
Wilmington, DE 19801

<u>Counsel for Apple:</u>

George A. Riley
O'Melveny & Myers LLP
Two Embarcadero Ctr., 28th Floor
San Francisco, CA 94109

32. To be valid, a written request for exclusion MUST (i) include your name, address, telephone number, and your signature, (ii) state that you "request exclusion from the Class in In re Apple Inc. Securities Litigation, Case No. C-06-5208-JF"; and (iii) identify the date(s), price(s), and number of shares of all purchases and sales of Apple common stock you made during the Class Period. Requests for exclusion will not be accepted if the requests do not include all of this required information or if the requests are not sent in accordance with Section 31 above, unless otherwise ordered by the Court.

33. If you are a Class Member and you, or someone acting on your behalf, does not submit a timely and valid written request for exclusion, and the Court approves the Settlement and enters an Order and Final Judgment, you will be bound by the terms thereof.

34. If you are a Class Member and you, or someone acting on your behalf, submits a valid written request to be excluded from the Class, you will not receive any benefits provided for in the Settlement.

## HOW DO I TELL THE COURT THAT I DO NOT LIKE THE PROPOSED SETTLEMENT?

35. If you are a Class Member, you may object to the Settlement or any of its terms, the Plan of Allocation, and/or the application for Attorneys' Fees and Expenses. You may write to the Court setting out your objection. You may give reasons why you think the Court should not approve the Settlement terms or arrangements.

36. To object, you must send a signed letter stating you object to the Settlement. To be valid, an objection MUST (i) include your name, address, telephone number, and signature; (ii) identify the date(s), price(s), and number of shares of all purchases and sales of Apple common stock you made during the Class Period; and (iii) state the reason(s) why you object. If you wish attend the Settlement Fairness Hearing and speak in opposition to the Settlement, the Plan of Allocation, and/or the application for Attorneys' Fees and Expenses, you must also state in your written objection that you intend to appear at the Settlement Fairness Hearing. The objection may include any other documents and writings you want the Court to consider. Your objection must be filed with the Clerk's Office at the U.S. District Court for the

Northern District of California, 280 South 1st Street, San Jose, CA 95113, on _____, 2010, and served on the same day by first-class mail postage pre-paid to each of the following counsel:

| Plaintiffs' Lead Counsel: | Counsel for Apple: |
|---|---|
| Jay W. Eisenhofer | George A. Riley |
| Michael J. Barry | O'Melveny & Myers LLP |
| Grant & Eisenhofer P.A. | Two Embarcadero Ctr., 28th Floor |
| 1201 N. Market Street | San Francisco, CA 94109 |
| Wilmington, DE 19801 | |

Only valid objection(s) submitted in this manner will be considered at the Settlement Fairness Hearing, unless the Court orders otherwise.

37. Your attendance at the Settlement Fairness Hearing is not necessary to have your written objection considered by the Court. However, if you wish to attend the Settlement Fairness Hearing and speak in opposition to the Settlement, the Plan of Allocation, and/or the application for Attorneys' Fees and Expenses, you must state so in your written objection, filed and served as specified in Section 36 above. You may appear in person or arrange, at your own expense, for a lawyer to represent you at the Settlement Fairness Hearing.

**UNLESS OTHERWISE ORDERED BY THE COURT, ANY CLASS MEMBER WHO DOES NOT OBJECT IN THE MANNER DESCRIBED HEREIN WILL BE DEEMED TO HAVE WAIVED ANY OBJECTION AND SHALL BE FOREVER FORECLOSED FROM MAKING ANY OBJECTION TO THE SETTLEMENT, THE PLAN OF ALLOCATION, AND THE APPLICATION FOR ATTORNEYS' FEES AND EXPENSES.**

## WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?

38. The Court will hold the Settlement Fairness Hearing at _____ on _____, 2011, at the U.S. District Court for the Northern District of California, 280 South 1st Street, San Jose, CA, 95113. At this hearing, the Court will:
   a. Finally determine whether this Action satisfies the applicable prerequisites for class action treatment under Rules 23(a) and (b) of the Federal Rules of Civil Procedure;
   b. Determine whether the Settlement is fair, reasonable, and adequate;
   c. Determine whether an Order and Final Judgment should be entered, dismissing the Action with prejudice;
   d. Determine whether the release of the Released Claims should be provided to the Released Parties;
   e. Determine whether the Plan of Allocation for the distribution of the Net Settlement Fund is fair and reasonable; and
   f. Consider the application for Attorneys' Fees and Expenses.

39. The Settlement Fairness Hearing may be delayed from time to time by the Court without further written notice to the Class. If you intend to attend the Settlement Fairness Hearing, you should confirm the date and time with Plaintiffs' Lead Counsel.

40. You cannot speak at the Settlement Fairness Hearing if you previously excluded yourself from the Class (as provided in Section 31 above), or if you have not provided notice in your written objection(s) of your intention to speak at the Settlement Fairness Hearing in accordance with the procedures set forth in Section 36 above.

## WHAT HAPPENS IF I DO NOTHING AT ALL?

41. If you do nothing, you will get no money from the Settlement. You must submit a valid and timely Proof of Claim in order to possibly share in the Net Settlement Fund.

42. As discussed in Section 26 above, the Order and Final Judgment approving the Settlement will dismiss the Action with prejudice and fully, finally, and forever resolve, discharge and settle all Released Claims on the merits and with prejudice. Unless you validly and timely exclude yourself from the Class, you will be forever barred and enjoined from instituting, continuing, or prosecuting any action asserting any Released Claims against any Released Party.

## PLAN OF ALLOCATION
### GENERAL PROVISIONS

43. The Net Settlement Fund shall be distributed to Authorized Claimants.

44. The Claim Administrator shall determine each Authorized Claimant's pro rata share of the Net Settlement Fund based upon each Authorized Claimant's "Recognized Claim." The Recognized Claim formula is not intended to be an estimate of the amount of what a Class Member might have been able to recover after a trial. Nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Claim formula is the basis upon which the Net Settlement Fund will be proportionately allocated to Authorized Claimants.

45. Federal securities law provides that Authorized Claimants who sold all of their shares of Apple common stock on or before June 29, 2006, are not eligible for any recovery.

46. Federal securities law also limits the amount of potential recovery for Authorized Claimants who held their shares of Apple common stock after June 29, 2006. The limitation is based on the mean trading price of Apple common stock over or within the 90-day period after June 29, 2006. The mean trading price of Apple common stock over the 90-day

period between June 30, 2006 and September 27, 2006, inclusive. The mean trading price of Apple common stock on each trading day between June 30, 2006, and September 27, 2006, is specified in Section 52. below. Authorized Claimants who held their shares of Apple common stock after June 29, 2006, are not eligible for any recovery if they purchased the shares at a price (adjusted for stock splits) equal to or below the applicable mean trading price. Authorized Claimants who held their shares of Apple common stock after June 29, 2006, are eligible for potential recovery if they purchased the shares at a price (adjusted for stock splits) greater than the applicable mean trading price.

47. The Court has reserved jurisdiction to allow, disallow, or adjust the claim of any Class Member.

48. Class Members who do not submit a valid Proof of Claim will not share in the settlement proceeds. Except for those Class Members who validly and timely request to be excluded from the Class, Class Members who do not submit a valid Proof of Claim will nevertheless be bound by the Settlement and the Order and Final Judgment entered by the Court.

49. Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement. If any funds remain in the Net Settlement Fund by reason of un-cashed checks or otherwise, then, after the Claim Administrator has made reasonable and diligent efforts to have Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund one (1) year after the initial distribution of such funds shall be re-distributed to Class Members who have cashed their initial distributions, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such re-distribution, up to a maximum distribution of $1.70 per share (the difference between the closing price of Apple common stock on June 29, 2006 ($58.97) and June 30, 2006 ($57.27)). If after six months after such re-distribution any funds shall remain in the Net Settlement Fund, then such balance shall be contributed to one or more institutions that qualify as nonprofit, tax-exempt organizations under Section 501(c)(3) of the Internal Revenue Code as designated by Plaintiffs' Lead Counsel, subject to Court approval.

50. Plaintiffs, Defendants, their respective counsel, and all other Released Parties, shall have no responsibility for or liability whatsoever for the investment or distribution of the Net Settlement Fund; the determination, administration, calculation, or payment of any Proof of Claim or non-performance of the Claim Administrator; or the payment or withholding of taxes owed by the Net Settlement Fund or any losses incurred in connection therewith.

## CALCULATION OF RECOGNIZED CLAIM

51. For purposes of calculating a Recognized Claim, the following terms shall apply:
    a. The date of the purchase or sale of Apple common stock is the trade date, not the settlement date.
    b. The first-in, first-out basis will be applied to both purchases and sales.
    c. The price paid or received shall exclude all commissions, taxes, and fees.
    d. Shares originally sold short shall have a Recognized Claim of zero ($0.00).
    e. No cash payment will be made on a Recognized Claim where the distribution amount is less than $5.00.

52. Recognized Claims shall be calculated as follows:
    a. If an Authorized Claimant purchased shares of Apple common stock during the Class Period and sold such shares on or before June 29, 2006, then the Recognized Claim for such shares shall be zero ($0.00).
    b. If an Authorized Claimant purchased shares of Apple common stock during the Class Period and sold such shares between June 30, 2006, and September 27, 2006, both dates inclusive, then:
        i. For shares purchased at a price (adjusted for stock splits) equal to or less than the applicable mean trading price on the date on which such shares were sold (the "Sell Date"), the Recognized Claim shall be zero ($0.00):

| Sale Date | Mean Trading Price | Sale Date | Mean Trading Price | Sale Date | Mean Trading Price | Sale Date | Mean Trading Price | Sale Date | Mean Trading Price |
|---|---|---|---|---|---|---|---|---|---|
| 6/30/06 | $57.27 | 7/20/06 | $54.98 | 8/8/06 | $59.99 | 8/24/06 | $61.90 | 9/12/06 | $63.75 |
| 7/3/06 | $57.61 | 7/21/06 | $55.36 | 8/9/06 | $60.12 | 8/25/06 | $62.07 | 9/13/06 | $63.96 |
| 7/5/06 | $57.40 | 7/24/06 | $55.74 | 8/10/06 | $60.26 | 8/28/06 | $62.19 | 9/14/06 | $64.15 |
| 7/6/06 | $56.99 | 7/25/06 | $56.10 | 8/11/06 | $60.37 | 8/29/06 | $62.29 | 9/15/06 | $64.33 |
| 7/7/06 | $56.67 | 7/26/06 | $56.54 | 8/14/06 | $60.48 | 8/30/06 | $62.40 | 9/18/06 | $64.51 |
| 7/10/06 | $56.39 | 7/27/06 | $56.90 | 8/15/06 | $60.67 | 8/31/06 | $62.53 | 9/19/06 | $64.67 |
| 7/11/06 | $56.29 | 7/28/06 | $57.33 | 8/16/06 | $60.89 | 9/1/06 | $62.66 | 9/20/06 | $64.86 |
| 7/12/06 | $55.87 | 7/31/06 | $57.84 | 8/17/06 | $61.09 | 9/5/06 | $62.85 | 9/21/06 | $65.03 |
| 7/13/06 | $55.47 | 8/1/06 | $58.26 | 8/18/06 | $61.28 | 9/6/06 | $63.00 | 9/22/06 | $65.16 |
| 7/14/06 | $54.99 | 8/2/06 | $58.69 | 8/21/06 | $61.43 | 9/7/06 | $63.21 | 9/25/06 | $65.34 |
| 7/17/06 | $54.75 | 8/3/06 | $59.15 | 8/22/06 | $61.60 | 9/8/06 | $63.40 | 9/26/06 | $65.54 |
| 7/18/06 | $54.59 | 8/4/06 | $59.51 | 8/23/06 | $61.75 | 9/11/06 | $63.58 | 9/27/06 | $65.71 |
| 7/19/06 | $54.56 | 8/7/06 | $59.81 | | | | | | |

ii. For shares sold at a price (adjusted for stock splits) greater than the applicable mean trading price on the Sell Date, the Recognized Claim shall be the lesser of (a) $1.70 per share or (b) the difference between the purchase price (adjusted for stock splits) and the applicable mean trading price on the Sell Date.

c. If an Authorized Claimant purchased shares of Apple common stock during the Class Period and such shares were still held as of the close of trading on September 27, 2006, then:
   i. For shares purchased at a price (adjusted for stock splits) equal to or less than the mean trading price of Apple common stock over the 90-day period between June 30, 2006, and September 27, 2006 ($65.71), the Recognized Claim shall be zero ($0.00).
   ii. For shares purchased at a price (adjusted for stock splits) greater than the mean trading price of Apple common stock over the 90-day period between June 30, 2006, and September 27, 2006 ($65.71), the Recognized Claim shall be the lesser of (a) $1.70 per share or (b) the difference between the purchase price (adjusted for stock splits) and $65.71.

53. Example calculations of the Recognized Claim for Authorized Claimants may be viewed at www.AppleSecuritiesSettlement.com.

## CORPORATE REFORM MEASURES AND DONATION

54. Pursuant to the Settlement, Apple has agreed to implement corporate governance measures, including amending its Insider Trading Policy, corporate Bylaws, and the charter of the Board's Compensation Committee. Apple has also agreed to extend to at least May 1, 2013, the term of measures it adopted in 2008 after settling derivative litigation relating to its past stock option practices. These measures include: (1) implementing an Equity Award Grant Practices Policy; (2) appointing a Trading Compliance Committee; (3) amending the charter of the Board's Compensation Committee; (4) amending its Corporate Governance Guidelines; (5) implementing a Corporate Minutes Procedure; and (6) implementing a Unanimous Written Consent Procedure. The details of these measures are set forth in the Stipulation.

55. Apple has agreed to donate a total of $2.5 million in twelve equal payments to the following twelve corporate governance programs:

**Harvard Law School**
*Forum on Corporate Governance and Financial Regulation*

**University of Texas, Dallas, School of Management**
*Institute for Excellence in Corporate Governance*

**Northwestern University, Kellogg School of Management**
*Corporate Governance Program*

**Vanderbilt University Law School**
*Law & Business Program*

**Stanford Law School & the Graduate School of Business**
*Rock Center for Corporate Governance*

**Kennesaw State University College of Business**
*Corporate Governance Center*

**University of Delaware**
*Weinberg Center for Corporate Governance*

**Yale School of Management**
*Millstein Center for Corporate Governance & Performance*

**Columbia Law School**
*Center on Corporate Governance*

**San Diego State University**
*Corporate Governance Institute*

**Baruch College, City University of New York**
*Robert Zicklin Center for Corporate Integrity*

**Indiana University, Kelly School of Business**
*Institute for Corporate Governance*

## SPECIAL NOTICE TO BROKERS, BANKS AND OTHER NOMINEES

56. Financial institutions and other nominees who purchased or sold Apple common stock on behalf of beneficial owners are directed within fourteen (14) days of their receipt of this Notice to: (a) send a copy of this Notice and Proof of Claim to such beneficial owners; or (b) provide contact information for such beneficial owners to the Claim Administrator, preferably in a Microsoft Excel data table setting forth: (a) title/registration, (b) street address, (c) city/state/zip. Questions about the Settlement and requests for copies of the documents should be directed to the Claim Administrator at 1-888-760-4869.

## CAN I SEE THE COURT FILE? WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

57. For additional details about the Action and the Settlement, you may visit www.AppleSecuritiesSettlement.com and/or inspect the papers on file in the Action, including the Stipulation, during regular office hours at the Office of the Clerk, U.S. District Court for the Northern District of California, 280 South 1st Street, San Jose, CA 95113.

58. Any inquiries concerning this Notice or the Proof of Claim may be directed to:

<u>Claim Administrator</u>
In re Apple Inc. Securities Litigation
PO Box 6809
Portland, OR 97228-6809
1-888-760-4869
www.AppleSecuritiesSettlement.com

<u>Plaintiffs' Lead Counsel</u>
Jay W. Eisenhofer
Michael J. Barry
Grant & Eisenhofer P.A.
1201 N. Market Street
Wilmington, DE 19801

**DO NOT CALL OR WRITE THE COURT OR THE OFFICE OF THE CLERK OF THE COURT REGARDING THIS NOTICE**

Dated:                , 2010
By Order of the Clerk of the Court
U.S. District Court for the Northern District of California