1
2
3
4
5
6
7
8
9
10
11
12

## UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| IN RE APPLE INC. SECURITIES LITIGATION | Case No. C-06-5208-JF<br><br>CLASS ACTION<br><br>[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT, DIRECTING NOTICE OF SETTLEMENT, AND SCHEDULING SETTLEMENT FAIRNESS HEARING |
| THIS DOCUMENTS RELATES TO: ALL ACTIONS | |

[PROP] PRELIM. APPROVAL ORDER
C-06-5208-JF

1    WHEREAS, on September 28, 2010, Lead Plaintiff, the New York City Employees' Retirement System, plaintiffs Martin Vogel and Kenneth Mahoney, and defendants Apple Inc., Steven P. Jobs, Fred D. Anderson, Nancy R. Heinen, William V. Campbell, Millard S. Drexler, Arthur D. Levinson, and Jerome B. York,[1] entered into the Stipulation that sets forth the terms and conditions for the proposed settlement of the Released Claims;[2]

WHEREAS, the Settling Parties have requested pursuant to Rule 23(e) of the Federal Rules of Civil Procedure that the Court enter this Preliminary Order for Notice and Hearing; and

WHEREAS, the Court having read and considered the Stipulation and the exhibits thereto, and finding that substantial and sufficient grounds exist for entering this Order;

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.    For the purposes of this Order, the Court adopts all defined terms as set forth in the Stipulation. Any inconsistencies between the Stipulation and Notice will be controlled by the language of the Stipulation.

2.    The Court preliminarily approves the Settlement, as reflected in the Stipulation, as being fair, reasonable and adequate, pending a final hearing on the Settlement.

3.    Pending a final determination of whether the Settlement should be approved and the proposed Order and Final Judgment entered, Plaintiffs and all Class Members, whether directly, representatively, or in any other capacity, shall not commence or prosecute, or cause anyone to commence or prosecute, any action or proceeding asserting any of the Released Claims against any of the Released Parties in any court or tribunal.

**CLASS CERTIFICATION**

4.    The Action is conditionally certified for settlement purposes as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of a class consisting of all persons and entities that purchased Apple common stock during the Class Period. Excluded from the Class are Defendants, all current and former directors and officers of Apple,

---

[1]    Mr. York died on March 18, 2010.
[2]    Except as defined below, all capitalized terms contained herein shall have the same meanings as set forth in the Stipulation and Agreement of Settlement dated as of September 28, 2010.

- 1 -                    [PROP] PRELIM. APPROVAL ORDER
                         C-06-5208-JF

and all employees of Apple and/or its subsidiaries during the Class Period, and any family member, trust, company, entity, or affiliate controlled or owned by any of the excluded persons and entities referenced above. Also excluded from the Class are any persons and entities that exclude themselves by filing a request for exclusion in accordance with the requirements set forth in the Notice.

5. The Court has determined preliminarily and for purposes of the Settlement that (a) the Class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Class that, as to the Settlement and related matters, predominate over individual questions; (c) Lead Plaintiff's claims are typical of the claims of the Class; (d) Lead Plaintiff will fairly and adequately protect and represent the interests of the Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

6. Certification of the Class for purposes of the Settlement shall not constitute certification of the Class for any other purpose.

## NOTICE

7. The Court approves the form and content of the Notice and Publication Notice attached hereto as Exhibits 1 and 2, respectively, and the Proof of Claim attached hereto as Exhibit 3. Further, the Court finds that the form and content of the Notice, Publication Notice, and Proof of Claim, and the procedures for publication, mailing, and distribution thereof substantially in the manner and form set forth in paragraphs 9 and 10 of this Order, satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, 15 U.S.C. § 78u-4(a)(7), and due process, and constitute the best notice practicable under the circumstances.

8. The Court approves the appointment of Epiq Class Action & Claims Solutions, Inc. as the Claims Administrator. As provided in the Stipulation, Apple shall reimburse the Claims Administrator for the reasonable costs incurred to mail and publish the Notice and Publication Notice, respectively.

9. Within twelve (12) business days of the date of this Order (<u>October 26, 2010</u>), the Claims Administrator shall commence sending copies of the Notice and Proof of Claim by first-

1  class mail, postage pre-paid, to all Class Members at the address of each such person or entity as
2  set forth in the records of Apple or its transfer agent, or who otherwise may be identified through
3  further reasonable effort. The Claims Administrator shall use reasonable efforts to give notice to
4  nominee purchasers such as brokerage firms and other persons and entities who purchased Apple
5  common stock during the Class Period as record owners but not beneficial owners. Such
6  nominee purchasers are directed within fourteen (14) days of their receipt of the Notice, to either
7  forward copies of the Notice and Proof of Claim to their beneficial owners, or to provide the
8  Claims Administrator with lists of the names and addresses of the beneficial owners. The Claims
9  Administrator is ordered to send the Notice and Proof of Claim promptly to such identified
10 beneficial owners. Nominee purchasers who elect to forward the Notice and Proof of Claim to
11 their beneficial owners shall send a statement to the Claims Administrator confirming that the
12 mailing was made as directed. At or before the Settlement Fairness Hearing, Plaintiffs' Lead
13 Counsel shall file with the Court proof of mailing of the Notice and Proof of Claim to Class
14 Members.

15       10.    Within fifteen (15) business days of the date of this Order (<u>October 29, 2010</u>), the
16 Claims Administrator shall cause the Publication Notice to be published in *Investor's Business*
17 *Daily* and transmitted over *Business Wire*. At or before the Settlement Fairness Hearing,
18 Plaintiffs' Lead Counsel shall file with the Court proof of publication of the Publication Notice.

19                              **SETTLEMENT FAIRNESS HEARING**

20       11.    The Settlement Fairness Hearing before this Court is hereby scheduled for
21 1/7/11, at 9 AM, in the U.S. District Court for the Northern District of California,
22 280 South 1st Street, San Jose, California 95113:

23       a.     to finally determine whether this Action satisfies the applicable
24 prerequisites for class action treatment under Rules 23(a) and (b) of the Federal Rules of Civil
25 Procedure;

26       b.     to determine whether the Settlement is fair, reasonable, and adequate;
27       c.     to determine whether the Order and Final Judgment as provided in the
28 Stipulation should be entered, dismissing the Action with prejudice;

- 3 -                                              [PROP] PRELIM. APPROVAL ORDER
                                                   C-06-5208-JF

        d.     to determine whether the release of the Released Claims, as set forth in the Stipulation, should be provided to the Released Parties;

        e.     to determine whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund is fair and reasonable;

        f.     to consider the application of Plaintiffs' Lead Counsel for an award of Attorneys' Fees and Expenses; and

        g.     to hear and rule on such other matters as the Court may deem appropriate.

12.     The Court reserves the right to continue the Settlement Fairness Hearing and its consideration of the matters listed above without further notice to Class Members.

13.     The Court reserves the right to approve the Settlement at or after the Settlement Fairness Hearing with such modifications as may be consented to by the Settling Parties without further notice to the members of the Class. The Court further reserves the right to enter its Order and Final Judgment approving the Stipulation regardless of whether the Court has approved the Plan of Allocation or awarded Attorneys' Fees and Expenses.

14.     Any Class Member who desires to do so may object to the Settlement or any of its terms, the Plan of Allocation, and/or Plaintiffs' Lead Counsel's application for Attorneys' Fees and Expenses by submitting a written objection that (i) includes the Class Member's name, address, telephone number, and signature; (ii) identifies the date(s), price(s), and number of shares of all purchases and sales of Apple common stock made during the Class Period; (iii) states the reason(s) why the Class Member objects; and (iv) attaches any other documents and writings that the Class Member wants the Court to consider. The objection must be filed with the Clerk's Office at the U.S. District Court for the Northern District of California, 280 South 1st Street, San Jose, CA, 95113, by no later than December 16, 2010, and served on the same day by first-class mail postage pre-paid to each of the following counsel:

    George A. Riley, Esq.
    O'MELVENY & MYERS LLP
    Two Embarcadero Center, 28th Floor
    San Francisco, CA 94111
    *Attorneys for Defendant Apple Inc.*

Jay W. Eisenhofer, Esq.
Michael J. Barry, Esq.
GRANT & EISENHOFER P.A.
1201 N. Market Street
Wilmington, DE 19801
*Attorneys for Lead Plaintiff New York City Employees' Retirement System*

Class Members also wishing to attend the Settlement Fairness Hearing and speak in opposition to the Settlement, the Plan of Allocation, and/or Plaintiffs' Lead Counsel's application for Attorneys' Fees and Expenses must state in their written objection(s) that they intend to appear at the Settlement Fairness Hearing. Any such Class Member may appear in person or arrange, at his, her, or its own expense, for a lawyer to represent them at the Settlement Fairness Hearing.

15. Any person or entity who fails to object in the manner prescribed above in paragraph 14 shall be deemed to have waived such objection in this Action or any related action or proceeding, unless otherwise ordered by the Court.

16. Any Class Member who wishes to be excluded from the Class must set forth in writing his, her or its name, address, and telephone number, state that the Class Member "request[s] exclusion from the Class in *In re Apple Inc. Securities Litigation*, Case No. C-06-5208-JF," and sign the writing. The Class Member must also provide in the writing the date(s), price(s), and number(s) of shares of all purchases and sales of Apple common stock during the Class Period. Any request for exclusion must be sent by first-class mail postage pre-paid to the Claims Administrator and the counsel for the parties as set forth in paragraph 14 above, postmarked no later than <u>December 16, 2010</u>.

17. Any Class Member who does not timely and validly request exclusion from the Class shall be bound by all determinations and judgments in the Action, whether favorable or unfavorable, and regardless of whether such Class Member executes and submits a Proof of Claim, unless otherwise ordered by the Court.

### OTHER MATTERS

18. Any Class Member who wishes to participate in the Settlement must complete and submit a Proof of Claim in accordance with the instructions contained therein. Unless otherwise ordered by the Court, all Proofs of Claim must be completed and submitted no later than <u>January

31, 2011. Any Class Member who does not complete and submit a valid Proof of Claim within the time provided by this Order or further order of the Court shall be barred from sharing in the distribution of the Net Settlement Fund.

19. Any order or proceedings relating to the Plan of Allocation or any rulings the Court may make regarding the amount of Attorneys' Fees and Expenses to be awarded, or any appeal from any orders relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Order and Final Judgment approving the Stipulation and the Settlement of the Action.

20. Upon the Effective Date, all Released Claims shall be fully, finally, and forever resolved, discharged and settled on the merits and with prejudice, except as otherwise set forth herein.

21. If the Settlement provided for in the Stipulation is approved by the Court following the Settlement Fairness Hearing, an Order and Final Judgment shall be entered as described in the Stipulation.

22. If the Stipulation is not approved by the Court, is terminated or cancelled by any of the Settling Parties in accordance with the Stipulation, or fails to become effective for any other reason, this Action shall proceed without prejudice to any Settling Party as to any matter of law or fact, as if the Stipulation had not been made and had not been submitted to the Court (except as provided in the Stipulation). The Stipulation, any provision contained in the Stipulation, or any action undertaken pursuant thereto or the negotiation thereof by any Settling Party shall not be deemed a presumption, concession, or admission by any Settling Party of any fault, liability, or wrongdoing as to the facts or claims alleged or asserted in the Action, or any other actions or proceedings, and shall not be offered or received in evidence or otherwise used by any person in the Action or interpreted, construed, deemed, or invoked in any other action or proceeding, whether civil, criminal, or administrative.

23. The Stipulation, the Settlement, and any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement (a) is not and may not be deemed to be and may not be used as an admission of, or evidence of, the validity of any Released

Claims, or of any wrongdoing or liability of the Released Parties and (b) is not and may not be deemed to be and may not be used as an admission of, or evidence of, any fault or omission of any Released Party in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.

24. All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the Court's jurisdiction until such time as the funds shall be distributed or returned to the parties who deposited such funds pursuant to the Stipulation, the Plan of Allocation, and/or further order(s) of the Court. The costs of providing notice to the Class and administering the Settlement Fund, as provided for in the Stipulation, shall be non-refundable in the event the Settlement is not approved.

25. The Court hereby retains exclusive jurisdiction to consider all further matters arising out of or connected with the Settlement.

**IT IS SO ORDERED.**

DATED: 10/7/10

_____
The Honorable Jeremy Fogel
United States District Judge

Submitted by:

GEORGE A. RILEY (S.B. #118304)
O'MELVENY & MYERS LLP
Two Embarcadero Center
28th Floor
San Francisco, California 94111-3828
Telephone: (415) 984-8700
Facsimile: (415) 984-8701
E-Mail: griley@omm.com

Attorneys for Defendant APPLE INC.

```
 1  DOUGLAS R. YOUNG (S.B. #73248)
    FARELLA BRAUN & MARTEL LLP
 2  Russ Building
    235 Montgomery Street, 17th floor
 3  San Francisco, California 94104
    Telephone:   (415) 954-4400
 4  Facsimile:   (415) 954-4480
    E-Mail:      dyoung@fbm.com
 5
    Attorneys for Defendants
 6  STEVEN P. JOBS, WILLIAM V. CAMPBELL,
    MILLARD S. DREXLER, ARTHUR D.
 7  LEVINSON and JEROME B. YORK

 8  JEROME C. ROTH (S.B. #159483)
    YOHANCE C. EDWARDS (S.B. #237244)
 9  MUNGER, TOLLES & OLSON LLP
    560 Mission Street, 27th Floor
10  San Francisco, California 94105
    Telephone:   (415) 512-4000
11  Facsimile:   (415) 512-4077
    E-Mail:      Jerome.Roth@mto.com
12               Yohance.Edwards@mto.com

13  Attorneys for Defendants
    FRED D. ANDERSON and NANCY R. HEINEN
14
    JAY W. EISENHOFER (admitted pro hac vice)
15  MICHAEL J. BARRY (admitted pro hac vice)
    GRANT & EISENHOFER P.A.
16  Chase Manhattan Centre
    1201 N. Market Street
17  Wilmington, Delaware 19801
    Telephone:   (302) 622-7000
18  Facsimile:   (302) 622-7100
    E-Mail:      jeisenhofer@gelaw.com
19               mbarry@gelaw.com

20  MERRILL GLEN EMERICK (SB# 117248)
    ANDERLINI & EMERICK LLP
21  411 Borel Avenue, Suite 501
    San Mateo, California 94402
22  Telephone:   (650) 242-4884
    Facsimile:   (650) 212-0081
23
    Attorneys for Lead Plaintiff
24  THE NEW YORK CITY EMPLOYEES'
    RETIREMENT SYSTEM
25

26

27

28
```

| | |
|---|---|
| 1 | PATRICE L. BISHOP (S.B. #182256) |
|   | HOWARD T. LONGMAN |
| 2 | STULL, STULL & BRODY |
|   | 10940 Wilshire Boulevard, Suite 2300 |
| 3 | Los Angeles, California 90024 |
|   | Telephone:    (310) 209-2468 |
| 4 | Facsimile:    (310) 209-2087 |
|   | Email:         pbishop@ssbla.com |
| 5 | |
|   | GARY S. GRAIFMAN |
| 6 | KANTROWITZ, GOLDHAMER & GRAIFMAN |
|   | 747 Chestnut Ridge Road |
| 7 | Chestnut Ridge, New York 10977 |
|   | Telephone: (845) 356-2570 |
| 8 | Facsimile: (845) 356-4335 |
| 9 | Attorneys for Plaintiffs |
|   | MARTIN VOGEL and KENNETH MAHONEY |