**E-Filed 11/22/2010**

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| IN RE APPLE INC. SECURITIES LITIGATION | Case No. C-06-5208-JF |
| | <u>CLASS ACTION</u> |
| THIS DOCUMENTS RELATES TO: ALL ACTIONS | **[PROPOSED] AMENDED ORDER PRELIMINARILY APPROVING SETTLEMENT, DIRECTING NOTICE OF SETTLEMENT, AND SCHEDULING SETTLEMENT FAIRNESS HEARING** |

1    WHEREAS, on September 28, 2010, Lead Plaintiff, the New York City Employees'

2  Retirement System, plaintiffs Martin Vogel and Kenneth Mahoney, and defendants Apple Inc.,

3  Steven P. Jobs, Fred D. Anderson, Nancy R. Heinen, William V. Campbell, Millard S. Drexler,

4  Arthur D. Levinson, and Jerome B. York,[1] entered into a Stipulation and Agreement of

5  Settlement setting forth the terms and conditions for the proposed settlement of the Released

6  Claims (the "September 28 Stipulation");[2]

7    WHEREAS, the Court held a hearing on October 7, 2010 and entered the Preliminary

8  Approval Order;

9    WHEREAS, on November 12, 2010, the Settling Parties entered into an Amended

10  Stipulation and Agreement of Settlement (the "Stipulation") restructuring Apple's payment

11  obligations under the Settlement so that, instead of paying $14 million into the Settlement Fund

12  and donating $2.5 million to certain corporate governance programs, Apple will pay $16.5

13  million into the Settlement Fund, and any funds remaining after payment of Class Member claims

14  will be donated to corporate governance programs;

15    WHEREAS, the Settling Parties have requested the Court enter this Amended Preliminary

16  Approval Order to (1) preliminarily approve the Settlement as amended, (2) set forth a revised

17  schedule for the Settlement, and (3) approve the revised Notice, Publication Notice, and Proof of

18  Claim reflecting the terms of the Stipulation and specifying that Proofs of Claim may be

19  submitted online and by nominees;

20    WHEREAS, the Court having read and considered the Stipulation and the exhibits thereto,

21  and finding that substantial and sufficient grounds exist for entering this Order;

22    **NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

23    1.    For the purposes of this Order, the Court adopts all defined terms as set forth in the

24  Stipulation.  Any inconsistencies between the Stipulation and Notice will be controlled by the

25  language of the Stipulation.

26  _____

27  [1]   Mr. York died on March 18, 2010.
   [2]   Except as defined below, all capitalized terms contained herein shall have the same meanings
28  as set forth in the Amended Stipulation and Agreement of Settlement dated as of November 12,
   2010.

[PROP] AM. PRELIM. APPROVAL ORDER
                                          C-06-5208-JF

2.      The Court preliminarily approves the Settlement, as reflected in the Stipulation, as being fair, reasonable and adequate, pending a final hearing on the Settlement.

3.      Pending a final determination of whether the Settlement should be approved and the proposed Order and Final Judgment entered, Plaintiffs and all Class Members, whether directly, representatively, or in any other capacity, shall not commence or prosecute, or cause anyone to commence or prosecute, any action or proceeding asserting any of the Released Claims against any of the Released Parties in any court or tribunal.

## CLASS CERTIFICATION

4.      The Action is conditionally certified for settlement purposes as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of a class consisting of all persons and entities that purchased Apple common stock during the Class Period. Excluded from the Class are Defendants, all current and former directors and officers of Apple, and all employees of Apple and/or its subsidiaries during the Class Period, and any family member, trust, company, entity, or affiliate controlled or owned by any of the excluded persons and entities referenced above.  Also excluded from the Class are any persons and entities that exclude themselves by filing a request for exclusion in accordance with the requirements set forth in the Notice.

5.      The Court has determined preliminarily and for purposes of the Settlement that (a) the Class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Class that, as to the Settlement and related matters, predominate over individual questions; (c) Lead Plaintiff's claims are typical of the claims of the Class; (d) Lead Plaintiff will fairly and adequately protect and represent the interests of the Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

6.      Certification of the Class for purposes of the Settlement shall not constitute certification of the Class for any other purpose.

## NOTICE

7.      The Court approves the form and content of the Notice and Publication Notice

[PROP] AM. PRELIM. APPROVAL ORDER
C-06-5208-JF

1  attached hereto as Exhibits 1 and 2, respectively, and the Proof of Claim attached hereto as

2  Exhibit 3.  Further, the Court finds that the form and content of the Notice, Publication Notice,

3  and Proof of Claim, and the procedures for publication, mailing, and distribution thereof

4  substantially in the manner and form set forth in paragraphs 9 and 10 of this Order, satisfy the

5  requirements of Rule 23 of the Federal Rules of Civil Procedure, 15 U.S.C. § 78u-4(a)(7), and

6  due process, and constitute the best notice practicable under the circumstances.

7        8.     The Court approves the appointment of Epiq Class Action & Claims Solutions,

8  Inc. as the Claims Administrator.  As provided in the Stipulation, Apple shall reimburse the

9  Claims Administrator for the reasonable costs incurred to mail and publish the Notice and

10  Publication Notice, respectively.

11        9.     Within ten (10) business days of the date of this Order (__12/8/2010__), the

12  Claims Administrator shall commence sending copies of the Notice and Proof of Claim by first-

13  class mail, postage pre-paid, to all Class Members at the address of each such person or entity as

14  set forth in the records of Apple or its transfer agent, or who otherwise may be identified through

15  further reasonable effort.  The Claims Administrator shall use reasonable efforts to give notice to

16  nominee purchasers such as brokerage firms and other persons and entities who purchased Apple

17  common stock during the Class Period as record owners but not beneficial owners.  Such

18  nominee purchasers are directed within fourteen (14) days of their receipt of the Notice, to either

19  forward copies of the Notice and Proof of Claim to their beneficial owners, or to provide the

20  Claims Administrator with lists of the names and addresses of the beneficial owners.  The Claims

21  Administrator is ordered to send the Notice and Proof of Claim promptly to such identified

22  beneficial owners.  Nominee purchasers who elect to forward the Notice and Proof of Claim to

23  their beneficial owners shall send a statement to the Claims Administrator confirming that the

24  mailing was made as directed.  At or before the Settlement Fairness Hearing, Plaintiffs' Lead

25  Counsel shall file with the Court proof of mailing of the Notice and Proof of Claim to Class

26  Members.

27       10.    Within ten (10) business days of the date of this Order (__12/8/2010__), the

28  Claims Administrator shall cause the Publication Notice to be published in *Investor's Business*

[PROP] AM. PRELIM. APPROVAL ORDER
C-06-5208-JF

1   *Daily* and transmitted over *Business Wire*.  At or before the Settlement Fairness Hearing,

2   Plaintiffs' Lead Counsel shall file with the Court proof of publication of the Publication Notice.

3   <u>**SETTLEMENT FAIRNESS HEARING**</u>

4   11.   The Settlement Fairness Hearing before this Court is hereby scheduled for

5   <u>February 18, 2011</u>, at <u>9:00 a.m.</u>, in the U.S. District Court for the Northern District of California,

6   280 South 1st Street, San Jose, California 95113:

7   a.   to finally determine whether this Action satisfies the applicable

8   prerequisites for class action treatment under Rules 23(a) and (b) of the Federal Rules of Civil

9   Procedure;

10   b.   to determine whether the Settlement is fair, reasonable, and adequate;

11   c.   to determine whether the Order and Final Judgment as provided in the

12   Stipulation should be entered, dismissing the Action with prejudice;

13   d.   to determine whether the release of the Released Claims, as set forth in the

14   Stipulation, should be provided to the Released Parties;

15   e.   to determine whether the proposed Plan of Allocation for the distribution of

16   the Net Settlement Fund is fair and reasonable;

17   f.   to consider the application of Plaintiffs' Lead Counsel for an award of

18   Attorneys' Fees and Expenses; and

19   g.   to hear and rule on such other matters as the Court may deem appropriate.

20   12.   The Court reserves the right to continue the Settlement Fairness Hearing and its

21   consideration of the matters listed above without further notice to Class Members.

22   13.   The Court reserves the right to approve the Settlement at or after the Settlement

23   Fairness Hearing with such modifications as may be consented to by the Settling Parties without

24   further notice to the members of the Class.  The Court further reserves the right to enter its Order

25   and Final Judgment approving the Stipulation regardless of whether the Court has approved the

26   Plan of Allocation or awarded Attorneys' Fees and Expenses.

27   14.   Any Class Member who desires to do so may object to the Settlement or any of its

28   terms, the Plan of Allocation, and/or Plaintiffs' Lead Counsel's application for Attorneys' Fees

1   and Expenses by submitting a written objection that (i) includes the Class Member's name,

2   address, telephone number, and signature; (ii) identifies the date(s), price(s), and number of

3   shares of all purchases and sales of Apple common stock made during the Class Period;

4   (iii) states the reason(s) why the Class Member objects; and (iv) attaches any other documents

5   and writings that the Class Member wants the Court to consider.  The objection must be filed with

6   the Clerk's Office at the U.S. District Court for the Northern District of California, 280 South 1st

7   Street, San Jose, CA, 95113, by no later than <u>January 21, 2011</u>, and served on the same day by

8   first-class mail postage pre-paid to each of the following counsel:

9        George A. Riley, Esq.
     O'MELVENY & MYERS LLP
10       Two Embarcadero Center, 28th Floor
     San Francisco, CA 94111
11       *Attorneys for Defendant Apple Inc.*

12       Jay W. Eisenhofer, Esq.
     Michael J. Barry, Esq.
13       GRANT & EISENHOFER P.A.
     1201 N. Market Street
14       Wilmington, DE 19801
     *Attorneys for Lead Plaintiff New York City Employees' Retirement System*
15

16  Class Members also wishing to attend the Settlement Fairness Hearing and speak in opposition to

17  the Settlement, the Plan of Allocation, and/or Plaintiffs' Lead Counsel's application for

18  Attorneys' Fees and Expenses must state in their written objection(s) that they intend to appear at

19  the Settlement Fairness Hearing.  Any such Class Member may appear in person or arrange, at

20  his, her, or its own expense, for a lawyer to represent them at the Settlement Fairness Hearing.

21       15.     Any person or entity who fails to object in the manner prescribed above in

22  paragraph 14 shall be deemed to have waived such objection in this Action or any related action

23  or proceeding, unless otherwise ordered by the Court.

24       16.     Any Class Member who wishes to be excluded from the Class must set forth in

25  writing his, her or its name, address, and telephone number, state that the Class Member

26  "request[s] exclusion from the Class in *In re Apple Inc. Securities Litigation*, Case No. C-06-

27  5208-JF," and sign the writing.  The Class Member must also provide in the writing the date(s),

28

[PROP] AM. PRELIM. APPROVAL ORDER
C-06-5208-JF

1   price(s), and number(s) of shares of all purchases and sales of Apple common stock during the

2   Class Period.  Any request for exclusion must be sent by first-class mail postage pre-paid to the

3   Claims Administrator and the counsel for the parties as set forth in paragraph 14 above,

4   postmarked no later than January 21, 2011.

5        17.    Any Class Member who does not timely and validly request exclusion from the

6   Class shall be bound by all determinations and judgments in the Action, whether favorable or

7   unfavorable, and regardless of whether such Class Member executes and submits a Proof of

8   Claim, unless otherwise ordered by the Court.

9        18.    All motions and papers in support of final approval of the Settlement, the Plan of

10   Allocation, and Plaintiffs' Counsel's application for Attorneys' Fees and Expenses shall be filed

11   by January 7, 2011.  All reply papers shall be filed by February 4, 2011.

12   **<u>OTHER MATTERS</u>**

13        19.    Any Class Member who wishes to participate in the Settlement must complete and

14   submit a Proof of Claim in accordance with the instructions contained therein.  Unless otherwise

15   ordered by the Court, all Proofs of Claim must be completed and submitted no later than March

16   15, 2011.  Any Class Member who does not complete and submit a valid Proof of Claim within

17   the time provided by this Order or further order of the Court shall be barred from sharing in the

18   distribution of the Net Settlement Fund.

19        20.    Any order or proceedings relating to the Plan of Allocation or any rulings the

20   Court may make regarding the amount of Attorneys' Fees and Expenses to be awarded, or any

21   appeal from any orders relating thereto or reversal or modification thereof, shall not operate to

22   terminate or cancel the Stipulation, or affect or delay the finality of the Order and Final Judgment

23   approving the Stipulation and the Settlement of the Action.

24        21.    Upon the Effective Date, all Released Claims shall be fully, finally, and forever

25   resolved, discharged and settled on the merits and with prejudice, except as otherwise set forth

26   herein.

27        22.    If the Settlement provided for in the Stipulation is approved by the Court following

28   the Settlement Fairness Hearing, an Order and Final Judgment shall be entered as described in the

[PROP] AM. PRELIM. APPROVAL ORDER
C-06-5208-JF

1    Stipulation.

2           23.     If the Stipulation is not approved by the Court, is terminated or cancelled by any of

3    the Settling Parties in accordance with the Stipulation, or fails to become effective for any other

4    reason, this Action shall proceed without prejudice to any Settling Party as to any matter of law or

5    fact, as if the Stipulation had not been made and had not been submitted to the Court (except as

6    provided in the Stipulation).  The Stipulation, any provision contained in the Stipulation, or any

7    action undertaken pursuant thereto or the negotiation thereof by any Settling Party shall not be

8    deemed a presumption, concession, or admission by any Settling Party of any fault, liability, or

9    wrongdoing as to the facts or claims alleged or asserted in the Action, or any other actions or

10   proceedings, and shall not be offered or received in evidence or otherwise used by any person in

11   the Action or interpreted, construed, deemed, or invoked in any other action or proceeding,

12   whether civil, criminal, or administrative.

13          24.     The Stipulation, the Settlement, and any act performed or document executed

14   pursuant to or in furtherance of the Stipulation or the Settlement (a) is not and may not be deemed

15   to be and may not be used as an admission of, or evidence of, the validity of any Released

16   Claims, or of any wrongdoing or liability of the Released Parties and (b) is not and may not be

17   deemed to be and may not be used as an admission of, or evidence of, any fault or omission of

18   any Released Party in any civil, criminal, or administrative proceeding in any court,

19   administrative agency, or other tribunal.

20          25.     All funds held by the Escrow Agent shall be deemed to be in the custody of the

21   Court and shall remain subject to the Court's jurisdiction until such time as the funds shall be

22   distributed or returned to the parties who deposited such funds pursuant to the Stipulation, the

23   Plan of Allocation, and/or further order(s) of the Court.  The costs of providing notice to the Class

24   and administering the Settlement Fund, as provided for in the Stipulation, shall be non-refundable

25   in the event the Settlement is not approved.

26

27

28

[PROP] AM. PRELIM. APPROVAL ORDER
                                                             C-06-5208-JF

1    26.    The Court hereby retains exclusive jurisdiction to consider all further matters

2    arising out of or connected with the Settlement.

3

4    **IT IS SO ORDERED.**

5

6    DATED: _____11/22/2010_____    _____

7                                      The Honorable Jeremy Fogel
                                       United States District Judge

8

9    Submitted by:

10   GEORGE A. RILEY (S.B. #118304)
     O'MELVENY & MYERS LLP
     Two Embarcadero Center
11   28th Floor
     San Francisco, California  94111-3828
12   Telephone:   (415) 984-8700
     Facsimile:   (415) 984-8701
13   E-Mail:      griley@omm.com

14   Attorneys for Defendant APPLE INC.

15   DOUGLAS R. YOUNG (S.B. #73248)
     FARELLA BRAUN & MARTEL LLP
16   Russ Building
     235 Montgomery Street, 17th floor
17   San Francisco, California 94104
     Telephone:   (415) 954-4400
18   Facsimile:   (415) 954-4480
     E-Mail:      dyoung@fbm.com

19
     Attorneys for Defendants
20   STEVEN P. JOBS, WILLIAM V. CAMPBELL,
     MILLARD S. DREXLER, ARTHUR D.
21   LEVINSON and JEROME B. YORK

22   JEROME C. ROTH (S.B. #159483)
     YOHANCE C. EDWARDS (S.B. #237244)
23   MUNGER, TOLLES & OLSON LLP
     560 Mission Street, 27th Floor
24   San Francisco, California 94105
     Telephone:   (415) 512-4000
25   Facsimile:   (415) 512-4077
     E-Mail:      Jerome.Roth@mto.com
26                Yohance.Edwards@mto.com

27   Attorneys for Defendants
     FRED D. ANDERSON and NANCY R. HEINEN
28

                                        - 8 -    [PROP] AM. PRELIM. APPROVAL ORDER
                                                 C-06-5208-JF

1  JAY W. EISENHOFER (*admitted pro hac vice*)
   MICHAEL J. BARRY (*admitted pro hac vice*)
2  GRANT & EISENHOFER P.A.
   Chase Manhattan Centre
3  1201 N. Market Street
   Wilmington, Delaware 19801
4  Telephone:     (302) 622-7000
   Facsimile:     (302) 622-7100
5  E-Mail:        jeisenhofer@gelaw.com
                  mbarry@gelaw.com
6
   MERRILL GLEN EMERICK (SB# 117248)
7  ANDERLINI & EMERICK LLP
   411 Borel Avenue, Suite 501
8  San Mateo, California 94402
   Telephone:     (650) 242-4884
9  Facsimile:     (650) 212-0081

10 Attorneys for Lead Plaintiff
   THE NEW YORK CITY EMPLOYEES'
11 RETIREMENT SYSTEM

12 PATRICE L. BISHOP (S.B. #182256)
   HOWARD T. LONGMAN
13 STULL, STULL & BRODY
   10940 Wilshire Boulevard, Suite 2300
14 Los Angeles, California 90024
   Telephone:     (310) 209-2468
15 Facsimile:     (310) 209-2087
   Email:         pbishop@ssbla.com
16
   GARY S. GRAIFMAN
17 KANTROWITZ, GOLDHAMER & GRAIFMAN
   747 Chestnut Ridge Road
18 Chestnut Ridge, New York 10977
   Telephone: (845) 356-2570
19 Facsimile: (845) 356-4335

20 Attorneys for Plaintiffs
   MARTIN VOGEL and KENNETH MAHONEY
21

22

23

24

25

26

27

28

[PROP] AM. PRELIM. APPROVAL ORDER
                                                                   C-06-5208-JF

Exhibit A-1

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| IN RE APPLE INC. SECURITIES LITIGATION | Case No. C-06-5208-JF |
| THIS DOCUMENTS RELATES TO:<br>ALL ACTIONS | CLASS ACTION |

# NOTICE OF PROPOSED SETTLEMENT, SETTLEMENT FAIRNESS HEARING, AND MOTION FOR ATTORNEYS' FEES AND EXPENSES

*A FEDERAL COURT AUTHORIZED THIS NOTICE.  THIS IS NOT A SOLICITATION FROM A LAWYER.*
PLEASE READ THIS NOTICE CAREFULLY!

This Notice relates to a proposed settlement of a class action lawsuit (the "Action") filed by the Court-appointed "Lead Plaintiff," the New York City Employees' Retirement System ("NYCERS"), and plaintiffs Martin Vogel and Kenneth Mahoney (together with NYCERS, "Plaintiffs"), against Apple Inc. ("Apple") and the following current or former officers and directors: Steven P. Jobs, Fred D. Anderson, Nancy R. Heinen, William V. Campbell, Millard S. Drexler, Arthur D. Levinson, and Jerome B. York (together with Apple, "Defendants").

- If you purchased Apple common stock between August 24, 2001, and June 29, 2006, both dates inclusive (the "Class Period"), you may be a "Class Member" and may be eligible for a payment from the proposed settlement described below (the "Settlement"). Payments will be made if the Court approves the Settlement and Plan of Allocation (as defined below) and after any appeals are resolved and completion of claims processing.

- This Notice explains important legal rights you may have. Your legal rights will be affected regardless of whether you do or do not act. These rights, and the deadlines to exercise them, are explained below.

1. **Statement of Plaintiffs' Recovery**: Pursuant to the Settlement, Apple will pay $16.5 million in cash into an interest bearing escrow account (the "Settlement Fund"). Apple also has agreed to implement certain corporate governance measures. The Settlement Fund, less taxes (the "Net Settlement Fund"), will be used to pay the authorized claims of persons and entities that purchased Apple common stock during the Class Period ("Authorized Claimant"). The terms outlined herein are amended from the terms initially presented to the Court on October 7, 2010. Apple's payment obligations under the Settlement have been restructured so that, instead of paying $14 million into the Settlement Fund and donating $2.5 million to the twelve corporate governance programs at universities located throughout the United States, Apple will pay $16.5 million into the Settlement Fund. Any funds remaining in the Net Settlement Fund after payment of Class Members' claims will be donated in accordance with the Plan of Allocation on page 6 to nine corporate governance programs, which were among the twelve programs designated previously.

Plaintiffs' Lead Counsel estimates that owners of approximately 234.8 million shares of Apple common stock may be eligible for potential recovery, with an average per share recovery from the Net Settlement Fund of approximately $0.07. Based on its experience with other cases, Plaintiffs' Lead Counsel believes that the average per share recovery will be greater than $0.07 because typically fewer than 100% of eligible shareholders elect to participate in securities class action settlements. The Plan of Allocation on page 6 has information about an Authorized Claimant's potential recovery and how the Net Settlement Fund will be distributed.

2. **Statement of Potential Outcome of Action**: The parties disagree on both liability and damages and the average amount of damages that would be recoverable if Plaintiffs prevailed. Defendants deny that they are liable to Plaintiffs or the Class and deny that Plaintiffs or the Class have suffered any damage. The issues on which the parties disagree include: (a) whether the complaint's allegations support a federal securities law claim; (b) whether Defendants acted with the requisite state of mind, or scienter; (c) whether Defendants' alleged misstatements or omissions harmed Class Members; (d) whether Defendants' alleged misstatements or omissions were material to investors; (e) the extent to which factors other than the alleged misstatements or omissions affected (if at all) Apple's stock price during the Class Period.

3. **Statement of Attorneys' Fees and Expenses Sought**: Plaintiffs' Counsel (as defined below) intend to apply for an award of fees incurred by Plaintiffs' Counsel in connection with the Action in the amount of $2,000,000, plus expenses not to exceed $450,000. Of this amount, Plaintiffs' Lead Counsel, the law firm of Grant & Eisenhofer P.A., intends to apply for an award for fees in the amount of $1,533,750, which represents 7.5% of the total economic value of the Settlement, plus out of pocket expenses; the law firm of Stull, Stull & Brody, counsel for plaintiffs in Vogel, et al. v. Apple Inc., et al., Case No. C-08-3123-JF (N.D. Cal.) ("Vogel II"), intends to apply for an award of fees in the amount of $466,250, which represents 2.28% of the total economic value of the Settlement, plus out of pocket expenses. Apple has agreed to pay Plaintiffs' Lead Counsel the amount of reasonable attorneys' fees and expenses as may be awarded by the Court ("Attorneys' Fees and Expenses"). Apple will pay these Attorneys' Fees and Expenses separately, and such payment will not affect the amount of the Net Settlement Fund. The term "total economic value of the Settlement," as used herein, includes all payments Apple has agreed to make under the Settlement, including Apple's payment to establish the Settlement Fund, reimbursement of the costs of administering and distributing the Net Settlement Fund, and payment of Attorneys' Fees and Expenses.

4. **Identification of Attorneys' Representatives**: Questions regarding the Settlement may be directed to Plaintiffs' Lead Counsel: Jay W. Eisenhofer and Michael J. Barry, Grant & Eisenhofer P.A., 1201 N. Market Street, Wilmington, DE 19801, (302) 622-7000.

**5.** **Reasons for the Settlement:** Plaintiffs believe that the Settlement provides substantial and immediate benefits to the Class.  These benefits must be compared to the risk that the Class may recover a lower amount or nothing after a contested trial and possible appeals that are likely to require several years of expensive litigation. Plaintiffs have further considered the uncertain outcome, risks, difficulties, and delays inherent in any litigation and are mindful of the problems of proof and possible defenses to the claims asserted in the Action.

Defendants deny all allegations of wrongdoing or liability whatsoever and maintain that they have meritorious defenses to all claims alleged in the Action.  Defendants believe that further litigation would be protracted, burdensome, expensive, and distracting.  Defendants have also determined that further litigation would divert resources and attention from other activities that are important to Apple's business and its shareholders' interests.

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **Submit a Proof of Claim by March 15, 2011.** | The only way to potentially receive a payment from the Settlement. |
| **Exclude yourself from the Class by January 21, 2011.** | Receive no payment from the Settlement. This is the only option that allows you to retain your right to file a separate lawsuit against Defendants related to the claims at issue in the Action. |
| **Object to the Settlement by January 21, 2011.** | Write to the Court explaining why you do not think the Settlement should be approved and, if you wish to attend and speak at the Settlement Fairness Hearing, indicating your intention to do so. |
| **Attend the Settlement Fairness Hearing on February 18, 2011.** | Submit a valid written objection indicating your intention to attend the Settlement Fairness Hearing and speak in Court about the fairness of the Settlement. |
| **Do nothing.** | Receive no payment from the Settlement. Give up your rights. |

| WHAT THIS NOTICE CONTAINS | |
|---|---|

WHY DID I GET THIS NOTICE?............................................................................................3

WHAT IS THIS CASE ABOUT?  WHAT HAS HAPPENED SO FAR? .........................................3

WHAT RECOVERY DOES THE SETTLEMENT PROVIDE?........................................................3

HOW DO I KNOW IF I AM PART OF THIS SETTLEMENT? .....................................................3

WHY HAVE PLAINTIFFS AGREED TO THE SETTLEMENT? ...................................................4

WHY HAVE DEFENDANTS AGREED TO THE SETTLEMENT? ................................................4

HOW DO I GET A PAYMENT? ..............................................................................................4

WHEN WOULD I GET MY PAYMENT? ..................................................................................4

HOW MUCH WILL MY PAYMENT BE?..................................................................................4

WHAT RIGHTS AM I GIVING UP BY AGREEING TO THE SETTLEMENT? ..............................4

DO I HAVE A LAWYER IN THIS CASE? .................................................................................5

HOW WILL THE LAWYERS BE PAID?....................................................................................5

IF I DON'T WANT TO PARTICIPATE IN THE SETTLEMENT, HOW DO I EXCLUDE MYSELF? .................5

HOW DO I TELL THE COURT THAT I DO NOT LIKE THE PROPOSED SETTLEMENT? .........................5

WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT? ...........6

WHAT HAPPENS IF I DO NOTHING AT ALL? .......................................................................6

PLAN OF ALLOCATION ......................................................................................................6

CORPORATE REFORM MEASURES.......................................................................................8

SPECIAL NOTICE TO BROKERS, BANKS AND OTHER NOMINEES .......................................8

CAN I SEE THE COURT FILE?  WHOM SHOULD I CONTACT IF I HAVE QUESTIONS? ..........................8

## WHY DID I GET THIS NOTICE?

1. You are being sent this Notice because you or someone in your family may have acquired Apple common stock during the Class Period. As a potential Class Member, you have a right to know about the proposed Settlement and your options before the Court decides whether to approve the Settlement.

2. This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them. This Notice also is intended to inform you of a hearing at which the Court will consider the Settlement, the Plan of Allocation, the application for Attorneys' Fees and Expenses, and other related matters (the "Settlement Fairness Hearing").

**THE ISSUANCE OF THIS NOTICE IS NOT AN EXPRESSION OF THE COURT'S OPINION ON THE MERITS OF ANY CLAIM IN THE LAWSUIT, AND THE COURT STILL HAS TO DECIDE WHETHER TO APPROVE THE SETTLEMENT.**

## WHAT IS THIS CASE ABOUT?  WHAT HAS HAPPENED SO FAR?

3. On August 24, 2006, plaintiffs Martin Vogel and Kenneth Mahoney filed a class action lawsuit alleging federal securities laws violations against Apple and certain other defendants in the U.S. District Court for the Northern District of California, captioned Vogel, et al. v. Jobs, et al., Case No. C-06-5208-JF ("Vogel I").

4. On January 19, 2007, the Court appointed NYCERS as Lead Plaintiff and approved NYCERS's selection of the law firm Grant & Eisenhofer P.A. as Plaintiffs' Lead Counsel.

5. On March 23, 2007, NYCERS filed a consolidated class action complaint (the "Consolidated Complaint"). On November 14, 2007, the Court dismissed the Consolidated Complaint. On December 14, 2007, NYCERS filed a motion to file an amended complaint. On May 14, 2008, the Court denied NYCERS's motion. On June 12, 2008, the Court entered judgment and dismissed NYCERS's claims with prejudice.

6. On June 17, 2008, NYCERS filed a notice of appeal before the U.S. Court of Appeals for the Ninth Circuit (the "Ninth Circuit").

7. On June 27, 2008, plaintiffs Vogel and Mahoney filed another class action lawsuit in the U.S. District Court for the Northern District of California, captioned Vogel, et al. v. Apple Inc., et al., Case No. C-08-3123-JF (Vogel II).

8. On January 28, 2010, the Ninth Circuit in Vogel I affirmed the Court's dismissal of NYCERS's claims in the Consolidated Complaint, but granted NYCERS leave to file its amended complaint.

9. On March 22, 2010, NYCERS filed a First Amended Consolidated Class Action Complaint in Vogel I.

10. On April 8, 2010, the Court entered an order consolidating Vogel I and Vogel II, designating NYCERS as Lead Plaintiff and Grant & Eisenhofer P.A. as Plaintiffs' Lead Counsel for the consolidated action. The consolidated action is captioned In re Apple Inc. Securities Litigation, Case No. C-06-5208-JF.

11. On May 14, 2010, Plaintiffs filed the operative complaint in the Action, the Corrected First Amended Class Action Complaint.

12. Plaintiffs allege that Apple issued false and misleading financial statements regarding the amount of compensation paid to Apple executives and its accounting for certain past stock option grants. These alleged misstatements, Plaintiffs claim, artificially inflated Apple's stock price during the Class Period. Plaintiffs seek money damages for alleged violations of federal securities laws. Defendants deny all allegations of wrongdoing or liability whatsoever and maintain that they have meritorious defenses to each claim.

## WHAT RECOVERY DOES THE SETTLEMENT PROVIDE?

13. The Net Settlement Fund consists of $16.5 million in cash, plus interest, less taxes. Apple has also agreed to implement certain corporate governance measures. Attorneys' Fees and Expenses, notification costs, and costs to administer and distribute the Net Settlement Fund will be paid separately by Apple and will not be deducted from the Net Settlement Fund.

14. Plaintiffs' Lead Counsel estimates that owners of approximately 234.8 million shares of Apple common stock may be eligible for potential recovery, with an average per share recovery from the Net Settlement Fund of approximately $0.07. Based on its experience with other cases, Plaintiffs' Lead Counsel believes that the average per share recovery will be greater than $0.07 because typically fewer than 100% of eligible shareholders elect to participate in securities class action settlements.  The Plan of Allocation on page 6 has information about an Authorized Claimant's potential recovery and how the Net Settlement Fund will be distributed.

## HOW DO I KNOW IF I AM PART OF THIS SETTLEMENT?

15. The Class covered by this Settlement consists of all persons and entities that purchased Apple common stock during the Class Period. Excluded from the Class are Defendants, all current and former directors and officers of Apple, all employees of Apple and/or its subsidiaries during the Class Period, and any family member, trust, company, entity, or affiliate controlled or owned by any of the excluded persons and entities referenced above. Also excluded are any persons and entities that exclude themselves by filing a request for exclusion in accordance with the requirements set forth on page 5 ("If I Do Not Want to Participate in the Settlement, How Do I Exclude Myself?").

16. Check your investment records or contact your broker to determine whether you purchased Apple common stock during the Class Period. If you sold Apple common stock during the Class Period, or if one of your mutual funds purchased Apple common stock during the Class Period, that alone does not make you a Class Member.

17. If you are still not sure whether you are included, you may call 1-888-760-4869 or visit www.AppleSecuritiesSettlement.com. You also may fill out and return the Proof of Claim as described in Sections 20, 23 – 25 & 43 – 53 below to determine whether you qualify.

RECEIPT OF THIS NOTICE DOES NOT NECESSARILY MEAN YOU ARE A CLASS MEMBER OR ARE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT. IF YOU WISH TO PARTICIPATE IN THE SETTLEMENT, YOU MUST EITHER SUBMIT YOUR COMPLETED AND SIGNED PROOF OF CLAIM ONLINE AT WWW.APPLESECURITIESSETTLEMENT.COM BY NO LATER THAN MARCH 15, 2011, OR SEND IT TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL POSTAGE PRE-PAID POSTMARKED NO LATER THAN MARCH 15, 2011.

## WHY HAVE PLAINTIFFS AGREED TO THE SETTLEMENT?

18. Plaintiffs believe that the claims alleged in the Action have merit. Nevertheless, Plaintiffs recognize that significant expense and prolonged proceedings will be necessary to prosecute the Action through trial and, potentially, through appeals. Plaintiffs have also taken into account the uncertain outcome, risks, difficulties and delays inherent in any litigation. Plaintiffs are mindful of the problems of proof and possible defenses to the claims asserted in the Action. Based on a careful evaluation, Plaintiffs and Plaintiffs' Counsel have determined that the terms and conditions of the Settlement are fair, reasonable and adequate, and in the best interests of the Class.

## WHY HAVE DEFENDANTS AGREED TO THE SETTLEMENT?

19. Defendants deny all allegations of wrongdoing or liability whatsoever and maintain they have meritorious defenses to each claim. Defendants also deny that Plaintiffs or the Class have suffered any harm as a result of the alleged conduct. In particular, Defendants deny that any harm allegedly suffered by Plaintiffs or the Class was caused by any misrepresentations or omissions or that Apple's share price was artificially inflated by reason of any alleged misrepresentations or omissions. Nonetheless, Defendants believe that further litigation would be protracted, burdensome, expensive, and distracting. Defendants have also determined that further litigation would divert resources and attention from other activities that are important to Apple's business and its shareholders' interests.

## HOW DO I GET A PAYMENT?

20. To qualify for a payment, you must submit the Proof of Claim that accompanies this Notice. You may also get a Proof of Claim by calling 1-888-760-4869 or visiting www.AppleSecuritiesSettlement.com. Read the instructions carefully, fill out the Proof of Claim, include all the documents it asks for, sign it, and either submit it online at www.AppleSecuritiesSettlement.com no later than March 15, 2011, or send it by first-class mail postage pre-paid postmarked no later than March 15, 2011.

21. Each Class Member who submits a Proof of Claim shall be deemed to have submitted to the jurisdiction of the U.S. District Court for the Northern District of California with respect to that Proof of Claim.

## WHEN WOULD I GET MY PAYMENT?

22. The Court will hold a "Settlement Fairness Hearing" on February 18, 2011. The Settlement Fairness Hearing is described in more detail on page 6. If the Court approves the Settlement, there may be appeals. It is uncertain whether the appeals (if any) will be resolved, and resolving them can take time, perhaps more than a year. It also takes time for all Proofs of Claim to be processed. After any appeals are resolved and all Proofs of Claim are processed, Authorized Claimants will be paid. Please be patient.

## HOW MUCH WILL MY PAYMENT BE?

23. You can calculate your "Recognized Claim" in accordance with the Plan of Allocation on page 6.

24. If you qualify for a payment, the amount will depend on a number of factors, including (i) when during the Class Period you purchased shares of Apple common stock; (ii) the purchase price paid for the shares; (iii) whether the shares were held at the end of the Class Period or sold during the Class Period; (iv) if sold, when the shares were sold and the amount received; and (v) the number of Recognized Claims (discussed below).

25. The Court may disallow or adjust any Class Member's claim. The Court also may modify the Plan of Allocation without further notice to the Class. Payments pursuant to the Plan of Allocation, as approved by the Court, will be conclusive against all Authorized Claimants. No person shall have any claim against Defendants, Plaintiffs' Counsel, the Claims Administrator, or other agent designated by Plaintiffs' Lead Counsel based on the distributions made substantially in accordance with any Settlement and/or Plan of Allocation approved by the Court.

## WHAT RIGHTS AM I GIVING UP BY AGREEING TO THE SETTLEMENT?

26. If the Settlement is approved, the Court will enter an Order and Final Judgment dismissing the Action with prejudice. The Order and Final Judgment shall, upon the Effective Date, fully, finally, and forever resolve, discharge and settle all Released Claims on the merits and with prejudice. Except for those Class Members who validly and timely request to be excluded from the Class, the Order and Final Judgment will also forever bar and enjoin Class Members and the Released Parties from instituting, continuing, or prosecuting any action asserting any Released Claims against any Released Party.

27. The precise definitions of the capitalized terms in the paragraph above are in the Amended Stipulation and Agreement of Settlement dated as of November 12, 2010, which is available at www.AppleSecuritiesSettlement.com. In general, the term Released Claims includes, but is not limited to, all claims that were or could be asserted against Apple and its current and former officers and directors by Plaintiffs and any Class Member based on the allegations in this Action or similar proceedings. The term Released Parties generally includes, but is not limited to, Plaintiffs, Apple, and Apple's current and former officers and directors.

28. The Court has ordered that the law firm of Grant & Eisenhofer P.A., in Wilmington, Delaware, will represent the interests of all Class Members. You will not be separately charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

## HOW WILL THE LAWYERS BE PAID?

29. On January 7, 2011, or at such other time as the Court may direct, "Plaintiffs' Counsel" intend to apply for an award of fees incurred by Plaintiffs' Counsel in connection with the Action in the amount of $2,000,000, plus expenses not to exceed $450,000. Of this amount, Plaintiffs' Lead Counsel intends to apply for an award for fees in the amount of $1,533,750, which represents 7.5% of the total economic value of the Settlement, plus out of pocket expenses; the law firm of Stull, Stull & Brody, counsel for plaintiffs in Vogel II, intends to apply for an award of fees in the amount of $466,250, which represents 2.28% of the total economic value of the Settlement, plus out of pocket expenses. After it is filed, Plaintiffs' Counsel's application for fees and expenses will be made available at www.AppleSecuritiesSettlement.com. Apple has agreed to pay Plaintiffs' Lead Counsel the amount of reasonable attorneys' fees and expenses as may be awarded by the Court (Attorneys' Fees and Expenses). Apple will pay these Attorneys' Fees and Expenses separately, and such payment will not affect the amount of the Net Settlement Fund. The term "total economic value of the Settlement," as used herein, includes all payments Apple has agreed to make under the Settlement, including Apple's payment to establish the Settlement Fund, reimbursement of the costs of administering and distributing the Net Settlement Fund, and payment of Attorneys' Fees and Expenses. "Plaintiffs' Counsel" includes Plaintiffs' Lead Counsel, and the law firms of Anderlini & Emerick LLP, Stull, Stull & Brody, and Kantrowitz, Goldhamer & Graifman.

30. The fees requested by Plaintiffs' Counsel will compensate them for their efforts in achieving the Settlement for the benefit of the Class, and for their risk in undertaking this representation on a contingency basis.

**THE ISSUANCE OF THIS NOTICE IS NOT AN EXPRESSION OF THE COURT'S OPINION ON ANY AWARD FOR ATTORNEYS' FEES AND EXPENSES.**

## IF I DON'T WANT TO PARTICIPATE IN THE SETTLEMENT, HOW DO I EXCLUDE MYSELF?

31. If the Court approves the Settlement and enters an Order and Final Judgment, each Class Member will be bound by the terms thereof unless such person or entity sends a copy of a written request for exclusion from the Class by first-class mail postage pre-paid, postmarked no later than January 21, 2011, to (1) Claims Administrator, In re Apple Inc. Securities Litigation, PO Box 6809, Portland, OR, 97228-6809, and (2) the following counsel:

Plaintiffs' Lead Counsel:

Jay W. Eisenhofer
Michael J. Barry
Grant & Eisenhofer P.A.
1201 N. Market Street
Wilmington, DE 19801

Counsel for Apple:

George A. Riley
O'Melveny & Myers LLP
Two Embarcadero Ctr., 28th Floor
San Francisco, CA 94111

32. To be valid, a written request for exclusion MUST (i) include your name, address, telephone number, and your signature, (ii) state that you "request exclusion from the Class in In re Apple Inc. Securities Litigation, Case No. C-06-5208-JF"; and (iii) identify the date(s), price(s), and number of shares of all purchases and sales of Apple common stock you made during the Class Period. Requests for exclusion will not be accepted if the requests do not include all of this required information or if the requests are not sent in accordance with Section 31 above, unless otherwise ordered by the Court.

33. If you are a Class Member and you, or someone acting on your behalf, does not submit a timely and valid written request for exclusion, and the Court approves the Settlement and enters an Order and Final Judgment, you will be bound by the terms thereof.

34. If you are a Class Member and you, or someone acting on your behalf, submits a valid written request to be excluded from the Class, you will not receive any benefits provided for in the Settlement.

## HOW DO I TELL THE COURT THAT I DO NOT LIKE THE PROPOSED SETTLEMENT?

35. If you are a Class Member, you may object to the Settlement or any of its terms, the Plan of Allocation, and/or the application for Attorneys' Fees and Expenses. You may write to the Court setting out your objection. You may give reasons why you think the Court should not approve the Settlement terms or arrangements.

36. To object, you must send a signed letter stating you object to the Settlement. To be valid, an objection MUST (i) include your name, address, telephone number, and signature; (ii) identify the date(s), price(s), and number of shares of all purchases and sales of Apple common stock you made during the Class Period; and (iii) state the reason(s) why you object. If you wish to attend the Settlement Fairness Hearing and speak in opposition to the Settlement, the Plan of Allocation, and/or the application for Attorneys' Fees and Expenses, you must also state in your written objection that you intend to appear at the Settlement Fairness Hearing. The objection may include any other documents and writings you want the Court to consider. Your objection must be filed with the Clerk's Office at the U.S. District Court for the Northern District of California, 280 South 1st Street, San Jose, CA, 95113, by no later than January 21, 2011, and served on the same day by first-class mail postage pre-paid to each of the following counsel:

Plaintiffs' Lead Counsel:
Jay W. Eisenhofer
Michael J. Barry
Grant & Eisenhofer P.A.
1201 N. Market Street
Wilmington, DE 19801

Counsel for Apple:
George A. Riley
O'Melveny & Myers LLP
Two Embarcadero Ctr., 28th Floor
San Francisco, CA 94111

Only valid objection(s) submitted in this manner will be considered at the Settlement Fairness Hearing, unless the Court orders otherwise.

37. Your attendance at the Settlement Fairness Hearing is not necessary to have your written objection considered by the Court. However, if you wish to attend the Settlement Fairness Hearing and speak in opposition to the Settlement, the Plan of Allocation, and/or the application for Attorneys' Fees and Expenses, you must state so in your written objection, filed and served as specified in Section 36 above. You may appear in person or arrange, at your own expense, for a lawyer to represent you at the Settlement Fairness Hearing.

**UNLESS OTHERWISE ORDERED BY THE COURT, ANY CLASS MEMBER WHO DOES NOT OBJECT IN THE MANNER DESCRIBED HEREIN WILL BE DEEMED TO HAVE WAIVED ANY OBJECTION AND SHALL BE FOREVER FORECLOSED FROM MAKING ANY OBJECTION TO THE SETTLEMENT, THE PLAN OF ALLOCATION, AND THE APPLICATION FOR ATTORNEYS' FEES AND EXPENSES.**

## WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?

38. The Court will hold the Settlement Fairness Hearing at 9:00 a.m. on February 18, 2011, at the U.S. District Court for the Northern District of California, 280 South 1st Street, San Jose, CA, 95113. At this hearing, the Court will:

    a. Finally determine whether this Action satisfies the applicable prerequisites for class action treatment under Rules 23(a) and (b) of the Federal Rules of Civil Procedure;

    b. Determine whether the Settlement is fair, reasonable, and adequate;

    c. Determine whether an Order and Final Judgment should be entered, dismissing the Action with prejudice;

    d. Determine whether the release of the Released Claims should be provided to the Released Parties;

    e. Determine whether the Plan of Allocation for the distribution of the Net Settlement Fund is fair and reasonable; and

    f. Consider the application for Attorneys' Fees and Expenses.

39. The Settlement Fairness Hearing may be delayed from time to time by the Court without further written notice to the Class. If you intend to attend the Settlement Fairness Hearing, you should confirm the date and time with Plaintiffs' Lead Counsel.

40. You cannot speak at the Settlement Fairness Hearing if you previously excluded yourself from the Class (as provided in Section 31 above), or if you have not provided notice in your written objection(s) of your intention to speak at the Settlement Fairness Hearing in accordance with the procedures set forth in Section 36 above.

## WHAT HAPPENS IF I DO NOTHING AT ALL?

41. If you do nothing, you will get no money from the Settlement. You must submit a valid and timely Proof of Claim in order to possibly share in the Net Settlement Fund.

42. As discussed in Section 26 above, the Order and Final Judgment approving the Settlement will dismiss the Action with prejudice and fully, finally, and forever resolve, discharge and settle all Released Claims on the merits and with prejudice. Unless you validly and timely exclude yourself from the Class, you will be forever barred and enjoined from instituting, continuing, or prosecuting any action asserting any Released Claims against any Released Party.

## PLAN OF ALLOCATION
### GENERAL PROVISIONS

43. The Net Settlement Fund shall be distributed to Authorized Claimants.

44. The Claims Administrator shall determine each Authorized Claimant's pro rata share of the Net Settlement Fund based upon each Authorized Claimant's "Recognized Claim." The Recognized Claim formula is not intended to be an estimate of the amount of what a Class Member might have been able to recover after a trial. Nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement.  The Recognized Claim formula is the basis upon which the Net Settlement Fund will be proportionately allocated to Authorized Claimants.

45. Federal securities law provides that Authorized Claimants who sold all of their shares of Apple common stock on or before June 29, 2006, are not eligible for any recovery.

46. Federal securities law also limits the amount of potential recovery for Authorized Claimants who held their shares of Apple common stock after June 29, 2006. The limitation is based on the mean trading price of Apple common stock over or within the 90-day period after June 29, 2006. The mean trading price of Apple common stock over the 90-day period between June 30, 2006, and September 27, 2006, both dates inclusive, is $65.71.  The mean trading price of Apple common stock on each trading day between June 30, 2006, and September 27, 2006, is specified in Section 52. below.  Authorized Claimants who held their shares of Apple common stock after June 29, 2006, are not eligible for any recovery if they purchased the shares at a price (adjusted for stock splits) equal to or below the applicable mean trading price.  Authorized Claimants who held their shares of Apple common stock after June 29, 2006, are eligible for potential recovery if they purchased the shares at a price (adjusted for stock splits) greater than the applicable mean trading price.

47. The Court has reserved jurisdiction to allow, disallow, or adjust the claim of any Class Member.

48. Class Members who do not submit a valid Proof of Claim will not share in the Settlement. Except for those Class Members who validly and timely request to be excluded from the Class, Class Members who do not submit a valid Proof of Claim will nevertheless be bound by the Settlement and the Order and Final Judgment entered by the Court.

49. Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement. If any funds remain in the Net Settlement Fund by reason of un-cashed checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund one (1) year after the initial distribution of such funds shall be re-distributed to Class Members who have cashed their initial distributions, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such re-distribution, up to a maximum distribution of $1.70 per share (the difference between the closing price of Apple common stock on June 29, 2006 ($58.97) and June 30, 2006 ($57.27)). If after six months after such re-distribution any funds shall remain in the Net Settlement Fund, then such balance shall be contributed in nine equal payments to the following nine corporate governance programs:

**Baruch College, City University of New York**
*Robert Zicklin Center for Corporate Integrity*

**Indiana University, Kelly School of Business**
*Institute for Corporate Governance*

**Kennesaw State University College of Business**
*Corporate Governance Center*

**Northwestern University, Kellogg School of Management**
*Corporate Governance Program*

**San Diego State University**
*Corporate Governance Institute*

**Stanford Law School & the Graduate School of Business**
*Rock Center for Corporate Governance*

**University of Texas, Dallas, School of Management**
*Institute for Excellence in Corporate Governance*

**Vanderbilt University Law School**
*Law & Business Program*

**Yale School of Management**
*Millstein Center for Corporate Governance & Performance*

50. Plaintiffs, Defendants, their respective counsel, and all other Released Parties, shall have no responsibility for or liability whatsoever for the investment or distribution of the Net Settlement Fund; the determination, administration, calculation, or payment of any Proof of Claim or non-performance of the Claims Administrator; or the payment or withholding of taxes owed by the Net Settlement Fund or any losses incurred in connection therewith.

## CALCULATION OF RECOGNIZED CLAIM

51. For purposes of calculating a Recognized Claim, the following terms shall apply:
   a. The date of the purchase or sale of Apple common stock is the trade date, not the settlement date.
   b. The first-in, first-out basis will be applied to both purchases and sales.
   c. The price paid or received shall exclude all commissions, taxes, and fees.
   d. Shares originally sold short shall have a Recognized Claim of zero ($0.00).
   e. No cash payment will be made on a Recognized Claim where the distribution amount is less than $5.00.

52. Recognized Claims shall be calculated as follows:
   a. If an Authorized Claimant purchased shares of Apple common stock during the Class Period and sold such shares on or before June 29, 2006, then the Recognized Claim for such shares shall be zero ($0.00).
   b. If an Authorized Claimant purchased shares of Apple common stock during the Class Period and sold such shares between June 30, 2006, and September 27, 2006, both dates inclusive, then:
      i. For shares purchased at a price (adjusted for stock splits) equal to or less than the applicable mean trading price on the date on which such shares were sold (the "Sell Date"), the Recognized Claim shall be zero ($0.00):

| Sale Date | Mean Trading Price | Sale Date | Mean Trading Price | Sale Date | Mean Trading Price | Sale Date | Mean Trading Price | Sale Date | Mean Trading Price |
|---|---|---|---|---|---|---|---|---|---|
| 6/30/06 | $57.27 | 7/20/06 | $54.98 | 8/8/06 | $59.99 | 8/24/06 | $61.90 | 9/12/06 | $63.75 |
| 7/3/06 | $57.61 | 7/21/06 | $55.36 | 8/9/06 | $60.12 | 8/25/06 | $62.07 | 9/13/06 | $63.96 |
| 7/5/06 | $57.40 | 7/24/06 | $55.74 | 8/10/06 | $60.26 | 8/28/06 | $62.19 | 9/14/06 | $64.15 |
| 7/6/06 | $56.99 | 7/25/06 | $56.10 | 8/11/06 | $60.37 | 8/29/06 | $62.29 | 9/15/06 | $64.33 |
| 7/7/06 | $56.67 | 7/26/06 | $56.54 | 8/14/06 | $60.48 | 8/30/06 | $62.40 | 9/18/06 | $64.51 |
| 7/10/06 | $56.39 | 7/27/06 | $56.90 | 8/15/06 | $60.67 | 8/31/06 | $62.53 | 9/19/06 | $64.67 |
| 7/11/06 | $56.29 | 7/28/06 | $57.33 | 8/16/06 | $60.89 | 9/1/06 | $62.66 | 9/20/06 | $64.86 |
| 7/12/06 | $55.87 | 7/31/06 | $57.84 | 8/17/06 | $61.09 | 9/5/06 | $62.85 | 9/21/06 | $65.03 |
| 7/13/06 | $55.47 | 8/1/06 | $58.26 | 8/18/06 | $61.28 | 9/6/06 | $63.00 | 9/22/06 | $65.16 |
| 7/14/06 | $54.99 | 8/2/06 | $58.69 | 8/21/06 | $61.43 | 9/7/06 | $63.21 | 9/25/06 | $65.34 |
| 7/17/06 | $54.75 | 8/3/06 | $59.15 | 8/22/06 | $61.60 | 9/8/06 | $63.40 | 9/26/06 | $65.54 |
| 7/18/06 | $54.59 | 8/4/06 | $59.51 | 8/23/06 | $61.75 | 9/11/06 | $63.58 | 9/27/06 | $65.71 |
| 7/19/06 | $54.56 | 8/7/06 | $59.81 | | | | | | |

ii. For shares purchased at a price (adjusted for stock splits) greater than the applicable mean trading price on the Sell Date, the Recognized Claim shall be the lesser of (a) $1.70 per share or (b) the difference between the purchase price (adjusted for stock splits) and the applicable mean trading price on the Sell Date.

c. If an Authorized Claimant purchased shares of Apple common stock during the Class Period and such shares were still held as of the close of trading on September 27, 2006, then:

i. For shares purchased at a price (adjusted for stock splits) equal to or less than the mean trading price of Apple common stock over the 90-day period between June 30, 2006, and September 27, 2006 ($65.71), the Recognized Claim shall be zero ($0.00).

ii. For shares purchased at a price (adjusted for stock splits) greater than the mean trading price of Apple common stock over the 90-day period between June 30, 2006, and September 27, 2006 ($65.71), the Recognized Claim shall be the lesser of (a) $1.70 per share or (b) the difference between the purchase price (adjusted for stock splits) and $65.71.

53. Example calculations of the Recognized Claim for Authorized Claimants may be viewed at www.AppleSecuritiesSettlement.com.

## CORPORATE REFORM MEASURES

54. Pursuant to the Settlement, Apple has agreed to implement corporate governance measures, including amending its Insider Trading Policy, corporate Bylaws, and the charter of the Board's Compensation Committee. Apple has also agreed to extend to at least May 1, 2013, the term of measures it adopted in 2008 after settling derivative litigation relating to its past stock option practices. These measures include: (1) implementing an Equity Award Grant Practices Policy; (2) appointing a Trading Compliance Committee; (3) amending the charter of the Board's Compensation Committee; (4) amending its Corporate Governance Guidelines; (5) implementing a Corporate Minutes Procedure; and (6) implementing a Unanimous Written Consent Procedure. The details of these measures are set forth in the Stipulation.

## SPECIAL NOTICE TO BROKERS, BANKS AND OTHER NOMINEES

55. Financial institutions and other nominees who purchased or sold Apple common stock on behalf of beneficial owners are directed within fourteen (14) days of their receipt of this Notice to: (a) send a copy of this Notice and Proof of Claim to such beneficial owners; or (b) provide contact information for such beneficial owners to the Claims Administrator, preferably in a Microsoft Excel data table setting forth: (a) title/registration, (b) street address, (c) city/state/zip. Any nominee may also submit a Master Proof of Claim on behalf of multiple clients who are beneficial owners of Apple common stock. The Master Proof of Claim and related instructions are posted on the "Nominees" page at www.AppleSecuritiesSettlement.com. Master Proofs of Claim must be completed and either submitted online at www.AppleSecuritiesSettlement.com by no later than March 15, 2011, or sent by first-class mail postage pre-paid postmarked no later than March 15, 2011. Questions about the Settlement and requests for copies of the documents should be directed to the Claims Administrator at 1-888-760-4869.

## CAN I SEE THE COURT FILE?  WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

56. For additional details about the Action and the Settlement, you may visit www.AppleSecuritiesSettlement.com and/or inspect the papers on file in the Action, including the Stipulation, during regular office hours at the Office of the Clerk, U.S. District Court for the Northern District of California, 280 South 1st Street, San Jose, CA 95113.

57. Any inquiries concerning this Notice or the Proof of Claim may be directed to:

| Claims Administrator | Plaintiffs' Lead Counsel |
| --- | --- |
| In re Apple Inc. Securities Litigation | Jay W. Eisenhofer |
| PO Box 6809 | Michael J. Barry |
| Portland, OR 97228-6809 | Grant & Eisenhofer P.A. |
| 1-888-760-4869 | 1201 N. Market Street |
| www.AppleSecuritiesSettlement.com | Wilmington, DE 19801 |

**DO NOT CALL OR WRITE THE COURT OR THE OFFICE OF THE CLERK OF THE COURT REGARDING THIS NOTICE**

Dated: November __, 2010

By Order of the Clerk of the Court
U.S. District Court for the Northern District of California

Exhibit A-2

| | |
|---|---|
| IN RE APPLE INC. SECURITIES LITIGATION | Case No. C-06-5208-JF |
| | CLASS ACTION |
| THIS DOCUMENTS RELATES TO: ALL ACTIONS | |

**SUMMARY NOTICE OF PROPOSED SETTLEMENT, SETTLEMENT FAIRNESS HEARING, AND MOTION FOR ATTORNEYS' FEES AND EXPENSES**

**TO: ALL PERSONS OR ENTITIES THAT PURCHASED APPLE INC. ("APPLE") COMMON STOCK DURING THE PERIOD BETWEEN AUGUST 24, 2001, AND JUNE 29, 2006, BOTH DATES INCLUSIVE (THE "CLASS"; MEMBERS OF THE CLASS ARE REFERRED TO AS "CLASS MEMBERS").**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and a Court Order, that the above-captioned action has been certified as a class action for purposes of a proposed settlement for $16.5 million in cash, plus interest. In addition, Apple has agreed to implement certain corporate governance measures. Apple also has agreed to pay the reasonable costs of administering and distributing the settlement fund and the reasonable attorneys' fees and expenses as may be awarded by the Court to compensate plaintiffs' counsel.

A hearing will be held before the Honorable Jeremy Fogel in the U.S. District Court for the Northern District of California, located at 280 South 1st Street, San Jose, CA, at 9:00 a.m., on February 18, 2011, to determine whether the proposed settlement is fair, reasonable, and adequate, to consider the proposed plan of allocation, and to consider the application for attorneys' fees and expenses.

IF YOU ARE A CLASS MEMBER, YOUR RIGHTS MAY BE AFFECTED BY THE SETTLEMENT, AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT FUND. If you have not yet received the full printed Notice of Proposed Settlement, Settlement Fairness Hearing, and Motion for Attorneys' Fees and Expenses (the "Notice"), you may obtain a copy of this document by contacting the Claims Administrator:

In re Apple Inc. Securities Litigation
P.O. Box 6809
Portland, OR 97228-6809
1-888-760-4869
www.AppleSecuritiesSettlement.com

To participate in the settlement, you must submit your completed and signed Proof of Claim either online at www.AppleSecuritiesSettlement.com by **no later than March 15, 2011**, or send it by first-class mail postage prepaid postmarked **no later than March 15, 2011**, in the manner and form explained in the Notice. Unless you submit a valid Proof of Claim, you cannot participate in the settlement.

If you desire to be excluded from the Class, you must submit a request for exclusion by first-class mail postage prepaid postmarked **no later than January 21, 2011**, in the manner and form explained in the Notice. Unless you validly exclude yourself from the Class, you will be bound by any judgment entered in this action whether or not you submit a Proof of Claim.

If you want to object to the proposed settlement, plan of allocation, or the application for attorneys' fees and expenses, you must file your objection with the Court **no later than January 21, 2011**, and send a copy of it on the same day to the parties' counsel by first-class mail postage prepaid, in the manner and form set forth in the Notice.

DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE. Inquiries, other than requests for the Notice, may be made to Plaintiffs' Lead Counsel:

Michael J. Barry
Grant & Eisenhofer P.A.
1201 N. Market Street
Wilmington, DE 19801
Phone: (302) 622-7000

Dated: Month DD, 20YY

By Order of the Court

Exhibit A-3

# PROOF OF CLAIM

*Type or print in the boxes below in CAPITAL LETTERS; do not use red ink, pencil or staples.*

## CLAIMANT INFORMATION

Beneficial Owner's First Name | Beneficial Owner's Last Name *as it appears on your brokerage statement*

Joint Beneficial Owner's First Name | Joint Beneficial Owner's Last Name *as it appears on your brokerage statement*

Mailing Address, including apartment, unit or box number

City | State | Zip Code

Foreign Province | Foreign Country

Social Security Number — — **OR** Taxpayer Identification Number — Primary Telephone Number — —

Email Address

Name of Custodian *if applicable*

## CLAIMANT TYPE

*Specify one* | ☐ Individual(s) | ☐ Corporation | ☐ UGMA Custodian | ☐ IRA, Keogh (specify) _____

☐ Partnership | ☐ Estate | ☐ Trust | ☐ Other _____

*Individual(s),* answer the following. If either question applies, state the position(s) held and dates of employment or affiliation.

☐ Yes ☐ No   Were you an employee of Apple Inc. at any time from August 24, 2001 through June 29, 2006, both dates inclusive?

☐ Yes ☐ No   Were you or are you an officer or director of Apple Inc.?

Positions(s) | Dates of Employment / Affiliation
__ — __ to __ — __
M M   Y Y   M M   Y Y

## CLAIMANT CERTIFICATION

1. I have read and understand the contents of the Notice and the Proof of Claim.
2. I purchased share(s) of Apple common stock between August 24, 2001, and June 29, 2006, both dates inclusive.
3. I (a) am not a Defendant, (b) am not a current or former director or officer of Apple, (c) was not an employee of Apple and/or its subsidiaries during the Class Period, and (d) am not a family member, trust, company, entity, or affiliate controlled or owned by any of those categories of persons or entities. I also have not filed a request to be excluded from the Class and do not know of any request to be excluded from the Class that was filed on my behalf.
4. I want to participate in the Settlement described in the Notice, and I agree to the terms and conditions thereof.
5. I have attached copies of sufficient supporting documentation for all transactions listed in the Schedule of Transactions in Apple Common Stock, in accordance with the instructions in this Proof of Claim and the Notice.
6. I understand and acknowledge that the information contained in this Proof of Claim is subject to verification by the Claims Administrator and the Court. I agree to furnish such additional information with respect to this Proof of Claim as the Claims Administrator or the Court may require.
7. I submit to the jurisdiction of the United States District Court for the Northern District of California with respect to this Proof of Claim. I understand that this Proof of Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to my status as a Class Member and the validity and amount of this Proof of Claim.
8. I agree to be bound by the Orders of this Court and the Court's summary determination of the validity and amount of this Proof of Claim.
9. I am NOT subject to backup withholding under the provisions of Section 3406(a)(1)(c) of the Internal Revenue Code. Note: If you have been notified by the Internal Revenue Service (IRS) that you are subject to backup withholding, please strike out the word "NOT."
10. I understand and acknowledge that if the Settlement is approved, the Court will enter an Order and Final Judgment dismissing the Action with prejudice. I further understand and acknowledge that, on and after the Effective Date, without further action, and for good and sufficient consideration, the receipt and adequacy of which are hereby acknowledged, (a) all Released Claims shall be fully, finally, and forever resolved, discharged and settled on the merits and with prejudice, and (b) I will be forever barred and enjoined from instituting, continuing, or prosecuting any action asserting any Released Claims against any Released Party.
11. I warrant and represent that I am authorized to execute and deliver this Proof of Claim.

**I/we certify under penalty of perjury under the laws of the United States of America that the foregoing information and the supporting documents attached hereto are true, correct, and complete to the best of my/our knowledge, information, and belief.**

Claimant/Beneficial Owner | Joint Claimant/Joint Beneficial Owner | Person Signing on Behalf of Claimant | Date Signed

Print Your Name | Print Your Name | Print Your Name & Capacity *Executor, President, Custodian, etc.*

**You must read and sign the Claimant Certification of each Proof of Claim submitted.**
**Failure to sign the Claimant Certification may result in a delay in processing your claim or the rejection of your claim.**

## SCHEDULE OF TRANSACTIONS IN APPLE COMMON STOCK

*Type or print in the boxes below in CAPITAL LETTERS; do not use red ink, pencil or staples.  All shares must be documented.*

1. The total number of shares of Apple common stock
   owned at the close of trading on August 23, 2001

2. For every purchase of Apple common stock from August 24, 2001 to June 29, 2006, both dates inclusive, provide:

| Trade Date *List Chronologically* MM · DD · YY | Number of Shares Purchased | Price per Share *Excluding commissions, taxes and fees* | Documentation Attached |
|---|---|---|---|
| ☐☐ – ☐☐ – ☐☐ | ☐☐☐ , ☐☐☐ . ☐☐ | ☐☐☐ . ☐☐☐ | ☐ |
| ☐☐ – ☐☐ – ☐☐ | ☐☐☐ , ☐☐☐ . ☐☐ | ☐☐☐ . ☐☐☐ | ☐ |
| ☐☐ – ☐☐ – ☐☐ | ☐☐☐ , ☐☐☐ . ☐☐ | ☐☐☐ . ☐☐☐ | ☐ |
| ☐☐ – ☐☐ – ☐☐ | ☐☐☐ , ☐☐☐ . ☐☐ | ☐☐☐ . ☐☐☐ | ☐ |
| ☐☐ – ☐☐ – ☐☐ | ☐☐☐ , ☐☐☐ . ☐☐ | ☐☐☐ . ☐☐☐ | ☐ |
| ☐☐ – ☐☐ – ☐☐ | ☐☐☐ , ☐☐☐ . ☐☐ | ☐☐☐ . ☐☐☐ | ☐ |

3. The total number of shares of Apple common stock purchased
   from June 30, 2006 to September 27, 2006, both dates inclusive

4. Please indicate the number of shares, if any, received from the
   stock split on February 28, 2005

5. For every sale of Apple common stock from August 24, 2001 to September 27, 2006, both dates inclusive, provide:

| Trade Date *List Chronologically* MM · DD · YY | Number of Shares Sold | Price per Share *Excluding commissions, taxes and fees* | Documentation Attached |
|---|---|---|---|
| ☐☐ – ☐☐ – ☐☐ | ☐☐☐ , ☐☐☐ . ☐☐ | ☐☐☐ . ☐☐☐ | ☐ |
| ☐☐ – ☐☐ – ☐☐ | ☐☐☐ , ☐☐☐ . ☐☐ | ☐☐☐ . ☐☐☐ | ☐ |
| ☐☐ – ☐☐ – ☐☐ | ☐☐☐ , ☐☐☐ . ☐☐ | ☐☐☐ . ☐☐☐ | ☐ |
| ☐☐ – ☐☐ – ☐☐ | ☐☐☐ , ☐☐☐ . ☐☐ | ☐☐☐ . ☐☐☐ | ☐ |
| ☐☐ – ☐☐ – ☐☐ | ☐☐☐ , ☐☐☐ . ☐☐ | ☐☐☐ . ☐☐☐ | ☐ |
| ☐☐ – ☐☐ – ☐☐ | ☐☐☐ , ☐☐☐ . ☐☐ | ☐☐☐ . ☐☐☐ | ☐ |

5. The total number of shares of Apple common stock
   owned at the close of trading on September 27, 2006

The **Trade Date** for the purchase or sale of Apple common stock is the date on which the actual trade order was made, not the date on which the funds were transferred in exchange for the shares, also known as the *settlement date*, which generally occurs later.

The **Price per Share** paid or received should exclude all commissions, taxes and fees.

You are required to attach copies of documentation sufficient to verify all identified transactions; documentation may be photocopies of brokerage confirmation slips or monthly statements. If you do not possess such documents, obtain copies or similar documentation from your broker or financial advisor. Failure to supply documentation could delay verification or may result in rejection of your claim.

If your trading activity during the Class Period exceeded fifty (50) transactions, you must provide all required purchase and sale information in an electronic file. For a copy of instructions and the parameters concerning electronic submissions, contact the Claims Administrator toll-free at 1-888-760-4869 or at www.AppleSecuritiesSettlement.com.

If you need additional space, attach separate, numbered sheets with the information provided in the same format as above; print your name and Social Security or Taxpayer Identification Number at the top of each additional sheet.

**PROOF OF CLAIM**, Page 2 of 2

## PROOF OF CLAIM INSTRUCTIONS

1.  If you purchased common stock of Apple Inc. ("Apple") between August 24, 2001, and June 29, 2006, both dates inclusive (the "Class Period"), you are a member of the Class in this Action and may be entitled to share in the Settlement. Excluded from the Class are Defendants, all current and former directors and officers of Apple, all employees of Apple and/or its subsidiaries during the Class Period, and any family member, trust, company, entity, or affiliate controlled or owned by any of the excluded persons and entities referenced above. Also excluded are persons and entities that exclude themselves by filing a request for exclusion in accordance with the requirements set forth in the Notice of Proposed Settlement, Settlement Fairness Hearing, and Motion for Attorneys' Fees and Expenses (the "Notice").

2.  It is important that you read and understand the Notice that accompanies this Proof of Claim. The Notice describes the proposed Settlement, how Class Members are affected by it, and how the Net Settlement Fund will be distributed, if the Settlement is approved by the Court. The Notice also contains the definitions of many of the terms (which are indicated by initial capital letters) used in this Proof of Claim. By signing and submitting this Proof of Claim, you will be certifying that you have read and understood the Notice.

3.  **TO PARTICIPATE IN THE SETTLEMENT, YOU MUST EITHER SUBMIT YOUR COMPLETED AND SIGNED PROOF OF CLAIM ONLINE AT WWW.APPLESECURITIESSETTLEMENT.COM BY NO LATER THAN MARCH 15, 2011, OR SEND IT BY FIRST-CLASS MAIL POSTAGE PRE-PAID POSTMARKED NO LATER THAN MARCH 15, 2011, ADDRESSED TO THE CLAIMS ADMINISTRATOR AT:**

    In re Apple Inc. Securities Litigation
    P.O. Box 6809
    Portland, OR 97228-6809

4.  If you fail to submit a timely, properly addressed, and completed Proof of Claim, you will be forever barred from receiving any payments pursuant to the Settlement, but you will nevertheless be bound by any judgment entered in this Action.

5.  Submission of this Proof of Claim does not ensure that you will share in the proceeds of the Settlement Fund. Distributions from the Settlement Fund are governed by the Plan of Allocation that is described in the Notice and is subject to the Court's approval.

6.  If you are not a Class Member, or if you, or someone acting on your behalf, file(s) a request for exclusion from the Class as set forth in the Notice, please do not submit a Proof of Claim.

7.  No cash payment will be made on a Recognized Claim where the distribution amount is less than $5.

8.  If you have questions or need assistance in filling out this Proof of Claim, please contact the Claims Administrator at the address above, toll-free at 1-888-760-4869, or at the website: www.AppleSecuritiesSettlement.com.

9.  This Proof of Claim must be completed by the actual owner ("Beneficial Owner"), or the legal representative of the Beneficial Owner, of Apple common stock upon which this Proof of Claim is based.

10. If you are an individual Beneficial Owner (as opposed to an entity Beneficial Owner), you must complete a separate Proof of Claim in each of the following situations:

    a.  If you own(ed) the share(s) by yourself, list your name as the "Beneficial Owner's Name"; provide your address, other contact information, and your social security number; select the "Individual(s)" box; and check the appropriate box(es) regarding any association with Apple.

    b.  If you own(ed) the shares(s) jointly with someone else, list your name as the "Beneficial Owner's Name"; list the co-owner's name as the "Joint Beneficial Owner's Name"; provide your address, other contact information, and your social security number; select the "Individual(s)" box; and check the appropriate box(es) regarding any association with Apple. Note that all Joint Beneficial Owners must sign the Proof of Claim.

    c.  If you own(ed) the share(s) in an IRA, Keogh, or UGMA custodial account, list your name as the "Beneficial Owner's Name"; provide your address, other contact information, and your social security number; list the name of the custodian of your IRA, Keogh, or UGMA account; select the "UGMA Custodian" or "IRA, Keogh" box; and check the appropriate box(es) regarding any association with Apple.

11. If the Beneficial Owner of the share(s) is an entity (e.g., a corporation, trust, estate, etc.), you should complete one Proof of Claim for the entity. List the name of the entity as the "Beneficial Owner's Name"; provide the address, other contact information, and taxpayer identification number for the entity; and select the appropriate box(es) to describe the type of entity. Note that you must submit a separate Proof of Claim for each entity.

12. If a legal representative of the Beneficial Owner(s), such as an agent, executor, administrator, guardian, conservator, custodian or trustee, completes the Proof of Claim, that representative must (i) identify the Beneficial Owner(s) represented by name, address, telephone number, Social Security or Tax Identification Number; (ii) expressly state the capacity in which the representative is acting on behalf of the Beneficial Owner(s); and (iii) provide proof of authority to act on behalf of the Beneficial Owner(s) (e.g., power of attorney, currently effective letter testamentary, letter of administration).

13. Attention nominees (banks, brokers, financial institutions): Any nominee may submit a Master Proof of Claim on behalf of multiple clients who are beneficial owners of Apple common stock. The Master Proof of Claim and related instructions are posted on the "Nominees" page at www.AppleSecuritiesSettlement.com. Master Proofs of Claim must be completed and either submitted online at www.AppleSecuritiesSettlement.com by no later than March 15, 2011, or sent by first-class mail postage pre-paid postmarked no later than March 15, 2011.

**Claims Administrator**
**In re Apple Inc. Securities Litigation**
**P.O. Box 6809**
**Portland, OR 97228-6809**

---

## REMINDER CHECKLIST

*CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.  PLEASE BE PATIENT.*

1. Please sign the Proof of Claim. If you are submitting the Proof of Claim on behalf of Joint Beneficial Owners, all Joint Beneficial Owners must sign.

2. Please do not send originals of securities certificates. Remember to attach only copies of supporting documents, including documentation showing opening and closing balances and transactions in Apple common stock, as set forth in the Schedule of Transactions on page 2.

3. If your address changes in the future, or if these documents were sent to an old or incorrect address, please send us written notification of your new address.

4. Please keep a copy for your records of your completed Proof of Claim and all documentation submitted.

5. You will not receive confirmation that your Proof of Claim has been received, unless you send it via Certified Mail, Return Receipt Requested, or by some other means that provides you with proof of receipt. You will bear all risks of delay or non-delivery of your claim.

6. **If you have any questions or concerns regarding your claim, contact the Claims Administrator at:**

**Claims Administrator**
**In re Apple Inc. Securities Litigation**
**P.O. Box 6809**
**Portland, OR 97228-6809**
**1-888-760-4869**
www.AppleSecuritiesSettlement.com

**To participate in the settlement, you must either submit your completed and signed Proof of Claim online at www.AppleSecuritiesSettlement.com by no later than March 15, 2011, or send it to the address above by first-class mail postage pre-paid postmarked no later than March 15, 2011.**