UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE APPLE INC. SECURITIES LITIGATION | Case No. C-06-5208-JF <br><br> <u>CLASS ACTION</u> |
| THIS DOCUMENTS RELATES TO: ALL ACTIONS | **[PROPOSED] ORDER AND FINAL JUDGMENT** |

1   On this _____ day of _____, 2011, a hearing having been held before
2   this Court to:
3   (i) finally determine whether this Action satisfies the applicable prerequisites for class
4   action treatment under Rules 23(a) and (b) of the Federal Rules of Civil Procedure;
5   (ii) determine whether the terms and conditions of the Stipulation, which is
6   incorporated herein by reference, is fair, reasonable, and adequate and should be finally approved
7   by the Court;
8   (iii) determine whether judgment should be entered dismissing the Action with
9   prejudice;
10  (iv) determine whether the release of the Released Claims, as set forth in the
11  Stipulation, should be provided to the Released Parties;
12  (v) determine whether the proposed Plan of Allocation for the distribution of the Net
13  Settlement Fund is fair and reasonable, and should be approved by the Court; and
14  (vi) consider the application of Plaintiffs' Lead Counsel for an award of Attorneys'
15  Fees and Expenses.
16  It appearing that a notice of the hearing substantially in the form approved by the Court
17  was mailed to all Class Members reasonably identifiable;
18  It appearing that a summary notice of the hearing substantially in the form approved by
19  the Court was published in *Investor's Business Daily* and transmitted over *Business Wire*, in
20  accordance with the Court's Amended Order Preliminarily Approving Settlement, Directing
21  Notice of Settlement, and Scheduling Settlement Fairness Hearing entered on _____,
22  2010 ("Preliminary Approval Order");
23  It appearing that due notice of the Settlement Fairness Hearing was given in accordance
24  with the Preliminary Approval Order; the respective parties having appeared by their attorneys of
25  record; the Court having heard and considered evidence in support of the Settlement; the
26  attorneys for the respective parties having been heard; an opportunity having been given to all
27  other persons requesting to be heard in accordance with the Preliminary Approval Order; the
28  Court having determined that Notice to the Class certified in the Action pursuant to the

1  Preliminary Approval Order was adequate and sufficient; and the Settlement having been
2  considered by the Court; and
3        The Court, having considered all matters submitted to it at the hearing and otherwise
4  having determined the fairness and reasonableness of the Settlement of the claims of the Class
5  Members against the Defendants.
6        NOW, THEREFORE, IT IS HEREBY ORDERED THAT:
7        1.    This Order incorporates by reference the definitions in the parties' Amended
8  Stipulation and Agreement of Settlement dated as of November 12, 2010 ("Stipulation"), and all
9  capitalized terms used herein shall have the same meaning as set forth in the Stipulation.
10       2.    This Court has jurisdiction over the subject matter of the Action and over all
11 parties to the Action, including all Class Members.
12       3.    Each of the provisions of Rule 23(a) of the Federal Rules of Civil Procedure has
13 been satisfied and the Action has been properly maintained according to the provisions of Rule
14 23(b) of the Federal Rules of Civil Procedure.  Based on the record in the Action, the Court finds
15 and orders that (a) the Class as defined in the Preliminary Approval Order is so numerous that
16 joinder of all members is impracticable; (b) there are questions of law and fact common to the
17 Class that, as to the Settlement and related matters, predominate over individual questions;
18 (c) Lead Plaintiff's claims are typical of the claims of the Class; (d) Lead Plaintiff will fairly and
19 adequately protect and represent the interests of the Class; and (e) a class action is superior to
20 other available methods for the fair and efficient adjudication of this controversy.  The Action is
21 certified for settlement purposes as a class action pursuant to Rules 23(a) and 23(b)(3) of the
22 Federal Rules of Civil Procedure on behalf of a class consisting of all persons and entities that
23 purchased Apple common stock during the Class Period.  Excluded from the Class are
24 Defendants, all current and former directors and officers of Apple, and all employees of Apple
25 and/or its subsidiaries during the Class Period, and any family member, trust, company, entity, or
26 affiliate controlled or owned by any of the excluded persons and entities referenced above.  Also
27 excluded from the Class are all the persons and entities listed on Exhibit 1 attached hereto, each
28 of whom filed a valid and timely request for exclusion from the Class.

4. The Court finds that the form and content of the Notice, Publication Notice, and Proof of Claim, and the procedures for publication, mailing, and distribution thereof as set forth in the Preliminary Approval Order, satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, 15 U.S.C. § 78u-4(a)(7), and due process, and constitute the best notice practicable under the circumstances. A full opportunity has been offered to Class Members to object to the Settlement, the Plan of Allocation, and Plaintiffs' Lead Counsel's application for an award of Attorneys' Fees and Expenses, to participate in the Settlement Fairness Hearing, and to request exclusion from the Class. Thus, it is determined that all Class Members who did not validly and timely request to be excluded from the Class as required by the Notice and the Preliminary Approval Order are bound by this Order and Final Judgment.

5. The adequacy of representation by Lead Plaintiff is consistent with the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and the Private Securities Litigation Reform Act ("PSLRA").

6. The Settlement is approved as fair, reasonable and adequate, and in the best interests of the Class Members. The Stipulation and Settlement are finally approved in all respects, and the Settling Parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

7. The Court finds that during the course of the Action, Plaintiffs, Defendants and their respective counsel have at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

8. The Action is dismissed with prejudice. The Released Claims are fully, finally, and forever resolved, discharged and settled on the merits and with prejudice. The Released Parties and Class Members are forever barred and enjoined from instituting, continuing, or prosecuting any action asserting any Released Claims against any Released Party.

9. The Stipulation and any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement, or any negotiation, discussion or proceedings in connection with the Stipulation or the Settlement:

    a. shall not be offered or received against Released Defendants as evidence of

- 3 -

FINAL JUDGMENT
C-06-5208-JF

or construed as or deemed to be evidence of any presumption, concession, or admission by any Released Defendants with respect to the truth of any fact alleged by any Plaintiffs or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of or by Released Defendants;

      b.    shall not be offered or received against Released Defendants as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any Released Defendants;

      c.    shall not be offered or received against Released Defendants as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any Released Defendants, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided however, that Released Defendants may refer to the Stipulation to effectuate the rights and liability protections granted to them hereunder; or

      d.    shall not be construed against Released Defendants as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial.

10.    The Released Parties may file the Stipulation and/or the Order and Final Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment for or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11.    Exclusive jurisdiction is retained over the Settling Parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order and Final Judgment.

12.    The finality of this Order and Final Judgment shall not be affected, in any manner, by rulings that the Court may make on the motion for approval of the Plan of Allocation or

1  regarding the amount of Attorneys' Fees and Expenses to be awarded pursuant to Plaintiffs' Lead
2  Counsel's application for Attorneys' Fees and Expenses.

3        13.    Apple shall have no obligation to make any payment into the Settlement Fund
4  except as specifically provided in the Stipulation.

5        14.    There shall be no distribution of any of the Settlement Fund to any Authorized
6  Claimant until after the Effective Date and after: (i) all Proofs of Claim have been processed, and
7  all Claimants whose Proofs of Claim have been rejected or disallowed, in whole or in part, have
8  been notified and provided the opportunity to be heard concerning such rejection or disallowance;
9  (ii) all objections with respect to all rejected or disallowed Proofs of Claim have been resolved by
10 the Court, and all appeals therefrom have been resolved or the time therefor has expired; (iii) all
11 matters with respect to attorneys' fees, costs, and disbursements have been resolved by the Court,
12 all appeals therefrom have been resolved or the time therefor has expired; and (iv) all costs of
13 administration have been paid.

14       15.    In the event that the Settlement does not become effective in accordance with the
15 terms of the Stipulation, or the Effective Date does not occur, this Order and Final Judgment shall
16 be rendered null and void and shall be vacated and, in such event, all orders entered and releases
17 delivered in connection herewith shall be null and void, and the Settlement Fund or any portion
18 thereof or interest thereon, shall be returned to Apple as provided in the Stipulation.

19       16.    The Plan of Allocation is approved as fair and reasonable, and the Claims
20 Administrator is directed to administer the Settlement in accordance with the terms and
21 provisions of the Stipulation.

22       17.    Plaintiffs' Counsel are awarded Attorneys' Fees and Expenses in the amount of
23 _____ for reasonable costs and expenses incurred in the representation of the Class.
24 The Court finds that the amount of Attorneys' Fees and Expenses awarded is fair and reasonable.
25 The foregoing award of Attorneys' Fees and Expenses shall be paid by Apple to Plaintiffs' Lead
26 Counsel at the time and in the manner provided in the Stipulation.  The award of Attorneys' Fees
27 and Expenses shall be allocated among Plaintiffs' Counsel in a fashion which, in the opinion of
28 Plaintiffs' Lead Counsel, fairly compensates Plaintiffs' Counsel for their respective contributions

1  in the prosecution of the Action.

2      18.    There is no just reason for delay in the entry of this Order and Final Judgment and

3  immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the

4  Federal Rules of Civil Procedure.

5      **IT IS SO ORDERED.**

7  DATED: _____

8                                                     The Honorable Jeremy Fogel
                                                   United States District Judge

10  Submitted by:

11  GEORGE A. RILEY (S.B. #118304)
O'MELVENY & MYERS LLP
Two Embarcadero Center
12  28th Floor
San Francisco, California  94111-3828
13  Telephone:   (415) 984-8700
Facsimile:   (415) 984-8701
14  E-Mail:      griley@omm.com

15  Attorneys for Defendant APPLE INC.

16  DOUGLAS R. YOUNG (S.B. #73248)
FARELLA BRAUN & MARTEL LLP
17  Russ Building
235 Montgomery Street, 17th floor
18  San Francisco, California 94104
Telephone:   (415) 954-4400
19  Facsimile:   (415) 954-4480
E-Mail:      dyoung@fbm.com

20
Attorneys for Defendants
21  STEVEN P. JOBS, WILLIAM V. CAMPBELL,
MILLARD S. DREXLER, ARTHUR D.
22  LEVINSON and JEROME B. YORK

| | |
|---|---|
| 1 | JEROME C. ROTH (S.B. #159483) |
|   | YOHANCE C. EDWARDS (S.B. #237244) |
| 2 | MUNGER, TOLLES & OLSON LLP |
|   | 560 Mission Street, 27th Floor |
| 3 | San Francisco, California 94105 |
|   | Telephone: (415) 512-4000 |
| 4 | Facsimile: (415) 512-4077 |
|   | E-Mail: Jerome.Roth@mto.com |
| 5 | Yohance.Edwards@mto.com |

Attorneys for Defendants
FRED D. ANDERSON and NANCY R. HEINEN

JAY W. EISENHOFER (*admitted pro hac vice*)
MICHAEL J. BARRY (*admitted pro hac vice*)
GRANT & EISENHOFER P.A.
Chase Manhattan Centre
1201 N. Market Street
Wilmington, Delaware 19801
Telephone: (302) 622-7000
Facsimile: (302) 622-7100
E-Mail: jeisenhofer@gelaw.com
mbarry@gelaw.com

MERRILL GLEN EMERICK (SB# 117248)
ANDERLINI & EMERICK LLP
411 Borel Avenue, Suite 501
San Mateo, California 94402
Telephone: (650) 242-4884
Facsimile: (650) 212-0081

Attorneys for Lead Plaintiff
THE NEW YORK CITY EMPLOYEES'
RETIREMENT SYSTEM

PATRICE L. BISHOP (S.B. #182256)
HOWARD T. LONGMAN
STULL, STULL & BRODY
10940 Wilshire Boulevard, Suite 2300
Los Angeles, California 90024
Telephone: (310) 209-2468
Facsimile: (310) 209-2087
Email: pbishop@ssbla.com

GARY S. GRAIFMAN
KANTROWITZ, GOLDHAMER & GRAIFMAN
747 Chestnut Ridge Road
Chestnut Ridge, New York 10977
Telephone: (845) 356-2570
Facsimile: (845) 356-4335

Attorneys for Plaintiffs
MARTIN VOGEL and KENNETH MAHONEY