# Exhibit A

JAY W. EISENHOFER (*admitted pro hac vice*)
MICHAEL J. BARRY (*admitted pro hac vice*)
GRANT & EISENHOFER P.A.
Chase Manhattan Centre
1201 N. Market Street
Wilmington, Delaware 19801
Telephone:   (302) 622-7000
Facsimile:   (302) 622-7100
E-Mail:       jeisenhofer@gelaw.com
                  mbarry@gelaw.com

*Attorneys for Lead Plaintiff New York City Employees' Retirement System*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| IN RE APPLE INC. SECURITIES LITIGATION | CASE NO. C-06-05208-JF <br><br> <u>CLASS ACTION</u> <br><br> **DECLARATION OF CAROLYN WOLPERT IN SUPPORT OF LEAD PLAINTIFF'S MOTION FOR FINAL APPROVAL OF THE PROPOSED SETTLEMENT** <br><br> Date:         February 18, 2011 <br> Time:         9:00 a.m. <br> Courtroom: 3, 5th Floor <br> Judge:       Hon. Jeremy Fogel |

DECLARATION OF CAROLYN WOLPERT
CASE NO.. C-06-05208-JF

I, Carolyn Wolpert, Esquire, hereby declare, under penalty of perjury, as follows:

1. I am the Deputy Division Chief, Pensions Division of the New York City Law Department. My duties include providing legal advice to the New York City Employees' Retirement System ("NYCERS"), and since October of 2006 I have provided advice to NYCERS in the above-captioned action (the "Action"). I have represented NYCERS in the prosecution and settlement of this Action and have had regular contact with NYCERS' outside counsel, Grant & Eisenhofer, P.A. ("Grant & Eisenhofer"), regarding the Action.

2. I submit this Declaration in support of the final approval of: (i) the proposed Settlement; and (ii) an award of attorneys' fees and reimbursement of expenses to Grant & Eisenhofer. NYCERS takes no position, but does not oppose, the request for an award of fees and reimbursement of expenses made by any other plaintiffs' counsel in the Action.

3. I make this Declaration based upon my personal knowledge upon information made available to me in my official capacity and upon belief that the information herein is truthful and reliable.

**A.   General Background**

4. The New York City Law Department ("NYC Law Department") is charged with providing legal representation of NYCERS. In that role, the NYC Law Department oversees and supervises all of the activities of outside law firms representing NYCERS.

5. I, along with others in the NYC Law Department and the Office of the New York City Comptroller (the "NYC Comptroller's Office"), have been actively involved in all aspects of the prosecution of the Action, and have overseen and supervised the activities of Grant & Eisenhofer on behalf of the NYCERS and the Class. Among other things, we: (i) reviewed, commented on, revised and approve significant pleadings, briefs and other papers before they were exchanged and/or filed; reviewed significant pleadings, briefs and other papers received from the Defendants in this Action; (iii) had regular telephonic and email communications, as well as in-person meetings, with attorneys from Grant & Eisenhofer regarding strategy and developments in the Action; and (iv) participated in the

DECLARATION OF CAROLYN WOLPERT
CASE NO.. C-06-05208-JF                                                                                                                  1

mediation sessions and subsequent discussions with Defendants on behalf of the NYCERS and the Class.

6. The NYC Law Department also required Grant & Eisenhofer to provide regular status reports concerning the Action, including a general overview of litigation developments and significant strategic decisions.

**B.   Settlement Discussions**

7. At various times throughout the course of the Action, the parties had preliminary discussions regarding the possibility of settlement, but NYCERS consistently insisted that any settlement include a significant payment for distribution to Class members and such discussions with Defendants were not fruitful.

8. On May 19 and 20, 2010, the parties in the Action engaged in a formal mediation process facilitated by Jonathan Marks, of Marks ADR LLC, at the offices of O'Melveny & Myers, in New York City. In addition to myself, Ricardo E. Morales, Deputy Comptroller for Legal Affairs, and Valerie Budzik, First Deputy General Counsel from the NYC Comptroller's Office participated on behalf of NYCERS.

9. Following this mediation session, the parties reached an agreement in principle to settle the Action under terms that would require Apple to establish a fund for distribution to the Class in the amount of $14 million, pay an additional $2.5 million to certain corporate governance programs at designated universities across the country to be designated by NYCERS, to pay all administrative fees and attorneys fees separately so as not to reduce the fund to be distributed the Class. The parties also agreed to continue discussions regarding potential corporate governance reforms to be considered by Apple.

10. On September 28, 2010, after considerable negotiations, the Settling Parties entered into a stipulation and agreement to settle the Action under terms that would require Apple to establish a fund for distribution to the Class in the amount of $14 million, establish a fund of $2.5 million to be distributed to certain designated corporate governance programs at twelve universities located across the country, to pay all administrative fees and attorneys fees in an amount to be approved by the Court not

to exceed $2 million, and to reimburse Plaintiffs' counsel reasonable out of pocket expenses in an amount to be approved by the Court not to exceed $450,000, and to implement certain corporate governance reforms.

11. On November 12, 2010, the Settling Parties entered into an amended stipulation and agreement to settle the Action by increasing the fund established for distribution to the Class by $2.5 million, bringing the fund to a total of $16.5 million in cash to be paid by Apple, eliminating the separate $2.5 million fund to be distributed to designated corporate governance programs, and providing that any amount remaining in the settlement fund after distribution to the Class would be distributed to nine designated corporate governance programs that were among the twelve previously designated as proposed recipients of the originally contemplated $2.5 million fund.

12. The NYC Law Department and the NYC Comptroller's Office actively supervised and commented on the terms of the proposed settlement and its memoralization in the Stipulation and Agreement of Settlement and related documents.

13. Based on our involvement in the prosecution and settlement of this Action, the NYC Law Department endorses the settlement and believes that it provides an excellent result for the Class.

**C.    The Plan of Allocation**

14. Based on the explanation of the analysis of the proposed Plan of Allocation, the NYC Law Department also endorses the proposed Plan of Allocation. We understand that the Plan represents a fair and reasonable method for valuing claims submitted by class members, and for distributing the net settlement funds to class members who submit valid and timely claim forms.

**D.    Grant & Eisenhofer's Fee and Expense Application**

15. The NYC Law Department endorses the application made by Grant & Eisenhofer for an award of attorneys fees in the amount of $1.5 million. This amount represents 7.5% of the total economic value of the Settlement (excluding attorneys' expenses), and equals approximately 9.1% of the $16.5 million Settlement Fund to be distributed to the Class (although all attorneys fees and expenses will be paid *in addition to* and not out of the Settlement Fund).

18. The NYC Law Department has also reviewed the litigation expenses incurred by Grant & Eisenhofer in this case, and the NYC Law Department further believes that the litigation expenses being requested for reimbursement were reasonable and necessary for the prosecution and successful resolution of the Action.

I declare under penalty of perjury that the foregoing statements are true and correct.

Executed this 7 day of January, 2011.

Carolyn Wolpert
Deputy Division Chief
Pensions Division
New York City Law Department