Exhibit E

**KANTROWITZ, GOLDHAMER & GRAIFMAN, P.C.**
747 Chestnut Ridge Road
Chestnut Ridge, New York 10977
Tel: 845-356-2570
Fax: 845-356-4335
ggraifman@kgglaw.com

*Co-Counsel for Plaintiffs*
*Martin Vogel and Kenneth Mahoney*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

---------------------------------------------------------------X

IN RE: APPLE INC.,                                     :
SECURITIES LITIGATION                          :       Master File No. C06-05208-JF
                                                                      :
---------------------------------------------------------------X      DATE:      February 18, 2011
This Document Relates to:                        :       TIME:     9:00 a.m.
                                                                      :       CRTRM:  3, 5th Floor
          ALL ACTIONS                               :       JUDGE:   Hon. Jeremy D. Fogel
---------------------------------------------------------------X

**DECLARATION OF GARY S. GRAIFMAN**
**IN SUPPORT OF APPLICATION FOR AWARD OF**
**ATTORNEYS' FEES AND EXPENSES FILED**
**ON BEHALF OF KANTROWITZ GOLDHAMER & GRAIFMAN, P.C.**

GARY S. GRAIFMAN, being duly sworn, hereby declares under the penalties of

perjury as follows:

1.       I am a partner with the firm of Kantrowitz, Goldhamer & Graifman, P.C

("KGG" hereinafter).  I submit this Declaration in support of my firm's application for an

award of attorneys' fees in connection with the services rendered by KGG in the course of

the above-captioned securities class action litigation (the "Litigation").

2.       I am a graduate of New York Law School and have been a practicing attorney

since 1981.  I am admitted to practice before the state and federal courts of New York and

New Jersey.  I have specialized in the field of securities class action and derivative

litigation as well as consumer class action litigation.  My firm and I regularly represent

plaintiffs in federal and state courts in various jurisdictions throughout the United States,

including California. KGG has been appointed lead counsel or co-lead counsel in

numerous cases throughout the country which have successfully resolved in favor of

plaintiffs.  For 2010 and 2011, the last two years, I have been chosen as a *New Jersey*

1   counsel and I followed the matter's progress very closely since we had initiated the matter

2   and filed the first and operative complaint.  In November 2007, the Court granted the

3   defendants' motion to dismiss the complaint.  Thereafter, on May 14, 2008, the Court also

4   denied NYCERS' motion to amend the complaint further which sought to reintroduce the

5   claims initially asserted under Sections 10(b) and 20(a) of the Securities Exchange Act of

6   1934 (the "Exchange Act").  As a result, the initial plaintiffs we represented, Mssrs. Vogel

7   and Mahoney through our firm and co-counsel, discussed the re-filing of an action by our

8   respective firms to preserve those Exchange Act claims.  As a result, thereafter, in June

9   2007, we researched, drafted and filed another class action complaint which preserved and

10  reasserted the Section 10(b) and 20(a) claims under the Exchange Act.  The matter was

11  filed in this Court under the caption styled *Martin Vogel and Kenneth Mahoney v. Apple*

12  *Inc. et al.*, Case No. 5:08-cv-03123-JF (N.D. Cal.) ("*Vogel II*").  *Vogel II* provided a

13  substantial benefit to the class as it preserved viable Exchange Act claims which ultimately

14  contributed to the settlement of the matter.  Thereafter, in cooperation with NYCERS' lead

15  counsel we also sought and obtained a stay of the *Vogel II* action pending the determination

16  by the Ninth Circuit Court of Appeals on the appeal pursued by NYCERS relating to the

17  denial of its motion seeking to amend the complaint in *Vogel I* to add in the Exchange Act

18  claims as well.  After NYCERS was successful in their appeal, we coordinated our action

19  in *Vogel II* with the NYCERS action in *Vogel I* and had the matters consolidated.

20      4.   Thereafter, we consulted and conferred with counsel for NYCERS, in their role

21  as lead counsel, as they moved the matter forward.  In particular, we engaged in various

22  strategy discussions and review of documents concerning the potential settlement

23  negotiations with defendants.  My co-counsel also attended the mediation sessions and kept

24  me personally informed throughout.  I also conveyed the information to our respective

25  client, Mr. Mahoney and engaged in discussions with him as to the case's progress, the

26  settlement discussions and ultimately, the terms of the proposed settlement.  I also

27  received, reviewed and commented upon the settlement agreement and the various

28  settlement documents in the matter.

DECLARATION OF GARY S. GRAIFMAN IN SUPPORT OF APPLICATION FOR
AWARD OF ATTORNEYS' FEES - MASTER FILE NO. C06-05208-JF

1     5.     As co-counsel for Plaintiffs, the attorneys of my firm were involved in

2  performing a varied number of tasks including the following, among others: reviewing the

3  public filings of Apple which were implicated in the matter including the various Form 10-

4  K's, Form 10-Q's and various Proxy forms filed by Apple with the SEC; determining

5  which officers, directors and committee members were potentially liable for the

6  complained of issuance of back-dated options; tracking the various options to assert with

7  particularity which allegedly involved backdating; communicating with our expert as to the

8  potential liability and identifying of backdated options and damages; researching

9  reviewing, revising and editing drafts of the initial Class Action Complaint; arranging for

10  notice publication required under the PSLRA, discussing the matter with various

11  shareholders responding to the PSLRA notices; reviewing the Court's decisions on the

12  motion to dismiss and the motion to amend the complaint by NYCERS in *Vogel I*;

13  researching and reviewing the required course of action to preserve the claims under the

14  Exchange Act; drafting and revising the second complaint filed in *Vogel II*; making

15  application for a stay and seeking and drafting documents to consolidate *Vogel II* with

16  *Vogel I*; engaging in various settlement discussions, including the mediation process with

17  lead counsel and defense counsel; assisting in the drafting, reviewing, commenting upon

18  and revising the various settlement documents.

19     6.     The chart attached hereto as Exhibit "1" contains a summary of the time spent

20  by the attorneys, law clerks and paralegals of my firm on the Litigation, and the lodestar

21  calculation based on my firm's current billing rates.  The chart includes the name of each

22  attorney, law clerk or paralegal who worked on the Litigation, the hours expended and their

23  current hourly billing rate.  The chart was prepared from contemporaneous, daily time

24  records regularly prepared and maintained by my firm.  Time spent in preparing this

25  Certification in support of my firm's application for fees and reimbursement of expenses

26  and any other time related to billing or periodic time reporting has not been included in this

27  chart summarizing my firm's hours and lodestar.  The total hours incurred by the firm in

28  this litigation is 289 hours.  The total lodestar of the firm is $172,068.

4

DECLARATION OF GARY S. GRAIFMAN IN SUPPORT OF APPLICATION FOR
AWARD OF ATTORNEYS' FEES - MASTER FILE NO. C06-05208-JF

7.      The hourly rates for the attorneys and professional support staff in my firm included in Exhibit "1" are the same as the regular current rates charged for their services in non-contingent matters and/or which have been accepted in other securities or shareholder derivative litigation.

8.      My firm's lodestar figures are based upon the firm's billing rates, which rates do not include charges for expense items.  Expense items are billed separately and such charges are not duplicated in my firm's billing rates.

9.      As detailed in Exhibit "2," KGG has incurred a total of $ 3,628.94 in expenses in connection with the prosecution of this Litigation for which the firm has not yet been reimbursed.

10.     The expenses incurred in this action are reflected on the books and records of the firm.  These books and records are prepared from expense vouchers, check records and other source materials and are an accurate record of the expenses incurred.

11.     With respect to the standing of counsel in this case, attached hereto as Exhibit "3" is a brief biography of my firm, as well as a brief biography of the attorneys who were principally involved in this Litigation.

**WHEREFORE,** we respectfully request that the Court approve the application for an award of counsel fees and reimbursement of counsel's expenses.

I declare the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated:    January 4, 2011

_____
GARY S. GRAIFMAN

DECLARATION OF GARY S. GRAIFMAN IN SUPPORT OF APPLICATION FOR
AWARD OF ATTORNEYS' FEES - MASTER FILE NO. C06-05208-JF

# EXHIBIT 1

# EXHIBIT 1

## KANTROWITZ ,GOLDHAMER & GRAIFMAN, P.C.
## LODESTAR REPORT FOR
## APPLE COMPUTER OPTIONS BACKDATING CLASS ACTION

| ATTORNEY/PARALEGAL | STATUS | HOURS | RATE/HR | TOTAL |
|---|---|---|---|---|
| Gary S. Graifman | P | 155.30 | $725 | 112,592.50 |
| Michael L. Braunstein | SA | 67.80 | $625 | 42,375.00 |
| Peter L. Benza | A | 15.00 | $550 | 8,250.00 |
| Stella Gilsenan | PL | 39.50 | $175 | 6,912.50 |
| M. Lisa Meyers | PL | 11.40 | $170 | 1,938.00 |
| TOTAL | | 289.0 | | $172,068.00 |

STATUS KEY:   P =   Partner
              SA = Senior Associate
              A=    Associate
              PL= Paralegal

# EXHIBIT 2

## EXHIBIT 2

**KANTROWITZ ,GOLDHAMER & GRAIFMAN, P.C.
EXPENSE REPORT FOR
IN RE APPLE, INC. SECURITIES LITIGATION
FROM INCEPTION THROUGH DECEMBER 31, 2010**

| Category | Amount |
|---|---|
| Computer Research and Electronic Document Retrieval (Westlaw, Lexis, Nexis, etc.) | $ 3,319.65 |
| Facsimile Fees | $ 67.00 |
| Filing Fees | $ 225.00 |
| L/D Telephone | $ 17.29 |
| **TOTAL** | **$ 3,628.94** |

# EXHIBIT 3

## KANTROWITZ, GOLDHAMER & GRAIFMAN, P.C.
### 210 Summit Avenue
### Montvale, New Jersey 07645
Tel: 201-391-7000
Fax: 201-307-1086
-and-
### 747 Chestnut Ridge Road
### Chestnut Ridge, New York 10977
Tel: 845-356-2570
Fax: 845-356-4335
website: www.kgglaw.com

## <u>THE FIRM</u>

**KANTROWITZ, GOLDHAMER & GRAIFMAN**, is a full-service law firm (the "Firm") with offices located in Montvale, New Jersey, at 210 Summit Avenue, Montvale, New Jersey 07645 and with offices at 747 Chestnut Ridge Road, Chestnut Ridge, New York.

The Firm is managed by its four (4) partners, PAUL B. GOLDHAMER, BARRY S. KANTROWITZ, GARY S. GRAIFMAN and RANDY J. PERLMUTTER

Among the various areas of law practiced by the Firm, the Firm specializes in commercial litigation and class action litigation, which is managed by Gary S. Graifman of the Firm (see below).

The Firm has a total of twelve (12) attorneys, including the four partners.  There are five (5) associates and twelve (12) support personnel (paralegals, secretaries and bookkeeping), as well as three (3) of counsel attorneys at the firm's offices.  The biographical information of Gary S. Graifman, partner in charge of this matter, is set forth below.

<u>**Gary S. Graifman, Esq.**</u> is a partner in the firm of **KANTROWITZ, GOLDHAMER & GRAIFMAN**.  Prior to joining the firm, he was a partner in the firm of ATLAS & GRAIFMAN in New York City, New York.  Mr. Graifman specializes in

the area of commercial litigation and securities and consumer class action litigation. He is admitted to practice before the courts of the State of New York, the State of New Jersey, the United States Federal Courts for the Southern District of New York, the Eastern District of New York, the District of New Jersey, the United States Court of Appeals for the Second Circuit and the Eighth Circuit. He is also a member of the Class Action Committee of the New Jersey State Bar Association. Mr. Graifman has litigated numerous cases involving complex business litigation and employment law. He has litigated a number of cases resulting in reported decisions, including cases of first impression. Mr. Graifman has recently been selected as a *New Jersey Super Lawyer* by Super Lawyers Magazine in its 2010 Edition, based upon his class action litigation expertise.

In a recent settlement in New Jersey Superior Court, Monmouth County, of a nationwide consumer fraud class action on behalf of 11,000 businesses which had been defrauded by the telephone company, Norvergence, and various equipment leasing companies, the New Jersey Superior Court approved a partial settlement with CIT Technology Financing, U.S. Bancorp, De Lage Laden Leasing and two other leasing companies on June 30, 2006. The firm, Kantrowitz Goldhamer & Graifman, was Co-Lead Counsel.

The presiding Judge, Judge Robert Coogan stated that: "The class counsel at bar ...are well qualified, they are experienced in class action litigation. Counsel have vigorously pursued this litigation in this court, and although it's a rounded number, it has been two years, almost. [W]hat was shown here and what leads me to acknowledge this is the dimension, the worthiness, the scope of the advocacy, and the overall professional presentation, both in terms of the pleadings and here in the courtroom. There's also one

other thing that I think as a jurist we judges fail to take note of, but now is the appropriate time to do it, it's the concept of collegiality. Collegiality amongst yourselves, collegiality of yourselves to the Court. And then I say collegiality amongst yourselves I mean that without there being one ounce of sacrifice of the responsibility that each of you have as a litigator to advocate. There has been full advocacy here, but it's been done with a recognition of that other asset, which is collegiality. The record will confirm counsel have done it this morning, that this pursuit has been vigorous. There has been extensive document discovery conducted here, depositions were conducted. And all of that to a point prior, prior to the time of beginning the time to, process of trying to resolve the case. ... I'm satisfied that counsel who have accepted the responsibility of appearing on behalf of the named plaintiffs have fairly and adequately represented the interest of the class. Adequately I use only because that's the standard. The reality here is that it was superior work."

In another settlement in New Jersey Superior Court, Bergen County, of a nationwide class action against the vehicle manufacturer DaimlerChrysler, alleging defective brake assemblies for Jeep Grand Cherokees, Mr. Graifman served as co-lead counsel for the class. In approving the settlement, the Court (Hon. Jonathan N. Harris, New Jersey Super. Ct., Bergen Co.) stated: "[P]laintiffs' counsel engaged in careful and extensive research, investigation, and analysis of the facts and circumstances surrounding the conduct of defendants' business practices. I conclude that class counsel have a sufficient basis upon which to assess the strengths and weaknesses of the claims and the terms of the settlement."

Furthermore, in a matter recently settled in the U.S. District Court for the Northern District of California, in which Mr. Graifman and the Firm were co-lead counsel (entitled *In re Rambus Inc. Securities Litigation*, 06-cv-4346 (N.D. Ca.)), and which involved an $18 million settlement approved by the Court in a securities fraud matter involving backdated options, U.S. District Court Judge, Jeremy Fogel, stated in approving the settlement that "[i]t appears that the class will receive more money than is typical in these types of cases, certainly in backdating cases. This is a substantial settlement. So, I am satisfied in terms of an independent review and adequacy of the settlement that it is fair and adequate." (From Transcript of Final Approval Hearing, dated May 14, 2008).

The following represent examples of class action, complex business litigation and reported cases of note **Mr. Graifman** and the firm have taken an active role in:

1.  **In re Rambus Securities Inc. Litigation**., 06-c-v4346-JF (N.D. Cal.) **Mr. Graifman** and the Firm served as Co-Lead Counsel for the class in this securities class action involving allegations of backdating of options. The matter was settled for $18.33 million and approved on May 14, 2008.

2.  **Heverly v. Symantec Corp.**, 1-05-cv-053711, Santa Clara Co., Cal. (Komar, J.). **Mr. Graifman** and the firm served as Co-Lead Counsel in a nationwide class action settlement, approved October 8, 2009, involving reimbursement of tens of thousands of Norton internet antivirus customers whose subscriptions were unduly shortened upon selecting an upgraded subscription. Settlement also involved substantial remedial relief as to the Company's disclosure of policy.

3.  **Lubitz, et al. v. DaimlerChrysler Corp.**, BER-L-4883-04 (New Jersey Superior Court, Bergen Co.) **Mr. Graifman** and the Firm served as Co-Lead Counsel for the class in this consumer action against DaimlerChrysler Corp. The Court certified a nationwide settlement class and approved a settlement valued at $14.5 million to owners of Jeep Grand Cherokees, model years 1999 through 2004.

4. **In re: Painewebber Limited Partnership Litigation**, 94 Civ. 8547 (SHS) (S.D.N.Y.)  Court approved a settlement involving a fund of approximately $200 million dollars.  This suit was first initiated by KANTROWITZ, GOLDHAMER & GRAIFMAN, P.C. and two other firms in Texas.  The case later expanded to cover a multitude of other claims and was settled in a consolidated New York action.

5. **In re NICE Systems, Ltd. Securities Litigation**,  Master File No. 2:01cv737 (JAG)(U.S. District Ct., D. New Jersey).  **Mr. Graifman** and the Firm served as Liaison Counsel for the class in this securities fraud class action litigation which settled for $ 10 million dollars and was approved by the Court on April 7, 2003.

6. **MARTINEZ v DISTRICT 1199J NEW JERSEY BENEFIT FUND**, et al., Docket No. 97cv3381 (WJM) (U.S. District Court D. New Jersey).  **Mr. Graifman** and the Firm served as Lead Counsel in certified class action against Union Benefit Fund in which claims alleging violation of ERISA were upheld.  The case was fully litigated to final judgment for the plaintiff class and thereafter, upon execution on the judgment was satisfied with full payment being made to reimburse class members 100% of their losses  (Union Members received full reimbursement for all medical bills paid out-of-pocket during the class period).

7. **In re PHARMAPRINT, Inc. Securities Litigation**, Master File No. 00cv61 (JAP) (U.S. District Ct., D. New Jersey).  Firm was Co-Lead Counsel for the plaintiff class in this securities fraud class action which settled for $ 2.3 million dollars in connection with claims against this out of business company.

8. **Birenbaum v. John Hancock Mutual Life Ins. Co.**, L-1957-96 (N.J. Superior Court, Essex Co.).  **Mr. Graifman** and the Firm served as Co-Counsel for the class in this securities fraud class action certified and settled as a nationwide class action in New Jersey State Court.

9. **Maizes & Maizes, et al. v. Apple Computer, Inc.**, et al. L-13780-95 (N.J. Superior Court, Essex Co.).  **Mr. Graifman** and the Firm served as Liaison Counsel in consumer fraud class action pending in New Jersey State Court alleging misrepresentation in the sale of computer monitors by various computer monitor distributors.  The action was related to In re: Computer Monitor, Proceeding No. 3158, pending in California Superior, San Francisco County.  Joint efforts of negotiation resulted in a settlement which was approved by the California Court.  The settlement was valued in excess of $15 million dollars.

10. **Goldberg v. IDM Environmental**, L-11783-96 (N.J. Superior Court, Middlesex Co. 1966) Securities fraud class action in New Jersey state court.  Settlement included payment of $1.125 million to nationwide claims of shareholders.

11.   **Amplidyne, Inc. Securities Litigation**, 99-4468 (D. New Jersey).  Securities
      fraud class action litigation settled, alleging violations of Section 10(b) and
      Section 20 of the Exchange Act of 1934.

12.   **In re: Anadigics Securities Litigation**, 98 Civ. 917 (MLC) (D.N.J.) Securities
      fraud class action litigation alleging violations of Section 10(b) and Section 20 of
      the Exchange Act of 1934.  The action was settled for approximate $11.75 million
      dollars.

13.   **In re: Interactive Network, Inc. Securities Litigation** (Civ. Action No. 95-0026
      (DLJ) (N.D. Cal.).  Securities fraud class action litigation alleging violations of
      Section 10(b) and Section 20 of the Exchange Act of 1934.  Nationwide class
      certified in connection with settlement in the sum of $1.9 million dollars.

14.   **In re: Delgratia Mining Corp. Securities Litigation**, MDL Dock. No. 1201 (D.
      Nev.).  Securities fraud class action litigation alleging violations of Section 10(b)
      and Section 20 of the Exchange Act of 1934.  Nationwide class action settled for
      stock of defendant and distribution of a cash payment.

15.   **Feiner v. Orange & Rockland Utilities, Inc.**, 862 F. Supp. 1084, RICO Bus. Disp.
      Guide 8672 (S.D.N.Y., Sept. 8, 1994) (No. 93 Civ. 5796 (CLB) (filed as class
      action on behalf of ratepayers of utility) (settled on appeal before the Second
      Circuit).

16.   **Dakota Industries, Inc. v. Ever Best Ltd.**, 38 F.3d 910, 31 U.S.P.Q.2d 1355 (8th
      Cir. (S.D.), July 8, 1994) (No. 93-2723, 93-2765).  In this trademark infringement
      matter, **Mr. Graifman** and the Firm served as lead trial counsel for the defendant,
      a nationwide jeans distributor.  After a three week trial in Sioux Falls, South
      Dakota, the jury returned a verdict for defendant.

17.   **Nu-Life Const. Corp. v. Board of Educ. of City of New York**, 809 F.Supp.
      171, 80 Ed. Law Rep. 568 (E.D.N.Y., Nov. 14, 1992) (No. Civ-86-0807) (ADS)).
      In this major RICO action based on wire fraud, mail fraud and violations of the
      Hobbs Act, **Mr. Graifman** and the Firm served as sole trial counsel for plaintiffs
      who alleged that they were subjected to extortion demands by various school
      construction authority supervisors and inspectors.  After a six week jury trial
      before Judge Spatt, one plaintiff procured a partial settlement and the other
      received a verdict on their RICO claims against the respective school inspectorial
      staff members and an award of counsel fees.

18.   **Nu-Life Const. Corp. v. Board of Educ. of City of New York, Div. of School
      Bldgs. of Bd. of Educ. of City of New York**, 795 F.Supp. 602, RICO Bus. Disp.
      Guide 8035 (E.D.N.Y., June 16, 1992) (No. CV-86-0807 (ADS)).  See above
      description.

19. **Nu-Life Const. Corp. v. Board of Educ. of City of New York**, 789 F.Supp. 103, 75 Ed. Law Rep. 1009, RICO Bus. Disp. Guide 7885 (E.D.N.Y., Dec. 2, 1991) (No. CV-86-0807 (ADS)).  See above description.

20. **Dakota Industries, Inc. v. Ever Best Ltd.**, 944 F.2d 438, 20 U.S.P.Q.2d 1158 (8th Cir. (S.D.), Sept. 12, 1991) (No. 91-1036).

21. **Elliot Gould v. Ladenberg Thalman**, 1990 WL 209641, Fed. Sec. L. Rep. P. 95, 667 (S.D.N.Y., Dec. 17, 1990) (No. 90 Civ. 4140 (MBM)).  Securities fraud claims litigated on behalf of Elliot Gould against former financial advisors.  Case settled before trial.

22. **Sablosky v. Edward S. Gordon Co., Inc.**, 73 N.Y.2d 133, 535 N.E.2d 643, 538 N.Y.S.2d 513, 4 IER Cases 1315 (N.Y., Feb. 21, 1989) (No. 32).  Reported case decided by New York Court of Appeals which concerned the scope of contractual obligations and enforcement thereof.

23. **SSH Co., Ltd. v. Shearson Lehman Bros. Inc.**, 678 F.Supp. 1055, Blue Sky L. Rep. P. 72, 695, Fed. Sec. L. Rep. P. 93, 647 (S.D.N.Y., Dec. 24, 1987) (No. 86 Civ 5981 (PNL)).

24. **Stephano v. News Group Publications, Inc.**, 64 N.Y.2d 174, 474 N.E.2d 580, 485 N.Y.S.2d 220, 11 Media L. Rep. 1303 (N.Y., Dec. 20, 1984).  **Mr. Graifman** litigated this case defining the parameters of right of privacy and right of publicity in the State of New York.

25. **Brooke Shields v.  Garry Gross**, 58 N.Y.2d 338, 448 N.E.2d 108, 461 N.Y.S.2d 254, 9 Media L. Rep. 1466 (N.Y., Mar. 29, 1983).  **Mr. Graifman** represented fashion photographer, Gary Gross, sued by Brooke Shields relating to scope of the right of privacy and right of publicity in New York.  This case of first impression was decided by the New York Court of Appeals, which affirmed the original trial court judgment in favor of photographer.

## IX.    Articles and Publications

*Arbitration Clauses and Class Action Bans: Should Defendants Be Careful Of What They Wish For?* by Gary S. Graifman, Alan E. Kraus and Joan E. Karn; (N.J. Institute for Continuing Legal Education 2007) Handout Materials for "Hot Topics In Class Actions" seminar for New Jersey ICLE;

*Negotiating A Commercial Lease-- From the Tenant's Vantage*, Gary S. Graifman, "The Rockland Business Digest," Vol 1, Issue 5, April 2007;

*CCA Treated Wood-- An Emerging Toxic Tort?*  By Gary S. Graifman (American Conference Institute 2003) Handout Materials for "Toxic Tort Litigation, Successful Claims and Litigation Strategy" Seminars Conducted March 2003 by American Conference Institute;

*Dealing With Infants In The Modeling Industry-- A Primer for Adults*, by Gary S. Graifman, "Journal of Art And The Law Journal," Vol. 8, No. 1, 1983 (Jointly Published by Columbia University School of Law and Volunteer Lawyers for the Arts).

**Randy J. Perlmutter, Esq.** is an associate with the firm of **KANTROWITZ, GOLDHAMER & GRAIFMAN.**  Mr. Perlmutter is a graduate of the University of Massachusetts at Amherst and New York Law School, where he was an Articles Editor for the New York Law School of International Comparative Law Journal of International Comparative Law and a member of the Moot Court Association.  Mr. Perlmutter returns to New York Law School annually as a Judge of various moot court competitions including the Robert Wagner Labor & Employment National Competition.  Mr. Perlmutter started his career as a Regional Director and Human Resources Manager of a large retail corporation.  Mr. Perlmutter also worked for in-house counsel at a high end women's fashion company where he regularly advised upper management and field management on policies, practices and procedures related to employment matters.   Mr. Perlmutter practices in the areas of commercial litigation and employment law.   He is a member of the Human Resources Committee with the Commerce and Industry Association of New Jersey, where he has been a recent lecturer.

**Reginald H. Rutishauser, Esq.,** is a senior associate in the firm of **KANTROWITZ, GOLDHAMER & GRAIFMAN, P.C.**  Mr. Rutishauser is primarily a litigator and appellate advocate at the firm who has assisted in the prosecution of various class actions and complex litigation.  He is admitted to practice before the Courts of New York State, New Jersey, and the United States District Courts for the Eastern District of New York, the Southern District of New York, and the District of New Jersey, as well as the United States Court of Appeals for the Second Circuit.  Mr. Rutishauser was admitted as a Certified

Public Accountant in the State of New Jersey. He has a Masters of Science Degree in Taxation from Pace University, and a Bachelors of Arts degree from Colgate University. He is a member of the Rockland County Bar Association

**William T. Schiffman, Esq.**, received his J.D. degree from Brooklyn Law School, 1974 and is admitted to practice in New York (1975), Texas (1976), and New Jersey (1981).

Mr. Schiffman was Law Clerk to the Honorable Woodrow Seals, United States District Judge, Southern District of Texas from 1974-1977. In that position Mr. Schiffman was responsible for preparing decisions and orders on motions as well as observing trials and assisting Judge Seals in preparing finds of fact and conclusions of law.

From 1977-1979, Mr. Schiffman was associated with the law firm of Urban & Coolidge in Houston Texas. Mr. Schiffman's principal practice area was commercial litigation.

From 1979 to 1985, Mr. Schiffman was an attorney for AT&T, first in the Long Lines Department in Atlanta, Georgia, and then in company headquarters in New Jersey. Mr. Schiffman's responsibilities principally in the area of general litigation and the AT&T antitrust litigation prior to divestiture.

From 1985 to 1993, Mr. Schiffman was with the law firm of Jacob & Meyers, first as the managing attorney of several offices, then as New Jersey resident partner in charge of the northern New Jersey offices. The practice was principally in the area of litigation.

From 1993 to date, Mr. Schiffman has been associated with Kantrowitz & Goldhamer, P.C., in New York, and its affiliate, Kantrowitz & Goldhamer in New Jersey. Mr. Schiffman's responsibilities are principally in the area of litigation including securities and employment class action, as well as complex contested matrimonial and general commercial litigation.

**Michael L. Braunstein, Esq.** is a senior associate in the firm of Kantrowitz, Goldhamer & Graifman, P.C.  Mr. Braunstein is a graduate of the University of Maryland and St. John's School of Law and is admitted to practice before the New York and New Jersey State Courts and the United States District Courts for the Eastern District of New York, Southern District of New York and the District of New Jersey.

Mr. Braunstein has worked on several significant cases including the collapse of 7 World Trade Center following 9/11, the constitutionality of a New York City's Adult Establishment zoning ordinance, as well as numerous catastrophic injury and wrongful death cases and multi-million dollar property damage cases.  He is the lead attorney in the ongoing Best Buy Price Match Class Action litigation, in which he recently secured class certification of a consumer class in the U.S. District Court for the Southern District of New York.

Mr. Braunstein's practice is focused in the areas of complex litigation, including securities and consumer class actions, business law and personal injury litigation.  Mr. Braunstein also devotes a significant portion of his practice to representing clients in the areas of Mortgage Industry Regulatory compliance, RESPA regulations, HUD representation and related matters.

**Risa K. Jameson, Esq.**   Risa K. Jameson, Esq., was an associate with the Firm during the Litigation, practicing in the area of commercial litigation, matrimonial law and criminal law.  She is the chair of the Young Attorney's Committee of the Rockland County Bar Association (RCBA) and is a past board member of the RCBA.  Risa is admitted to practice in New York, New Jersey and the United States Supreme Court.  She

proudly serves as a member of the New York Bar Association, Rockland County Bar Association and the Rockland County Women's Bar Association.

Ms. Jameson received her J.D. degree from City University of New York Law School at Queens College. During her law school education she was actively involved in trial practice clinics and was a teaching assistant on civil procedure. Ms. Jameson was born in Rockland County, New York and received her Bachelors of Science in Biology from the University Colorado at Boulder. After college, Risa conducted research in Central America, studying anthroprogenic stress on eco-systems and the cultural, environmental and political realities affecting the Belizian government. Her work in Belize led to the adoption of a management plan for the surrounding cayes of the country.