Exhibit A

## O'MELVENY & MYERS LLP

BEIJING

BRUSSELS

CENTURY CITY

HONG KONG

LONDON

LOS ANGELES

NEWPORT BEACH

Two Embarcadero Center, 28th Floor
San Francisco, California 94111-3823

TELEPHONE (415) 984-8700
FACSIMILE (415) 984-8701
www.omm.com

NEW YORK

SHANGHAI

SILICON VALLEY

SINGAPORE

TOKYO

WASHINGTON, D.C.

October 4, 2010

OUR FILE NUMBER
27,559-151

**VIA U.S. MAIL**

WRITER'S DIRECT DIAL
(415) 984-8741

The Honorable Eric H. Holder, Jr.
Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530-0001

WRITER'S E-MAIL ADDRESS
griley@omm.com

> Re:   **Notice of Proposed Class Action Settlement**
> *In re Apple Inc. Sec. Lit.*, Case No. C-06-5208-JF (N.D. Cal.)

Dear Attorney General Holder:

Pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, we hereby provide notice on behalf of all defendants of a proposed settlement of a federal securities class action and enclose the following documents:

1.      Stipulation and Agreement of Settlement dated as of September 28, 2010, and all exhibits thereto, including Exhibits <u>A</u> ([Proposed] Order Preliminarily Approving Settlement, Directing Notice of Settlement, and Scheduling Settlement Fairness Hearing), <u>A-1</u> ([Proposed] Notice of Proposed Settlement, Settlement Fairness Hearing, and Motion for Attorneys' Fees and Expenses), <u>A-2</u> ([Proposed] Summary Notice of Proposed Settlement, Settlement Fairness Hearing, and Motion for Attorneys' Fees and Expenses), <u>A-3</u> ([Proposed] Proof of Claim), and <u>B</u> ([Proposed] Order and Final Judgment);

2.      Lead Plaintiff's Notice of Motion and Unopposed Motion for Preliminary Approval of Class Action Settlement; Memorandum of Points and Authorities in Support Thereof, and the exhibit thereto;

3.      Apple Inc.'s Memorandum of Points and Authorities in Support of Joint Motion for Order Preliminarily Approving Settlement, Directing Notice of Settlement, and Scheduling Settlement Fairness Hearing;

4.      Defendants' Notice of Joinder and Joinder in Request for Entry of Order Preliminarily Approving Settlement, Directing Notice of Settlement, and Scheduling Settlement Fairness Hearing; and

O'MELVENY & MYERS LLP
The Honorable Eric H. Holder, Jr., October 4, 2010 - Page 2

     5.      Order Granting Joint Motion for Hearing on Shortened Time.

The Complaint for Violation of Federal Securities Laws (filed August 24, 2006), the Consolidated Class Action Complaint (filed March 23, 2007), the First Amended Consolidated Class Action Complaint (filed March 22, 2010), and the Corrected First Amended Consolidated Class Action Complaint (filed May 14, 2010) are available electronically at http://securities.stanford.edu/1036/AAPL_01/, the official website of the Securities Class Action Clearinghouse.

Because the class has not yet been certified and individual damages in securities class actions are complex and highly particularized, defendants do not believe it is feasible to provide (1) the names of class members who reside in each state; (2) a reasonable estimate of the number of class members residing in each state; or (3) a reasonable estimate of the proportionate share of the claims of such members to the entire settlement.  Plaintiffs' Lead Counsel, Grant & Eisenhofer P.A., has estimated that owners of approximately 234.8 million shares of Apple common stock may be eligible for potential recovery, with an average per share recovery of approximately $0.06.

The Court will hold a hearing on October 7, 2010, at 10:00 a.m., at the U.S. District Court for the Northern District of California, 280 South 1st Street, San Jose, CA, 95113, to consider whether to preliminarily approve the proposed settlement, to conditionally certify the proposed class for settlement purposes, to direct notice of the proposed settlement to putative class members, and to schedule a settlement fairness hearing.

Should you have any questions regarding this matter, please do not hesitate to contact me directly.

          Sincerely,

          *George A. Riley /VTL*

          George A. Riley
          of O'MELVENY & MYERS LLP

          *Attorneys for Defendant Apple Inc.*

Enclosures

O'MELVENY & MYERS LLP
The Honorable Eric H. Holder, Jr., October 4, 2010 - Page 3

On behalf of:

Douglas R. Young
Brandon C. Wisoff
FARELLA BRAUN & MARTEL LLP
235 Montgomery Street, 17th floor
San Francisco, California 94104

*Attorneys for Defendants Steven P. Jobs,*
*William V. Campbell, Millard S. Drexler,*
*Arthur D. Levinson and Jerome B. York*

Jerome C. Roth
Yohance C. Edwards
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, California 94105

*Attorneys for Defendants*
*Fred D. Anderson and Nancy R. Heinen*

Exhibit B

# O'MELVENY & MYERS LLP

BEIJING

BRUSSELS

CENTURY CITY

HONG KONG

LONDON

LOS ANGELES

NEWPORT BEACH

Two Embarcadero Center, 28th Floor
San Francisco, California  94111-3823

TELEPHONE  (415) 984-8700
FACSIMILE  (415) 984-8701
www.omm.com

NEW YORK

SHANGHAI

SILICON VALLEY

SINGAPORE

TOKYO

WASHINGTON, D.C.

November 23, 2010

OUR FILE NUMBER
27,559-151

WRITER'S DIRECT DIAL
(415) 984-8741

WRITER'S E-MAIL ADDRESS
griley@omm.com

**VIA U.S. MAIL**

The Honorable Eric H. Holder, Jr.
Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

> Re:   **Update Regarding Proposed Class Action Settlement**
> *In re Apple Inc. Sec. Lit.*, **Case No. C-06-5208-JF (N.D. Cal.)**

Dear Attorney General Holder:

On October 4, 2010, we provided notice on behalf of all defendants of a proposed settlement of a federal securities class action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.  The Court preliminarily approved the proposed settlement on October 7, 2010.

On November 12, 2010, the parties entered into an Amended Stipulation and Agreement of Settlement amending the terms of the proposed settlement.  The Court preliminarily approved the proposed settlement as amended on November 22, 2010.  Enclosed are the following documents reflecting the amendments to the proposed settlement:

- Joint Submission in Support of Amended Preliminary Approval Order, including Exhibits 1 (Amended Stipulation and Agreement of Settlement) and 2 ([Proposed] Amended Order Preliminarily Approving Settlement, Directing Notice of Settlement, and Scheduling Settlement Fairness Hearing);

- Order re Amended Motion for Preliminary Approval of Settlement; and

- Amended Order Preliminarily Approving Settlement, Directing Notice of Settlement, and Scheduling Settlement Fairness Hearing.

The Court will hold a Settlement Fairness Hearing on February 18, 2011, at 9:00 a.m., at the U.S. District Court for the Northern District of California, 280 South 1st Street, San Jose, CA 95113, to (1) finally determine whether the action satisfies the applicable prerequisites for class

O'MELVENY & MYERS LLP
Attorney General Holder, November 23, 2010 - Page 2

treatment; (2) determine whether the settlement is fair, reasonable and adequate and should be finally approved; (3) determine whether the plan of allocation for the distribution of the net settlement is fair and reasonable; and (4) consider the application for attorneys' fees and expenses.

Should you have any questions regarding this matter, please do not hesitate to contact me directly.

Sincerely,

George A. Riley /UTL

George Riley
of O'MELVENY & MYERS LLP

*Attorneys for Defendant Apple Inc.*

Enclosures

On behalf of:

Douglas R. Young
Brandon C. Wisoff
FARELLA BRAUN & MARTEL LLP
235 Montgomery Street, 17th floor
San Francisco, California 94104

*Attorneys for Defendants Steven P. Jobs,*
*William V. Campbell, Millard S. Drexler,*
*Arthur D. Levinson and Jerome B. York*

Jerome C. Roth
Yohance C. Edwards
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, California 94105

*Attorneys for Defendants*
*Fred D. Anderson and Nancy R. Heinen*

Exhibit C

**Lee, Vivi**

| | |
|---|---|
| **From:** | Lee, Vivi |
| **Sent:** | Saturday, January 22, 2011 2:03 PM |
| **To:** | 'g@juris.cc' |
| **Cc:** | Riley, George; Jay Eisenhofer; 'mbarry@gelaw.com'; Solanki, Sandeep |
| **Subject:** | RE: APPLE STOCK |
| **Attachments:** | Amended Stipulation.pdf; Lead Plaintiff's Notice of Motion and Motion for Final Approval of Class Action Settlement.pdf; Motion for Attorneys' Fees and Reimbursement of Litigation Expenses.pdf; Declaration of Michael J. Barry In Support of Motion for Final Approval of Settlement.pdf; Defendants' Joinder in Request for Final Approval.pdf; Apple Inc.'s Memorandum in Support of Final Approval.pdf |

Dr. Sibley,

I am an attorney for Apple in this matter.  We are investigating the circumstances surrounding the mailing of your notice.

As described in the Notice, various documents related to the Settlement and the plaintiffs' motion for attorneys' fees are available on the Settlement website at www.AppleSecuritiesSettlement.com, which has been accessible since December 8, 2010.  You may also call the toll-free number (1-888-760-4869) for information regarding the Settlement.

For your convenience, I have attached for your reference the following documents related to the Settlement:

(1) Amended Stipulation and Agreement of Settlement filed November 12, 2010;
(2) Lead Plaintiff's Notice of Motion and Motion for Final Approval of Class Action Settlement; Memorandum of Points and Authorities in Support Thereof filed January 7, 2011;
(3) Lead Plaintiff's Notice of Motion and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses; Memorandum of Points and Authorities in Support Thereof filed January 7, 2011;
(4) Declaration of Michael J. Barry in Support of Motion for Final Approval of Settlement and Plan of Allocation and Motion for an Award of Attorneys' Fees and Reimbursement of Expenses filed January 7, 2011;
(5) Defendants' Notice of Joinder in Lead Plaintiff's Request for Final Approval of Class Action Settlement and Plan of Allocation filed January 7, 2011; and
(6) Apple Inc.'s Memorandum of Points and Authorities in Support of Final Approval of Class Action Settlement and Plan of Allocation filed January 7, 2011.

The Court granted preliminary approval of the amended settlement on November 22, 2010.  In accordance with that order, Notice began on December 8, 2010.  Also on December 8, 2010, a Summary Notice of the Settlement was published in *Investor's Business Daily* and transmitted over *Business Wire*.  Exhibit B to the attached Declaration of Michael Barry explains the notice implementation process.  In accordance with paragraph 29 of the Notice, Mr. Barry's declaration and Lead Plaintiff's application for attorneys' fees were made available on the Settlement website shortly after they were filed on January 7, 2011.  The parties' papers in support of the request for final approval of the Settlement were also posted on the website shortly after they were filed.

Please let us know if we can provide you with additional documents or information.

Regards,
**Vivi Lee**
**O'Melveny & Myers LLP**
2765 Sand Hill Road
Menlo Park, CA 94025
vlee@omm.com
(650) 473-2655 (direct)

(650) 473-2601 (facsimile)
*This message and any attached documents contain information from the law firm
of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are
not the intended recipient, you may not read, copy, distribute, or use this
information. If you have received this transmission in error, please notify the
sender immediately by reply e-mail and then delete this message.*

---

**From**: Gary Sibley <g@juris.cc>
**To**: Riley, George; jeisenhofer@gelaw.com <jeisenhofer@gelaw.com>
**Sent**: Sat Jan 22 09:45:59 2011
**Subject**: APPLE STOCK

# January 22, 2011

Clerk
United States District Court, Northern District of California
280 S. 1st. Street
San Jose, Ca. 95113

OBJECTION OF SIBLEY FAMILY TRUST

IN RE: APPLE INC. SECURITIES LITIGATION   Case No. C-06-5208-JF CLASS ACTION

My name is George W. Sibley, M.D. I am the Trustee of the Sibley Family Trust.

1. I object to the Settlement and the Plan of Allocation.
2. I cannot, at this time, tell you the dates, prices and number of shares of stock held during the class period BECAUSE I RECEIVED NOTICE OF THE PROPOSED STEELEMENT…AND MOTION FOR ATTORNEYS FEES AND EXPENSES ON FRIDAY JANUARY 21, 2011. Furthermore, my address is the correct one. I have included a copy of the face sheet of the notice I received with this letter. The only conclusion I can draw is that class counsel, the claims administrator or whoever was responsible for sending notice did not do their job. There is no possibility that most class members could respond properly to object or opt out when notice is received after 5 pm on the deadline date. The notice I, and I assume others, received violates due process, the notion of "fairness", CAFA, the local rules of this court and every notice requirement I know of. Therefore, my first objection is to insufficient notice.
3. The notice I received states, at p. 1, paragraph 3 "Plaintiffs' counsel INTEND to apply for an award of fees". Since a motion for fees has not been made available to me and the rest of the class before the time to object has passed, the fee motion is not timely and violates the principles set forth in the Ninth Circuit opinion MERCURY INTERACTIVE CORP. SECURITIES LITIGATION, 618 Fed.3d 988, Fed. R. Civ. P. 23(h) and, on information and belief, the local rules of this court.
4. I have not had an opportunity to review the settlement or motion for fees. I haven't even had an opportunity to obtain the salient facts required to file an objection. Therefore, I reserve the right to amend this objection and ask for such other and further relief, including limited discovery, as may seem proper after I have had an opportunity to review the notice and supporting documents carefully. Additionally, I will ask the court for reimbursement for my, and/or my attorney's fees and expenses if there is a hearing prior to a reissuance of notice.
5. I incorporate any objections made by other objectors.
6. I fully intend to appear at any scheduled hearings. I intend to retain Gary Sibley to represent me in this matter. His contact information is: 2414 N. Akard St. suite 700, Dallas, Texas 75201; 214-522-5222; g@juris.cc.
7. I have sent this letter to Lead Counsel and Apple's counsel via email on Saturday, January 22, 2011.

Thank you,

George W. Sibley, M.D.

Exhibit D

**Lee, Vivi**

| | |
|---|---|
| **From:** | Lee, Vivi |
| **Sent:** | Thursday, January 27, 2011 1:45 PM |
| **To:** | 'Gary Sibley' |
| **Cc:** | Riley, George; Solanki, Sandeep; Jay Eisenhofer; 'mbarry@gelaw.com' |
| **Subject:** | RE: APPLE STOCK |
| **Attachments:** | Amended Preliminary Approval Order [Signed 11.22.10].pdf |

Mr. Sibley,

We have discussed your claim with the Claims Administrator, Epiq Systems (Epiq), and plaintiffs' counsel.  Based on Epiq's investigation, we can report the following:

On November 22, 2010, the Court entered the Amended Preliminary Approval Order (the Order; attached).  Pursuant to the Order, Epiq commenced the notice program. On December 8, 2010, the notice was published in *Investor's Business Daily* and transmitted over *Business Wire*, and the settlement website went live.

On December 9-10, 2010, Epiq notified 5,804 banks, brokers, and other nominees of the settlement.  Epiq advised these institutions that, under the Order (paragraph 9), they had 14 days either to forward copies of the notice to potential Class Members or to provide Epiq with a list of names and addresses of potential Class Members.  Several banks, brokers, and other nominees sent Epiq lists of potential Class Members and/or requests for copies of unaddressed notices.  Epiq fulfilled those requests promptly as they were received.  As of January 7, 2011, over 750,000 copies of the notice either were (i) mailed directly to potential Class Members by Epiq or (ii) provided by Epiq to banks, brokers, and other nominees to mail to potential Class Members.

On January 5, 2011, Broadridge, a major securities processing firm, requested unaddressed copies of the notice from Epiq on behalf of Merrill Lynch, a large brokerage firm.  Although this request was after the Court-imposed 14-day deadline, Epiq sent Broadridge the requested quantity of unaddressed notices by overnight mail on January 10 and 11, 2011.  On January 14, 2011, we understand that Broadridge mailed the notices to several potential Class Members, including Dr. Sibley.

Epiq has complied with its obligations under the Order and provided timely notice of the settlement to banks, brokers, and other nominees.  Epiq has also fulfilled all requests from banks, brokers, and other nominees in an expeditious manner.  In addition, as I advised previously, the parties' papers in support of final approval and plaintiffs' counsel's fee application were posted to the settlement website (https://www.applesecuritiessettlement.com/) shortly after they were filed.

We hope this summary addresses your concerns about the notice program.  As set forth in the notice, the deadline to submit a Proof of Claim is March 15, 2011.  If you have any additional questions about the settlement, you may access the settlement website or contact me, Michael Barry at Grant & Eisenhofer (302-622-7000), or Epiq.

Regards,
**Vivi Lee**
**O'Melveny & Myers LLP**
2765 Sand Hill Road
Menlo Park, CA 94025
vlee@omm.com
(650) 473-2655 (direct)
(650) 473-2601 (facsimile)
*This message and any attached documents contain information from the law firm*
*of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are*

*not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*

---

**From:** Gary Sibley [mailto:g@juris.cc]
**Sent:** Monday, January 24, 2011 9:23 AM
**To:** Lee, Vivi
**Subject:** RE: APPLE STOCK

Thank you for your response. Please let me know the results of your investigation.

---

**From:** Lee, Vivi [mailto:vlee@omm.com]
**Sent:** Saturday, January 22, 2011 4:03 PM
**To:** g@juris.cc
**Cc:** Riley, George; Jay Eisenhofer; 'mbarry@gelaw.com'; Solanki, Sandeep
**Subject:** RE: APPLE STOCK

Dr. Sibley,

I am an attorney for Apple in this matter.  We are investigating the circumstances surrounding the mailing of your notice.

As described in the Notice, various documents related to the Settlement and the plaintiffs' motion for attorneys' fees are available on the Settlement website at www.AppleSecuritiesSettlement.com, which has been accessible since December 8, 2010.  You may also call the toll-free number (1-888-760-4869) for information regarding the Settlement.

For your convenience, I have attached for your reference the following documents related to the Settlement:

(1) Amended Stipulation and Agreement of Settlement filed November 12, 2010;
(2) Lead Plaintiff's Notice of Motion and Motion for Final Approval of Class Action Settlement; Memorandum of Points and Authorities in Support Thereof filed January 7, 2011;
(3)  Lead Plaintiff's Notice of Motion and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses; Memorandum of Points and Authorities in Support Thereof filed January 7, 2011;
(4) Declaration of Michael J. Barry in Support of Motion for Final Approval of Settlement and Plan of Allocation and Motion for an Award of Attorneys' Fees and Reimbursement of Expenses filed January 7, 2011;
(5) Defendants' Notice of Joinder in Lead Plaintiff's Request for Final Approval of Class Action Settlement and Plan of Allocation filed January 7, 2011; and
(6) Apple Inc.'s Memorandum of Points and Authorities in Support of Final Approval of Class Action Settlement and Plan of Allocation filed January 7, 2011.

The Court granted preliminary approval of the amended settlement on November 22, 2010.  In accordance with that order, Notice began on December 8, 2010.  Also on December 8, 2010, a Summary Notice of the Settlement was published in *Investor's Business Daily* and transmitted over *Business Wire*.  Exhibit B to the attached Declaration of Michael Barry explains the notice implementation process.  In accordance with paragraph 29 of the Notice, Mr. Barry's declaration and Lead Plaintiff's application for attorneys' fees were made available on the Settlement website shortly after they were filed on January 7, 2011.  The parties' papers in support of the request for final approval of the Settlement were also posted on the website shortly after they were filed.

Please let us know if we can provide you with additional documents or information.

Regards,
**Vivi Lee**
**O'Melveny & Myers LLP**
2765 Sand Hill Road
Menlo Park, CA 94025
vlee@omm.com
(650) 473-2655 (direct)
(650) 473-2601 (facsimile)
*This message and any attached documents contain information from the law firm*
*of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are*
*not the intended recipient, you may not read, copy, distribute, or use this*
*information. If you have received this transmission in error, please notify the*
*sender immediately by reply e-mail and then delete this message.*

---

**From**: Gary Sibley <g@juris.cc>
**To**: Riley, George; jeisenhofer@gelaw.com <jeisenhofer@gelaw.com>
**Sent**: Sat Jan 22 09:45:59 2011
**Subject**: APPLE STOCK

# January 22, 2011

Clerk
United States District Court, Northern District of California
280 S. 1st. Street
San Jose, Ca. 95113

OBJECTION OF SIBLEY FAMILY TRUST

IN RE: APPLE INC. SECURITIES LITIGATION   Case No. C-06-5208-JF CLASS ACTION

My name is George W. Sibley, M.D. I am the Trustee of the Sibley Family Trust.

1. I object to the Settlement and the Plan of Allocation.
2. I cannot, at this time, tell you the dates, prices and number of shares of stock held during the class period BECAUSE I RECEIVED NOTICE OF THE PROPOSED STEELEMENT…AND MOTION FOR ATTORNEYS FEES AND EXPENSES ON FRIDAY JANUARY 21, 2011. Furthermore, my address is the correct one. I have included a copy of the face sheet of the notice I received with this letter. The only conclusion I can draw is that class counsel, the claims administrator or whoever was responsible for sending notice did not do their job. There is no possibility that most class members could respond properly to object or opt out when notice is received after 5 pm on the deadline date. The notice I, and I assume others, received violates due process, the notion of "fairness", CAFA, the local rules of this court and every notice requirement I know of. Therefore, my first objection is to insufficient notice.
3. The notice I received states, at p. 1, paragraph 3 "Plaintiffs' counsel INTEND to apply for an award of fees". Since a motion for fees has not been made available to me and the rest of the class before the time to object has passed, the fee motion is not timely and violates the principles set forth in the Ninth Circuit opinion MERCURY INTERACTIVE CORP. SECURITIES LITIGATION, 618 Fed.3d 988, Fed. R. Civ. P. 23(h) and, on information and belief, the local rules of this court.
4. I have not had an opportunity to review the settlement or motion for fees. I haven't even had an opportunity to obtain the salient facts required to file an objection. Therefore, I reserve the right to amend this objection and ask for such other and further relief, including limited discovery, as may seem proper after I have had an opportunity

to review the notice and supporting documents carefully. Additionally, I will ask the court for reimbursement for my, and/or my attorney's fees and expenses if there is a hearing prior to a reissuance of notice.

5.  I incorporate any objections made by other objectors.
6.  I fully intend to appear at any scheduled hearings. I intend to retain Gary Sibley to represent me in this matter. His contact information is: 2414 N. Akard St. suite 700, Dallas, Texas 75201; 214-522-5222; g@juris.cc.
7.  I have sent this letter to Lead Counsel and Apple's counsel via email on Saturday, January 22, 2011.


Thank you,



George W. Sibley, M.D.

Exhibit E

**Lee, Vivi**

---

| | |
|---|---|
| **From:** | Oseas, Robert [rose@epiqsystems.com] |
| **Sent:** | Wednesday, February 02, 2011 9:50 AM |
| **To:** | Lee, Vivi |
| **Cc:** | Solanki, Sandeep |
| **Subject:** | RE: Apple Securities Settlement |

Vivi,
We will respond to any Class Member inquiries accordingly. Thanks,

**Robert Oseas**
Project Manager
Epiq Systems
Class Action & Claims Solutions
Phone:  503.350.7853

---

**From:** Lee, Vivi [mailto:vlee@omm.com]
**Sent:** Tuesday, February 01, 2011 8:56 PM
**To:** Oseas, Robert
**Cc:** Solanki, Sandeep
**Subject:** Apple Securities Settlement

Robert,

As discussed, if class members contact Epiq and want to file an objection or to submit a request for exclusion after the January 21, 2011 deadline, please advise that they may do so and the Court will determine whether to consider it at the February 18, 2011 hearing.  Thanks.

**Vivi Lee**
**O'Melveny & Myers LLP**
2765 Sand Hill Road
Menlo Park, CA 94025
vlee@omm.com
(650) 473-2655 (direct)
(650) 473-2601 (facsimile)
*This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*

Exhibit F

January 29, 2011

United States District Court
Northern District of California, San Jose Div.
280 South 1st Street
San Jose, CA  95113

Re:    Apple Inc. Securities Litigation (Class Action)
       Case No. C-06-5208-JF
       **Objection to Settlement**

To the Court, counsel, and to whomever else it may concern:

I have been notified that I can opt in or out of a proposed settlement reached between the Plaintiffs' class and the Defendant and that I have the right to object to the settlement.

I object to the lawsuit, and do not believe it has any merit whatsoever.  I wish to exclude myself from this "class" of people bringing this lawsuit, and completely dissociate myself from their actions.  I do not believe any of the alleged actions by the Defendants harmed any member of the class.  I believe this lawsuit is more harmful to investors than any of the allegedly 'harmful' actions by the Defendants, and I sincerely believe these kinds of lawsuits should not be encouraged or even permitted as a matter of law.

I will spare the Court my full opinion of this action, but I do urge the Court to take prudent measures to dissuade these types of lawsuits in the future.  I would be in favor of barring or limiting attorneys fees and a recovery for this action.

My purchases in the class period were:

| Shares | Date | Price |
| --- | --- | --- |
| 280 | January 10, 2005 | $35.02 |
| 380 | February 2, 2005 | $39.80 |
| 476 | February 15, 2005 | $43.90 |
| 263 | June 3, 2005 | $38.03 |
| 100 | October 12, 2005 | $49.51 |
| 141 | November 30, 2005 | $67.80 |
| 75 | February 21, 2006 | $69.25 |

Sincerely,

Charles S. Kyriazos
28-16 34th Street, Apt. 3F
Astoria, NY  11103
(646) 526-8819

Exhibit G

**Winston Gouzoules**
285 Bayside Rd.
Greenland, New Hampshire 03840

January 21, 2011

To:        Counsel for Apple
              George A. Riley
              O'Melveny & Myers LLP
              2 Embarcadero Ctr., 28th Floor
              San Francisco, CA 94111

Subject:    Opposition To The Filing

This is about the third notice of a filing I have received in the past month. I have had a strong suspicion that this sort of filing is, in most cases, simply a way of extorting "free money" from public companies. The Apple case is especially egregious.

I'm a small, unsophisticated investor. Since sometime around 2002 or 2003, perhaps earlier, I have owned 100 shares of Apple stock. My first purchase was for a very small IRA. I bought it at around $60.00 per share. I kept it until the spring of 2006, when I sold it in order to buy three additional years of my teacher retirement, giving a total of thirty-three years of service.

Subsequently, I bought another hundred shares of Apple, sold it, then few days later, when I realized that I had made a mistake, bought it back for two dollars more per share. I paid around $127.00 per share. I've held on to those hundred shares since. When I recently checked on the price of the stock, it was hovering around $330.00 per share. Please explain how anybody has lost or been injured by owning this stock over that period of time. It's impossible!

As I intimated in the beginning, I don't believe that one penny should be paid to the claimants. We are supposed to be working in a "free market" environment. In such a market, an investor is responsible for his or her decisions in investing. Investors should expect that prices are going to rise and fall. Sometimes you win and sometimes you loose. As far as I can see, the company has done nothing wrong. It hasn't, in any way, misled investors or encouraged them to buy under false pretenses. Indeed, prior to issuing their quarterly reports, they are generally very conservative with their public information. As is public knowledge, the actual reports have been consistently better than what the company indicated during the time leading up to publication of the report.

I first made the investment decision to buy Apple when I walked into an Apple store and saw how busy it had become compared to previous years. I told my wife that we should buy some shares. At that time, the price was around thirty dollars a share. When the next quarterly report came out, the next day, the price had jumped to sixty dollars per share. At that point I knew I had waited too long, but I wasn't going to be left further behind. I bought one hundred shares almost immediately. My broker had some misgivings. I didn't. I was right, he wasn't.

I don't know whether this is helpful. I think it is time to stop these frivolous law suits.

Sincerely,

*Winston Gouzoules*

Winston Gouzoules

Exhibit H

MARSHALL J. ORLOFF AND ANN S. ORLOFF
8661 KILBOURN DRIVE
LA JOLLA, CA 92037-2231

January 20, 2011

U.S. District Court
Northern District of California
280 South 1st Street
San Jose, CA 95113

Re:    In Re Apple Inc. Securities Litigation
       Case No. C-06-5208-JF

Dear Honorable Court,

My wife and I as trustees of the Orloff Fam Tr UAD 12/13/01 and as custodians of
the Dr Marshall J Orloff IRA R/O FCC are Class Members of the *In re Apple Securities
Litigation*, case number C-06-5208-JF as we purchased _____(#) shares of stock in
_ _____(date). We write in order to object to the settlement that we read about in the "Notice
of proposed settlement, settlement fairness hearing and motion for attorneys' fees and
expenses," dated November 22, 2010. We also write as we anticipate attending and speaking
at this hearing.

I am aware that there are very serious (and well-founded) allegations with regards to
Options Backdating and dilution of our shares of stock by Apple and its executives. These
activities resulted in losses to the shareholders, of which my wife and I are a part. I object to
the low settlement amount of $16.5 million.

In truth, the more fair remedy would be to resolve the unwarranted 20% dilution of
our shares and the loss of some of our voting privileges - and certainly this would be valued
at greater than $16.5 million. Instead the Class is receiving only $0.07 cents per dollar,
alterations to Apple's internal corporate governance structure, and donations to outside
corporate governance programs at nine different universities around the country. The latter
two "remedies" have nothing to do with and provide no benefit to Class Members.

This brings me to the proposed "Cy Pres." Donating the remaining unclaimed money
to nine corporate governance programs, the choices of which I am sure are self serving to the
persons settling this lawsuit, does not sit well with this Class Member. What benefit does this
provide to the us? Why these institutions? At the very least, I propose that some of the
Corporate Governance "Cy Pres" Money be donated to either the University of San Diego
School of Law, which has one of the finest tax law programs in the country, or to California
Western School of Law National Center for Preventive Law.

I also object to the attorneys for the Class receiving 2.5 million dollars for settling a
case with this set of facts for only $16.5 million. I realize this case carried on for four years
but it appears that not much activity happened for a period of nearly two of those years. It is
troubling that such high fees could be incurred with so little accomplished for the Class. In
fact, the factual summary of this case can be summed up in just half of one page (On page 3
of the Notice of Settlement.)   Furthermore, it appears that, after re-filing the First Amended
Consolidated Class Action Complaint on March 22, 2010 (and then later re-filing it on May

24, 2010 with corrections), that the case settled soon thereafter. There is no evidence of investigation on the part of the Class Members' attorneys and no explanation regarding why it was settled without further investigation, particularly given the facts in this case. I believe the Class was probably entitled to more but, in their excitement to get paid, the attorneys settled too soon.

Therefore, this Class Member objects and requests the opportunity to appear at the hearing on February 18, 2011.

Sincerely,

Marshall J. Orloff

**In Re Apple Inc Securities Litigation**
**Case No. C-06-5208-JF**

### DECLARATION OF SERVICE
### STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

I, Marshall Orloff, MD, declare as follows:

On January 20, 2011, I caused to be served the following:

### Letter of Objection to the Proposed Settlement

on the interested parties:

Plaintiffs' Lead Counsel
Jay W. Eisenhofer
Michael J. Barry
Grant & Eisenhofer, P.A.
1201 N. Market Street
Wilmington, DE 19801

Counsel for Apple
George A. Riley
O'Melveny & Myers, LLP
Two Embarcadero Ctr., 28th Floor
San Francisco, CA 94111

by placing a copy in an envelope, with postage fully prepaid, for the addressee named above for collection and mailing on the above indicated day following the ordinary business practices of our offices

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on January 20, 2011, at La Jolla, California.

Marshall Orloff, M.D.

Exhibit I

To the attorney's involved in the law suit against Apple Computer;

I do not want to benefit in any way from your law suit.  The Apple Computer
company has done nothing but make money for its investors since its inception.
I opt out of this law suit and scold you for your impertinence.

Regards,
Laura Hirshman

*[signature: Laura Hirshman]*

3416 Cornell Place
Cinti. O. 45220

Sent to Plaintiffs Lead Council as Well.