# Attachment A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

IN RE APPLE INC. SECURITIES
LITIGATION

Case No. C06-05208-JF

CLASS ACTION

## DECLARATION OF CLAIMS ADMINISTRATOR ON NOTICE IMPLEMENTATION

I, ROBERT OSEAS, declare as follows:

1.    I am a Project Manager employed by Epiq Class Action and Claims Solutions Inc., ("Epiq"), f/k/a Poorman-Douglas Corp., the Claims Administrator designated in the Amended Stipulation and Agreement of Settlement in this matter and approved by the Court in its Amended Order Preliminarily Approving Settlement, Directing Notice of Settlement, and Scheduling Settlement Fairness Hearing. *See* Doc. 134-1 at ¶1.6 and Doc. 139 at ¶8.

2.    I am overseeing and am fully familiar with the notice implementation actions taken by Epiq in connection with the Settlement, as described below.

3.    This Declaration is based upon my personal knowledge and information provided to me by associates and staff under my supervision and is accurate and truthful to the best of my knowledge.

4.    Epiq is a firm with more than 40 years of experience in data processing. Epiq's claims administration services include: (a) coordination of all notice requirements; (b) design of direct mail notice; (c) establishment of toll free phone line and fulfillment services; (d) coordination with the U.S. Postal Service; (e) database management; (f) website hosting and

management; (g) claims processing; and (h) preparation of reports to courts overseeing class action settlements describing Epiq's notice and claims administration activities.

5.     Epiq has provided notification and claims administration services in numerous securities matters, including: *In re General Motors Corp. Securities and Derivative Litigation*, MDL No. 1749 (E.D. Mich.); *In re: Parmalat Securities Litigation*, MDL No. 1653 (S.D.N.Y.); *In re Marvell Technology Group Ltd. Securities Litigation*, Case No. 06-6286 (N.D. Cal.); *In re: Brocade Securities Litigation*, Case No. 05-2042 (N.D. Cal.) and the Royal Dutch Shell Non-United States Residents Securities class action settlement under the supervision of the Amsterdam Court of Appeals, Case No. 10610887.

6.     As a Project Manager, I am responsible for coordination of claims administration services for class action settlements.  I oversee a multitude of services, such as document mailing, phone services, voice response units, live operators, website design and maintenance, mail processing, claims processing, distribution, and related reporting.

## OVERVIEW OF EPIQ'S RESPONSIBILITIES

7.     Epiq has been retained in the above matter to undertake numerous activities, including:

(a)     cause the Publication Notice to be published in *Investor's Business Daily* and transmitted over *Business Wire*;

(b)     print the Court-approved Notice and Proof of Claim;

(c)     mail the Notice and Proof of Claim and, where required, re-mail the Notice and Proof of Claim, by first-class mail to Class Members and to brokers, banks and other nominees;

(d)  forward copies of the Notice and Proof of Claim to potential Class Members pursuant to requests submitted by brokers, banks and other nominees;

(e)  use its best efforts to obtain correct addresses and re-mail the Notice and Proof of Claim to individuals or entities whose packages were returned as undeliverable mail;

(f)  develop and maintain a website to provide information regarding the proposed Settlement and to capture online Proof of Claim submissions;

(g)  establish an e-mail address for Class Members and other interested persons to contact the Claims Administrator;

(h)  develop, staff and maintain live operator services and a toll free number with an interactive voice response unit (IVR);

(i)  designate a post office box to receive requests for exclusion, Proofs of Claim and other communications; and

(j)  receive, log, and process requests for exclusion, Proofs of Claim and other communications from Class Members and other interested persons.

## PUBLICATION NOTICE

8.  Epiq caused the Publication Notice to be published on December 8, 2010 in *Investor's Business Daily*, page A-7.  Attached as **Attachment A** is a copy of the Publication Notice as it appeared in *Investor's Business Daily* as well as an affidavit of publication.

9.  Also on December 8, 2010, Epiq caused the Publication Notice to be transmitted over *Business Wire*.

## MAILING OF THE NOTICE AND PROOF OF CLAIM

10.     On October 8, 2010, Epiq received 33,448 records from Apple's transfer agent. Epiq imported this data file and removed exact duplicates. On December 8, 2010, Epiq mailed 31,886 copies of the Notice and Proof of Claim to these records by first-class mail. **Attachment B** is a copy of the Notice and Proof of Claim package as it was mailed.

11.     Epiq maintains and updates a list of banks, brokers and other nominees. On December 9, 2010, Epiq mailed 5,804 copies of the Notice and Proof of Claim to known banks, brokers and other nominees in the United States. As a result of that mailing, banks, brokers and other nominees have sent Epiq (i) lists of potential Class Members and/or (ii) requests for quantities of unaddressed notices that the banks, brokers and other nominees forward to potential Class Members. Epiq is fulfilling both types of requests as they are received.

## TOLL FREE TELEPHONE NUMBER, EMAIL ADDRESS AND WEBSITE

12.     Epiq activated a dedicated toll free number for the Settlement on December 7, 2010.   The toll free number provides callers with automated answers to frequently asked questions and the ability to request a copy of the Notice and Proof of Claim by mail.   This automated or "IVR" system is available 24 hours a day, 7 days a week.   An option is available on the toll free number for callers to speak with a live agent.   Epiq has trained agents on how to respond to questions from callers seeking information about the Settlement.   Agents are available Monday through Friday from 9:00 A.M. to 5:00 P.M. Pacific Time (excluding official holidays). During other hours, callers may leave a message for an agent to call them back on the next business day.

13.     Epiq also established an email address, questions@applesecuritiessettlement.com, for Class Members and other interested persons to contact the Claims Administrator.

DECLARATION OF CLAIMS ADMINISTRATOR ON NOTICE IMPLEMENTATION

14.     A settlement website, www.applesecuritiessettlement.com, was established by Epiq which provides general information about the Settlement, answers to frequently asked questions and access to a number of case-related documents. Specifically, visitors to the website can download documents such as the Notice, Proof of Claim, Amended Stipulation and Agreement of Settlement and Amended Preliminary Approval Order, among other documents. This website also has automated functionality for Class Members and nominees to submit Proofs of Claims online.

## POST OFFICE BOX

15.     A post office box address has been designated for the Settlement. This post office box address appears on the Notice and Proof of Claim, and is also available through the toll free number and the website.

16.     Epiq has received, and continues to receive, mail in this post office box, which includes Proofs of Claim.

17.     As of the close of business on January 4, 2011, Epiq has received no requests for exclusion from the Class. As set forth in the Notice, requests for exclusion must be sent by first-class mail postage pre-paid, postmarked no later than January 21, 2011.

18.     Epiq has received, and continues to receive, Proofs of Claim. The deadline to submit valid Proofs of Claim, as set forth in the Notice, is March 15, 2011.

## PLAN OF ALLOCATION AND CLAIMS PROCESSING

19.     Epiq has reviewed the Plan of Allocation for distribution of the Net Settlement Fund, which is included in the Notice. Epiq has determined that it is able to administer the Settlement based on the Plan of Allocation, and has administered numerous other securities class action settlements with similar plans of allocation.

20.     Epiq understands that the Plan of Allocation and the Court's Amended Preliminary Approval Order require Class Members to submit valid Proofs of Claim and supporting documentation.     Such supporting documentation typically includes brokerage confirmation slips, or other documentation as sufficiently reliable to establish the transactions in the relevant security while preventing acceptance of fraudulent claims.  If/when Epiq receives Proofs of Claim without sufficient documentation, the claimant or their authorized representative will be advised of the deficiency and we will attempt to work with the claimant in order for them to remedy the deficiency.

21.     Prior to distributing the Net Settlement Fund, pursuant to Section 6 of the Amended Stipulation, I understand Lead Counsel will apply to the Court for a Class Distribution Order which will, among other things, approve of Epiq's administrative determinations concerning the acceptance and rejection of the Proofs of Claim submitted.  Epiq will submit an additional declaration at that time updating the Court on the claims administration process. Pursuant to paragraph 49 of the Notice, I understand that Lead Plaintiff will request that the Court approve of appropriate recipients for cy pres donations of any funds remaining in the Net Settlement Fund following payment of outstanding costs and expenses.

Robert Oseas

Subscribed and sworn to before me this 7th day of January, 2011.

OFFICIAL SEAL
SARA ANN KNUDSEN
NOTARY PUBLIC-OREGON
COMMISSION NO. 434504
MY COMMISSION EXPIRES NOVEMBER 23, 2012

NOTARY PUBLIC

My Commission Expires: 11/23/12

DECLARATION OF CLAIMS ADMINISTRATOR ON NOTICE IMPLEMENTATION

6

1
2
3
4

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

5   IN RE APPLE INC. SECURITIES
    LITIGATION
6

Case No. C06-05208-JF

CLASS ACTION

7

8   <u>SUPPLEMENTAL DECLARATION OF CLAIMS ADMINISTRATOR</u>

9

10   I, ROBERT OSEAS, declare as follows:

11       1.      I am a Project Manager employed by Epiq Class Action and Claims Solutions Inc.,

12   ("Epiq"), f/k/a Poorman-Douglas Corp., the Claims Administrator designated in the Amended

13   Stipulation and Agreement of Settlement in this matter and approved by the Court in its Amended

14   Order Preliminarily Approving Settlement, Directing Notice of Settlement, and Scheduling

15   Settlement Fairness Hearing ("Amended Preliminary Approval Order"). *See* Doc. 134-1 at ¶1.6

16   and Doc. 139 at ¶8.

17       2.      I am overseeing and am fully familiar with the notice implementation actions

18   taken by Epiq in connection with the Settlement, as described below. This Declaration is based

19   upon my personal knowledge and information provided to me by associates and staff under my

20   supervision and is accurate and truthful to the best of my knowledge.

21       3.      I submit this declaration as a supplement to my declaration of January 7, 2011

22   (attached hereto as **Attachment A**) to further describe and provide proof of the administrative

23   activities conducted thus far.

24               **MAILING OF THE NOTICE AND PROOF OF CLAIM**

25       4.      As described in my previous declaration, Epiq mailed 31,886 copies of the Notice

26   and Proof of Claim to potential Class Members identified by Apple's transfer agent by first-class

27   mail on December 8, 2010. Epiq also mailed 5,804 copies of the Notice and Proof of Claim to

28   known banks, brokers and other nominees on December 9, 2010. The same documents were sent

1  electronically to the 365 banks, brokers and nominees for which Epiq had obtained e-mail
2  addresses.

3      5.      The notice package mailed to banks, brokers and other nominees included a
4  Nominee Cover Letter (attached hereto as **Attachment B**).  The Nominee Cover Letter directs
5  each institution to compile a list of potential Class Members in order to provide notice by one or
6  more of the following three mechanisms: (i) send copies of the Notice and Proof of Claim to such
7  potential Class Members directly, (ii) send an electronic list of names and address to Epiq for
8  mailing, or (iii) send to Epiq pre-printed address labels with the mailing information for potential
9  Class Members, which Epiq could then use to mail a Notice and Proof of Claim.  The instructions
10  also requested that the banks, brokers and nominees complete their research within 14 days, in
11  accordance with the Amended Preliminary Approval Order.

12      6.      As of December 23, 2010, Epiq received 20 electronic lists from banks, brokers
13  and other nominees, comprised of 672,012 potential Class Member names and addresses.  Related
14  mailings of the Notice and Proof of Claim to these potential Class Members were completed on a
15  rolling basis as files were received, with most mailings completed 7-10 business days after Epiq's
16  receipt of the data.  Between December 9, 2010 and December 23, 2010, Epiq also received six
17  requests for bulk shipment of unaddressed copies of the Notice and Proof of Claim to banks,
18  brokers and other nominees.  These requests totaled 25,787 Notices and Proofs of Claim, which
19  the banks, brokers and other nominees were to then forward directly to potential Class Members.
20  Epiq fulfilled all such requests on a rolling basis as they were received, with most requests being
21  fulfilled within three business days.  Finally, Epiq received one batch of approximately 712 pre-
22  printed address labels prior to December 23, 2010.  Epiq promptly affixed the address labels and
23  appropriate postage to these Notices and Proofs of Claim, and caused them to be mailed to
24  potential Class Members.

25      7.      Since December 23, 2010, Epiq received an additional 22 electronic lists from
26  banks, brokers and other nominees, comprised of 253,997 additional potential Class Member
27  names and addresses.  We have received seven additional requests for bulk shipment of a total of
28  207,668 unaddressed copies of the Notice and Proof of Claim.  One such instance was on January

5, 2011, when Broadridge Financial Solutions, Inc. ("Broadridge") requested unaddressed copies of the Notice and Proof of Claim from Epiq on behalf of Merrill Lynch and possibly other institutions. On January 10 and 11, 2011, Epiq sent Broadridge the requested unaddressed copies of the Notice and Proof of Claim by overnight mail. Broadridge subsequently informed Epiq that it mailed the unaddressed copies of the Notice and Proof of Claim to potential Class Members, on January 14, 2011.

8.    Lastly, Epiq has received 10 additional batches of pre-printed address labels, comprised of 12,240 potential Class Member names and addresses, since December 23, 2010. All such mailings were completed on a rolling basis as information was received, with most mailings completed within 5-7 business days.

9.    Epiq has received correspondence from three individuals who claim to have received the Notice and Proof of Claim on or shortly before January 21, 2011. The parties asked Epiq to determine the circumstances regarding the mailing of the Notice and Proof of Claim to these individuals. We have determined that Broadridge, on behalf of Merrill Lynch, mailed the Notice and Proof of Claim to one of the individuals, George Sibley, on January 14, 2011. As discussed above, on January 10 and 11, 2011, Epiq mailed Broadridge unaddressed copies of the Notice and Proof of Claim in response to Broadridge's January 5, 2011 request to Epiq. Epiq mailed the Notice and Proof of Claim directly to the other two individuals seven business days (January 18, 2011) after their information was provided to Epiq by a nominee on January 7, 2011.

10.    Epiq has received invoices for postage, copying, and related costs from nominees that mailed the Notice and Proof of Claim directly to their clients.

11.    As of January 14, 2011, Epiq had sent over 1.1 million copies of the Notice and Proof of Claim to potential Class Members or their banks, brokers or other nominees. As of February 3, 2011, a total of 1,211,562 Notices and Proofs of Claim were mailed to potential Class Members or their banks, brokers or other nominees. Some copies of the Notice and Proof of Claim have been returned as undeliverable. We have attempted to re-mail the Notice and Proof of Claim to a different address, but approximately 42,000 records remain undeliverable.

**OTHER CONTACT WITH BANKS, BROKERS AND NOMINEES**

12.     As noted above, Epiq sent a Notice, Proof of Claim and related instructions electronically on December 10, 2010 to the 365 banks, brokers and nominees for which Epiq had obtained an e-mail address.  We have also undertaken other efforts to reach out to these entities and encourage them to complete their research for the notice process or to remind them of the various deadlines established by the Court.  Beginning January 3, 2011, Epiq has focused on the ten entities who are historically among the largest claim filers in similar Class Actions, though we have worked with other banks, brokers and nominees by phone or e-mail, as well.  We have been advised by several nominees that they intend to file claims on behalf of their clients before the March 15, 2011 Proof of Claim deadline.

**TOLL FREE TELEPHONE NUMBER, EMAIL ADDRESS AND WEBSITE**

13.     As described more fully in my previous declaration, Epiq created and continues to maintain a toll-free information line which, in addition to providing recorded information about the Proposed Settlement, allows callers to speak with a live representative or request a Notice and Proof of Claim.  As of February 3, 2011, Epiq has received 2,317 calls to the toll-free number. Of these callers, 1,076 have chosen to speak with a live representative, and 71 additional requests for a Notice and Proof of Claim were received.

14.     Epiq also established an email address, questions@applesecuritiessettlement.com, for Class Members and other interested persons to contact the Claims Administrator.  As of February 3, 2011, Epiq has received 349 emails.

15.     As described more fully in my previous declaration, Epiq established and continues to maintain a settlement website, www.applesecuritiessettlement.com.

16.     On December 8, 2010, Epiq made the following documents accessible through this website:

- Amended Stipulation and Agreement of Settlement (without exhibits)
- Lead Plaintiff's Motion for Preliminary Approval of Class Action Settlement

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- Apple Inc.'s Memorandum of Points and Authorities in Support of Joint Motion for Order Preliminarily Approving Settlement, Directing Notice of Settlement, and Scheduling Settlement Fairness Hearing.
- Joint Submission in Support of Amended Preliminary Approval Order
- Amended Preliminary Approval Order (without exhibits)
- Notice of Proposed Settlement, Settlement Fairness Hearing, and Motion for Attorneys' Fees and Expenses
- Proof of Claim

17.     On January 10, 2011, Epiq made the following additional documents accessible through this website:

- Lead Plaintiff's Notice of Motion and Motion for Final Approval of Class Action Settlement; Memorandum of Points and Authorities in Support Thereof.
- Lead Plaintiff's Notice of Motion and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses; Memorandum of Points and Authorities in Support Thereof.
- Declaration of Michael J. Barry in Support of Motion for Final Approval of Settlement and Plan of Allocation and Motion for an Award of Attorneys' Fees and Reimbursement of Expenses.
- Defendants' Notice of Joinder in Lead Plaintiff's Request for Final Approval of Class Action Settlement and Plan of Allocation.
- Apple Inc.'s Memorandum of Points and Authorities in Support of Final Approval of Class Action Settlement and Plan of Allocation.

As of February 3, 2011, this website has been accessed by 12,406 visitors.

## PUBLICATION NOTICE

18.     As set forth in my earlier declaration, Epiq caused the Publication Notice to be published on December 8, 2010, in *Investor's Business Daily*, and to be transmitted over *Business Wire* on December 8, 2010.

1                                   **REQUESTS FOR EXCLUSION**

2        19.     Epiq has designated a post office box address for the Settlement to receive

3 correspondence from Class Members, including Requests for Exclusion. The Notice directs that

4 all Requests for Exclusion be postmarked no later than January 21, 2011. As of February 3, 2011,

5 Epiq has received 19 Requests for Exclusion. As part of the exclusion process, Class Members

6 who wish to be excluded are directed to identify the date(s), price(s) and number of shares of all

7 purchases and sales of Apple common stock made during the Class Period. Of the 19 potential

8 Class Members who have requested exclusion, one potential Class Member has indicated that

9 they made no purchases of Apple common stock during the Class Period, and seven have not

10 included information about their purchases or sales. The remaining 11 Class Members have

11 reported purchases totaling 3,425 shares and reported sales totaling 590 shares. A list of each

12 potential Class Member requesting exclusion, as well as the number of shares reported purchased

13 and sold by each, is attached hereto as **Attachment C**.

14                                     **PROOFS OF CLAIM**

15        20.     Epiq has designated a post office box address for the Settlement to receive Proofs

16 of Claim. This address appears on the Proof of Claim, Notice, website, and is available through

17 the toll-free telephone line. Class Members also have the option to submit their Proofs of Claim

18 and supporting documentation electronically at www.applesecuritiessettlement.com. As of

19 February 3, 2011, Epiq has received a total of 18,653 Proofs of Claim submitted by or on behalf

20 of Class Members that purportedly purchased over 547 million shares of Apple stock during the

21 Class Period. Of this total, 8,350 were submitted via the post office box, an additional 1,645 were

22 submitted via the website, and 8,658 were submitted electronically by banks, brokers or other

23 nominees.

24        21.     Epiq has reviewed the Plan of Allocation for distribution of the Net Settlement

25 Fund, which is included in the Notice. Epiq has determined that it is able to administer the

26 Settlement based on the Plan of Allocation, and has administered numerous other securities class

27 action settlements with similar plans of allocation.

28

1       22.    Epiq understands that the Plan of Allocation and the Court's Amended Preliminary

2  Approval Order require Class Members to submit valid Proofs of Claim and supporting

3  documentation. Such supporting documentation typically includes brokerage confirmation slips,

4  or other documentation as sufficiently reliable to establish the transactions in the relevant security

5  while preventing acceptance of fraudulent claims. If/when Epiq receives Proofs of Claim without

6  sufficient documentation, the claimant or their authorized representative will be advised of the

7  deficiency and we will attempt to work with the claimant in order for them to remedy the

8  deficiency.

9       23.    As of February 2011, Epiq has begun to process Proofs of Claims and follow up

10  with Class Members regarding deficiencies.

11       24.    Prior to distributing the Net Settlement Fund, pursuant to Section 6 of the

12  Amended Stipulation, I understand Lead Counsel will apply to the Court for a Class Distribution

13  Order which will, among other things, approve of Epiq's administrative determinations

14  concerning the acceptance and rejection of the Proofs of Claim submitted. Epiq will submit an

15  additional declaration at that time updating the Court on the claims administration process.

16  Pursuant to ¶ 49 of the Notice, if any funds remain in the Net Settlement Fund by reason of un-

17  cashed checks or otherwise, then, after Epiq has made reasonable and diligent efforts to have

18  Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash

19  their distributions, any balance remaining in the Net Settlement Fund one year after the initial

20  distribution of such funds shall be re-distributed to Class Members who have cashed their initial

21  distributions, after payment of any unpaid costs or fees incurred in administering the Net

22  Settlement Fund for such re-distribution, up to a maximum distribution of $1.70 per share (the

23  difference between the closing price of Apple common stock on June 29, 2006 ($58.97) and June

24  30, 2006 ($57.27)). I understand that Lead Plaintiff will request that the Court approve of

25

26

27

28

1  appropriate recipients for cy pres donations of any funds remaining in the Net Settlement Fund
2  after the second distribution following payment of outstanding costs and expenses.

3

4  _____

5                     Robert Oseas

6

7  Subscribed and sworn to before me this  4ᵗʰ  of February, 2011.

8

9

10                   NOTARY PUBLIC

11

12  My Commission Expires:  11/23/12

13

OFFICIAL SEAL
SARA ANN KNUDSEN
NOTARY PUBLIC-OREGON
COMMISSION NO. 434504
MY COMMISSION EXPIRES NOVEMBER 23, 2012

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SUPPLEMENTAL DECLARATION OF CLAIMS ADMINISTRATOR
8