JAY W. EISENHOFER (*admitted pro hac vice*)
MICHAEL J. BARRY (*admitted pro hac vice*)
GRANT & EISENHOFER P.A.
Chase Manhattan Centre
1201 N. Market Street
Wilmington, Delaware 19801
Telephone:	(302) 622-7000
Facsimile:	(302) 622-7100
E-Mail:	jeisenhofer@gelaw.com
	mbarry@gelaw.com

*Attorneys for Lead Plaintiff New York City Employees' Retirement System*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| IN RE APPLE INC. SECURITIES LITIGATION | CASE NO. C-06-05208-JF <br><br> <u>CLASS ACTION</u> <br><br> **SUPPLEMENTAL DECLARATION OF MICHAEL J. BARRY IN SUPPORT OF FINAL APPROVAL OF SETTLEMENT AND PLAN OF ALLOCATION AND MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBIRSEMENT OF EXPENSES** |

1  I, MICHAEL J. BARRY, hereby declare as follows:

2      1.    I am a director of Grant & Eisenhofer P.A. ("G&E"), counsel to the New York City Employees' Retirement System ("NYCERS" or "Lead Plaintiff"), and the Court-appointed Lead Counsel for the Class in the above-captioned action (the "Action"). I have personal knowledge of the matters set forth below based on my active participation in all aspects of the prosecution and settlement of this Action. I submit this Supplemental Declaration in further support of Lead Plaintiff's Motion for Final Approval of Settlement and Plan of Allocation and Motion for an Award of Attorneys' Fees and Reimbursement of Expenses ("Lead Plaintiff's Motion for Final Approval"), and in response to an objection that was received subsequent to the February 25, 2011 hearing.

2.    On February 25, 2011, the Court conducted a settlement fairness hearing to consider Lead Plaintiff's Motion for Final Approval. At the conclusion of the fairness hearing, the Court requested that the parties submit an update on the status of the claims process. This update is set forth below.

3.    Attached hereto as Exhibit 1 is the Third Supplemental Declaration of the Claims Administrator, with exhibits (the "Third Supp. Oseas Decl.").

4.    According to the Third Supplemental Oseas Declaration, as of March 14, 2011, the Claims Administrator has received 76,820 Proofs of Claim. The Claims Administrator has estimated the Recognized Claims for 64,684 of these 76,820 Proofs of Claim according to the Plan of Allocation. Of the 64,684 Proofs of Claim, the Claims Administrator's calculations show that 18,425 Proofs of Claim have a Recognized Claim greater than $5.00 and represent $48,180,424.75 in value of Recognized Claims, far exceeding the $16.5 million Settlement Fund.

5.    Because the Recognized Claims greatly exceed the Settlement Fund, it appears that the purported "contingent" objections of objector Patrick Pezzati have been rendered moot and should be overruled. *See* Pezzati Objection, Dkt. No. 148 at 2 ("if…the $16.5 million settlement fund will be exhausted, [Pezzati] has no objection to the settlement or the fee request.").

6.    In addition to those objections of which the Court already has been apprised, on March 3, 2011, Lead Counsel received an objection from a Mr. Geoffrey Wood, and individual who purports to

SUPPLEMENTAL DECLARATION OF MICHAEL J. BARRY
IN SUPPORT OF FINAL APPROVAL OF SETTLEMENT    - 1 -
C.A. No. C-06-05208-JF

have been a shareholder of Apple during the Class Period.  (Mr. Wood's objection is attached as Attachment D to the Third Supp. Oseas Decl.).  Mr. Wood's objection should be overruled.  First, not only is Mr. Wood's objection untimely, but Mr. Wood did not provide any evidence that he is, in fact, a member of the Class.  The Notice requires that individuals wishing to object must "identify the date(s), price(s), and number of shares of all purchases and sales of Apple common stock [] made during the Class Period."  Notice ¶ 36.  Mr. Wood's objection makes no showing that he suffered losses during the Class Period and therefore, he lacks standing.  *See Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 333 (1980); *see also San Francisco NAACP v. San Francisco Unified School Dist.*, 59 F. Supp. 2d 1021, 1032 (N.D. Cal. 1999) ("nonclass members have no standing to object to the settlement of a class action") (citing *Gould v. Alleco, Inc.*, 883 F.2d 281, 284 (4th Cir. 1989) ("The plain language of Rule 23(e) clearly contemplates allowing only class members to object to settlement proposals.")).

7.  Second, in terms of substance, Mr. Wood's objection fails for being comprised of no more than general complaints about the inadequacy of the recovery.  Mr. Wood offers no substantive objection and fails to address the issues raised Lead Plaintiff's Motion for Final Approval.  Indeed, beyond complaining—albeit at length—about the amount of the recovery, he says nothing.  Yet even in cases in which objectors have made specific, reasoned allegations that the amount of recovery is inadequate, courts have overruled such objections.  *See*, e.g.*, In re Tyco Intern., Ltd. Multidistrict Litig*. 535 F. Supp. 2d 249, 263 (D.N.H. 2007).

8.  Theodore Frank, counsel for Mr. Pezzati, has indicated that he intends to seek an award of fees to be paid out of any fee award to counsel for Lead Plaintiff, and intends to seek this fee sometime in May 2011—well after this Court has given Final Approval to the Settlement in this case.  As explained in Lead Plaintiff's Reply in Support of Motion for Final Approval of Class Action Settlement and Plan of Allocation and Application for Attorneys' Fees and Reimbursement of Expenses (Dkt. No. 153), such a petition should, if entertained at all, be directed to defendant Apple Inc. because the attorneys' fees cannot be paid from the fees awarded to Plaintiffs' counsel.  *See*, *e.g.*, Dkt. No. 153 at 11-2, citing *Fleury v. Richemont North Am., Inc.*, No. 05-4525 EMC, 2008 WL 4829868 (N.D. Cal. Nov. 4, 2008).

9. Lead Counsel is applying for an award of fees for the benefit that it provided in connection with the litigation. To the extent that Mr. Frank claims to have provided a benefit—even though he objected to preliminary approval of the settlement and his "contingent" objections to final approval of the settlement have been rendered moot for the very reasons Lead Plaintiff previously articulated that his objections were meritless —Lead Plaintiff has no objection to Mr. Frank making an application for payment of fees directly from Apple, just as Lead Plaintiff has done. Indeed, because Lead Plaintiff and counsel for Plaintiffs Vogel and Mahoney sought (and obtained) preliminary approval to ask for an award of fees of up to $2 million, but have in fact applied only for an award of fees in the amount of $1,966,250.00, Lead Counsel has no objection to Mr. Frank seeking payment of the difference if he can establish, like counsel for Lead Plaintiff, that his conduct produced a common benefit for the Class. In order to do so, however, he would need to make his application *before* the Court grants Final Approval to the Settlement and issues an Order releasing Apple from future liability.

10. Based on the foregoing, and for the reasons previously articulated in Lead Plaintiff's Notice of Motion and Motion for Final Approval of Class Action Settlement; Memorandum of Points and Authorities In Support Thereof (Dkt. No. 142); Lead Plaintiff's Notice of Motion and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses; Memorandum of Points and Authorities In Support Thereof (Dkt. No. 143); Declaration of Michael J. Barry In Support of Motion for Final Approval of Settlement and Plan of Allocation and Motion for an Award of Attorneys' Fees and Reimbursement of Expenses (Dkt. No. 144); and Lead Plaintiff's Reply in Support of Motion for Final Approval of Class Action Settlement and Plan of Allocation and Application for Attorneys' Fees and Reimbursement of Expenses (Dkt. No. 153), and subject to any final consideration of any application for attorneys' fees that counsel for objector Mr. Pezzati may determine to make, Lead Plaintiff respectfully submits that the proposed plan of allocation is fair, reasonable, and in the best interests of the class, that all objections to the Plan and to the Settlement and Plaintiffs' Counsel's request for attorneys' fees should be overruled.

11. Accordingly, Lead Plaintiff respectfully requests that the Court grant final approval to the Settlement, resolving all claims for attorneys' fees in total, regardless of whether they are made against

Apple or against Lead Counsel, by or on behalf of any person or entity, for any reasons whatsoever, relating to the Settlement, the prosecution of the Litigation, or the underlying claims.

12. To the extent the Court would like to address these issues at a hearing, Lead Counsel is available to do so at the Court's convenience.

Dated: March 15, 2011

Respectfully submitted,

**GRANT & EISENHOFER P.A.**

　　　*/s/ Michael J. Barry*　　　
　　　MICHAEL J. BARRY

JAY W. EISENHOFER
MICHAEL J. BARRY
Chase Manhattan Centre
1201 N. Market Street
Wilmington, Delaware 19801
Telephone:　(302) 622-7000
Facsimile:　(302) 622-7100

*Attorneys for Lead Plaintiff New York City Employees' Retirement System*