# Attachment D

Claims Administrator
In re Apple Inc. Securities Litigation
P. O. Box 6809
Portland, OR 97228-6809

Dear Sirs:                                         February 18, 2011

I am a member of the class of this questionable litigation by reason of the fact that my
family and I owned approximately 180 shares of Apple Stock at various times during the
period in question—August 24, 2001 and September 30, 2006. (71533,34,35,36)

However, since I may not have standing to object as a class member, I oppose this
litigation as a member of the public for the following reasons:

1. The safekeeping of documents for a period of over 10 years is impractical and not
   practiced or recommended by any customary investment or tax standard today.
   Requiring accurate records more than five years old to participate in this
   settlement is unreasonable and shows poor judgment and practice by a Federal
   Appeals Court.

2. Approving a case from these facts where the economic recovery and benefit to the
   class is estimated to be $0.07 per share is sheer legal fiction. Since the two main
   purposes for class action lawsuits seems to be missing here – that of penalizing
   the defendant and restoring economic loss to the class, the only benefit here seems
   to be to the lawyers and judges who have kept this fiction alive. If it could be
   shown that the class itself and not just the lead plaintiff (NYCERS) were
   economically benefited to any significant degree by this action, this class action
   might have some validity. This case fails in this regard.

3. The public is really not interested in repairing the contrived woes of a highly
   sophisticated investor such as NYCERS at minimal shareholder expense.
   Therefore, the Court of Appeals should be mindful of spending taxpayer time
   approving a case with such limited recovery benefits for the public, both
   economic and social.

4. For a class action to be valid and confer benefits to the public a class action
   lawsuit must have some connection to public reality and public benefit; it must be
   clear in its solution for the class and it must be easily documented and submitted
   by the class. This case seems to fail in most of these areas. For example, all action
   by members of the class, the exclusion date, proof date and objection date should
   all be executable through the same cutoff date. The convenience of the court or
   attorneys is secondary here.

5. This case has been heard, tried and re-tried by lower courts with the same
   outcome—dismissal—probably because of its limited benefit to the class.

6. Denying approval of this settlement would actually benefit the class by a greater
   economic degree than the 7-cent estimated recovery through the court system. To
   argue that past shareholders have no other way to recover damages is more fiction.

7. Estimates of class recovery are highly dependent on the final number in the class. Any estimate is likely to be highly misleading in a case where the recovery is perceived by the class to be economically irrelevant as it is in this case. At $0.07 per share, most members of the class would just as soon waive their right to this penurial recovery and enjoy the benefits as a current shareholder, avoiding the compounded cost of litigation and the unreasonable annoyance of documentation and submission.

For all of the above reasons, the Ninth Circuit should deny approval of this class action allowing all present shareholders to benefit from the elimination of legal waste.

<u>In spite of my failure to file this objection in a timely manner, the points made here are material and should still be heard as part of the discussion.</u> It is awards like these that drive the public to question the role of trivial class action lawsuits in our society.

Sincerely,

Geoffrey H. Wood
2760 Baker Street
San Francisco, CA 94123

*GW PARTNERS*
2760 Baker Street
San Francisco, CA 94123

SAN FRANCISCO CA 941

22 FEB 2011   PM 7 L

Claims Administrator
In re Apple Inc., Securities Litigation
P. O. Box 6809
Portland, OR 97228-6809

9722&+&&09