GEORGE A. RILEY (S.B. No. 118304)
ROBERT D. TRONNES (S.B. No. 209835)
VIVI T. LEE (S.B. No. 247513)
O'MELVENY & MYERS LLP
Two Embarcadero Center
28th Floor
San Francisco, California  94111-3828
Telephone:   (415) 984-8700
Facsimile:    (415) 984-8701
E-Mail:        griley@omm.com
                    rtronnes@omm.com
                    vlee@omm.com

Attorneys for Defendant APPLE INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| IN RE APPLE INC. SECURITIES LITIGATION | Case No. C06-05208-JF |
| | CLASS ACTION |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | **APPLE INC.'S SUBMISSION IN SUPPORT OF FINAL APPROVAL OF SETTLEMENT AND PLAN OF ALLOCATION** |

## I. INTRODUCTION

At the February 25, 2011 Settlement Fairness Hearing, the Court requested the parties provide an update on March 15, 2011 regarding the claims processing and total amount of Recognized Claims. Based on information provided by the Claims Administrator, Apple believes the Net Settlement Fund will be exhausted. Theodore Frank states he has no objection to the Settlement if the Net Settlement Fund is exhausted. (1/21/11 Frank Obj. 2:1-2.)

Apple also wishes to inform the Court of a late objection submitted by purported Class Member Geoffrey H. Wood. (Lee Second Supp. Decl., Ex. A.) Mr. Wood's objection, postmarked February 22, 2011, is both untimely and without merit.

Because the Settlement and Plan of Allocation are fair, reasonable and adequate, Apple respectfully requests the Court grant final approval.

## II. CLAIMS PROCESSING

As of March 14, 2011, the Claims Administrator has received more than 76,000 Proofs of Claim and has preliminarily processed more than 64,000 of those Proofs of Claim. (Epiq Third Supp. Decl. ¶¶ 4, 15-17.)[1] Epiq has estimated that the 64,000 processed claims represent more than **$48 million** in value of Recognized Claims. (*Id*. ¶¶ 4, 17.) The claims processing has not yet been completed, but Apple expects the claims will clearly exhaust the $16.5 million in the Net Settlement Fund.

## III. THE NOTICE PROGRAM

As discussed in Apple's briefs in support of final approval of the Settlement and the Claims Administrator's declarations, the Claims Administrator mailed the Notice and Proof of Claim to 5,804 known banks, brokers and other nominees and directed the institutions to (i) forward the Notice directly to Class Members or (ii) provide a list of names or pre-printed labels to the Claims Administrator to provide notice of the Settlement to potential Class Members. (Epiq Third Supp. Decl. ¶ 5.) The Claims Administrator directed the institutions to complete their research within 14 days in accordance with the Amended Preliminary Approval

---

[1] The Third Supplemental Declaration of Claims Administrator is attached to the Declaration of Michael Barry.

1  Order. (*Id.*) The notice program instituted by the Claims Administrator constitutes the best
2  notice practicable under the circumstances, even though some institutions did not comply with the
3  Claims Administrator's instructions.

4  On December 9, 2010, in the original mailing to banks, brokers and nominees, the Claims
5  Administrator mailed the Notice and Proof of Claim to TD Ameritrade. (Epiq Third Supp. Decl.
6  ¶ 6.) The Claims Administrator also sent the notice package to TD Ameritrade electronically and
7  followed up by phone and email to encourage TD Ameritrade to complete its research for the
8  notice process. (*Id.*) Despite these repeated instructions, TD Ameritrade did not provide the
9  Claims Administrator with an electronic list of the names and addresses of potential Class
10 Members until February 28, 2011. (*Id.*) The Claims Administrator completed the mailing based
11 on TD Ameritrade's data on March 4, 2011. (*Id.*)

12 Claims administrators in securities class actions must rely on nominees to notify potential
13 class members. *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1374 (9th Cir. 1993); *Silber v.*
14 *Mabon*, 18 F.3d 1449, 1452 (9th Cir. 1994). Notice provided to class members' nominees is
15 sufficient "even if brokerage houses fail to timely forward the notice to the beneficial owners."
16 *Fidel v. Farley*, 534 F.3d 508, 514 (6th Cir. 2008). Due process is satisfied as long as the "class
17 as a whole had notice adequate to flush out whatever objections might reasonably be raised."
18 *Torrisi*, 8 F.3d at 1375. The Claims Administrator made reasonable efforts to give notice to
19 potential Class Members through a national publication, a national wire service, direct mailings, a
20 website and toll-free number, and by contacting nominees. As of March 14, 2011, Epiq has
21 mailed a total of 1,365,734 copies of the Notice and Proof of Claim to potential Class Members or
22 their banks, brokers or other nominees. (Epiq Third Supp. Decl. ¶ 7.) As a result, over 76,000
23 Proofs of Claim have been submitted to date; 27,353 visitors have accessed the website; and
24 5,091 callers have called the toll-free number. (*Id.* ¶¶ 10, 12, 15.) Five purported Class Members
25 have also submitted objections to the Settlement. The Claims Administrator's compliance with
26 the Court-approved notice program satisfies all statutory and due process requirements.

27
28

## IV. THE UNTIMELY WOOD OBJECTION

The Claims Administrator received an objection postmarked February 22, 2011—well after the January 21, 2011 deadline for objections—from purported Class Member Geoffrey H. Wood. (Epiq Third Supp. Decl. ¶ 14 & Attachment D.) Mr. Wood acknowledges that he failed to file his objection in a timely manner and does not explain why he is submitting his objection late. (*Id.*) The Claims Administrator mailed the Notice to Mr. Wood on January 7 and again on January 11. (Epiq Third Supp. Decl. ¶ 14.) Mr. Wood did not serve his objection on Apple's counsel and did not provide required information regarding his stock transactions. (Lee Second Supp. Decl. ¶ 3 & Ex. A.) Accordingly, Mr. Wood has waived any objections he may have to the Settlement. (*See* Amended Preliminary Approval Order ¶¶ 14-15; Notice §§ 36-37.)

Even if Mr. Wood's untimely and improper objection is considered, the objection does not show the Settlement is unfair, unreasonable or inadequate. Mr. Wood's arguments have no merit.

- Required documentation: Mr. Wood contends that requiring Claimants to submit documentation verifying their Apple stock transactions is unreasonable because it is impractical to keep documents over a ten-year period. Courts, however, routinely require documentation of stock transactions in securities class actions to ensure the validity and accuracy of submitted claims. *See In re Wireless Facilities, Inc. Sec. Litig.*, 253 F.R.D. 630, 650-51 (S.D. Cal. 2008) (requiring documentation to verify stock transactions); *In re Cendant Corp. Prides Litig.*, 189 F.R.D. 321, 328 (D.N.J. 1999) (requiring documentation to verify "each claimant is truly a member of the settlement class").

- Economic recovery: Mr. Wood argues the economic recovery is insufficient to restore the economic loss to the Class. As Apple explained in its briefs in support of the Settlement, the Settlement is fair, reasonable and adequate to the Class in light of the substantial barriers plaintiffs face to maintain their claims and to recover damages. (Apple Mem. ISO Prelim. Approval 13-21; Apple Mem. ISO Final Approval 8-14.) Plaintiffs' claims were likely to be dismissed before trial because they are time-barred by the five-year statute of repose for Section 10(b) claims. Additionally, plaintiffs

cannot meet the stringent pleading standards for fraud claims mandated by the Private Securities Litigation Reform Act ("PSLRA") and Fed. R. Civ. P. 9(b) or plead or prove loss causation. Even if plaintiffs can overcome all of these hurdles and prevail at trial, the PSLRA will still severely limit any recovery.

- Public benefit: Mr. Wood contends the Settlement does not benefit the public. He appears to oppose class actions generally as a waste of taxpayers' resources. Filing an objection to this Settlement, however, is not the proper avenue to raise those issues. The relevant consideration in approving class action settlements is the benefit to the class, not the general public. *See Officers for Justice v. Civil Service Comm'n of City & Cnty of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982) (citing factors relevant to final approval). Moreover, approval of this Settlement would benefit the public by conserving the Court's resources and advancing corporate reforms.

- Average per share recovery estimate: Mr. Wood contends Lead Plaintiffs' Counsel's estimate of a $0.07 average per share recovery is misleading because actual recovery is dependent on the number of submitted claims. The average per share recovery set forth in the Notice is mandated by the PSLRA and Ninth Circuit precedent. *See* 15 U.S.C. § 78u-4(a)(7)(A); *In re Veritas Software Corp. Sec. Litig.*, 496 F.3d 962, 971 (9th Cir. 2007). Moreover, the Notice addresses Mr. Wood's purported concern about the calculation by expressly stating that "Plaintiffs' Lead Counsel believes that the average per share recovery will be greater than $0.07 because typically fewer than 100% of eligible shareholders elect to participate in securities class action settlements." (Notice § 1.) The Notice further explains that each Claimant's actual recovery "will depend on a number of factors, including (i) when during the Class Period [the Claimant] purchased shares of Apple common stock; (ii) the purchase price paid for the shares; (iii) whether the shares were held at the end of the Class Period or sold during the Class Period; (iv) if sold, when the shares were sold and the amount received; and (v) the number of Recognized Claims." (*Id.* § 24.)

## V. CONCLUSION

Based on the foregoing, Apple respectfully requests the Court finally approve the Settlement and Plan of Allocation.

Dated: March 15, 2011                           O'MELVENY & MYERS LLP

                                                By:      */s/ George A. Riley*
                                                            George A. Riley

                                                Attorneys for Defendant
                                                Apple Inc.