GEORGE A. RILEY (S.B. No. 118304)
ROBERT D. TRONNES (S.B. No. 209835)
VIVI T. LEE (S.B. No. 247513)
O'MELVENY & MYERS LLP
Two Embarcadero Center
28th Floor
San Francisco, California 94111-3828
Telephone: (415) 984-8700
Facsimile: (415) 984-8701
E-Mail: griley@omm.com
rtronnes@omm.com
vlee@omm.com

Attorneys for Defendant APPLE INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| IN RE APPLE INC. SECURITIES LITIGATION | Case No. C06-05208-JF<br><br>CLASS ACTION<br><br>**SECOND SUPPLEMENTAL DECLARATION OF VIVI LEE IN SUPPORT OF FINAL APPROVAL OF SETTLEMENT AND PLAN OF ALLOCATION** |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

**SECOND SUPPLEMENTAL DECLARATION OF VIVI LEE**

I, VIVI LEE, declare as follows:

1. I am an attorney duly licensed before all of the courts of the State of California and the United States District Court for the Northern District of California. I am an associate in the law firm of O'Melveny & Myers LLP, counsel of record for defendant Apple Inc. ("Apple"). I make this second supplemental declaration in support of the Motion for Final Approval of Class Action Settlement and Plan of Allocation. I have personal knowledge of the matters stated herein and, if called upon, could competently testify thereto.

2. Attached hereto as **Exhibit A** is a true and correct copy of an objection from purported Class Member Geoffrey H. Wood, dated February 18, 2011, and postmarked February 22, 2011.

3. To my knowledge, as of March 15, 2011, no attorney for Apple has received a service copy of Mr. Wood's objection in accordance with the terms of the Notice and the Amended Preliminary Approval Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 15th day of March 2011 at Menlo Park, California.

*/s/ Vivi Lee*
Vivi Lee

# Exhibit A

Claims Administrator
In re Apple Inc. Securities Litigation
P. O. Box 6809
Portland, OR 97228-6809

Dear Sirs:                                              February 18, 2011

I am a member of the class of this questionable litigation by reason of the fact that my family and I owned approximately 180 shares of Apple Stock at various times during the period in question—August 24, 2001 and September 30, 2006. (71533,34,35,36)

However, since I may not have standing to object as a class member, I oppose this litigation as a member of the public for the following reasons:

1. The safekeeping of documents for a period of over 10 years is impractical and not practiced or recommended by any customary investment or tax standard today. Requiring accurate records more than five years old to participate in this settlement is unreasonable and shows poor judgment and practice by a Federal Appeals Court.
2. Approving a case from these facts where the economic recovery and benefit to the class is estimated to be $0.07 per share is sheer legal fiction. Since the two main purposes for class action lawsuits seems to be missing here – that of penalizing the defendant and restoring economic loss to the class, the only benefit here seems to be to the lawyers and judges who have kept this fiction alive. If it could be shown that the class itself and not just the lead plaintiff (NYCERS) were economically benefited to any significant degree by this action, this class action might have some validity. This case fails in this regard.
3. The public is really not interested in repairing the contrived woes of a highly sophisticated investor such as NYCERS at minimal shareholder expense. Therefore, the Court of Appeals should be mindful of spending taxpayer time approving a case with such limited recovery benefits for the public, both economic and social.
4. For a class action to be valid and confer benefits to the public a class action lawsuit must have some connection to public reality and public benefit; it must be clear in its solution for the class and it must be easily documented and submitted by the class. This case seems to fail in most of these areas. For example, all action by members of the class, the exclusion date, proof date and objection date should all be executable through the same cutoff date. The convenience of the court or attorneys is secondary here.
5. This case has been heard, tried and re-tried by lower courts with the same outcome—dismissal—probably because of its limited benefit to the class.
6. Denying approval of this settlement would actually benefit the class by a greater economic degree than the 7-cent estimated recovery through the court system. To argue that past shareholders have no other way to recover damages is more fiction.

7. Estimates of class recovery are highly dependent on the final number in the class. Any estimate is likely to be highly misleading in a case where the recovery is perceived by the class to be economically irrelevant as it is in this case. At $0.07 per share, most members of the class would just as soon waive their right to this penurial recovery and enjoy the benefits as a current shareholder, avoiding the compounded cost of litigation and the unreasonable annoyance of documentation and submission.

For all of the above reasons, the Ninth Circuit should deny approval of this class action allowing all present shareholders to benefit from the elimination of legal waste.

<u>In spite of my failure to file this objection in a timely manner, the points made here are material and should still be heard as part of the discussion.</u> It is awards like these that drive the public to question the role of trivial class action lawsuits in our society.

Sincerely,
Geoffrey H. Wood
2760 Baker Street
San Francisco, CA 94123

*GW PARTNERS*
2760 Baker Street
San Francisco, CA 94123

SAN FRANCISCO CA 941
22 FEB 2011 PM 7 L

Claims Administrator
In re Apple Inc., Securities Litigation
P. O. Box 6809
Portland, OR 97228-6809

97228+6809