THEODORE H. FRANK (SBN 196332)
tedfrank@gmail.com
**CENTER FOR CLASS ACTION FAIRNESS**
1718 M Street NW
No. 236
Washington, DC 20036
(703) 203-3848

*Attorney for Objector Patrick Pezzati*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re: Apple Inc. Securities Litigation | Case No. C 06-5208 JF |
| This document relates to: ALL ACTIONS | **CLASS ACTION** |
| | **RESPONSE TO SUPPLEMENTAL MARCH 15 FILINGS OF SETTLING PARTIES** |
| | Judge:     Honorable Jeremy Fogel<br>Date:      February 25, 2011<br>Time:      9:00 a.m.<br>Courtroom: 3, Fifth Floor |

Case No. C 06-5208 JF
RESPONSE TO SUPPLEMENTAL MARCH 15 FILINGS OF SETTLING PARTIES

1. On March 15, 2011, the Settling Parties disclosed for the first time that there were more than $16.5 million in Recognized Claims that would exhaust the Settlement Fund. Docket No. 168 ¶ 4.

2. This exhaustion of the Settlement Fund moots Pezzati's objection about the possible diversion of shareholder (and thus the current-shareholder sub-class) assets to third parties. It does not moot Pezzati's objection to the class counsel's breach of fiduciary duty and Rule 23(a)(4) in negotiating the possibility of such a diversion in the first place, a breach further exacerbated by class counsel continuing to put its own interests ahead of shareholder (and thus the current-shareholder sub-class) interests in their most recent filing. Nevertheless, because the settlement fund will be exhausted, this breach has not yet had actual adverse effect on the class, so Pezzati moves to withdraw his objection to the **settlement approval**.

3. Pezzati does *not* withdraw his objection to the ***attorneys' fees*** for the reasons stated in his objection. Docket No. 148. While the amended settlement will pay over $16,500,000 to class members (including interest on the settlement fund), a substantial percentage of this class recovery is attributable to Pezzati's objection. Class counsel was satisfied with a settlement that would have provided only $14,000,000 to class members, with $2.5 million of shareholder (and class) money diverted to third parties unrelated to the class, including over $416 thousand diverted to third parties affiliated with the name partner of the lead class counsel, all in violation of class counsel's fiduciary duty and the American Law Institute's PRINCIPLES OF THE LAW OF AGGREGGATE LITIGATION. In response to Pezzati's objection, the Settling Parties amended the settlement so that that controverted $2.5 million would go to the class, as Pezzati demanded. Class Counsel itself signed (under Rule 11 penalties) a joint court filing stating "the Settling Parties agreed to amend the Settlement in order to address [Pezzati's counsel] Mr. Frank's objection" Docket No. 134 at 2.

4. Pezzati's objection is responsible for $2.5 million of the $16.5 million class benefit. As such, Pezzati is entitled to a share of the total attorneys' fees awarded in this case, an entitlement that did not vest until March 15, 2011, when it became clear that Pezzati's objection had resulted in an actual (rather than just potential) pecuniary benefit to the class. *See, e.g., Reynolds v. Beneficial Nat. Bank*, 288 F.3d 277, 288 (7th Cir. 2002) (objectors' "lawyers who contribute materially to the proceeding" entitled to fee, even if judge would have *sua sponte* made same finding without objection); *Gottlieb v. Barry*, 43

1  F.3d 474, 491 (10th Cir. 1994) (error to deny fees to objector that benefitted class); *In re Prudential Ins.*
2  *Co. of Am.*, 273 F. Supp. 2d 563, 572 (D.N.J. 2003), *aff'd* 103 Fed. Appx. 695, 697 (3rd Cir. 2004)
3  (awarding objector's attorneys' fees out of class counsel's fee award); *Lonardo v. Travelers Indem. Co.*,
4  706 F. Supp. 2d 766, 816-17 (N.D. Ohio 2010) (same); *In re Horizon/CMS Healthcare Corp. Sec. Lit.*, 3
5  F. Supp. 2d 1208, 1215 (D.N.M. 1998) (same). Pezzati himself is entitled to an incentive payment.
6  *Lonardo*, 706 F. Supp. 2d at 816-17.

7        5.     Because Pezzati's objection is responsible for 15.15% of the class recovery, Pezzati is
8  entitled, as a matter of law, to 15.15% of the $1,966,250 fee award that the Settling Parties stipulated
9  would be awarded to class counsel, or $297,916, with the amount being deducted from the class counsel
10 fee award. *E.g., Prudential, supra* (awarding objector 1.4% of class counsel's fee award for objection
11 that was responsible for 1.4% of class recovery). Pezzati's motion for attorneys' fees, costs, and incentive
12 payment will not recommend more than a total of $85,000, 3.4% of the marginal class recovery,
13 reserving the right to seek more should class counsel continue its scorched-earth litigation tactics and
14 multiply proceedings.

15       6.     Class counsel argues that *Fleury v. Richemont North Am., Inc.,* No. 05-4525 EMC, 2008
16 WL4829868 (N.D. Cal. Nov. 4, 2008) prevents fees from being awarded from attorneys' fees that were
17 awarded separately from the settlement fund because that separate fund cannot be considered part of the
18 common fund. This is bosh and nonsense: the premise is false, and the conclusion is a *non sequitur*.
19 *Fleury* gives no reasoning to support its conclusion, which contradicts precedent; moreover, the
20 unreasoned dicta is superfluous to *Fleury*'s holding denying attorneys' fees because of the lack of
21 evidence of class benefit from the objection in that case. Finally, class counsel's own fee motion
22 contradicts the premise.

23       7.     "[P]rivate agreements to structure artificially separate fee and settlement arrangements
24 cannot transform what is in economic reality a common fund situation into a statutory fee shifting case."
25 *In re General Motors Corp. Pickup Truck Fuel Tank Prod. Liab. Litig.*, 55 F.3d 768, 821 (3rd Cir. 1995).
26 See also *id.* at 820 (severable fee structure "is, for practical purposes, a constructive common fund").
27 "[I]n essence the entire settlement amount comes from the same source. The award to the class and the
28 agreement on attorney fees represent a package deal." *Johnson v. Comerica*, 83 F.3d 241 (8th Cir. 1996).

"If an agreement is reached on the amount of a settlement fund and a separate amount for attorney fees" then "the sum of the two amounts ordinarily should be treated as a settlement fund for the benefit of the class, with the agreed-on fee amount constituting the upper limit on the fees that can be awarded to counsel." MANUAL FOR COMPLEX LITIGATION § 21.71 at 525 (4th ed. 2008). Even class counsel's earlier filing argues that the "separate" attorneys' fee fund is an economic fiction, and should be combined with the settlement fund to create a constructive common fund for purposes of calculating the "total economic value of the Settlement." Docket No. 141-1 at 3 n.4. The "separate" attorneys' fee fund is no such thing, and provides no reason to have any legal effect of protecting class counsel's fees. *Cf. also* Alan B. Morrison, *Improving the Class Action Settlement Process: Little Things Mean a Lot*, 79 GWU L. Rev. 428, 443-44 (2011).

8. Courts thus regularly award attorneys' fees to objectors out of class counsel's award despite the class counsel award coming from a separate fund. *In re Prudential Ins. Co. of Am.*, 273 F. Supp. 2d 563, 572 (D.N.J. 2003), *aff'd* 103 Fed. Appx. 695, 697 (3rd Cir. 2004) (awarding objector's attorneys' fees out of Class Counsel's fee award, which was separate from settlement fund for class); *Lonardo v. Travelers Indem. Co.*, 706 F. Supp. 2d 766, 816-17 (N.D. Ohio 2010) (same). *See also Vincent v. Hughes Air West, Inc.,* 557 F.2d 759 (9th Cir. 1977) (district court has power to assess attorneys to compensate other attorneys for benefit provided the class); *In re Air Crash Disaster, Florida Everglades,* 549 F.2d 1006 (5th Cir. 1977) (same). *Fleury*'s dicta gave no reason for contradicting the Ninth Circuit precedent in *Vincent*.

9. Apple shareholders should not be punished for Pezzati's success in preventing the inappropriate diversion from the settlement fund that class counsel either proposed or acquiesced in; nor should class counsel realize a windfall at the expense of Apple shareholders from Pezzati's actions in augmenting the class recovery. Class counsel is breaching their Rule 23(a)(4) obligations and fiduciary duty to the sub-class of current shareholders in making the specious argument that any attorneys' fees for Pezzati should come from Apple shareholders rather than from the existing class counsel fee request. It is highly inappropriate for class counsel to put their own financial interests ahead of the interests of the current-shareholder sub-class who are their clients.

10. Unless the Court rejects the settlement because of one of the other pending objections, Pezzati's moving papers for attorneys' fees will be filed on or before March 30, 2011, with a noticed hearing date of May 6, 2011. *Cf.* Fed. R. Civ. Proc. 54(d)(2)(B); L.R. 54-5(a).

11. Thus there is nothing prohibiting the court from issuing one order approving the settlement (should it decide to overrule any remaining objections), while withholding ruling on the allocation of attorneys' fees between class counsel and objector's counsel until after the May 6, 2011, hearing on Pezzati's motion for attorneys' fees. *See* Fed. R. Civ. Proc. 54(d)(2) (anticipating that attorneys' fee order can be separate from final judgment). To date, class counsel has refused to narrow the issues that will be before the Court in that hearing; given this Court's crowded docket and the flimsiness of class counsel's arguments to date over a relatively small sum, Pezzati hopes that class counsel will avail itself of the Local Rule 54-5(a) procedure this week and narrow the dispute or even stipulate to a resolution.

Dated: March 16, 2011

Respectfully submitted,

*/s/ Theodore H. Frank*
Theodore H. Frank
**CENTER FOR CLASS ACTION FAIRNESS**
1718 M Street NW
No. 236
Washington, DC 20036
(703) 203-3848
Attorney for Objector Patrick Pezzati

# PROOF OF SERVICE

I declare that:

I am a resident of the State of Virginia, over the age of 18 years, and not party to the within action; my business address is 1718 M Street, NW, No. 236, Washington, DC 20036.

On March 16, 2011, pursuant to Local Rule 23-2, I served the attached:

RESPONSE TO SUPPLEMENTAL MARCH 15 FILINGS OF SETTLING PARTIES

by forwarding the document as a PDF file attached to an e-mail sent to the following Designated Internet Site:

>   Securities Class Action Clearinghouse
>   Stanford University School of Law
>   Crown Quadrangle
>   Stanford, CA 94305-8612
>   scac@law.stanford.edu

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 16, 2011.


   */s/ Theodore H. Frank*
   Theodore H. Frank