1  THEODORE H. FRANK (SBN 196332)
      tedfrank@gmail.com
2  **CENTER FOR CLASS ACTION FAIRNESS, LLC**
3  1718 M Street NW
4  No. 236
5  Washington, DC 20036
   (703) 203-3848
6

7  *Attorney for Objector Patrick Pezzati*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re: Apple Inc. Securities Litigation | Case No. C 06-5208 JF |
| This document relates to: ALL ACTIONS | **CLASS ACTION** |
| | **MEMORANDUM IN SUPPORT OF MOTION FOR ATTORNEYS' FEES** |
| | Judge: Honorable Jeremy Fogel <br> Date: May 6, 2011 <br> Time: 9:00 a.m. <br> Courtroom: 3, Fifth Floor |

## I. Pezzati Is Entitled to Fees for the Class Benefit Attributable to the Pezzati Objection.

On March 15, 2011, the Settling Parties disclosed for the first time that there were more than $16.5 million in Recognized Claims that would exhaust the Settlement Fund. Docket No. 168 ¶ 4. A substantial percentage of this class recovery is attributable to Pezzati's objection. Class counsel was *admittedly* satisfied with and acquiesced in a settlement that would have provided only $14,000,000 to class members, with $2.5 million of shareholder (and thus current-shareholder sub-class) money diverted to third parties unrelated to the class, including over $416 thousand diverted to third parties affiliated with the name partner of the lead class counsel, all in violation of class counsel's fiduciary duty and the American Law Institute's PRINCIPLES OF THE LAW OF AGGREGATE LITIGATION.[1] In response to Pezzati's objection to this diversion, the Settling Parties amended the settlement so that that controverted $2.5 million would go to the class, as Pezzati demanded—thus achieving, through the Pezzati objection, what Class Counsel was unable to achieve through settlement negotiation. Class Counsel itself signed (under Rule 11 penalties) a joint court filing stating "the Settling Parties agreed to amend the Settlement in order to address [Pezzati's counsel] Mr. Frank's objection." Docket No. 134 at 2. Class Counsel has provided no evidence that this $2.5 million that is now going to class is going to class for any reason other than the Pezzati objection. As the latest Marks declaration shows, Apple had no intent of paying more than $14 million to class members; its willingness to do so came only after Pezzati made it clear to the parties that the current settlement structure was illegal.

There is no serious dispute that the Pezzati objection resulted in a substantial $2.5 million benefit upon the class; Class Counsel provides no explanation for their earlier admission that the settlement amendment came at Pezzati's behest. As such, Pezzati is entitled to a share of the total attorneys' fees awarded in this case, an entitlement that did not vest until March 15, 2011, when it became clear that Pezzati's objection had resulted in an actual (rather than just potential) pecuniary benefit to the class. *See, e.g., Reynolds v. Beneficial Nat. Bank*, 288 F.3d 277, 288 (7th Cir. 2002) (objectors' "lawyers who contribute materially to the proceeding" entitled to fee, even if judge would have *sua sponte* made same

---

[1] It is unclear why Class Counsel thinks the Marks Declaration exonerates them. It is not any less of a breach of fiduciary duty to the class and current-shareholder sub-class that the Class Counsel acquiesced in an impermissible diversion of funds to third parties related to the Class Counsel.

finding without objection); *Gottlieb v. Barry*, 43 F.3d 474, 491 (10th Cir. 1994) (error to deny fees to objector that benefitted class); *In re Prudential Ins. Co. of Am.*, 273 F. Supp. 2d 563, 572 (D.N.J. 2003), *aff'd* 103 Fed. Appx. 695, 697 (3rd Cir. 2004) (awarding objector's attorneys' fees out of class counsel's fee award); *Duhaime v. John Hancock Mut. Life Ins. Co.*, 2 F. Supp. 2d 175, 176 (D. Mass. 1998) (same); *Lonardo v. Travelers Indem. Co.*, 706 F. Supp. 2d 766, 816-17 (N.D. Ohio 2010) (same); *In re Horizon/CMS Healthcare Corp. Sec. Lit.*, 3 F. Supp. 2d 1208, 1215 (D.N.M. 1998) (same). Class Counsel cannot cite to a single case where an objector provided this much material pecuniary benefit but was not entitled to attorneys' fees. It would be "clearly erroneous" to rule otherwise. *Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 963 (9th Cir. 2009).[2]

Pezzati himself, who exposed himself to the risk of harassing discovery (and quite likely faced private investigation from the plaintiffs' attorneys) is entitled to an incentive payment. *Lonardo*, 706 F. Supp. 2d at 816-17. Even when *pro bono* counsel is available, class members have little incentive to object: the dilution of Pezzati's shares from Class Counsel's acquiescence to the diversion of shareholder funds to third parties related to Class Counsel was pennies, but his willingness to objection resulted in an additional $2.5 million going to the class. Just as class representatives receive incentive payments, so should objectors whose objections contribute meaningfully to class recovery.

Because Pezzati's objection is responsible for 15.15% of the class recovery, Pezzati is entitled, as a matter of law, to 15.15% of the $1,966,250 fee award that the Settling Parties stipulated would be awarded to class counsel, or $297,916, with the amount being deducted from the class counsel fee award.

---

[2] A few weeks ago, the Court assigned a hearing date of May 6, 2011, for this proposed motion. Pezzati had assumed that the Court would have approved the settlement by now; if the Court denies the motion to approve the settlement, then this motion is moot, and Pezzati will withdraw the motion; this memorandum will be written as if the Court has approved the settlement. Under Fed. R. Civ. Proc. 54(d)(2)(B)(i), Pezzati has fourteen days from the final judgment to request fees, so this motion is a timely and "properly brought request for attorneys' fees," because the final judgment has not yet issued. Class Counsel has repeatedly asserted that Pezzati has waived his right to seek attorneys' fees, but has yet to explain why Fed. R. Civ. Proc. 54 does not apply. *Hartless v. Clorox Co.*, No. 06-2705, 2011 WL 197542 at *15 (S.D. Cal. Jan. 20, 2011), cited by Class Counsel, complains only that the objector failed to make a motion for attorneys' fees, but Pezzati is making such a motion with this filing. If Pezzati had brought a motion for fees *before* he had demonstrated a class benefit, Class Counsel would surely have complained that Pezzati's motion was not ripe. Class Counsel would have this Court believe that it is never appropriate for an objector to bring a motion for attorneys' fees, and that is plainly not true.

1  *E.g., Prudential, supra* (awarding objector 1.4% of class counsel's fee award for objection that was
2  responsible for 1.4% of class recovery); *Larson v. Sprint Nextel Corp.*, 2010 WL 234934 at *28 (D.N.J.
3  Jan 15, 2010) (awarding objectors' attorneys 4.4% of attorneys' fee award for providing 4.4% of total
4  class benefit). *See also Lan v. Ludrof,* 2008 WL 763763 at *28 (W.D. Pa. Mar 21, 2008) (awarding
5  objector 25% of the increase in the benefit to the class).

6  Under lodestar, Pezzati's counsel has incurred $67,264 in fees and $1905.33 in costs. Class
7  counsel has refused to meet and confer under Local Rule 54-5, and has blanketed the court with multiple
8  rounds of preemptive filings opposing a motion for fees, so one presumes that Class Counsel will
9  continue to oppose this motion on meritless grounds and needlessly increase costs to the objector. The
10 estimated additional lodestar for the reply brief and hearing will be $18,000 in fees and $700 in costs. If
11 Class Counsel persists in collateral litigation over the fee award, Pezzati's lodestar will continue to
12 increase.

13 Pezzati thus requests that the Court award attorneys' fees and costs of an amount between
14 $87,500 (3.5% of the benefit to the class and 4.4% of the total fee award) and $297,916 (11.9% of the
15 benefit to the class and 15.5% of the total fee award). As Class Counsel themselves argue, a fee award
16 should be based on a percentage-of-recovery approach "because it most fairly correlates the
17 compensation of counsel with the benefit conferred upon the class." Docket No. 141-1 at 7-8 (citing
18 cases). Pezzati entirely agrees. The percentage method "directly aligns the interests of the class and its
19 counsel and provides a powerful incentive for the efficient prosecution and early resolution of litigation."
20 *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 121 (2d Cir. 2005). In contrast, the "lodestar
21 create[s] an unanticipated disincentive to early settlements, tempt[s] lawyers to run up their hours, and
22 compel[s] district courts to engage in a gimlet-eyed review of line-item fee audits." *Id. Cf. also In re HP
23 Inkjet Printer Lit.*, No. 05-CV-3580-JF (Mar. 29, 2011) at 15 ("Tethering fees (in part) to benefit will
24 help guard against collusion in the general run of cases."). The 11.9% percentage-of-recovery figure from
25 the upper-end of the request equals what Class Counsel considers appropriate in this case (Docket No.
26 141-1 at 16)—and Class Counsel, unlike Pezzati's counsel, omit their separately requested costs from
27 their percentage-of-recovery figures, even though there is no economic difference between costs such as
28 travel that are included in "costs" and costs such as overhead and salaries that are included in "fees."

Even under the lodestar method, the high range of Pezzati's request for fees is within the multiplier range that Class Counsel argues is acceptable. Docket No. 141-1 at 21.

## II. Fees Should Be Deducted From Class Counsel Fees.

Though Class Counsel at best acquiesced in a settlement that only provided $14 million in pecuniary benefit to the class, they ask for fees based on the entirety of the $16.5 million benefit resulting from Pezzati's objection. The negotiated settlement established a limit on Apple's (and thus Apple shareholders, who include many class members) liability for fees. The fees that Pezzati are entitled to should thus come from Class Counsel, whose percentage-of-recovery fee request is based on an inflated denominator. But instead, Class Counsel breach their fiduciary duty to the class by asking for any fees to come from their clients rather their own pockets.

The only argument or precedent Class Counsel establish for this principle is *Fleury v. Richemont North Am., Inc.,* No. 05-4525 EMC, 2008 WL 4829868 (N.D. Cal. Nov. 4, 2008), arguing that fees cannot be awarded from attorneys' fees that were awarded separately from the settlement fund because that separate fund cannot be considered part of the common fund. This proposition in an unreported case—never cited in a single other case—is wholly unpersuasive. The premise is false, and the conclusion is a *non sequitur* that contradicts precedent; moreover, the dicta is superfluous to *Fleury*'s holding denying attorneys' fees because of the lack of evidence of class benefit from the objection in that case ("the Court concludes that Sacha Fleury did not provide any substantial benefit to the class and therefore his fee motion should be denied"). Class counsel's own fee motion, which treats the separate fund as part of a constructive common fund, contradicts the premise. *Fleury* is additionally wrong because an award of attorneys' fees is an award to the prevailing *party*, not the attorney: thus, the legal fiction of a "separate fund" for attorneys' fees does not change the fact that those fees belong to the class *ab initio*. Finally, the very act of setting up a separate fund is a breach of fiduciary duty to the class designed to shield attorneys' fees from reduction by having any reversion go to the defendant rather than the class (as would happen in a full-fledged common fund): such a separate fund is objectionable by itself, of questionable legality, and it would be perverse to instead provide that fund with a privileged status shielding it from awards of objectors' fees. And, indeed, no court has ever made such a holding.

"[P]rivate agreements to structure artificially separate fee and settlement arrangements cannot transform what is in economic reality a common fund situation into a statutory fee shifting case." *In re General Motors Corp. Pickup Truck Fuel Tank Prod. Liab. Litig.*, 55 F.3d 768, 821 (3rd Cir. 1995). See also *id.* at 820 (severable fee structure "is, for practical purposes, a constructive common fund"). "[I]n essence the entire settlement amount comes from the same source. The award to the class and the agreement on attorney fees represent a package deal." *Johnson v. Comerica*, 83 F.3d 241 (8th Cir. 1996). "If an agreement is reached on the amount of a settlement fund and a separate amount for attorney fees" then "the sum of the two amounts ordinarily should be treated as a settlement fund for the benefit of the class, with the agreed-on fee amount constituting the upper limit on the fees that can be awarded to counsel." MANUAL FOR COMPLEX LITIGATION § 21.71 at 525 (4th ed. 2008). Even class counsel's filings repeatedly argue that the "separate" attorneys' fee fund is an economic fiction, and should be combined with the settlement fund to create a constructive common fund for purposes of calculating the "total economic value of the Settlement." Docket No. 141-1 at 3 n.4; Docket No. 174 at 7 n.2. The "separate" attorneys' fee fund is no such thing, and provides no reason to have any legal effect of protecting class counsel's fees. *Cf. also* Alan B. Morrison, *Improving the Class Action Settlement Process: Little Things Mean a Lot*, 79 GWU L. Rev. 428, 443-44 (2011).

Courts thus regularly award attorneys' fees to objectors out of class counsel's award despite the class counsel award coming from a separate fund. *In re Prudential Ins. Co. of Am.*, 273 F. Supp. 2d 563, 572 (D.N.J. 2003), *aff'd* 103 Fed. Appx. 695, 697 (3rd Cir. 2004) (awarding objector's attorneys' fees out of Class Counsel's fee award, which was separate from settlement fund for class); *In re Horizon/CMS Healthcare Corp. Sec. Litig.*, 3 F.Supp.2d 1208, 1215 (D.N.M. 1998) (same); *Lonardo v. Travelers Indem. Co.*, 706 F. Supp. 2d 766, 816-17 (N.D. Ohio 2010) (class counsel concedes that objectors' fees should come from class counsel's fees, though those fees were part of a separate fund). *See also Vincent v. Hughes Air West, Inc.,* 557 F.2d 759 (9th Cir. 1977) (district court has power to assess attorneys to compensate other attorneys for benefit provided plaintiffs); *In re Air Crash Disaster, Florida Everglades,* 549 F.2d 1006 (5th Cir. 1977) (same).

Class Counsel complains that *Vincent* was not a class action, but that argument cuts in precisely the opposite direction: there's no reason to treat class action fees—where the fee award is explicitly

within the power of the Court in its role as the fiduciary of the unrepresented class members—as more sacrosanct than fees in a mass tort case that are entirely the subject of private contracts between consenting parties. As this Court noted just this week, a district court has the inherent authority under Fed. R. Civ. Proc. 23(h) to set the attorneys' fees, no matter how the settling parties have chosen to structure the fee award. *In re HP Inkjet Printer Litig.*, No. C-05-3580 (N.D. Cal. Mar. 29, 2011) at 13 (citing *Staton v. Boeing Co.*, 327 F.3d 938, 964 (9th Cir. 2003) and other cases). *Fleury*'s dicta gave no reason for contradicting the Ninth Circuit precedent in *Vincent* and *Staton*. *Fleury* based its dicta on *Hall v. Cole*, 412 U.S. 1 (1973) a case involving a federal fee-shifting statute in labor law, but its strained interpretation of *Hall* not been adopted by any other court in the last thirty-eight years—indeed, *Fleury*'s dicta contradicts *Hall*'s holding that "federal courts, in the exercise of their equitable powers, may award attorneys' fees when the interests of justice so require." *Id.* at 4-5.

The final reason that this Court should reject the *dicta* in *Fleury* is that that *dicta* creates a privileged position for class counsel that create a separate fund for attorneys' fees, when such a separate fund is in fact legally questionable. A settlement structured to create a separate fund that returns any excessive attorneys' fee requests to defendants is clearly inferior for the class to a settlement that creates a single common fund that returns unawarded attorneys' fee requests to the class. The only reason to create such a fund is to shield class counsel's fee request by discouraging courts from scrutinizing the fee request too closely. Charles Silver, *Due Process and the Lodestar Method*, 74 Tulane L. Rev. 1809, 1839 (2000) (separate fund is "a strategic effort to insulate a fee award from attack"); Morrison, *Improving the Class Action Settlement Process*, 79 GWU L. Rev. at 443-44. Thus, twenty legal academics recently wrote the American Bar Association to argue that such arrangements should be held a *per se* violation of professional responsibility requirements to "compromise[] the right of the clients or classes to recover fees deemed excessive." Frank Decl. Ex. 1 at 3, 9. The Ninth Circuit is currently considering the propriety of such separate funds in a pending appeal that was argued February 7. *In re Bluetooth Prod. Liab. Litig.*, No. 09-56683 (9th Cir.).

Apple shareholders should not be punished for Pezzati's success in preventing the inappropriate diversion from the settlement fund that Class Counsel admittedly acquiesced in; nor should class counsel realize a windfall at the expense of Apple shareholders from Pezzati's actions in augmenting the class

recovery. Class counsel is breaching their Rule 23(a)(4) obligations and fiduciary duty to the sub-class of current shareholders in making the specious argument that any attorneys' fees for Pezzati should come from Apple shareholders rather than from the existing class counsel fee request. It is highly inappropriate for class counsel to put their own financial interests ahead of the interests of the current-shareholder sub-class who are their clients.

## CONCLUSION

Class Counsel's own filings demonstrate that they were unable to persuade Apple to provide more than $14 million in pecuniary benefit to the class. What bumped class recovery in this case to $16.5 million was the Pezzati objection, which has provided a discernable material pecuniary benefit to the class: 15.5% of total class pecuniary recovery, and 13.25% of the constructive common fund. As such, Pezzati is entitled to a proportionate share of attorneys' fees, and requests an award of fees and costs of $297,916 (11.9% of the pecuniary benefit to the class, 15.5% of the total fee award, and 12.6% of the total fee and cost award). In the alternative, Pezzati requests a fee and cost award based on lodestar and an appropriate multiplier. Pezzati requests an incentive payment of $1,000. These awards of fees, costs, and an incentive payment should be deducted from Class Counsel's fee request.

Dated: March 31, 2011

Respectfully submitted,

*/s/ Theodore H. Frank*
Theodore H. Frank
**CENTER FOR CLASS ACTION FAIRNESS, LLC**
1718 M Street NW
No. 236
Washington, DC 20036
(703) 203-3848
Attorney for Objector Patrick Pezzati