THEODORE H. FRANK (SBN 196332)

tedfrank@gmail.com

**CENTER FOR CLASS ACTION FAIRNESS, LLC**

1718 M Street NW

No. 236

Washington, DC 20036

(703) 203-3848

*Attorney for Objector Patrick Pezzati*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re: Apple Inc. Securities Litigation<br><br>This document relates to: ALL ACTIONS | Case No. C 06-5208 JF<br><br>**CLASS ACTION**<br><br>**LOCAL RULE 54-5 DECLARATION OF THEODORE H. FRANK IN SUPPORT OF MOTION FOR ATTORNEYS' FEES**<br><br>Judge:       Honorable Jeremy Fogel<br>Date:        May 6, 2011<br>Time:        9:00 a.m.<br>Courtroom:   3, Fifth Floor |

I, Theodore H. Frank, declare as follows:

1.      I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

2.      Pursuant to Local Rule 54-5, I repeatedly requested that Class Counsel meet and confer and attempt to resolve disputes related to this motion, both in a March 9 e-mail to Class Counsel and in my March 16 filing with this Court. No conference was held, because Class Counsel refused to acknowledge these communications or respond to my request, part of a pattern and practice of ignoring requests from Pezzati that have resulted in needless filings.

3.      Three attorneys working for the non-profit Center for Class Action Fairness, LLC, worked on this objection. Theodore H. Frank took primary responsibility for all aspects of this case, reviewing two sets of settlement papers, discussing the risks and benefits of objecting with several class members who contemplated objecting to the settlement, researching and writing all of the filings made with this Court and letters to the Settling Parties regarding the deficiencies in the settlement, and traveling to San Jose for two hearings (and what is about to be a third hearing). Daniel Greenberg performed legal research and edited briefs. Adam Schulman performed legal research. As a result of their efforts, the Settling Parties agreed to modify the settlement to increase class recovery from $14 million to $16.5 million.

4.      Theodore H. Frank, the founder of the non-profit Center for Class Action Fairness, is a 1994 graduate of the University of Chicago Law School (which he attended on a Public Service Scholarship), where he served on the law review and was named a member of the Order of the Coif. After clerking for Judge Frank H. Easterbrook on the U.S. Court of Appeals for the Seventh Circuit, he was a litigator for ten years (including four years for the Washington, DC, office of O'Melveny & Myers LLP), winning multiple appellate arguments in the U.S. Court of Appeals for the Ninth Circuit; served as the first director of the AEI Legal Center for the Public Interest; and served in 2008 as an attorney for a sitting governor during her vice presidential campaign while she was facing investigations from two independent prosecutors. His litigation on behalf of class members against abusive settlements has been covered in the press, *inter alia*, by the *New York Times*, the *Wall Street Journal*, the *National Law Journal*, *American Lawyer*, the *ABA Journal*, and *Forbes*. Frank has testified before federal and state

legislative committees on the problems of conflicts of interest in class actions. Frank was a nationally-recognized expert on class actions even before he founded the Center in 2009: the Institutional Investor Educational Foundation, an affiliate organization of lead class counsel Grant & Eisenhofer, invited Frank to speak about the issue on a panel with Jay Eisenhofer and David Boies at their December 2008 conference in New York City. We are requesting a lodestar rate of $720/hour for Frank, less than what comparable attorneys bill at Grant & Eisenhofer or O'Melveny & Myers.

5.      Daniel Greenberg, a senior counsel for the Center, is a former member of the Arkansas House of Representatives, the current head of the Advance Arkansas Institute, and an adjunct professor of law at the Bowen Law School at University of Arkansas-Little Rock, where he graduated in 2006 and served on the Law Review editorial board. He is lead counsel of record for the Center in two pending cases. We are requesting a lodestar rate of $360/hour for Greenberg, less than what comparable attorneys bill at Grant & Eisenhofer or O'Melveny & Myers.

6.      Adam Schulman is a 2010 graduate of Georgetown Law Center. We are requesting a lodestar rate of $240/hour for Schulman, less than what comparable attorneys bill at Grant & Eisenhofer or O'Melveny & Myers.

7.      As of March 31, Center attorneys have realized the following lodestar:

| Attorney | Hours | Rate | Total |
|---|---|---|---|
| Frank | 87.3 | 720 | $62,856 |
| Greenberg | 3.3 | 360 | $ 1,188 |
| Schulman | 13.4 | 240 | $ 3,216 |
| Total | | | $67,260 |

8.      As of March 31, the Center has expended $79.80 in filing-service expenses and $1825.53 in travel expenses for two hearings, a total of $1905.33 in costs. Unlike Class Counsel, the Center is not seeking reimbursement for meals. The Center expects to have another $19.95 in filing-service expenses and approximately $700 in travel expenses for the forthcoming hearing if Class Counsel continues to contest the Center's right to fees.

9.      The Center reduced its lodestar hours by narrowly targeting its objection to the issues most likely to result in pecuniary improvement for class recovery. Class Counsel have not provided a breakdown of their hours, but I am quite comfortable that the hours the Center expended on this objection compare favorably to the hours Class Counsel and Apple's counsel expended on the same issues.

10.     If Class Counsel continues their scorched-earth policy of contesting every aspect of this motion, the Center can expect to expend another $18,000 in attorney time on the forthcoming reply brief and hearing. Travel between Washington and San Jose by itself takes ten hours each way, and requires an overnight stay for a morning hearing.

11.     Class Counsel has needlessly increased the amount of time the Center was required to spend on the case to protect the class's interests by (1) failing to consult with the Center to understand the Center's position on *cy pres* as they renegotiated the settlement, when minor changes to the settlement could have avoided both the opposition to the preliminary approval and the objection at the fairness hearing at no cost to the defendant or the class, especially given the parties' ultimate prediction that there was little chance the Settlement Fund would not be exhausted; (2) insisting on scheduling both the objection deadline and the fairness hearing before disclosing the ultimate recovery of the class, thus forcing Pezzati to file a contingent objection that was ultimately mooted, and creating an additional round of briefing; and (3) refusing to comply with the Local Rule 54-5 meet-and-confer requirement or narrow issues.

12.     The Center is the only institution doing this work, has limited resources, and every objection it undertakes has a real opportunity cost. The time the Center spent protecting class members' interests in this case was time it could not spend protecting class members' interests in other pending class action settlements. Over the last five months the Center was forced to triage requests from class members in a number of cases, rejecting potential representations in cases that had the opportunity to not only improve pecuniary recovery for the individual classes, but create important precedents in protecting class members' interests in the class action settlement process and future class action settlements.

13.     Moreover, the Center has a policy of refusing to request or accept fees unless it has contributed to a material pecuniary benefit actually realized by the class, a much narrower standard than

the actual legal standard entitling objectors to attorneys' fees when the objectors have simply improved the legal process. For example, in *In re HP Inkjet Printer Lit.*, No. C 05-3580-JF (N.D. Cal.) recently decided in this Court, the Center's objection successfully reduced an oversized attorneys' fee request by over a third and upheld the important principle that fee recovery should be proportionate to actual class recovery. (Note that total attorney pecuniary recovery in that case was more than seven times what Pezzati's attorney seeks here, though the Court found only $1.5 million in benefit to the class, as opposed to the $2.5 million in benefit realized here.) Though substantial precedent exists entitling objectors to fees in such cases, the Center will not seek attorneys' fees, or even its costs, in that case.

14.     Combined with the Center's policy to refuse to engage in *quid pro quo* side settlements where it would receive payment for withdrawing objections and combined with the Center's focus on novel legal theories of first impression such as promoting the standards of the recent American Law Institute *Principles of the Law of Aggregate Litigation*, the Center reasonably expects to not recover fees in the vast majority of its engagements. The Center thus faces higher risk than the risk most contingent-fee attorneys who ask for multipliers face.

15.     Attached as Exhibit 1 is a true and correct copy of a letter by twenty legal academics written to the American Bar Association dated September 17, 2007.


Executed on March 31, 2011, in Arlington, Virginia.


*/s/ Theodore H. Frank*
Theodore H. Frank