THEODORE H. FRANK (SBN 196332)
    tedfrank@gmail.com
**CENTER FOR CLASS ACTION FAIRNESS LLC**
1718 M Street NW
No. 236
Washington, DC 20036
(703) 203-3848

*Attorney for Objector Patrick Pezzati*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re: Apple Inc. Securities Litigation<br><br>This document relates to: ALL ACTIONS | Case No. C 06-5208 JF<br><br>**<u>CLASS ACTION</u>**<br><br>**REPLY IN SUPPORT OF MOTION FOR ATTORNEYS' FEES**<br><br>Judge:    Honorable Jeremy Fogel<br>Date:    May 6, 2011<br>Time:    9:00 a.m.<br>Courtroom:    3, Fifth Floor |

Over fifteen percent of the class's recovery in this case, $2.5 million out of a $16.5 million settlement fund, was the direct consequence of Pezzati's objection; the parties explicitly said as such in previous briefing. In such circumstances, it is only fair that Pezzati receive a proportionate share of the attorney-fee award. *In re Prudential Ins. Co. of Am.*, 273 F. Supp. 2d 563, 572 (D.N.J. 2003), *aff'd* 103 Fed. Appx. 695, 697 (3rd Cir. 2004) (awarding objector 1.4% of class counsel's fee award for objection that was responsible for 1.4% of class recovery); *Larson v. Sprint Nextel Corp.*, 2010 WL 234934 at *28 (D.N.J. Jan 15, 2010) (awarding objectors' attorneys 4.4% of attorneys' fee award for providing 4.4% of total class benefit).[1] In response, Class Counsel offers no factual evidence that Pezzati's objection was not the decisive causal factor for the settlement fund augmentation, no law or reasoning disentitling Pezzati to a proportionate share of the fee award, and no logic for rejecting the public-policy reasoning that Class Counsel themselves propounded in this very litigation in favor of a percentage-of-recovery approach to fee awards. Instead, Plaintiffs waste the Court's and Pezzati's counsel's time with gainsaying and *ad hominem* attacks. In the interests of equity, and to prevent an unfair windfall to Class Counsel that has repeatedly acted against the best interests of the class, the Court should grant Pezzati's motion.

## I. Plaintiffs' Baseless *Ipse Dixit* Gainsaying Does Not Change the Fact That Pezzati's Objection Resulted In $2.5 Million In Class Benefit.

Plaintiffs once again assert, still without any evidence, that the $2.5 million added to the settlement in response to Pezzati's objection is not attributable to the Pezzati objection. Class Counsel itself signed (under Rule 11 penalties) a joint court filing stating "the Settling Parties agreed to amend the Settlement in order to address [Pezzati's counsel] Mr. Frank's objection." Docket No. 134 at 2. Plaintiffs' scorched-earth opposition gives no explanation for why they are changing their story now, no reasoning for why their original story should be disregarded, and no evidence to support their new story; indeed, they do not even mention the earlier filing as they deny that Mr. Pezzati has presented sufficient evidence to support the claim of class benefit resulting from the objection. When Mr. Pezzati sought discovery

---

[1] Plaintiffs falsely represent that the fee award in *Larson* was based on lodestar. Docket No. 177 at 11. While the Court divided the fee award *amongst objectors* based on lodestar, the total pot of money available to objectors' counsel was based on a percentage of the benefit created, deducted from the class counsel fee award.

from Class Counsel asking what evidence they had to support their contention that Mr. Pezzati's objection was not the cause of the $2.5 million augmentation of the settlement fund, Class Counsel admitted that they had no evidence to support this argument, because Apple requested the increase. Michael J. Barry Letter (attached as Exhibit 1). As Apple itself has stated to the Court, they amended the Settlement in order to address the Pezzati objection. Docket No. 134 at 2.

This waste of the court's time is alone reason to dock Class Counsel's fee request. Nearly every single argument in Plaintiffs' brief is based on the false premise that the Pezzati objection was not the *sine qua non* cause of the modification to the settlement that resulted in the class receiving $2.5 million more than Class Counsel was able to negotiate for the class, but their own evidence shows that Apple was unwilling to offer more than $14 million for the class before Mr. Pezzati's objection demonstrated the problem with the illegal *cy pres* distribution. Marks Decl.; Frank Decl.; Barry Letter (Exhibit 1).

## II. Class Counsel Tie Themselves In Knots In Contradictory Arguments.

Class Counsel previously argued that "a reasonable percentage of the fund recovered is an appropriate approach to awarding attorneys' fees" and that "25% of the settlement amount [is] the appropriate benchmark for attorneys' fees awarded under the percentage method." Docket No. 141-1 at 7-8. *See also Lan v. Ludrof,* 2008 WL 763763 at *28 (W.D. Pa. Mar 21, 2008) (awarding objector 25% of the increase in the benefit to the class). Now Class Counsel deny both of these propositions when Mr. Pezzati asks for 11.9% of the $2.5 million he won for the class—but Class Counsel do so without ever addressing their own reasoning in their own briefs why these propositions are true, or indeed providing any reasoning why there should be a double standard.

The one case they cite, *Wininger v. SI Management LP*, 301 F.3d 1115 (9th Cir. 2002), does not support Plaintiffs' arguments. *Wininger* simply held that, in that particular case with those particular facts, it was not an abuse of discretion to award a lodestar without a multiplier to an objector. That does not contradict Pezzati's position at all. In *Wininger,* the objectors requested 16 percent of recovery despite their "limited success." Here, Pezzati's counsel is asking for only 11.9 percent (for both fees and expenses), and achieved complete success in shifting the $2.5 million diversion away from third parties (including third parties related to Class Counsel) to the class, notwithstanding the efforts of Class Counsel to obstruct Pezzati's efforts to ensure maximum class recovery. The *Wininger* court held that the

*Wininger* attorneys faced little risk. In contrast, Pezzati faced the risk that the parties would stonewall; that the class would not make claims to exhaust the settlement fund; that there would be no settlement approval; or that this Court would accept any one of the numerous meritless arguments Class Counsel have presented to deny Pezzati fees entirely. (As it is, Pezzati likely faces the additional risk and expense of appeal, given the scorched-earth tactics of Class Counsel.) Class Counsel's claim that Pezzati's counsel engaged in this representation without any risk at the same time that they argue that Pezzati should not receive any attorneys' fees is remarkable for its lack of internal consistency. Moreover, the *Wininger* objectors' attorneys "were hired by discernible clients with the means to pay for services rendered." Pezzati is represented *pro bono*; the absence of any for-profit counsel raising the *cy pres* issue or appearing at any hearings demonstrates that it would be uneconomic to bring the objection that won the class $2.5 million.

The Ninth Circuit has never held that it would be an abuse of discretion to apply the percentage-of-the-recovery method that Plaintiffs previously correctly argued "most fairly correlates the compensation of counsel with the benefit conferred upon the class." Docket No. 141-1 at 7-8 (citing cases). The percentage method "directly aligns the interests of the class and its counsel and provides a powerful incentive for the efficient prosecution and early resolution of litigation." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 121 (2d Cir. 2005). In contrast, the "lodestar create[s] an unanticipated disincentive to early settlements, tempt[s] lawyers to run up their hours, and compel[s] district courts to engage in a gimlet-eyed review of line-item fee audits." *Id. Cf. also In re HP Inkjet Printer Lit.*, No. 05-CV-3580-JF (Mar. 29, 2011) at 15 ("Tethering fees (in part) to benefit will help guard against collusion in the general run of cases.").

Plaintiffs protest the size of Mr. Pezzati's lodestar, but present no evidence refuting Mr. Frank's declaration that the size of the lodestar was the reasonably-incurred result of Plaintiffs' obstructionist tactics. If Plaintiffs wanted to limit Mr. Pezzati's attorneys' workload, they did not have to ambush Pezzati with a motion for preliminary review and issuance of class notice without consulting with Pezzati to see if his objections had been addressed; they did not have to expedite a fairness hearing and an objection deadline before it was known whether the settlement fund would be exhausted by class member claims, thus requiring an otherwise entirely unnecessary additional round of briefing and a contingent

objection that could have been avoided with a more reasonable schedule; they did not have to refuse to adhere to Local Rule 54's meet-and-confer requirement and refuse to narrow any of the issues before this Court; they did not have to raise and then abandon a number of meritless legal arguments;[2] and they did not have to breach their fiduciary duty in asking this Court to deduct Mr. Pezzati's fee award from class recovery. Every step Mr. Pezzati's counsel took in this case was to maximize class recovery against the efforts of Class Counsel to divert the settlement fund to third parties. Moreover, Plaintiffs ask for a double standard: their lodestar crosscheck makes no effort to distinguish their unsuccessful efforts from their successful ones—and given that their original complaint asked for billions of dollars, but they were unable to persuade Apple to part with more than $14 million to settle, most of their lodestar seems to have been expended in unsuccessful efforts. Docket No. 141-1 at 20-22.

Class Counsel argues that "this case is similar to *Lonardo v. Travelers Indemnity Co.*, 706 F. Supp. 2d 766 (N.D. Ohio 2010)." Mr. Pezzati agrees: once all the evidence was in, *Lonardo* awarded attorneys' fees and an incentive payment to the objector deducted from the class attorneys' fee award. 706 F. Supp. 2d at 805. Class Counsel's implicit argument that one should myopically examine the circumstances of the settlement negotiation to determine who is responsible for a class benefit proves too much: by Class Counsel's own evidence, the original $14 million was offered by Apple based on a previous $14 million award won in other litigation (Marks Decl. ¶ 6) and then Apple unilaterally volunteered an additional $2.5 million after the Pezzati objection without Class Counsel even suggesting it (Exhibit 1). If one takes Class Counsel's constricted view of causation of class benefit seriously, then Class Counsel is responsible for $0 of the class benefit, and it is Apple's attorneys who should receive the entire fee request.

Class Counsel similarly nitpicks at a small subset of the numerous other cases that Pezzati cites, but never with respect to the legal principles for which Pezzati cites them; the distinctions are distinctions without a difference that do not affect Pezzati's arguments. Still other arguments of Pezzati are ignored

---

[2] Plaintiffs previously asserted that Pezzati's fee request was untimely and that separately-paid attorneys' fees are not part of a constructive common fund, forcing Pezzati to brief responses to both of these unreasonable arguments. Neither argument was preserved in their response brief to Pezzati's motion.

entirely. Docket No. 176-1 at 6 (*citing*, *inter alia*, *In re HP Inkjet Printer Litig.,* No. C-05-3580 (N.D. Cal. Mar. 29, 2011) at 13 *and Staton v. Boeing Co.,* 327 F.3d 938, 964 (9th Cir. 2003)).

Pezzati was entirely successful in his objection asking for the full $16.5 million in the settlement fund to go to the class; Class Counsel settled for nuisance value, less than a penny on the dollar of their multi-billion dollar suit. In such circumstances, Pezzati's request for 11.9% for fees ***and*** expenses for his $2.5 million in benefit provided seems much more appropriate than Class Counsel's 11.9% request for fees, with an additional $395 thousand (more than Pezzati's entire fee-and-expense request) for expenses—especially since Class Counsel calculates their denominator on the entire settlement fund, rather than the smaller portion for which they were responsible.

### III. Plaintiffs' False *Ad Hominem* Attacks Provide No Basis For Denying This Legitimate Fee Request.

In addition to misrepresenting precedent and the factual record in this case, Class Counsel make a series of *ad hominem* attacks on Pezzati's counsel, Theodore Frank. Several are false; all are irrelevant.

Plaintiffs complain that Mr. Frank has brought several other class action objections. Frank makes no apologies for his successful track record running a non-profit project that objects to abusive class action settlements—a project that, to date, has generated millions of dollars of additional recovery for class members and praise from across the political spectrum. Class Counsel does not explain why Mr. Frank's successful litigation track record on behalf of consumers and shareholders has any bearing on his fee request. Nor can they: "Plaintiffs attack many of the Objectors' counsel because they have represented objectors in other actions in the past. This has no greater bearing on the merits of the objections raised than a plaintiff's counsel's experience in filing class action suits speaks to the merits of claims he brings." *True v. American Honda Motor Co.,* No. CV 07-287, 2010 WL 707338 at * 22 (C.D. Cal. Feb. 26, 2010).

Class Counsel complains that Mr. Frank has written law-review articles, op-eds, and testified before Congress. But they cite no precedent for the proposition that attorneys who hold certain political views are less entitled to fees than attorneys who hold views that Class Counsel believe acceptable. The First Amendment would seem to suggest otherwise. Indeed, Class Counsel do not even make any argument that Mr. Frank's writings and public statements are incorrect in any way. (Class Counsel's

unsupported assertion that Mr. Frank is opposed to class actions is, in addition to being legally irrelevant, a sanctionable misrepresentation to the Court. Mr. Frank has publicly stated his support for class actions. Susan Beck, "A Conversation With Class Action Objector Ted Frank," *American Lawyer* (Mar. 4, 2011), available at http://is.gd/tedfrank_interview.)

Class Counsel asserts, again without evidence, that Mr. Frank has "represented his own interests and agenda, not the Settlement Class." This *ipse dixit* is ironic, given that, throughout this litigation, Mr. Frank has consistently insisted that the Class receive more money. In contrast, Class Counsel has consistently and repeatedly argued that money Mr. Frank argues should go to the Class should instead go to third parties—including in their opposition to this attorney-fee motion! Docket No. 177 at 14 (calling for Pezzati's fee award to be deducted from class recovery, lest there be any impingement on Class Counsel's fees). And Class Counsel, unlike Mr. Frank, has a legally-imposed fiduciary duty to the Class. Class Counsel's assertion is really an argument that their own fee request should be reduced substantially, assuming that their persistent breaches of their fiduciary duty to put their clients' interests ahead of their own does not violate their Rule 23(a)(4) requirement to be an adequate representative of the class. Class Counsel's self-serving and selfish arguments endanger all of the class's recovery by putting the satisfaction of Rule 23(a)(4) at issue.

# CONCLUSION

Apple shareholders should not be punished for Pezzati's success in preventing the inappropriate diversion from the settlement fund that Class Counsel admittedly acquiesced in; nor should class counsel realize a windfall at the expense of Apple shareholders or class members from Pezzati's actions in augmenting the class recovery. Equity demands that Pezzati's fee request and incentive payment request be granted, and that it be deducted from Class Counsel's fee award.

Dated: April 22, 2011

                                               Respectfully submitted,

                                               */s/ Theodore H. Frank*
                                               Theodore H. Frank
                                               **CENTER FOR CLASS ACTION FAIRNESS LLC**
                                               1718 M Street NW
                                               No. 236
                                               Washington, DC 20036
                                               (703) 203-3848
                                               Attorney for Objector Patrick Pezzati

## PROOF OF SERVICE

I declare that:

I am a resident of the State of Virginia, over the age of 18 years, and not party to the within action; my business address is 1718 M Street, NW, No. 236, Washington, DC 20036.

On April 22, 2011, pursuant to Local Rule 23-2, I served the attached:

REPLY IN SUPPORT OF MOTION FOR ATTORNEYS' FEES

by forwarding the documents as PDF files attached to an e-mail sent to the following Designated Internet Site:

>Securities Class Action Clearinghouse
>Stanford University School of Law
>Crown Quadrangle
>Stanford, CA 94305-8612
>scac@law.stanford.edu

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 22, 2011.

>*/s/ Theodore H. Frank*
>Theodore H. Frank