# Attachment A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| IN RE APPLE INC. SECURITIES LITIGATION | Case No. C06-05208-JF |
|---|---|
| | CLASS ACTION |

## DECLARATION OF CLAIMS ADMINISTRATOR ON NOTICE IMPLEMENTATION

I, ROBERT OSEAS, declare as follows:

     1.     I am a Project Manager employed by Epiq Class Action and Claims Solutions Inc., ("Epiq"), f/k/a Poorman-Douglas Corp., the Claims Administrator designated in the Amended Stipulation and Agreement of Settlement in this matter and approved by the Court in its Amended Order Preliminarily Approving Settlement, Directing Notice of Settlement, and Scheduling Settlement Fairness Hearing. *See* Doc. 134-1 at ¶1.6 and Doc. 139 at ¶8.

     2.     I am overseeing and am fully familiar with the notice implementation actions taken by Epiq in connection with the Settlement, as described below.

     3.     This Declaration is based upon my personal knowledge and information provided to me by associates and staff under my supervision and is accurate and truthful to the best of my knowledge.

     4.     Epiq is a firm with more than 40 years of experience in data processing. Epiq's claims administration services include: (a) coordination of all notice requirements; (b) design of direct mail notice; (c) establishment of toll free phone line and fulfillment services; (d) coordination with the U.S. Postal Service; (e) database management; (f) website hosting and

management; (g) claims processing; and (h) preparation of reports to courts overseeing class action settlements describing Epiq's notice and claims administration activities.

5.      Epiq has provided notification and claims administration services in numerous securities matters, including: *In re General Motors Corp. Securities and Derivative Litigation*, MDL No. 1749 (E.D. Mich.); *In re: Parmalat Securities Litigation*, MDL No. 1653 (S.D.N.Y.); *In re Marvell Technology Group Ltd. Securities Litigation*, Case No. 06-6286 (N.D. Cal.); *In re: Brocade Securities Litigation*, Case No. 05-2042 (N.D. Cal.) and the Royal Dutch Shell Non-United States Residents Securities class action settlement under the supervision of the Amsterdam Court of Appeals, Case No. 10610887.

6.      As a Project Manager, I am responsible for coordination of claims administration services for class action settlements.  I oversee a multitude of services, such as document mailing, phone services, voice response units, live operators, website design and maintenance, mail processing, claims processing, distribution, and related reporting.

## OVERVIEW OF EPIQ'S RESPONSIBILITIES

7.      Epiq has been retained in the above matter to undertake numerous activities, including:

(a)      cause the Publication Notice to be published in *Investor's Business Daily* and transmitted over *Business Wire*;

(b)      print the Court-approved Notice and Proof of Claim;

(c)      mail the Notice and Proof of Claim and, where required, re-mail the Notice and Proof of Claim, by first-class mail to Class Members and to brokers, banks and other nominees;

(d)    forward copies of the Notice and Proof of Claim to potential Class Members pursuant to requests submitted by brokers, banks and other nominees;

(e)    use its best efforts to obtain correct addresses and re-mail the Notice and Proof of Claim to individuals or entities whose packages were returned as undeliverable mail;

(f)    develop and maintain a website to provide information regarding the proposed Settlement and to capture online Proof of Claim submissions;

(g)    establish an e-mail address for Class Members and other interested persons to contact the Claims Administrator;

(h)    develop, staff and maintain live operator services and a toll free number with an interactive voice response unit (IVR);

(i)    designate a post office box to receive requests for exclusion, Proofs of Claim and other communications; and

(j)    receive, log, and process requests for exclusion, Proofs of Claim and other communications from Class Members and other interested persons.

## PUBLICATION NOTICE

8.    Epiq caused the Publication Notice to be published on December 8, 2010 in *Investor's Business Daily*, page A-7.  Attached as **Attachment A** is a copy of the Publication Notice as it appeared in *Investor's Business Daily* as well as an affidavit of publication.

9.    Also on December 8, 2010, Epiq caused the Publication Notice to be transmitted over *Business Wire*.

## MAILING OF THE NOTICE AND PROOF OF CLAIM

10.     On October 8, 2010, Epiq received 33,448 records from Apple's transfer agent. Epiq imported this data file and removed exact duplicates.  On December 8, 2010, Epiq mailed 31,886 copies of the Notice and Proof of Claim to these records by first-class mail.  **Attachment B** is a copy of the Notice and Proof of Claim package as it was mailed.

11.     Epiq maintains and updates a list of banks, brokers and other nominees.   On December 9, 2010, Epiq mailed 5,804 copies of the Notice and Proof of Claim to known banks, brokers and other nominees in the United States. As a result of that mailing, banks, brokers and other nominees have sent Epiq (i) lists of potential Class Members and/or (ii) requests for quantities of unaddressed notices that the banks, brokers and other nominees forward to potential Class Members. Epiq is fulfilling both types of requests as they are received.

## TOLL FREE TELEPHONE NUMBER, EMAIL ADDRESS AND WEBSITE

12.     Epiq activated a dedicated toll free number for the Settlement on December 7, 2010.  The toll free number provides callers with automated answers to frequently asked questions and the ability to request a copy of the Notice and Proof of Claim by mail.  This automated or "IVR" system is available 24 hours a day, 7 days a week.  An option is available on the toll free number for callers to speak with a live agent.  Epiq has trained agents on how to respond to questions from callers seeking information about the Settlement.  Agents are available Monday through Friday from 9:00 A.M. to 5:00 P.M. Pacific Time (excluding official holidays). During other hours, callers may leave a message for an agent to call them back on the next business day.

13.     Epiq also established an email address, questions@applesecuritiessettlement.com, for Class Members and other interested persons to contact the Claims Administrator.

14.   A settlement website, www.applesecuritiessettlement.com, was established by Epiq which provides general information about the Settlement, answers to frequently asked questions and access to a number of case-related documents. Specifically, visitors to the website can download documents such as the Notice, Proof of Claim, Amended Stipulation and Agreement of Settlement and Amended Preliminary Approval Order, among other documents. This website also has automated functionality for Class Members and nominees to submit Proofs of Claims online.

## POST OFFICE BOX

15.   A post office box address has been designated for the Settlement. This post office box address appears on the Notice and Proof of Claim, and is also available through the toll free number and the website.

16.   Epiq has received, and continues to receive, mail in this post office box, which includes Proofs of Claim.

17.   As of the close of business on January 4, 2011, Epiq has received no requests for exclusion from the Class. As set forth in the Notice, requests for exclusion must be sent by first-class mail postage pre-paid, postmarked no later than January 21, 2011.

18.   Epiq has received, and continues to receive, Proofs of Claim. The deadline to submit valid Proofs of Claim, as set forth in the Notice, is March 15, 2011.

## PLAN OF ALLOCATION AND CLAIMS PROCESSING

19.   Epiq has reviewed the Plan of Allocation for distribution of the Net Settlement Fund, which is included in the Notice. Epiq has determined that it is able to administer the Settlement based on the Plan of Allocation, and has administered numerous other securities class action settlements with similar plans of allocation.

20.    Epiq understands that the Plan of Allocation and the Court's Amended Preliminary Approval Order require Class Members to submit valid Proofs of Claim and supporting documentation.    Such supporting documentation typically includes brokerage confirmation slips, or other documentation as sufficiently reliable to establish the transactions in the relevant security while preventing acceptance of fraudulent claims. If/when Epiq receives Proofs of Claim without sufficient documentation, the claimant or their authorized representative will be advised of the deficiency and we will attempt to work with the claimant in order for them to remedy the deficiency.

21.    Prior to distributing the Net Settlement Fund, pursuant to Section 6 of the Amended Stipulation, I understand Lead Counsel will apply to the Court for a Class Distribution Order which will, among other things, approve of Epiq's administrative determinations concerning the acceptance and rejection of the Proofs of Claim submitted. Epiq will submit an additional declaration at that time updating the Court on the claims administration process. Pursuant to paragraph 49 of the Notice, I understand that Lead Plaintiff will request that the Court approve of appropriate recipients for cy pres donations of any funds remaining in the Net Settlement Fund following payment of outstanding costs and expenses.

Robert Oseas

Subscribed and sworn to before me this 7th day of January, 2011.

OFFICIAL SEAL
SARA ANN KNUDSEN
NOTARY PUBLIC-OREGON
COMMISSION NO. 434504
MY COMMISSION EXPIRES NOVEMBER 23, 2012

NOTARY PUBLIC

My Commission Expires: 11/23/12

DECLARATION OF CLAIMS ADMINISTRATOR ON NOTICE IMPLEMENTATION

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| IN RE APPLE INC. SECURITIES LITIGATION | Case No. C06-05208-JF <br><br> CLASS ACTION |

## SUPPLEMENTAL DECLARATION OF CLAIMS ADMINISTRATOR

I, ROBERT OSEAS, declare as follows:

1.      I am a Project Manager employed by Epiq Class Action and Claims Solutions Inc., ("Epiq"), f/k/a Poorman-Douglas Corp., the Claims Administrator designated in the Amended Stipulation and Agreement of Settlement in this matter and approved by the Court in its Amended Order Preliminarily Approving Settlement, Directing Notice of Settlement, and Scheduling Settlement Fairness Hearing ("Amended Preliminary Approval Order"). *See* Doc. 134-1 at ¶1.6 and Doc. 139 at ¶8.

2.      I am overseeing and am fully familiar with the notice implementation actions taken by Epiq in connection with the Settlement, as described below.  This Declaration is based upon my personal knowledge and information provided to me by associates and staff under my supervision and is accurate and truthful to the best of my knowledge.

3.      I submit this declaration as a supplement to my declaration of January 7, 2011 (attached hereto as **Attachment A**) to further describe and provide proof of the administrative activities conducted thus far.

### MAILING OF THE NOTICE AND PROOF OF CLAIM

4.      As described in my previous declaration, Epiq mailed 31,886 copies of the Notice and Proof of Claim to potential Class Members identified by Apple's transfer agent by first-class mail on December 8, 2010.  Epiq also mailed 5,804 copies of the Notice and Proof of Claim to known banks, brokers and other nominees on December 9, 2010.  The same documents were sent

1    electronically to the 365 banks, brokers and nominees for which Epiq had obtained e-mail
2    addresses.

3        5.    The notice package mailed to banks, brokers and other nominees included a
4    Nominee Cover Letter (attached hereto as **Attachment B**).  The Nominee Cover Letter directs
5    each institution to compile a list of potential Class Members in order to provide notice by one or
6    more of the following three mechanisms: (i) send copies of the Notice and Proof of Claim to such
7    potential Class Members directly, (ii) send an electronic list of names and address to Epiq for
8    mailing, or (iii) send to Epiq pre-printed address labels with the mailing information for potential
9    Class Members, which Epiq could then use to mail a Notice and Proof of Claim.  The instructions
10   also requested that the banks, brokers and nominees complete their research within 14 days, in
11   accordance with the Amended Preliminary Approval Order.

12       6.    As of December 23, 2010, Epiq received 20 electronic lists from banks, brokers
13   and other nominees, comprised of 672,012 potential Class Member names and addresses.  Related
14   mailings of the Notice and Proof of Claim to these potential Class Members were completed on a
15   rolling basis as files were received, with most mailings completed 7-10 business days after Epiq's
16   receipt of the data.  Between December 9, 2010 and December 23, 2010, Epiq also received six
17   requests for bulk shipment of unaddressed copies of the Notice and Proof of Claim to banks,
18   brokers and other nominees.  These requests totaled 25,787 Notices and Proofs of Claim, which
19   the banks, brokers and other nominees were to then forward directly to potential Class Members.
20   Epiq fulfilled all such requests on a rolling basis as they were received, with most requests being
21   fulfilled within three business days.  Finally, Epiq received one batch of approximately 712 pre-
22   printed address labels prior to December 23, 2010.  Epiq promptly affixed the address labels and
23   appropriate postage to these Notices and Proofs of Claim, and caused them to be mailed to
24   potential Class Members.

25       7.    Since December 23, 2010, Epiq received an additional 22 electronic lists from
26   banks, brokers and other nominees, comprised of 253,997 additional potential Class Member
27   names and addresses.  We have received seven additional requests for bulk shipment of a total of
28   207,668 unaddressed copies of the Notice and Proof of Claim.  One such instance was on January

SUPPLEMENTAL DECLARATION OF CLAIMS ADMINISTRATOR
2

1  5, 2011, when Broadridge Financial Solutions, Inc. ("Broadridge") requested unaddressed copies

2  of the Notice and Proof of Claim from Epiq on behalf of Merrill Lynch and possibly other

3  institutions. On January 10 and 11, 2011, Epiq sent Broadridge the requested unaddressed copies

4  of the Notice and Proof of Claim by overnight mail. Broadridge subsequently informed Epiq that

5  it mailed the unaddressed copies of the Notice and Proof of Claim to potential Class Members, on

6  January 14, 2011.

7       8.    Lastly, Epiq has received 10 additional batches of pre-printed address labels,

8  comprised of 12,240 potential Class Member names and addresses, since December 23, 2010.

9  All such mailings were completed on a rolling basis as information was received, with most

10  mailings completed within 5-7 business days.

11       9.    Epiq has received correspondence from three individuals who claim to have

12  received the Notice and Proof of Claim on or shortly before January 21, 2011. The parties asked

13  Epiq to determine the circumstances regarding the mailing of the Notice and Proof of Claim to

14  these individuals. We have determined that Broadridge, on behalf of Merrill Lynch, mailed the

15  Notice and Proof of Claim to one of the individuals, George Sibley, on January 14, 2011. As

16  discussed above, on January 10 and 11, 2011, Epiq mailed Broadridge unaddressed copies of the

17  Notice and Proof of Claim in response to Broadridge's January 5, 2011 request to Epiq. Epiq

18  mailed the Notice and Proof of Claim directly to the other two individuals seven business days

19  (January 18, 2011) after their information was provided to Epiq by a nominee on January 7, 2011.

20       10.    Epiq has received invoices for postage, copying, and related costs from nominees

21  that mailed the Notice and Proof of Claim directly to their clients.

22       11.    As of January 14, 2011, Epiq had sent over 1.1 million copies of the Notice and

23  Proof of Claim to potential Class Members or their banks, brokers or other nominees. As of

24  February 3, 2011, a total of 1,211,562 Notices and Proofs of Claim were mailed to potential Class

25  Members or their banks, brokers or other nominees. Some copies of the Notice and Proof of

26  Claim have been returned as undeliverable. We have attempted to re-mail the Notice and Proof

27  of Claim to a different address, but approximately 42,000 records remain undeliverable.

28

**OTHER CONTACT WITH BANKS, BROKERS AND NOMINEES**

12.    As noted above, Epiq sent a Notice, Proof of Claim and related instructions electronically on December 10, 2010 to the 365 banks, brokers and nominees for which Epiq had obtained an e-mail address.  We have also undertaken other efforts to reach out to these entities and encourage them to complete their research for the notice process or to remind them of the various deadlines established by the Court.  Beginning January 3, 2011, Epiq has focused on the ten entities who are historically among the largest claim filers in similar Class Actions, though we have worked with other banks, brokers and nominees by phone or e-mail, as well.  We have been advised by several nominees that they intend to file claims on behalf of their clients before the March 15, 2011 Proof of Claim deadline.

**TOLL FREE TELEPHONE NUMBER, EMAIL ADDRESS AND WEBSITE**

13.    As described more fully in my previous declaration, Epiq created and continues to maintain a toll-free information line which, in addition to providing recorded information about the Proposed Settlement, allows callers to speak with a live representative or request a Notice and Proof of Claim.  As of February 3, 2011, Epiq has received 2,317 calls to the toll-free number.  Of these callers, 1,076 have chosen to speak with a live representative, and 71 additional requests for a Notice and Proof of Claim were received.

14.    Epiq also established an email address, questions@applesecuritiessettlement.com, for Class Members and other interested persons to contact the Claims Administrator.  As of February 3, 2011, Epiq has received 349 emails.

15.    As described more fully in my previous declaration, Epiq established and continues to maintain a settlement website, www.applesecuritiessettlement.com.

16.    On December 8, 2010, Epiq made the following documents accessible through this website:

- Amended Stipulation and Agreement of Settlement (without exhibits)
- Lead Plaintiff's Motion for Preliminary Approval of Class Action Settlement

1       •   Apple Inc.'s Memorandum of Points and Authorities in Support of Joint

2           Motion for Order Preliminarily Approving Settlement, Directing Notice of

3           Settlement, and Scheduling Settlement Fairness Hearing.

4       •   Joint Submission in Support of Amended Preliminary Approval Order

5       •   Amended Preliminary Approval Order (without exhibits)

6       •   Notice of Proposed Settlement, Settlement Fairness Hearing, and Motion for

7           Attorneys' Fees and Expenses

8       •   Proof of Claim

9        17.    On January 10, 2011, Epiq made the following additional documents accessible

10  through this website:

11      •   Lead Plaintiff's Notice of Motion and Motion for Final Approval of Class

12          Action Settlement; Memorandum of Points and Authorities in Support

13          Thereof.

14      •   Lead Plaintiff's Notice of Motion and Motion for Attorneys' Fees and

15          Reimbursement of Litigation Expenses; Memorandum of Points and

16          Authorities in Support Thereof.

17      •   Declaration of Michael J. Barry in Support of Motion for Final Approval of

18          Settlement and Plan of Allocation and Motion for an Award of Attorneys' Fees

19          and Reimbursement of Expenses.

20      •   Defendants' Notice of Joinder in Lead Plaintiff's Request for Final Approval

21          of Class Action Settlement and Plan of Allocation.

22      •   Apple Inc.'s Memorandum of Points and Authorities in Support of Final

23          Approval of Class Action Settlement and Plan of Allocation.

24  As of February 3, 2011, this website has been accessed by 12,406 visitors.

25                            **PUBLICATION NOTICE**

26       18.    As set forth in my earlier declaration, Epiq caused the Publication Notice to be

27  published on December 8, 2010, in *Investor's Business Daily*, and to be transmitted over *Business*

28  *Wire* on December 8, 2010.

1

## REQUESTS FOR EXCLUSION

2       19.    Epiq has designated a post office box address for the Settlement to receive

3  correspondence from Class Members, including Requests for Exclusion. The Notice directs that

4  all Requests for Exclusion be postmarked no later than January 21, 2011. As of February 3, 2011,

5  Epiq has received 19 Requests for Exclusion. As part of the exclusion process, Class Members

6  who wish to be excluded are directed to identify the date(s), price(s) and number of shares of all

7  purchases and sales of Apple common stock made during the Class Period. Of the 19 potential

8  Class Members who have requested exclusion, one potential Class Member has indicated that

9  they made no purchases of Apple common stock during the Class Period, and seven have not

10  included information about their purchases or sales. The remaining 11 Class Members have

11  reported purchases totaling 3,425 shares and reported sales totaling 590 shares. A list of each

12  potential Class Member requesting exclusion, as well as the number of shares reported purchased

13  and sold by each, is attached hereto as **Attachment C**.

14

## PROOFS OF CLAIM

15       20.    Epiq has designated a post office box address for the Settlement to receive Proofs

16  of Claim. This address appears on the Proof of Claim, Notice, website, and is available through

17  the toll-free telephone line. Class Members also have the option to submit their Proofs of Claim

18  and supporting documentation electronically at www.applesecuritiessettlement.com. As of

19  February 3, 2011, Epiq has received a total of 18,653 Proofs of Claim submitted by or on behalf

20  of Class Members that purportedly purchased over 547 million shares of Apple stock during the

21  Class Period. Of this total, 8,350 were submitted via the post office box, an additional 1,645 were

22  submitted via the website, and 8,658 were submitted electronically by banks, brokers or other

23  nominees.

24       21.    Epiq has reviewed the Plan of Allocation for distribution of the Net Settlement

25  Fund, which is included in the Notice. Epiq has determined that it is able to administer the

26  Settlement based on the Plan of Allocation, and has administered numerous other securities class

27  action settlements with similar plans of allocation.

28

22.     Epiq understands that the Plan of Allocation and the Court's Amended Preliminary Approval Order require Class Members to submit valid Proofs of Claim and supporting documentation. Such supporting documentation typically includes brokerage confirmation slips, or other documentation as sufficiently reliable to establish the transactions in the relevant security while preventing acceptance of fraudulent claims. If/when Epiq receives Proofs of Claim without sufficient documentation, the claimant or their authorized representative will be advised of the deficiency and we will attempt to work with the claimant in order for them to remedy the deficiency.

23.     As of February 2011, Epiq has begun to process Proofs of Claims and follow up with Class Members regarding deficiencies.

24.     Prior to distributing the Net Settlement Fund, pursuant to Section 6 of the Amended Stipulation, I understand Lead Counsel will apply to the Court for a Class Distribution Order which will, among other things, approve of Epiq's administrative determinations concerning the acceptance and rejection of the Proofs of Claim submitted. Epiq will submit an additional declaration at that time updating the Court on the claims administration process. Pursuant to ¶ 49 of the Notice, if any funds remain in the Net Settlement Fund by reason of un-cashed checks or otherwise, then, after Epiq has made reasonable and diligent efforts to have Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund one year after the initial distribution of such funds shall be re-distributed to Class Members who have cashed their initial distributions, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such re-distribution, up to a maximum distribution of $1.70 per share (the difference between the closing price of Apple common stock on June 29, 2006 ($58.97) and June 30, 2006 ($57.27)). I understand that Lead Plaintiff will request that the Court approve of

1   appropriate recipients for cy pres donations of any funds remaining in the Net Settlement Fund

2   after the second distribution following payment of outstanding costs and expenses.

3

4   _____

5                                    Robert Oseas

6

7   Subscribed and sworn to before me this 4th of February, 2011.

8

9

10                                  NOTARY PUBLIC

11

12  My Commission Expires: 11/23/12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SUPPLEMENTAL DECLARATION OF CLAIMS ADMINISTRATOR

8

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE APPLE INC. SECURITIES LITIGATION | Case No. C06-05208-JF |
| | CLASS ACTION |

**SECOND SUPPLEMENTAL DECLARATION OF CLAIMS ADMINISTRATOR**

I, ROBERT OSEAS, declare as follows:

1.      I am a Project Manager employed by Epiq Class Action and Claims Solutions Inc., ("Epiq"), f/k/a Poorman-Douglas Corp., the Claims Administrator designated in the Amended Stipulation and Agreement of Settlement in this matter and approved by the Court in its Amended Order Preliminarily Approving Settlement, Directing Notice of Settlement, and Scheduling Settlement Fairness Hearing ("Amended Preliminary Approval Order"). *See* Doc. 134-1 at ¶1.6 and Doc. 139 at ¶8.

2.      I am overseeing and am fully familiar with the notice implementation actions taken by Epiq in connection with the Settlement, as described below. This Declaration is based upon my personal knowledge and information provided to me by associates and staff under my supervision and is accurate and truthful to the best of my knowledge.

3.      I submit this declaration as a supplement to my declarations of January 7, 2011 and February 4, 2011 (both attached hereto as **Attachment A**) to further describe and provide proof of the administrative activities conducted after February 3, 2011. I respectfully refer the Court to my previous declarations for details about the notice program and the claims administration process through February 3, 2011.

**MAILING OF THE NOTICE AND PROOF OF CLAIM**

4.      As of February 23, 2011, a total of 1,221,135 copies of the Notice and Proof of Claim have been mailed to potential Class Members or their banks, brokers or other nominees.

SECOND SUPPLEMENTAL DECLARATION OF CLAIMS ADMINISTRATOR

1

Some copies of the Notice and Proof of Claim have been returned as undeliverable. Epiq has attempted to re-mail the Notice and Proof of Claim to a different address, but approximately 55,715 records remain undeliverable.[1]

5.   As stated in my Supplemental declaration, as of February 3, 2011, Epiq received correspondence from three individuals who claim to have received the Notice and Proof of Claim on or shortly before January 21, 2011. On or about February 16, 2011, Epiq received an exclusion request from Silvia and Jobst von Bruchhausen, dated February 8, 2011 (attached hereto as **Attachment C**). The von Bruchhausens appear to reside in Germany and state that they received the "Proof of Claim" on January 26, 2011. They also state have that they have no knowledge of having purchased or sold Apple stock. As of February 23, 2011, Epiq has not received any other correspondence or telephone calls from any Class Member who has indicated concern regarding the timeliness of the Notice.

## OTHER CONTACT WITH BANKS, BROKERS AND NOMINEES

6.   Since February 3, 2011, Epiq has continued to reach out to banks, brokers and nominees and encourage them to complete their research for the notice process or to remind them of the various deadlines established by the Court. Epiq has focused on the ten entities who are historically among the largest claim filers in similar Class Actions, though Epiq has worked with other banks, brokers and nominees by phone or e-mail, as well. We have been advised by several nominees that they intend to file claims on behalf of their clients before the March 15, 2011 Proof of Claim deadline.

## TOLL-FREE TELEPHONE NUMBER, EMAIL ADDRESS AND WEBSITE

7.   As stated in my previous declarations, Epiq created and continues to maintain a toll-free information line which, in addition to providing recorded information about the Settlement, allows callers to speak with a live representative or request a Notice and Proof of Claim. As of February 23, 2011, Epiq has received 3,143 calls to the toll-free number. Of these callers, 1,479 have chosen to speak with a live representative, and 96 callers have requested

---

[1] A summary of the figures discussed in this and my previous declarations is attached hereto as **Attachment B**.

1  copies of the Notice and Proof of Claim.

2          8.      Epiq also established an email address, questions@applesecuritiessettlement.com,

3  for Class Members and other interested persons to contact the Claims Administrator.  As of

4  February 23, 2011, Epiq has received 507 emails.

5          9.      As stated in my previous declarations, Epiq established and continues to maintain

6  a settlement website, www.applesecuritiessettlement.com.

7          10.     On February 8, 2011, Epiq made the following additional documents accessible

8  through this website:

9       • Lead Plaintiff's Reply in Support of Motion for Final Approval of Class

10        Action Settlement and Plan of Allocation and Application for Attorneys' Fees

11        and Reimbursement of Expenses

12      • Exhibit A to Lead Plaintiff's Reply

13      • Apple Inc.'s Reply in Support of Motion for Final Approval of Class Action

14        Settlement and Plan of Allocation

15      • Declaration of Vivi Lee in Support of Apple Inc.'s Reply in Support of Motion

16        for Final Approval of Class Action Settlement and Plan of Allocation

17  As of February 23, 2011, this website has been accessed by 18,261 visitors.

18                           **REQUESTS FOR EXCLUSION**

19          11.     Epiq has designated a post office box address to receive correspondence about the

20  Settlement from Class Members, including Requests for Exclusion.  The Notice directs that all

21  Requests for Exclusion be postmarked no later than January 21, 2011.  As stated in my previous

22  declaration, as of February 3, 2011, Epiq had received 19 Requests for Exclusion.  On February

23  16, 2011, we received one additional Request for Exclusion from a potential Class Member (the

24  von Bruchhausens' request mentioned in Paragraph 5 above).  Thus, as of February 23, 2011,

25  Epiq has received 20 Requests for Exclusion.  Under the Amended Preliminary Approval Order,

26  Class Members who wish to be excluded are directed to identify the date(s), price(s) and number

27  of shares of all purchases and sales of Apple common stock made during the Class Period.  Of the

28  20 potential Class Members who have requested exclusion, two potential Class Members—

1    including the von Bruchhausens— have indicated that they made no purchases of Apple common

2    stock during the Class Period, and seven have not included information about their purchases or

3    sales.    The remaining 11 Class Members have reported purchases totaling 3,425 shares and

4    reported sales totaling 590 shares.    An updated list of each potential Class Member requesting

5    exclusion, as well as the number of shares reported purchased and sold by each, is attached hereto

6    as **Attachment D**.

7                                      **PROOFS OF CLAIM**

8            12.    Epiq has designated a post office box address for the Settlement to receive Proofs

9    of Claim.    This address appears on the Proof of Claim, Notice, and website, and is available

10    through the toll-free telephone line.    Class Members and nominees also have the option to submit

11    their    Proofs    of    Claim    and    supporting    documentation    electronically    at

12    www.applesecuritiessettlement.com.    As stated in my previous declaration, as of February 3,

13    2011, Epiq received a total of 18,653 Proofs of Claim.    Since February 3, 2011, Epiq has received

14    an additional 10,387 Proofs of Claim, for a total of 29,040 as of February 23, 2011.    These 29,040

15    Proofs of Claim purport to represent purchases of over 603 million shares of Apple stock during

16    the Class Period.    17,676 Proofs of Claim were submitted via the post office box, an additional

17    2,330 were submitted by individual Class Members via the website, and 9,034 were submitted

18    electronically by banks, brokers or other nominees.

19                                      **CLAIMS PROCESSING**

20            13.    Epiq has begun to process Proofs of Claims and follow up with Class Members

21    regarding deficiencies.    As of February 23, 2011, Epiq has processed a total of 27,531 Proofs of

22    Claim.    Of this total, 5,242 claims have been found to have one or more unresolved deficiencies.

23    22,289 Proofs of Claim have no unresolved deficiencies, though 9,027 Proofs of Claim have been

24    flagged for further review.    As of February 23, 2011, Epiq has completed a manual review of

25    4,836 Proofs of Claim.

26            14.    Epiq has estimated the Recognized Claim according to the Plan of Allocation for

27    27,531 of the 29,040 Proofs of Claim submitted to date.    As of February 23, 2011, Epiq's

28    calculations show the following: (i) 21,267 Proofs of Claim have a Recognized Claim of zero

SECOND SUPPLEMENTAL DECLARATION OF CLAIMS ADMINISTRATOR

4

1    ($0.00); (ii) 192 Proofs of Claim have a Recognized Claim greater than $0.00 but less than $5.00;

2    and (iii) 6,072 Proofs of Claim have a Recognized Claim greater than $5.00.  In aggregate, these

3    6,264 Proofs of Claim represent $9,373,772.13 in value of Recognized Claims.   Epiq will

4    continue to process Proofs of Claim as they are received in accordance with the Plan of

5    Allocation.

6

7

8

9                                          Robert Oseas

10

11   Subscribed and sworn to before me this 23rd of February, 2011.

12

13

14                                   NOTARY PUBLIC

15

16   My Commission Expires: 11/23/12

17

18                                          OFFICIAL SEAL
                                            SARA ANN KNUDSEN
                                            NOTARY PUBLIC-OREGON
                                            COMMISSION NO. 434504
                                            MY COMMISSION EXPIRES NOVEMBER 23, 2012

19

20

21

22

23

24

25

26

27

28

SECOND SUPPLEMENTAL DECLARATION OF CLAIMS ADMINISTRATOR
5

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE APPLE INC. SECURITIES LITIGATION | Case No. C06-05208-JF |
| | CLASS ACTION |

**THIRD SUPPLEMENTAL DECLARATION OF CLAIMS ADMINISTRATOR**

I, ROBERT OSEAS, declare as follows:

1.      I am a Project Manager employed by Epiq Class Action and Claims Solutions Inc., ("Epiq"), f/k/a Poorman-Douglas Corp., the Claims Administrator designated in the Amended Stipulation and Agreement of Settlement in this matter and approved by the Court in its Amended Order Preliminarily Approving Settlement, Directing Notice of Settlement, and Scheduling Settlement Fairness Hearing ("Amended Preliminary Approval Order"). *See* Doc. 134-1 at ¶1.6 and Doc. 139 at ¶8.

2.      I am overseeing and am fully familiar with the notice implementation actions taken by Epiq in connection with the Settlement, as described below. This Declaration is based on my personal knowledge and information provided to me by associates and staff under my supervision and is accurate and truthful to the best of my knowledge.

3.      I submit this declaration as a supplement to my declarations of January 7, 2011, February 4, 2011, and February 23, 2011 (all attached hereto as **Attachment A**) to further describe and provide proof of the administrative activities conducted after February 23, 2011. I respectfully refer the Court to my previous declarations for details about the notice program and the claims administration process through February 23, 2011.

4.      As of March 14, 2011, Epiq has received 76,820 Proofs of Claim. As discussed below, Epiq has estimated the Recognized Claims for 64,684 of these 76,820 Proofs of Claim according to the Plan of Allocation. Of the 64,684 Proofs of Claim, Epiq's calculations show that

1    18,425 Proofs of Claim have a Recognized Claim greater than $5.00 and represent

2    $48,180,424.75 in value of Recognized Claims.

### MAILING OF THE NOTICE AND PROOF OF CLAIM

4    5.    As stated in my previous declarations, Epiq mailed 5,804 copies of the Notice and

5    Proof of Claim to known banks, brokers and other nominees on December 9, 2010, and sent the

6    same documents electronically to the 365 banks, brokers and nominees for which Epiq had

7    obtained email addresses. The Nominee Cover Letter included in the notice package directs each

8    institution to compile a list of potential Class Members in order to provide notice by one or more

9    of the following mechanisms:  (i) send copies of the Notice and Proof of Claim to such potential

10   Class Members directly, (ii) send an electronic list of names and addresses to Epiq for mailing, or

11   (iii) send Epiq pre-printed address labels with the mailing information for potential Class

12   Members, which Epiq could then use to mail a Notice and Proof of Claim.  The instructions also

13   requested that the banks, brokers and nominees complete their research within 14 days, in

14   accordance with the Amended Preliminary Approval Order. As of February 23, 2011, Epiq had

15   mailed a total of 1,221,135 copies of the Notice and Proof of Claim to potential Class Members or

16   their banks, brokers or other nominees.

17   6.    On February 28, 2011, TD Ameritrade provided an electronic list of approximately

18   132,545 names and addresses of potential Class Members to Epiq. Epiq completed the mailing of

19   the Notice and Proof of Claim based on TD Ameritrade's information on March 4, 2011.  TD

20   Ameritrade was included in the original mailing to banks, brokers and nominees on December 9,

21   2010, and was also sent the notice package electronically.  Epiq also contacted TD Ameritrade by

22   phone and email after December 9, 2010, to encourage TD Ameritrade to complete its research

23   for the notice process.

24   7.    As of March 14, 2011, a total of 1,365,734 copies of the Notice and Proof of

25   Claim have been mailed to potential Class Members or their banks, brokers or other nominees.

26   Some copies of the Notice and Proof of Claim have been returned as undeliverable. Epiq has

27   attempted to re-mail the Notice and Proof of Claim to a different address, but approximately

28

1   61,738 records remain undeliverable.[1]

2       8.    As stated in my Second Supplemental declaration, as of February 23, 2011, Epiq

3   received correspondence from three individuals who claim to have received the Notice and Proof

4   of Claim on or shortly before January 21, 2011.  On or about February 16, 2011, Epiq received an

5   exclusion request from two individuals who stated that they received the "Proof of Claim" on

6   January 26, 2011, but that they had no knowledge of having purchased or sold Apple stock.  On

7   March 14, 2011, Apple's counsel forwarded Epiq an email from an individual who appears to

8   reside in Venezuela and states that he received the Notice on March 13, 2011.  Epiq has

9   determined that it mailed the Notice and Proof of Claim to this individual on January 11, 2011, in

10   response to a request from a nominee on January 4, 2011.

11            **OTHER CONTACT WITH BANKS, BROKERS AND NOMINEES**

12       9.    Since February 23, 2011, Epiq has continued to reach out to banks, brokers and

13   nominees and encourage them to complete their research for the notice process or to remind them

14   of the various deadlines established by the Court.  Epiq has focused on the ten entities who are

15   historically among the largest claim filers in similar Class Actions, though Epiq has worked with

16   other banks, brokers and nominees by phone or e-mail, as well.  Several of those entities have

17   now filed claims on behalf of their clients.

18         **TOLL-FREE TELEPHONE NUMBER, EMAIL ADDRESS AND WEBSITE**

19       10.    As stated in my previous declarations, Epiq created and continues to maintain a

20   toll-free information line which, in addition to providing recorded information about the

21   Settlement, allows callers to speak with a live representative or request a Notice and Proof of

22   Claim.  As of March 14, 2011, Epiq has received 5,091 calls to the toll-free number.  Of these

23   callers, 2,399 have chosen to speak with a live representative, and 114 callers have requested

24   copies of the Notice and Proof of Claim.

25       11.    Epiq also established an email address, questions@applesecuritiessettlement.com,

26   for Class Members and other interested persons to contact the Claims Administrator.  As of

27

28   [1] A summary of the figures discussed in this and my previous declarations is attached hereto as **Attachment B**.

1  March 14, 2011, Epiq has received 876 emails.

2        12.    As stated in my previous declarations, Epiq established and continues to maintain

3  a settlement website, www.applesecuritiessettlement.com.  As of March 14, 2011, this website

4  has been accessed by 27,353 visitors.

5        **REQUESTS FOR EXCLUSION AND OBJECTIONS**

6        13.    Epiq has designated a post office box address to receive correspondence about the

7  Settlement from Class Members, including Requests for Exclusion.  The Notice directs that all

8  Requests for Exclusion be postmarked no later than January 21, 2011.  As stated in my previous

9  declaration, as of February 23, 2011, Epiq has received 20 Requests for Exclusion.  Under the

10  Amended Preliminary Approval Order, Class Members who wish to be excluded are directed to

11  identify the date(s), price(s) and number of shares of all purchases and sales of Apple common

12  stock made during the Class Period.  Of the 20 potential Class Members who have requested

13  exclusion, two potential Class Members have indicated that they made no purchases of Apple

14  common stock during the Class Period, and seven have not included information about their

15  purchases or sales.  The remaining 11 Class Members have reported purchases totaling 3,425

16  shares and reported sales totaling 590 shares.  A list of each potential Class Member requesting

17  exclusion, as well as the number of shares reported purchased and sold by each, is attached hereto

18  as **Attachment C**.

19        14.    On or about February 25, 2011, Epiq received an objection from Geoffrey H.

20  Wood, postmarked February 22, 2011 (attached hereto as **Attachment D**).  We have determined

21  that Epiq mailed a copy of the Notice and Proof of Claim to Mr. Wood on January 7, 2011, in

22  response to mailing information provided to us by a nominee on December 22, 2010.  Epiq

23  mailed Mr. Wood another copy of the Notice and Proof of Claim on January 11, 2011, in

24  response to a request from a different nominee on January 4, 2011.  Mr. Wood states that he

25  purchased approximately 180 shares of Apple common stock during the Class Period.  Mr. Wood

26  acknowledges that he "fail[ed] to file [ ]his objection in a timely manner."  Other than Mr.

27  Wood's objection and the objections previously filed with the Court, Epiq has not received any

28  other objections as of March 14, 2011.

1  

**PROOFS OF CLAIM**

2          15.      Epiq has designated a post office box address for the Settlement to receive Proofs

3      of Claim.   This address appears on the Proof of Claim, Notice, and website, and is available

4      through the toll-free telephone line.   Class Members and nominees also have the option to submit

5      their        Proofs        of      Claim       and       supporting       documentation      electronically      at

6      www.applesecuritiessettlement.com.   As stated in my previous declaration, as of February 23,

7      2011, Epiq had received a total of 29,040 Proofs of Claim.   Since February 23, 2011, Epiq has

8      received an additional 47,780 Proofs of Claim, for a total of 76,820 as of March 14, 2011.   These

9      76,820 Proofs of Claim purport to represent purchases of over 1.099 billion shares of Apple stock

10     during the Class Period.   As of March 14, 2011, 26,744 Proofs of Claim have been submitted via

11     the post office box, an additional 4,471 have been submitted by individual Class Members via the

12     website, and 45,605 were submitted electronically by banks, brokers or other nominees.

13  

**CLAIMS PROCESSING**

14         16.      Epiq has begun to process Proofs of Claims and follow up with Class Members

15     regarding deficiencies.   As of March 14, 2011, Epiq has processed a total of 64,684 Proofs of

16     Claim.   Of this total, 13,730 claims have been found to have one or more unresolved deficiencies.

17     50,954 Proofs of Claim have no unresolved deficiencies, though 18,312 Proofs of Claim have

18     been flagged for further review.   As of March 14, 2011, Epiq has completed a manual review of

19     18,604 Proofs of Claim.

20         17.      Epiq has estimated the Recognized Claims according to the Plan of Allocation for

21     64,684 of the 76,820 Proofs of Claim submitted to date.   As of March 14, 2011, Epiq's

22     calculations show the following: (i) 45,987 Proofs of Claim have a Recognized Claim of zero

23     ($0.00); (ii) 272 Proofs of Claim have a Recognized Claim greater than $0.00 but less than $5.00;

24     and (iii) 18,425 Proofs of Claim have a Recognized Claim greater than $5.00.   In aggregate, these

25     64,684 Proofs of Claim represent **$48,180,424.75** in value of Recognized Claims.   Epiq will

26     continue to process Proofs of Claim as they are received in accordance with the Plan of

27     Allocation.

28  

THIRD SUPPLEMENTAL DECLARATION OF CLAIMS ADMINISTRATOR

1

2

3          Robert Oseas

4

5          Subscribed and sworn to before me this 15ᵗ of March, 2011.

6

7          OFFICIAL SEAL
           R BORGES
           NOTARY PUBLIC – OREGON
8          COMMISSION NO. 422407
           MY COMMISSION EXPIRES OCT. 16, 2011          NOTARY PUBLIC

9

10         My Commission Expires: Oct. 16, 2011

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

THIRD SUPPLEMENTAL DECLARATION OF CLAIMS ADMINISTRATOR