Theodore H. Frank<br>
Center for Class Action Fairness LLC<br>
1718 M Street NW, No. 236<br>
Washington, DC 20036<br>
(703) 203-3848<br>
tfrank@gmail.com

May 9, 2011

Judge Jeremy Fogel
United States District Court for the Northern District of California
Robert F. Peckham Federal Building
280 South 1st Street
San Jose, CA 95113

**VIA ECF AND COURTESY COPY**

      Re:    *In re Apple Inc. Securities Litigation*, No. 5:06-CV-5208 JF

Your Honor:

      I write regarding Class Counsel's allegation of professional misconduct, an allegation made for the first time at the hearing of May 6, 2011—namely, that I have somehow acted improperly by discussing this case on the Center for Class Action Fairness (CCAF) blog and encouraging class members to exercise their right to object. There is absolutely no basis for Class Counsel's allegation.

      CCAF's blog post of October 21, 2010 is protected by the First Amendment; California Rule of Professional Responsibility Rule 1-400 expressly excludes its application to any statement protected by the United States Constitution. Rule 1-400(C). In a case directly on point, the United States Supreme Court held that the solicitation of prospective litigants by nonprofit organizations that engage in litigation constitutes expressive and associational conduct entitled to First Amendment protection. *In re Primus*, 436 U.S. 412 (1978). Class Counsel themselves complained in their opposition to attorneys' fees that CCAF's motives were political, Docket No. 177 at 7, but failed to bring this binding precedent to the Court's attention. The fact that CCAF will occasionally seek court-approved attorneys' fees in litigation that results in a pecuniary benefit to the class does not alter CCAF's constitutional protections: the Supreme Court rejected that argument made by Class Counsel. *Primus*, 436 U.S. at 429-31.

      More generally, California Rule of Professional Responsibility 1-400 does not apply to a non-profit project like the Center for Class Action Fairness LLC. Rule 1-400(B)(1). As the blog post in question exposing the illegality of the proposed settlement itself states, CCAF was merely offering *pro bono* representation to class members for the purposes of advancing the law to prohibit such illegal settlements. CCAF received no payment from its client, had no *ex ante* expectation of payment, and refuses to engage in *quid pro quo* settlements withdrawing objections in exchange for cash payments. This Court has first-hand experience of CCAF bringing a successful objection but not seeking attorneys' fees. *In re HP Inkjet Printer Lit.*, No. 05-CV-3580 JF. The motive of CCAF's representation was not financial and Rule 1-400 does not apply. CCAF's non-pecuniary motive supplies a crucial distinction between the case at bar and *Hernandez v. Vitamin Shoppe Industries, Inc.,* 174 Cal.App.4th 1441 (2009), cited by Class Counsel at oral argument.[1]

---

[1] Aside from the fact that Rule 1-400 does not apply to CCAF or the blog post in question, there are three other independent reasons why *Hernandez* should not be followed here. *First*, an idiosyncratic

Notably, representation that is *pro bono* and/or by a non-profit project does not preclude a request for attorneys' fees. *E.g., In re Primus*, 436 U.S. at 429-31 (ACLU and NAACP); *Blum v. Stenson*, 465 U.S. 886, 894-95 (1984) (*pro bono publico* representation not grounds for reducing attorneys' fees) (42 U.S.C. § 1988); *Cuellar v. Joyce*, 603 F.3d 1142 (9th Cir. 2010) ("The fact that Cuellar's lawyers provided their services pro bono does not make a fee award inappropriate."); *cf. also Morrison v. CIR*, 565 F.3d 658 (9th Cir. 2009).

As a procedural matter, it is worth noting that Class Counsel waived the argument in any case by the failure to brief the issue in advance of the hearing. N.D. Cal. Local Rule 7-3. Presumably, one justification for that rule's policy is to stop advocates from launching an ill-considered, ill-formed surprise attack in the courtroom for the first time—a surprise attack which, in practice, may require opposing counsel to respond on the fly to a near-frivolous argument containing insupportable assumptions. Regrettably, class counsel ignored Rule 7-3 on Friday, causing those consequences to occur.

In short, the only conceivable ethical violation here is Class Counsel's violation of 28 U.S.C. § 1927 in its vexatious and insupportable surprise attack on my professional conduct in open court. Throughout this process, Class Counsel has repeatedly acted to multiply proceedings and force counsel for Pezzati to expend unnecessary extra time on this case. Frank Decl. (Docket No. 176-2) ¶ 11. This latest shenanigan required over sixteen hours of three attorneys' time to research over a weekend. The Court should not tolerate this abuse of its procedures, and CCAF believes sanctions on Class Counsel would be appropriate.

               Very truly yours,

               */s/ Theodore H. Frank*
               Theodore H. Frank
               Center for Class Action Fairness LLC
               Counsel for Objector Patrick Pezzati

cc:  Counsel of Record (via ECF)
    Securities Class Action Clearinghouse (via email of ECF-stamped letter)

---

interpretation of California law cannot dictate federal civil procedure regarding class actions. *Shady Grove Orthopedic Associates v. Allstate Ins.*, 130 S. Ct. 1431, 559 U.S. __ (2010). Adopting Class Counsel's reading of *Hernandez* would lead to the absurd result that two objectors can never retain the same independent counsel without Class Counsel's permission, which would defeat the ability of the Court to conduct meaningful fairness hearings under FRCP 23(e). *Second*, *Hernandez* involved *individual* solicitation through direct mailings to specific class members; the Supreme Court has consistently held that an invitation to the general public by means of mass media to contact counsel if representation is desired is entitled to greater constitutional protection. *Contrast Ohralik v. Ohio State Bar Ass'n,* 436 U.S. 447 (1978) (in-person solicitation is potentially coercive and thus regulable) *with Zauderer v. Office of Disciplinary Counsel of the Supreme Court of Ohio,* 471 U.S. 626 (1985) (general issue-based solicitation in a newspaper is not proscribable). Applying *Hernandez* to a blog post would run afoul of the First Amendment rights of class members to receive information about the case. *Virginia State Bd. of Pharmacy v. Virginia Citizens Consumer Council*, 425 U.S. 748, 757 (1976) ("freedom of speech necessarily protects the right to receive"). *Third*, the ruling in *Hernandez* was predicated on a factual finding that the communication was misleading. 174 Cal.App.4th at 1445. Class Counsel does not, and cannot, make any showing that the blog post was factually misleading.