# STULL, STULL & BRODY

COUNSELORS AT LAW

10940 WILSHIRE BLVD.
23RD FLOOR
LOS ANGELES, CA 90024
(310) 209-2468
TELECOPIER: (310) 209-2087

6 EAST 45TH STREET
NEW YORK, NY 10017
(212) 687-7230
TELECOPIER: (212) 490-2022

May 16, 2011

**VIA ECF**
The Honorable Jeremy Fogel
U.S. District Court, Northern District of California
280 South 1st Street
San Jose, California 95113

      Re:    *In re Apple Inc. Sec. Litig.*, **Case No. C-06-5208-JF (N.D. Cal.)**

Dear Judge Fogel:

      I write in response to Mr. Frank's May 9, 2011 letter to the Court. In his letter, Frank claims he is responding to my arguments, presented at the May 6 hearing, that he is not entitled to attorney's fees in this case because (1) he violated California Rule of Professional Responsibility 2-100 by communicating with represented parties and (2) violated Rule 1-400 by making false and/or misleading communications.[1] Frank's letter does not contest the fact that he violated Rule 2-100. However, Frank contests the accusation that he violated Rule 1-400's prohibition against false and/or misleading communications by claiming he has a First Amendment right to do so. Here, Frank is wrong. The First Amendment does not grant an attorney the right to make false and/or misleading claims in a communication to potential clients. As Frank has violated both Rule 2-100 and 1-400, he should not be awarded attorney's fees in this matter.

      The relevant facts are simple. After years of litigation, on October 12, 2010, this Court appointed Class Counsel, certified the Class, approved the Notice for the Class, and ordered that Notices be distributed to the Class by October 26, 2010. (Dkt. 129). On October 21, 2010, days prior to the Class Members receiving their Court-approved Notices, starting at about 6:50 a.m. Eastern Time, Frank and/or his Center for Class Action Fairness, LLC (the "Center") published various internet posting disparaging both the settlement and Class Counsel in an attempt to convince Class Members to retain Frank as counsel for the purpose of filing an objection. (*See*

---

[1] Frank complaint that he did not have time to brief these issues has been put to rest by the briefing contained in his letter.

May 16, 2011
The Honorable Jeremy Fogel
Page 2 of 6

attached Exhibits 1, 2, and 3).  In these posting, Frank and the Center stated that the settlement was "outrageous" "illegal" and "that it is an extortionate nuisance settlement, being made because it would cost more to defend the suit than to pay the attorneys to go away." *Id*.  Frank and the Center also stated:

> "**The Center for Class Action Fairness would love to object to such a blatantly illegal settlement.**  But it can't do so in a vacuum: it can only do so on behalf of **a class member** who is being **ripped off by these attorneys**.  Class members are those who bought Apple stock (AAPL) between August 24, 2001 and June 29, 2006—but only people who bought the stock between November 2005 and May 2006 are entitled to recover any money under the settlement, and their recovery is being diluted by the diversion to *cy pres*.  **We'd be happy to represent you pro bono** if you agree that the settlement is objectionable and wish to object: please contact me.  If you're not in the class, but know people or institutions who might be, spread the word." (emphasis added)

Later on the same day, Frank and the Center filed an objection on behalf of Objector Pezzati.  The objection was later withdrawn, and Frank and the Center, contrary to their claim they would work *pro bono*, sought legal fees in the amount of $297,916 for what they claimed was $67,260 in lodestar.  *See* ¶7 Frank Dec. in Support of Motion for Attorney's Fees. (Dkt. 176-2).  The May 6 Hearing followed.  On May 9, Frank sent a letter to the Court addressing the issues raised in oral argument.  This letter is in response.

**Frank and the Center Must Comply With California Rules of Professional Conduct**.  Frank is a California attorney, with Bar Number 196332.  Even if he were not a California attorney, N.D. Cal. Local Rule 11-4(a)(1) states that all attorneys who practice before this Court must "comply with the standards of professional conduct required of members of the State Bar of California."

**Frank and the Center Violated California's Rule of Professional Responsibility 2-100**.  The Court of Appeal of California has ruled that an attorney does not have the right to unilaterally contact class members after the court conditionally certified the class and appointed and designated class counsel.  *Hernandez v. Vitamin Shoppe Industries Inc.*, 174 Cal. App. 4th 1441, 1459 (Cal. App. 2009).  Thus Frank's communications with class members violated Rule 2-100(A), which states that "[w]hile representing a client, a member shall not communicate directly or indirectly about the subject of the representation with a party the member knows to be represented by another lawyer in the matter, unless the member has the consent of the other lawyer." *Id.*

While not directly addressing his violation of Rule 2-100, Frank claims that the Court should ignore the California court's interpretation of California's Rules of Professional Conduct.  Here, Frank is dead wrong. Federal courts in the Ninth Circuit must follow the decision of the

May 16, 2011
The Honorable Jeremy Fogel
Page 3 of 6

intermediate appellate courts of the state unless there is convincing evidence that the highest court of the state would decide differently. *Goodrich v. Briones (In re Schwarzkopf)*, 626 F.3d 1032, 1038 (9th Cir. 2010). As Frank does not present any evidence, never mind convincing evidence, that the California Supreme Court would overturn *Hernandez*, this Court must follow *Hernandez*. 626 F.3d at 1038.

In addition to the Court of Appeal of California, a number of federal courts have also found that the certification of a class prohibits attorney contact with class members. (*See, e.g., Parks v. Eastwood Ins. Services, Inc.* (C.D. Cal. 2002) 235 F.Supp.2d 1082, 1083 (citing rule 2-100); *Kleiner v. First Nat. Bank of Atlanta* (11th Cir. 1985) 751 F.2d 1193, 1207 & fn. 28 [stating, based upon a model ABA rule analogous to rule 2-100, that counsel had "an ethical duty to refrain from discussing the litigation with members of the class as of the date of class certification," since "class counsel represents all class members as soon as a class is certified …" (fn. omitted)]; *Resnick v. American Dental Assn.* (D.C. Ill. 1982) 95 F.R.D. 372, 378–379 [class certification barred attorney from communicating with absent class members under applicable rules of professional conduct because "without question" absent members are represented by class counsel]). Furthermore, in the face of evidence of coercive behavior by a party opposing a class, district courts may regulate communications with class members related to the notice and opt-out processes under Federal Rule of Civil Procedure 23(d). *Wang v. Chinese Daily News, Inc.*, 623 F.3d 743, 755 (9th Cir. 2010).

Leaving aside these federal decisions, there remains a strong policy reason for this Court to follow the *Hernandez* decision. If federal courts were to consider federal common law in interpreting California Rules of Professional Conduct, while state courts considered the state law in interpreting the rules, it "would lead to the undesirable result of creating two different ethical obligations for California lawyers depending on whether a particular representation of a client pertained to state or federal matters." *White v. Experian Info. Solutions, Inc.*, No. SACV 05-1070, 2009 U.S. Dist. LEXIS 117979, at *15-16 (C.D. Cal. Nov. 23, 2009). Such a situation would be untenable for members of the California bar.

**Frank and the Center Violated California's Rule of Professional Responsibility 1-400**. Rule 1-400 prohibits misleading attorney communications. Rule 1-400(A) defines a "communication" to be "… any message or offer made by or on behalf of a member concerning the availability for professional employment of a member or a law firm directed to any former, present, or prospective client …." *In re Morse*, 11 Cal. 4th 184, 196 (Cal. 1995). Rule 1-400(D)(2) proscribes misleading advertisements by an attorney. *Id.* Rule 1-400(D)(3) also provides that an advertisement must state every fact "… necessary to make the statements made, in the light of circumstances under which they are made, not misleading to the public." *Id.*

Frank and the Center violated Rule 1-400(D) by communicating to Class Members that the proposed settlement was "outrageous," "illegal," "blatantly illegal" and that class members

May 16, 2011
The Honorable Jeremy Fogel
Page 4 of 6

were being "ripped off by these attorneys [Class Counsel]." Frank and the Center further violated Rule 1-400(D) by proclaiming that they would "be happy to represent you pro bono" if Class Members wished to object, when in truth they were seeking to be paid hundreds of thousands of dollars for their services.

In sum, Frank and the Center's above statements are false and misleading because they "stated a wholly biased view of [Class Counsel and] the settlement in inflammatory language in order to persuade class members to opt out" and object to the settlement. *Hernandez v. Vitamin Shoppe Industries Inc.*, 174 Cal. App. 4th at 1455. Their "communications misled members about the substance of the settlement by what [they] did and did not state, [] ignoring the numerous risks and uncertainties of litigation, remaining silent about defendant's arguments, leaving unsaid that the court had reviewed and preliminarily approved the settlement and would again review the matter before giving final approval, and prejudicing class members' view of the settlement before they received the court-approved notice." *Id.* "Rather than disclose [their] financial interest [], [they] characterized [themselves], rather than the court, as the protector[s] of the class. It is difficult to imagine a more inappropriate end run around the court's supervisory powers." *Id.*

Frank and the Center cite to *In re Primus*, 436 U.S. 412 (U.S. 1978) for the unremarkable proposition that a nonprofit organization has a First Amendment right to communicate with potential clients in a non-misleading manner. *See* 436 U.S. at 435 (communication at issue not misleading). Here Frank and the Center are missing the point. Their communications are being challenged under Rule 1-400 *not* because they were merely communications to potential clients. Instead, their communication is being challenged because, unlike the communication in *Primus*, they were *false and misleading*.

The Supreme Court has never ruled that an attorney who claims to work for a nonprofit organization has a right to communicate false and misleading statements to the potential clients. In fact, the Court in *Primus* held the exact opposite. *Id.* at 439. It ruled that states have a "special interest in regulating members of a profession it licenses, and who serve as officers of its courts" and thus may "proscribe solicitation that in fact is misleading, overbearing, or involves other features of deception or improper influence." *Id.* And that is it the exact issue here, California's right to forbid misleading and deceptive communications via Rule 1-400.

Frank and the Center also claim that they are not subject to Rule 1-400 because their motive was "not financial." However, as far as "communications" are concerned, Rule 1-400 does not distinguish between an attorney's pecuniary and non-pecuniary motives. "Communication" means any message or offer made by or on behalf of a member concerning the availability for professional employment of a member or a law firm directed to any former, present, or prospective client. Cal. Rules of Prof'l Conduct, Rule 1-400(A). In contrast, the term "solicitation" means any communication concerning the availability for professional

employment of a member or a law firm in which a significant motive is pecuniary gain; and which is: (a) delivered in person or by telephone, or (b) directed by any means to a person known to the sender to be represented by counsel in a matter which is a subject of the communication. Cal. Rules of Prof'l Conduct, Rule 1-400(B).

Moreover, Frank and the Center's claim that they are not motivated by pecuniary gain, and thus their "communications" are not "solicitations" under the Code, is contrary to the facts. At the time of their request for attorney's fees, Frank and the Center had the following lodestar:

| Attorney | Hours | Rate | Total |
|---|---|---|---|
| Frank | 87.3 | 720 | $62,856 |
| Greenberg | 3.3 | 360 | $ 1,188 |
| Schulman | 13.4 | 240 | $ 3,216 |
| Total | | | $67,260 |

*See* Frank Dec. at ¶ 7.

It is difficult to believe that an attorney seeking compensation at the rate of $720.00 per hour in a case is not significantly motivated by pecuniary gain when seeking objectors to represent in that case. However, the Center is actually seeking more than four times its attorneys' lodestar by asking for up to $297,916.00 in attorney's fees.  ($297,916 ÷ $67,260 = 4.29 multiplier).  Here, the Center is seeking over $2,880 per hour for Frank' time, over $1,440 per hour for Greenberg's time and over $960 per hour for Schulman's time.  Simply put, Frank and the Center's claim that pecuniary gain is not a "significant motive" for their seeking a Class Member to file an objection cannot be believed when the Center seeks to be compensated at between $960 and 2,880 per hour for its attorneys.  Such a claim is absurd on its face.

Of course, by seeking such fees Frank and the Center have shown that their claim to be working *pro bono* was completely false.  While Frank and the Center cite to numerous cases for the proposition that *pro bono* attorneys should be compensated in certain situations, they do not directly answer the charge that it is false and misleading to communicate to Class Members that attorneys will work *pro bono* when in truth the attorneys will be seeking hundreds of thousands of dollars in fees based upon a "common fund" theory.  What makes the Center and Frank's claim for attorneys' fees objectionable is that they mislead Class Members by claiming they would work *pro bono* if they objected to the settlement.

In sum, attorneys seeking objectors to represent should not make communications to members of a certified class being represented by Court appointed class counsel because those communications violate Rule 2-100.  Furthermore, those attorneys should not encourage Class Members to dismiss Class Counsel and retain the attorneys for the sole purpose of objecting to

May 16, 2011
The Honorable Jeremy Fogel
Page 6 of 6

the settlement by using false and misleading communications.  Additionally, those same attorneys should not be allowed to claim attorneys' fees and profit from their misdeeds, especially when those attorneys informed the Class Members that they would be working *pro bono*.  Such communications violate Rule 1-400.

                              Respectfully submitted,

                              *s/Timothy J. Burke*
                              Timothy J. Burke

                              Counsel for Plaintiffs

cc:     All Counsel (via ECF)
         Securities Class Action Clearinghouse (via email)