# EXHIBIT 1



 Subscribe    Follow POL on

site

FORUM    FEATURED DISCUSSIONS    POL COLUMNS    LEGAL EXPERTS    ARTICLES    BOOKS    PODCASTS    LINKS    MASTHEAD    ADVANCED SEARCH

**FORUM**

CATEGORIES:
Class Actions

« "ARE WE HEADED BACK TO THE BAD OLD DAYS OF VACCINATION LAWSUITS?" | ARTHUR WOLK V. OLSON - THIRD CIRCUIT UPDATE »

October 21, 2010

Share |

**The illegal Apple backdating class action settlement**

Ira Stoll and Jim Copland have discussed the outrageous Apple backdating lawsuit resulting in the outrageous Apple backdating settlement. The magnitude of the settlement compared to the original claims demonstrates that it is an extortionate nuisance settlement, being made because it would cost more to defend the suit than to pay the attorneys to go away.

But it should be noted: the settlement is not just outrageous, it is illegal. Under the Ninth Circuit's *Six Mexican Growers* precedent, a court should not be issuing *cy pres* that is not likely to benefit the class members. And as the Center for Class Action Fairness noted in recent Ninth Circuit briefing, the American Law Institute has said that *cy pres* is inappropriate where class members are readily identifiable. Given that the class attorneys are negotiating money for third parties instead of their own putative clients (for their own benefit, no less), there is also a breach of fiduciary duty that raises questions whether the class attorneys meet the Rule 23(a)(4) standard. The settlement is further problematic in that the vast majority of class members are entitled to zero compensation; it is far from clear that the sole lead plaintiff is a member of this subclass.

The Center for Class Action Fairness (which is not affiliated with the Manhattan Institute) would love to object to such a blatantly illegal settlement. But it can't do so in a vacuum: it can only do so on behalf of a class member who is being ripped off by these attorneys. Class members are those who bought Apple stock (AAPL) between August 24, 2001 and June 29, 2006—but only people who bought the stock between November 2005 and May 2006 are entitled to recover any money under the settlement, and their recovery is being diluted by the excessive demand for attorneys' fees and diversion to *cy pres*. We'd be happy to represent you pro bono if you agree that the settlement is objectionable and wish to object: please contact me. If you're not in the class, but know people or institutions who might be, spread the word.

The case is *In re Apple Inc. Securities Litig.*, No. C-06-5208-JF (N.D. Cal.).

POSTED BY TED FRANK AT 6:50 AM | TRACKBACK (0)
Tags: Apple , Center for Class Action Fairness , class action lawsuits , class action settlements , conflict of interest , cy pres

Published by the Manhattan Institute

