1    JAY W. EISENHOFER (*admitted pro hac vice*)
      MICHAEL J. BARRY (*admitted pro hac vice*)
2    GRANT & EISENHOFER P.A.
      123 Justison Street
3    Wilmington, DE 19801
      Telephone:    (302) 622-7000
4    Facsimile:     (302) 622-7100
      E-Mail:       jeisenhofer@gelaw.com
5                  mbarry@gelaw.com

6    *Attorneys for Lead Plaintiff New York City*
      *Employees' Retirement System*
7
      (Additional Counsel Listed on Signature Page)
8

# UNITED STATES DISTRICT COURT

9

# NORTHERN DISTRICT OF CALIFORNIA

10

# SAN JOSE DIVISION

11

| | |
|---|---|
| | Case No. C-06-5208-JF |
| IN RE APPLE INC. SECURITIES LITIGATION | <u>CLASS ACTION</u><br><br>**NOTICE OF MOTION AND UNOPPOSED MOTION FOR DISTRIBUTION OF CLASS SETTLEMENT FUND**<br><br>Date:      TBD<br>Time:      TBD<br>Courtroom: 3, 5th Floor<br>Judge:    Hon. Jeremy Fogel |

COMES NOW Lead Plaintiff The New York City Employees' Retirement System ("Lead Plaintiff") and requests that this Court enter an order:

(1) approving the procedures used and actions taken by the Court-appointed Claims Administrator,[1] Epiq Class Action and Claims Solutions, Inc. ("Epiq") and Lead Counsel for the administration of the Settlement as described in the Affidavit of Stephanie Thurin in Support of Class Representatives' Motion for Distribution of the Net Settlement Fund ("Thurin Aff.");

(2) approving the fully or partially valid claims of Class Members (the "Authorized Claimants") identified in the list of Authorized Claimants, attached as Exhibit E to the Thurin Affidavit;

(3) approving the fully or partially valid, but late-filed, claims included in the list of Authorized Claimants, attached as Exhibit F to the Thurin Affidavit, as if they had been filed on or before the original deadline of March 15, 2011;

(4) approving the rejection of deficient and ineligible claims summarized in the list attached as Exhibit D to the Thurin Affidavit,[2] as entirely rejected or deficient as determined by Epiq;

(5) authorizing distribution of 94% of the Net Settlement Fund to the Authorized Claimants listed in Exhibits E and F to the Thurin Affidavit, in proportion to their Recognized Claim amounts, with the remaining 6% held in reserve to address any claims-in-process that ultimately are determined to be eligible to participate in the Settlement, and until any presently unknown challenges by Claimants to the amount of their checks, or any other contingencies, are resolved by the Court;

(6) directing that any funds remaining in the Net Settlement Fund one year after the initial distribution, by reason of uncashed checks or otherwise, be redistributed pro rata to

---

[1] Unless otherwise noted, capitalized terms have the same meaning as set forth in the Amended Stipulation and Agreement of Settlement dated as of November 12, 2010 (the "Stipulation").

[2] Epiq has recommended that the Court reject 157, 376 claims as Invalid.  Exhibit F is a summary of the reasons for which Epiq has made this recommendation and the number of claims that fall within each category.  A line-by-line summary of rejections would be approximately 3,000 pages.  Lead Plaintiff did not wish to burden the Court with this voluminous record but it is available upon request.

Authorized Claimants who cashed their initial checks and would receive at least $5.00 from the redistribution;

(7) directing that any funds remaining in the Net Settlement Fund six months after the redistribution, by reason of uncashed checks or otherwise, be distributed in nine equal payments to the nine corporate governance programs identified in the Plan of Allocation; and

(7) allowing destruction of paper copies of Proof of Claim forms one year after the distribution of the Net Settlement Fund to the corporate governance programs, and the destruction of electronic copies of Proof of Claim forms three years from the distribution of the Net Settlement Fund to the corporate governance programs.

For the reasons set forth below and discussed in the supporting accompanying Thurin Affidavit submitted on behalf of Epiq, Lead Plaintiff respectfully requests that the Court enter the proposed Order Re: Distribution of Class Settlement Fund, which is attached hereto as Exhibit 1.

## I.   INTRODUCTION

On May 17, 2011, this Court entered an Order Granting Motion for Final Approval of Class Action Settlement; Granting Motion for Attorneys' Fees and Expenses; and Granting in Part Objector Pezzati's Motion for Attorneys' Fees and Incentive Award and a Judgment approving the terms of the Amended Stipulation and Agreement of Settlement dated November 12, 2010 (the "Stipulation") in the above-referenced class action.

Under the terms of the Stipulation, a $16.5 million Settlement Fund was established for the resolution of the class claims.  The Net Settlement Fund is to be distributed to all eligible Claimants whose claims have been accepted, pursuant to the Plan of Allocation previously approved by the Court.

This Court has reserved jurisdiction with respect to the administration of the Settlement and the distribution of the Net Settlement Fund.  Lead Plaintiff's Counsel now seeks approval of the distribution of the Net Settlement Fund to Authorized Claimants as determined by the Claims Administrator.

## II.      SUMMARY OF CLAIMS PROCESSING

Pursuant to the Stipulation of Settlement, Class Members were required to submit Proof of Claim forms to share in the distribution of the Net Settlement Fund.  This Court authorized the retention of the Epiq firm to mail and publish notice to the Class, to act as the Claims Administrator, to process the Proofs of Claim submitted in the action, and to assist in the distribution of the Net Settlement Fund.  The processing procedures and the basis of the distribution are described in the Thurin Affidavit, filed simultaneously herewith.  As shown therein, Epiq performed a thorough review of each claim submitted.  Lead Plaintiff respectfully requests that this Court enter an Order approving the determinations of Epiq accepting and rejecting the claims submitted herein.

In the Court's November 22, 2010 Amended Order Preliminarily Approving Settlement, Directing Notice of Settlement, and Scheduling Settlement Fairness Hearing, the Court set a March 15, 2011 deadline for submission of claim forms.  As of April 9, 2012, a total of 230,237 Proofs of Claim have been received, and 230,135 of those Proofs of Claim have been processed.[3] A total of 21,931 of those claims were received after the March 15, 2011 submission deadline. Of these, 12,412 claims were found to be otherwise eligible.  No claim has been rejected because it was received after the initial submission deadline, and the Claims Administrator believes no delay has resulted from these claims.  It is Lead Counsel's belief that when the equities are balanced, it would be unfair to prevent an otherwise valid Claimant from participating in the Net Settlement Fund solely because the claim was submitted after the cut-off date, although while claims were still being processed.  Accordingly, Lead Plaintiff respectfully requests that this Court approve the administrative determination not to reject claims submitted after the March 15, 2011 deadline because of lateness.

There must, however, be a final cut-off after which no more claims may be accepted in order that there may be a proportional distribution of the Net Settlement Fund.  Accordingly, Lead Plaintiff requests that no claim that is received after February 17, 2012, if any, be accepted

---

[3] Epiq did not process 102 Proofs of Claim received after February 17, 2012.  Thurin Aff. ¶ 12.

NOTICE OF MOTION AND UNOPPSED MOTION FOR
DISTRIBUTION OF CLASS SETTLEMENT FUND
CASE NO. C-06-5208-JF

for payment, and no further adjustments to Proofs of Claim may be made after February 17, 2012.

As discussed above, a total of 230,135 Proofs of Claim have been received and processed as of April 9, 2012.  Of these, a total of 72,861 were found acceptable in whole or in part. Submitted as Exhibit E to the Thurin Affidavit is a list that sets forth each claimant (by claim number for privacy reasons) whose claim was timely filed and supported with adequate documentary evidence and which claims are recommended for payment.  Submitted as Exhibit F to the Thurin Affidavit is a list that sets forth all late but provisionally accepted claims ("Late but Otherwise Eligible Claims").  Submitted as Exhibit D to the Thurin Affidavit is a summary of the rejected Claimants and shows the reason why such claims were rejected, including one or more of the following:

1) the Proof of Claim had no loss according to the Plan of Allocation;

2) the information submitted with the Claimant's Proof of Claim indicated that there was no purchase or acquisition of eligible stock within the Class Period;

3) the Proof of Claim did not contain complete and adequate documentation supporting the claimed transactions;

4) the Proof of Claim submitted did not contain any transactional information;

5) the Claimant indicated he or she is a current or former employee of Apple; and/or

6) the Proof of Claim was not properly signed.[4]

Lead Plaintiff respectfully requests that the Court enter an Order approving the administrative determinations of the Claims Administrator, both accepting claims as indicated in Exhibits E and F and rejecting claims summarized in Exhibit D to the Thurin Affidavit.

**III.     REQUEST FOR DISTRIBUTION TO AUTHORIZED CLAIMANTS**

Lead Plaintiff respectfully requests that the Court enter an Order authorizing the following distribution plan (the "Distribution Plan"):

---

[4] Because Claims could have been deemed rejected for more than one reason, the summary of claims rejected by reason and the total number of claims rejected are not identical.

NOTICE OF MOTION AND UNOPPSED MOTION FOR
DISTRIBUTION OF CLASS SETTLEMENT FUND
CASE NO. C-06-5208-JF

a.     Epiq will calculate award amounts to all Authorized Claimants (including Late but Otherwise Eligible Claims) as if the entire Net Settlement Fund was to be distributed now by calculating their pro rata share of the fund in accordance with the Court-approved Plan of Allocation (the Claimant's "Distribution Amount").

b.     Pursuant to the Plan of Allocation, Epiq will eliminate any Authorized Claimant's claim whose Distribution Amount calculates to less than $5.00. Such Claimants will not receive any distribution from the Net Settlement Fund.

c.     Epiq will recalculate the Distribution Amounts for the remaining Authorized Claimants;

d.     Epiq will conduct a distribution of the Net Settlement Fund (the "Initial Distribution") as follows:

> With respect to the remaining Authorized Claimants, Epiq will distribute to such Claimants 94% of their Distribution Amounts. The remaining 6% of their payments will be held in reserve (the "Reserve") to address any claims that ultimately are determined to be eligible to participate in the Settlement, and for any other contingencies that may arise. To the extent the Reserve is not depleted, the remainder will be distributed in subsequent distributions as set forth below.

e.     In order to encourage Authorized Claimants to promptly cash their distribution checks, and to avoid or reduce future expenses relating to unpaid distribution checks, all distribution checks will bear a notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT CASHED BY [DATE 90 DAYS AFTER ISSUE DATE].

f.     Authorized Claimants who do not cash their Initial Distribution checks within the time allotted will irrevocably forfeit all recovery from the Settlement. The funds allocated to all such stale-dated funds will be available in the re-distribution to other Authorized Claimants as set forth below.

g.  Epiq will conduct a second distribution of the Net Settlement Fund (the "Second Distribution"), pursuant to which any amount remaining in the Net Settlement Fund, after the Initial Distribution (including the Reserve and the funds for all void stale-dated checks), will be distributed by the Claims Administrator upon approval and authorization by Lead Counsel and without leave from the Court as follows:

    i  First, to pay any newly received claims and adjustments to previously received claims approved by the Claims Administrator so as to put them in the same standing as Authorized Claimants as outlined in (d) above (the "Catch-up Payments"); and

    ii.  Second, to all Authorized Claimants from the Initial Distribution who (1) were not "Claims Paid in Full," (2) cashed their distribution payment, and (3) are entitled to at least $5.00 from the redistribution based on their pro rata share of the Second Distribution amount, and to pay all Catch-up Payments that (1) were not Claims Paid in Full, and (2) are entitled to at least $5.00 from the redistribution based on their pro rata share of the Second Distribution amount.

h.  If after six months after the Second Distribution any funds shall remain in the Net Settlement Fund, then Epiq will distribute such balance in nine equal payments to the nine corporate governance programs identified in the Plan of Allocation (the "Final Distribution").

In order to allow the full and final distribution of the Net Settlement Fund, it is necessary to bar any further claims against the Net Settlement Fund beyond the amount allocated to Authorized Claimants, and to provide that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Proofs of Claim submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, be released and discharged from any and all claims arising out of such

NOTICE OF MOTION AND UNOPPSED MOTION FOR
DISTRIBUTION OF CLASS SETTLEMENT FUND
CASE NO. C-06-5208-JF

involvement, except for claims arising out of gross negligence or willful misconduct. Accordingly, Lead Plaintiff requests that the Court bar any further claims against the Net Settlement Fund beyond the amount allocated to Authorized Claimants, and that the Court release and discharge all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Proofs of Claim submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, from any and all claims arising out of such involvement, except for claims arising out of gross negligence or willful misconduct.

**IV.     REQUEST FOR DISPOSITION OF CLAIMS ADMINISTRATOR'S RECORDS**

Lead Counsel respectfully request approval for the Claims Administrator to discard: (i) paper copies of the Proofs of Claim and all supporting documentation one year after the Final Distribution; and (ii) electronic copies of the same three years after the Final Distribution.

WHEREFORE, Lead Plaintiffs respectfully request that this Court enter the proposed Order submitted simultaneously herewith.

<b>CONCLUSION</b>

Based on the foregoing and the entire record herein, Lead Plaintiff respectfully requests that the Court approve the distribution of the Net Settlement Fund.

Dated: July 13, 2012

Respectfully submitted,

**GRANT & EISENHOFER P.A.**

/s/ *Michael J. Barry*
MICHAEL J. BARRY (*admitted pro hac vice*)

JAY W. EISENHOFER (*admitted pro hac vice*)
MICHAEL J. BARRY (*admitted pro hac vice*)
123 Justison Street
Wilmington, DE 19801
Telephone:     (302) 622-7000
Facsimile:     (302) 622-7100

*Attorneys for Lead Plaintiff New York City Employees' Retirement System*

PATRICE L. BISHOP (CSB. No. 182256)
STULL, STULL & BRODY
10940 Wilshire Blvd., Suite 2350
Los Angeles, CA  90024
Telephone:     (310) 209-2468
Facsimile:      (310) 209-2087


HOWARD T. LONGMAN
STULL, STULL & BRODY
6  East 45th Street, Suite 500
New York, N.Y. 10017
Telephone:     (212) 687-7230
Facsimile:      (212) 490-2022


GARY S. GRAIFMAN
KANTROWITZ GOLDHAMER & GRAIFMAN
747 Chestnut Ridge Road
Chestnut Ridge, New York 10977
Telephone:  (845) 356-2560
Facsimile:  (845) 356-3445

*Attorneys for Plaintiffs*
*Martin Vogel and Kenneth Mahoney*

NOTICE OF MOTION AND UNOPPSED MOTION FOR
DISTRIBUTION OF CLASS SETTLEMENT FUND
CASE NO. C-06-5208-JF

I, Michael J. Barry, am the ECF User whose ID and password are being used to file this Notice of Motion and Unopposed Motion for Distribution of Class Settlement Fund.  In compliance with General Order 45, X.B., I hereby attest that George A. Riley, Patrice L. Bishop and Gary S. Graifman have concurred in this filing.

By:  ___/s/ *Michael J. Barry*_____
       Michael J. Barry

NOTICE OF MOTION AND UNOPPSED MOTION FOR
DISTRIBUTION OF CLASS SETTLEMENT FUND
CASE NO. C-06-5208-JF