JAY W. EISENHOFER (*admitted pro hac vice*)
MICHAEL J. BARRY (*admitted pro hac vice*)
GRANT & EISENHOFER P.A.
123 Justison Street
Wilmington, Delaware 19801
Telephone:    (302) 622-7000
Facsimile:    (302) 622-7100
E-Mail:       jeisenhofer@gelaw.com
              mbarry@gelaw.com

*Attorneys for Lead Plaintiff New York City Employees' Retirement System*

(Additional Counsel Listed on Signature Page)

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE APPLE INC. SECURITIES LITIGATION | Case No. C-06-5208-JF<br><br>CLASS ACTION<br><br>**[PROPOSED] ORDER RE: DISTRIBUTION OF CLASS SETTLEMENT FUND** |

COMES NOW, this ____ day of _____, 2012, upon consideration of Lead Plaintiff's Unopposed Motion for Distribution of Class Settlement Fund ("Motion"), the Affidavit of Stephanie Thurin in Support of Class Representatives' Motion for Distribution of the Net Settlement Fund ("Thurin Affidavit") of Epiq Class Action and Claims Solutions, Inc., and upon the Amended Stipulation and Agreement of Settlement dated November 12, 2010 (the "Stipulation"), the Order Granting Motion for Final Approval of Class Action Settlement; Granting Motion for Attorneys' Fees and Expenses; and Granting in Part Objector Pezzati's Motion for Attorneys' Fees and Incentive Award entered on May 17, 2011, approving the Stipulation, and the Judgment entered on May 17, 2011, and upon all prior proceedings heretofore had herein and after due deliberation, it is hereby ORDERED as follows:

1. The administrative determinations of the Claims Administrator[1] accepting the claims as indicated on the computer printouts submitted with, and described in, the Thurin Affidavit and Exhibits E and F thereto, including claims submitted after March 15, 2011, up until February 17, 2012, are approved and said claims are hereby accepted.

2. The administrative determinations of the Claims Administrator rejecting the claims as indicated on the computer printout submitted with, and described in, the Thurin Affidavit and Exhibit D thereto are approved, and said claims are rejected.

3. The Claims Administrator is directed to distribute the Net Settlement Fund to the Authorized Claimants listed on the computer printouts submitted as Exhibits E and F to the Thurin Affidavit pursuant to the Distribution Plan set forth in the Motion. The Court adopts the proposed Distribution Plan.

4. The Court finds that the administration of the Settlement and the proposed distribution of the Net Settlement Fund comply with the terms of the Stipulation and the Plan of Allocation approved by this Court and that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Proofs of Claim submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or Net

---

[1] Unless otherwise noted, capitalized terms have the same meaning as set forth in the Motion and the Stipulation.

Settlement Fund are released and discharged from any and all claims arising out of such involvement, except for claims arising out of gross negligence or willful misconduct, and all Class Members, whether or not they are to receive payment from the Net Settlement Fund, are barred from making any further claim against the Net Settlement Fund beyond the amount allocated to Authorized Claimants.

5. The Court authorizes the Claims Administrator to discard paper copies of the Proofs of Claim and all supporting documentation one year after the Final Distribution, and to discard electronic copies of the same three years after the Final Distribution.

6. The Court retains jurisdiction over any further application or matter that may arise in connection with this action.

Dated: _____

**BY THE COURT:**

_____
The Honorable Jeremy Fogel
United States District Judge