# Exhibit A

| | |
|---|---|
| In re Apple Inc. Securities Litigation<br>Claims Administrator<br>P.O. Box 6809<br>Portland, OR 97228-6809 | Website: www.applesecuritiessettlement.com<br>Email: questions@AppleSecuritiesSettlement.com<br>Toll Free: 1-888-760-4869 |

«Date»



*⌊MAILID⌋* «Merge Sequence #»

«First_Name_1» «Middle_Name_1» «Last_Name_1»
«First_Name_2» «Middle_Name_2» «Last_Name_2»
«Business_Name»
«Representative_Name»
«Address_1»
«Address_2»
«Address_3»
«Address_4»
«Address_5»
«City», «State» «Zipcode»
«Country»

Claim Number: «CLAIM_NBR»                    **RESPONSE DUE DATE: «Date+20»**

### Notice of DEFICIENT Proof of Claim Submission

Dear Claimant:

We have received the Proof of Claim and Release form ("Proof of Claim") submitted by you in connection with the class action litigation entitled In re Apple Inc. Securities Litigation. Thank you for your submission.

In reviewing your Proof of Claim, we found that it is deficient for the reason(s) listed below:

<< INSERT SPECIFIC DEFICIENCY TEXT >>

In order to be eligible to share in the Settlement proceeds obtained in this Action, please correct the deficiencies listed in (each of) the above paragraph(s).  Failure to cure the deficiencies listed above **may** result in the denial of your claim unless otherwise indicated as "REQUIRED" in the above paragraph(s).

Your written response to this letter must be postmarked no later than twenty (20) days from the date of this letter, and should be mailed to the return address listed above.  **Please include a copy of this letter with your response and submit any documents that resolve the deficiencies in your claim**. You may also e-mail images of the requested information to us at the email address noted above, please include your name, address, and claim number when responding via email.

If you have any questions, please visit: www.applesecuritiessettlement.com or contact the Claims Administrator at the number or email address noted above.

Thank you for your anticipated prompt response.

Very truly yours,

In re Apple Inc. Securities Litigation
Claims Administrator

Apple - Deficiency Text – 3 11 2011.doc

The following information will be printed on defect letters, as indicated based on reason codes pulled from the Documents table.

EMP – Apple Employee
Employee: Your claim submission indicates that you were an Employee, Officer or Director of Apple Inc during the Class Period.  All current and former directors and officers of Apple, as well as all employees of Apple and/or its subsidiaries during the Class Period and any family member, trust, company, entity, or affiliate controlled or owned by any employee of Apple are excluded from the Class and not eligible to participate in the Settlement.  To be eligible to participate in this Settlement, you must provide proof that you were not an Employee, Officer or Director of Apple Inc during the Class Period.

END- Ending Shares
Ending Holdings: Your claim submission indicates that you may have held Apple Common Stock after September 27, 2006; however, you did not provide any documentation showing your ending holdings. Acceptable documentation for holdings as of September 27, 2006 will be a document showing the possession of the shares after this date or the sale of the shares after this date.

INC- Incomplete Claim Form (REQUIRES INSERT: Proof of Claim Form)
Incomplete Claim Form (REQUIRED): The Proof of Claim form and/or documents you provided in support of your Proof of Claim form did not list and/or provide any transactional information indicating that you purchased or otherwise acquired Apple common stock during the Class Period (*i.e.*, August 24, 2001 through June 29, 2006, inclusive).  To be eligible to participate in this settlement, you must indicate *all* of your transactions in Apple common stock and provide documentation that you purchased and/or otherwise acquired Apple common stock during the Class Period.  In order to cure this deficiency, please complete and return the enclosed Proof of Claim form, listing *all* of your transactions in Apple common stock and including acceptable supporting documentation for such transactions.  **Failure to cure this deficiency WILL result in the DENIAL of your claim.**

SIG – Missing Signature (REQUIRES INSERT: GENERIC CERTIFICATION)
Missing Signature (REQUIRED): The owner(s) listed on the Proof of Claim form, or identified in the documents you provided in support of your claim, must *all* sign the Proof of Claim form.  If any owner is unable to sign or has given power of attorney, the individual/entity signing on behalf of the owner(s) must provide documentation showing their authority to do so.  If your name has changed, you must provide documentation of that change.  In order to cure this deficiency, please sign and return the enclosed certification. **Failure to cure this deficiency WILL result in the DENIAL of your claim.**

| **Print Output:** | Name | Relationship |
|---|---|---|
|  |  |  |

| Table Source | Claimant | Claimant |
|---|---|---|
| **Field** | Permissions | Relationship |
| **Data Type** | varchar | varchar |

DOC – No Documentation
No Documentation: You did not supply the necessary documentation to support the Proof of Claim form you submitted.  To cure this deficiency and be eligible to participate in this settlement, you must submit genuine and sufficient documentation to support all of your transactions in Apple common stock during the Class Period (*i.e.*,

Page **1** of **5**

Apple - Deficiency Text – 3 11 2011.doc

August 24, 2001 through June 29, 2006, inclusive).  Acceptable documentation must include the name of the owner(s) of the account for which you are filing a claim, the name of the broker through whom the security was traded, trade date, number of securities purchased, acquired and/or sold, and price per share (excluding brokers' commissions, taxes and fees).

Acceptable documentation includes contract notes, brokers' confirmation slips, account activity pages from brokers' computer printouts (including the front page), or account activity pages from brokers' monthly statements (including the front page), if those statements contain the required information listed above.  Letters from your broker are acceptable only if they are on the brokers' letterhead and contain the required information listed above.  Your own records or stock certificates DO NOT constitute acceptable documentation.

OCP – Outside Class Period
<u>Outside Class Period (REQUIRED)</u>: The Proof of Claim form and documents you provided in support of your claim do not prove that you are a member of the Class as defined in the Notice.  To be eligible to participate in this settlement, you must provide proof that you purchased Apple common stock during the Class Period (*i.e.*, August 24, 2001 through June 29, 2006, inclusive), as defined in the Notice.  **Failure to cure this deficiency WILL result in the DENIAL of your claim.**

POA – No Proof of Authority
<u>No Proof of Authority</u>: The person who signed the Proof of Claim form you submitted is not the claimant (*i.e.*, the beneficial owner of the Apple common stock at issue).  You must provide documentation showing that the party listed on the Proof of Claim form has the authority to sign on behalf of the claimant.  If the claimant is deceased, acceptable documentation is a copy of the claimant's death certificate together with a copy of the portion of the Will or Court Order/Letters Testamentary naming the party who signed the claim form as Personal Representative, Administrator, Executor, or Executrix.  If the claimant is not deceased, acceptable documentation is a Power of Attorney, a current Corporate Resolution, a contract between an attorney and client/claimant, Partnership Agreement, appointment of Custodianship, a birth certificate or other proof of age.

| **Print Output** | Name | Relationship |
|---|---|---|
| | | |

| **Table Source** | Claimant | Claimant |
|---|---|---|
| **Field** | Permissions | Relationship |
| **Data Type** | varchar | varchar |

MOR – Missing Information
<u>Missing Information</u>: The documentation that you submitted with your Proof of Claim form does not include some or all of the required information for the transactions listed in the chart below.  To be eligible to participate in this settlement, you must submit genuine and sufficient documentation for *all* of your transactions in Apple common stock during the Class Period (*i.e.*, August 24, 2001 through June 29, 2006, inclusive).  Acceptable documentation includes brokers' confirmation slips, account activity pages from brokers' computer printouts (including front page), or account activity pages from brokers' monthly statements (including the front page).  Personal records and stock certificates DO NOT constitute acceptable documentation.  The documentation needs to include the trade date, the amount of Apple common stock purchased, acquired and/or sold, and price per share (excluding brokers' commissions, taxes and fees).

Apple - Deficiency Text – 3 11 2011.doc

The specific transaction(s) for which you must submit complete documentation are listed below.

| **Print Output** | Security Type | Date | Type of Transaction | Quantity | Price per Share |
|---|---|---|---|---|---|
| | | | | | |

| **Table Source** | ClaimData | ClaimData | ClaimData | ClaimData | ClaimData |
|---|---|---|---|---|---|
| **Field** | Text07 | Date01 | Text01 | Money01 | Money02 |
| **Data Type** | varchar | datetime | varchar | money | money |

PAR – Partial Documentation

Partial Documentation: You either did not supply documentation to support some of the transactions listed on your Proof of Claim form, or the documentation that you submitted with your Proof of Claim form does not include some or all of the required information for the transactions listed in the chart below. To be eligible to participate in this settlement, you must submit genuine and sufficient documentation for *all* of your transactions in Apple common stock during the Class Period (*i.e.*, August 24, 2001 through June 29, 2006, inclusive). Acceptable documentation includes brokers' confirmation slips, account activity pages from brokers' computer printouts (including front page), or account activity pages from brokers' monthly statements (including the front page). Personal records and stock certificates DO NOT constitute acceptable documentation. The documentation needs to include the trade date, the amount of Apple common stock purchased, acquired and/or sold, and price per share (excluding brokers' commissions, taxes and fees).

The specific transaction(s) for which you must submit complete documentation are listed below.

| **Print Output** | Security Type | Date | Type of Transaction | Quantity | Price per Share |
|---|---|---|---|---|---|
| | | | | | |

| **Table Source** | ClaimData | ClaimData | ClaimData | ClaimData | ClaimData |
|---|---|---|---|---|---|
| **Field** | Text07 | Date01 | Text01 | Money01 | Money02 |
| **Data Type** | varchar | datetime | varchar | money | money |

RCV – Received Shares

Received Shares: You must provide documentation to show that the Apple common stock received or transferred into your account was purchased during the Class Period (*i.e.*, August 24, 2001 through June 29, 2006, inclusive). The specific transactions for which this information is required are listed in the chart below. The documentation must include the name of the owner of the account from whom you received the securities, the name of the broker through whom the security was traded, the original trade date, the original price per share, and the amount of shares.

| **Print Output:** | Security Type | Date | Type of Transaction | Quantity | Price per Share |
|---|---|---|---|---|---|
| | | | | | |

Apple - Deficiency Text – 3 11 2011.doc

| Table Source | ClaimData | ClaimData | ClaimData | ClaimData | ClaimData |
|---|---|---|---|---|---|
| Field | Text07 | Date01 | Text01 | Money01 | Money02 |
| Data Type | varchar | datetime | varchar | money | money |

BAL-Trade Discrepancy

Trade Discrepancy: There is a discrepancy between the amount or value of the Apple common stock you claim (on your Proof of Claim form) to have purchased, acquired and/or sold and the amount or value of the Apple common stock you claim (on your Proof of Claim form) to have held at the beginning of the Class Period (August 24, 2001) and at the end of the Class Period (June 29, 2006) or at the end of the 90-day Post-Class Period (September 27, 2006).  Please remember that Beginning Holdings + Purchases, Acquisitions and/or Received Shares – Sales and/or Deliveries of Shares = Ending Holdings.  Please make sure to account for *all* of your transactions in Apple common stock and provide acceptable documentation to support *all* of these transactions.

Acceptable documentation must include the name of the owner of the account for which you are filing a claim, the name of the broker through whom the security was traded, trade date, amount of securities purchased, acquired and/or sold, and price per share (excluding brokers' commissions, taxes and fees).  Acceptable documentation includes brokers' confirmation slips, account activity pages from brokers' computer printouts (including the front page), or account activity pages from brokers' monthly statements (including the front page), if those statements contain the required information listed above.  Letters from your broker are acceptable only if they are on the brokers' letterhead and contain the required information listed above.  Your own records or stock certificates DO NOT constitute acceptable documentation.

The difference between what you indicated on your Proof of Claim and the documentation you submitted along with your Proof of Claim is as follows; please provide documentation accounting for this discrepancy:

| **Print Output:** | Type of Transaction | Quantity of Securities |
|---|---|---|
| | | |

| SourceFile | ClaimData | ClaimData |
|---|---|---|
| SourceField | Text01 (= U2D) | Money01 |
| Data Type | varchar | money |

TIn – No Tax ID (REQUIRES INSERT: GENERIC CERTIFICATION)

Tax Identification: You did not provide the Social Security Number (SSN) or Taxpayer Identification Number (TIN) of the beneficial owner(s) of the Apple common stock listed on your Proof of Claim form.  Please provide the SSN/TIN of the beneficial owner(s) of the eligible Apple common stock on the enclosed certification to correct this deficiency.

Page **4** of **5**

**Apple - Deficiency Text – 3 11 2011.doc**

<u>Field text translations for letters</u>

The following translations should be made when the letter is generated depending on the field the information is pulled from.

**Text01- Type of Transaction**

| Original | Translates to |
| --- | --- |
| B | Beginning |
| P | Purchase |
| R | Received |
| SP | Stock Split |
| S | Sold |
| D | Delivered |
| PC | Post Class Purchases |
| U2 | Unsold Holdings 9/27/06 |
| U2D | Holdings Difference 9/27/06 |

Any field that is Null or Empty should have the following text inserted: "Not Available"

Transactions with a type of 'SP1' will not be included in the letter, i.e. Text01 <> 'SP1'.

# Incomplete Claim Form & Certification

In re Apple Inc. Securities Litigation
Claims Administrator
P.O. Box 6809
Portland, OR 97208-6809

Website: www.AppleSecuritiesSettlement.com
Email: info@AppleSecuritiesSettlement.com
Toll Free: 1-888-760-4869

**Please Type or Print in the Boxes Below; Do NOT use Red Ink, Pencil, or Staples**

Claim Number: [ ][ ][ ][ ][ ][ ][ ]

## PART I: CERTIFICATION

I/We certify under penalty of perjury that I/we have read the previously sent Proof of Claim form and the Release and Waiver. All of the information submitted on the Proof of Claim form is true and correct to the best of my/our knowledge and by signing the below, the Claimant(s) hereby acknowledge(s) that by submitting this Proof of Claim and Release he/she/they/it voluntarily releases and waives any right to bring any claim in any proceedings against the Settling Defendants and Released Parties and/or any of their affiliates or subsidiaries that arise out of, relate to, or are based upon, the same allegations, transactions, facts or occurrences in this Action and that he/she/they/it have not done so and will not do so.

I/We declare under penalty of perjury under the laws of the United States of America that the information previously supplied by the undersigned is true and correct.

Executed Date: [MM] – [DD] – [YY], in _____, _____
(City) (State/Country)

Signature of Claimant (Sign your name here)

SSN/TIN: [ ][ ][ ]–[ ][ ]–[ ][ ][ ][ ]
* Required if indicated on deficiency letter

(Type or print your name here)

Signature of Joint Claimant, if any (Sign your name here)

SSN/TIN: [ ][ ][ ]–[ ][ ]–[ ][ ][ ][ ]
* Required if indicated on deficiency letter

(Type or print your name here)

(Capacity of person(s) signing, e.g., Beneficial Purchaser, Executor or Administrator)

Address
City        State    Zip Code
Foreign Province    Foreign Country

DF-CA0151    v.2

# PROOF OF CLAIM

*Type or print in the boxes below in CAPITAL LETTERS; do not use red ink, pencil or staples.*

## CLAIMANT INFORMATION

Beneficial Owner's First Name

Beneficial Owner's Last Name *as it appears on your brokerage statement*

Joint Beneficial Owner's First Name

Joint Beneficial Owner's Last Name *as it appears on your brokerage statement*

Mailing Address, including apartment, unit or box number

City

State

Zip Code

Foreign Province

Foreign Country

Social Security Number    –    –

OR

Taxpayer Identification Number    –

Primary Telephone Number    –    –

Email Address

Name of Custodian *if applicable*

## CLAIMANT TYPE

*Specify one*
☐ Individual(s)    ☐ Corporation    ☐ UGMA Custodian    ☐ IRA, Keogh (specify) _____
☐ Partnership    ☐ Estate    ☐ Trust    ☐ Other _____

*Individual(s)*, answer the following. If either question applies, state the position(s) held and dates of employment or affiliation.

☐ Yes  ☐ No   Were you an employee of Apple Inc. at any time from August 24, 2001 through June 29, 2006, both dates inclusive?

☐ Yes  ☐ No   Were you or are you an officer or director of Apple Inc.?

Positions(s)

Dates of Employment / Affiliation
   –   to   –
M M   Y Y   M M   Y Y

## CLAIMANT CERTIFICATION

1. I have read and understand the contents of the Notice and the Proof of Claim.
2. I purchased share(s) of Apple common stock between August 24, 2001, and June 29, 2006, both dates inclusive.
3. I (a) am not a Defendant, (b) am not a current or former director or officer of Apple, (c) was not an employee of Apple and/or its subsidiaries during the Class Period, and (d) am not a family member, trust, company, entity, or affiliate controlled or owned by any of those categories of persons or entities. I also have not filed a request to be excluded from the Class and do not know of any request to be excluded from the Class that was filed on my behalf.
4. I want to participate in the Settlement described in the Notice, and I agree to the terms and conditions thereof.
5. I have attached copies of sufficient supporting documentation for all transactions listed in the Schedule of Transactions in Apple Common Stock, in accordance with the instructions in this Proof of Claim and the Notice.
6. I understand and acknowledge that the information contained in this Proof of Claim is subject to verification by the Claims Administrator and the Court. I agree to furnish such additional information with respect to this Proof of Claim as the Claims Administrator or the Court may require.
7. I submit to the jurisdiction of the United States District Court for the Northern District of California with respect to this Proof of Claim. I understand that this Proof of Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to my status as a Class Member and the validity and amount of this Proof of Claim.
8. I agree to be bound by the Orders of this Court and the Court's summary determination of the validity and amount of this Proof of Claim.
9. I am NOT subject to backup withholding under the provisions of Section 3406(a)(1)(c) of the Internal Revenue Code. Note: If you have been notified by the Internal Revenue Service (IRS) that you are subject to backup withholding, please strike out the word "NOT."
10. I understand and acknowledge that if the Settlement is approved, the Court will enter an Order and Final Judgment dismissing the Action with prejudice. I further understand and acknowledge that, on and after the Effective Date, without further action, and for good and sufficient consideration, the receipt and adequacy of which are hereby acknowledged, (a) all Released Claims shall be fully, finally, and forever resolved, discharged and settled on the merits and with prejudice, and (b) I will be forever barred and enjoined from instituting, continuing, or prosecuting any action asserting any Released Claims against any Released Party.
11. I warrant and represent that I am authorized to execute and deliver this Proof of Claim.

I/we certify under penalty of perjury under the laws of the United States of America that the foregoing information and the supporting documents attached hereto are true, correct, and complete to the best of my/our knowledge, information, and belief.

Claimant/Beneficial Owner

Joint Claimant/Joint Beneficial Owner

Person Signing on Behalf of Claimant

Date Signed

Print Your Name

Print Your Name

Print Your Name & Capacity *Executor, President, Custodian, etc.*

**You must read and sign the Claimant Certification of each Proof of Claim submitted.
Failure to sign the Claimant Certification may result in a delay in processing your claim or the rejection of your claim.**

**PROOF OF CLAIM**, Page 1 of 2

## SCHEDULE OF TRANSACTIONS IN APPLE COMMON STOCK

*Type or print in the boxes below in CAPITAL LETTERS; do not use red ink, pencil or staples.* <u>All shares must be documented</u>.

1. The total number of shares of Apple common stock owned at the close of trading on August 23, 2001  ☐☐ , ☐☐☐ . ☐☐

2. For every purchase of Apple common stock from August 24, 2001 to June 29, 2006, both dates inclusive, provide:

| Trade Date<br>*List Chronologically*<br>MM - DD - YY | Number of Shares Purchased | Price per Share<br>*Excluding commissions, taxes and fees* | Documentation Attached |
|---|---|---|---|
| ☐☐ - ☐☐ - ☐☐ | ☐☐☐ , ☐☐☐ . ☐☐ | ☐☐☐ . ☐☐☐ | ☐ |
| ☐☐ - ☐☐ - ☐☐ | ☐☐☐ , ☐☐☐ . ☐☐ | ☐☐☐ . ☐☐☐ | ☐ |
| ☐☐ - ☐☐ - ☐☐ | ☐☐☐ , ☐☐☐ . ☐☐ | ☐☐☐ . ☐☐☐ | ☐ |
| ☐☐ - ☐☐ - ☐☐ | ☐☐☐ , ☐☐☐ . ☐☐ | ☐☐☐ . ☐☐☐ | ☐ |
| ☐☐ - ☐☐ - ☐☐ | ☐☐☐ , ☐☐☐ . ☐☐ | ☐☐☐ . ☐☐☐ | ☐ |
| ☐☐ - ☐☐ - ☐☐ | ☐☐☐ , ☐☐☐ . ☐☐ | ☐☐☐ . ☐☐☐ | ☐ |

3. The total number of shares of Apple common stock purchased from June 30, 2006 to September 27, 2006, both dates inclusive   ☐☐ , ☐☐☐ . ☐☐

4. Please indicate the number of shares, if any, received from the stock split on February 28, 2005   ☐☐ , ☐☐☐ . ☐☐

5. For every sale of Apple common stock from August 24, 2001 to September 27, 2006, both dates inclusive, provide:

| Trade Date<br>*List Chronologically*<br>MM - DD - YY | Number of Shares Sold | Price per Share<br>*Excluding commissions, taxes and fees* | Documentation Attached |
|---|---|---|---|
| ☐☐ - ☐☐ - ☐☐ | ☐☐☐ , ☐☐☐ . ☐☐ | ☐☐☐ . ☐☐☐ | ☐ |
| ☐☐ - ☐☐ - ☐☐ | ☐☐☐ , ☐☐☐ . ☐☐ | ☐☐☐ . ☐☐☐ | ☐ |
| ☐☐ - ☐☐ - ☐☐ | ☐☐☐ , ☐☐☐ . ☐☐ | ☐☐☐ . ☐☐☐ | ☐ |
| ☐☐ - ☐☐ - ☐☐ | ☐☐☐ , ☐☐☐ . ☐☐ | ☐☐☐ . ☐☐☐ | ☐ |
| ☐☐ - ☐☐ - ☐☐ | ☐☐☐ , ☐☐☐ . ☐☐ | ☐☐☐ . ☐☐☐ | ☐ |
| ☐☐ - ☐☐ - ☐☐ | ☐☐☐ , ☐☐☐ . ☐☐ | ☐☐☐ . ☐☐☐ | ☐ |

5. The total number of shares of Apple common stock owned at the close of trading on September 27, 2006   ☐☐ , ☐☐☐ . ☐☐

The **Trade Date** for the purchase or sale of Apple common stock is the date on which the actual trade order was made, not the date on which the funds were transferred in exchange for the shares, also known as the *settlement date*, which generally occurs later.

The **Price per Share** paid or received should exclude all commissions, taxes and fees.

You are required to attach copies of documentation sufficient to verify all identified transactions; documentation may be photocopies of brokerage confirmation slips or monthly statements. If you do not possess such documents, obtain copies or similar documentation from your broker or financial advisor. Failure to supply documentation could delay verification or may result in rejection of your claim.

If your trading activity during the Class Period exceeded fifty (50) transactions, you must provide all required purchase and sale information in an electronic file. For a copy of instructions and the parameters concerning electronic submissions, contact the Claims Administrator toll-free at 1-888-760-4869 or at www.AppleSecuritiesSettlement.com.

If you need additional space, attach separate, numbered sheets with the information provided in the same format as above; print your name and Social Security or Taxpayer Identification Number at the top of each additional sheet.

# PROOF OF CLAIM INSTRUCTIONS

1. If you purchased common stock of Apple Inc. ("Apple") between August 24, 2001, and June 29, 2006, both dates inclusive (the "Class Period"), you are a member of the Class in this Action and may be entitled to share in the Settlement. Excluded from the Class are Defendants, all current and former directors and officers of Apple, all employees of Apple and/or its subsidiaries during the Class Period, and any family member, trust, company, entity, or affiliate controlled or owned by any of the excluded persons and entities referenced above. Also excluded are persons and entities that exclude themselves by filing a request for exclusion in accordance with the requirements set forth in the Notice of Proposed Settlement, Settlement Fairness Hearing, and Motion for Attorneys' Fees and Expenses (the "Notice").

2. It is important that you read and understand the Notice that accompanies this Proof of Claim. The Notice describes the proposed Settlement, how Class Members are affected by it, and how the Net Settlement Fund will be distributed, if the Settlement is approved by the Court. The Notice also contains the definitions of many of the terms (which are indicated by initial capital letters) used in this Proof of Claim. By signing and submitting this Proof of Claim, you will be certifying that you have read and understood the Notice.

3. **TO PARTICIPATE IN THE SETTLEMENT, YOU MUST EITHER SUBMIT YOUR COMPLETED AND SIGNED PROOF OF CLAIM ONLINE AT WWW.APPLESECURITIESSETTLEMENT.COM BY NO LATER THAN MARCH 15, 2011, OR SEND IT BY FIRST-CLASS MAIL POSTAGE PRE-PAID POSTMARKED NO LATER THAN MARCH 15, 2011, ADDRESSED TO THE CLAIMS ADMINISTRATOR AT:**

    In re Apple Inc. Securities Litigation
    P.O. Box 6809
    Portland, OR 97228-6809

4. If you fail to submit a timely, properly addressed, and completed Proof of Claim, you will be forever barred from receiving any payments pursuant to the Settlement, but you will nevertheless be bound by any judgment entered in this Action.

5. Submission of this Proof of Claim does not ensure that you will share in the proceeds of the Settlement Fund. Distributions from the Settlement Fund are governed by the Plan of Allocation that is described in the Notice and is subject to the Court's approval.

6. If you are not a Class Member, or if you, or someone acting on your behalf, file(s) a request for exclusion from the Class as set forth in the Notice, please do not submit a Proof of Claim.

7. No cash payment will be made on a Recognized Claim where the distribution amount is less than $5.

8. If you have questions or need assistance in filling out this Proof of Claim, please contact the Claims Administrator at the address above, toll-free at 1-888-760-4869, or at the website: www.AppleSecuritiesSettlement.com.

9. This Proof of Claim must be completed by the actual owner ("Beneficial Owner"), or the legal representative of the Beneficial Owner, of Apple common stock upon which this Proof of Claim is based.

10. If you are an individual Beneficial Owner (as opposed to an entity Beneficial Owner), you must complete a separate Proof of Claim in each of the following situations:

    a. If you own(ed) the share(s) by yourself, list your name as the "Beneficial Owner's Name"; provide your address, other contact information, and your social security number; select the "Individual(s)" box; and check the appropriate box(es) regarding any association with Apple.

    b. If you own(ed) the shares(s) jointly with someone else, list your name as the "Beneficial Owner's Name"; list the co-owner's name as the "Joint Beneficial Owner's Name"; provide your address, other contact information, and your social security number; select the "Individual(s)" box; and check the appropriate box(es) regarding any association with Apple. Note that all Joint Beneficial Owners must sign the Proof of Claim.

    c. If you own(ed) the share(s) in an IRA, Keogh, or UGMA custodial account, list your name as the "Beneficial Owner's Name"; provide your address, other contact information, and your social security number; list the name of the custodian of your IRA, Keogh, or UGMA account; select the "UGMA Custodian" or "IRA, Keogh" box; and check the appropriate box(es) regarding any association with Apple.

11. If the Beneficial Owner of the share(s) is an entity (e.g., a corporation, trust, estate, etc.), you should complete one Proof of Claim for the entity. List the name of the entity as the "Beneficial Owner's Name"; provide the address, other contact information, and taxpayer identification number for the entity; and select the appropriate box(es) to describe the type of entity. Note that you must submit a separate Proof of Claim for each entity.

12. If a legal representative of the Beneficial Owner(s), such as an agent, executor, administrator, guardian, conservator, custodian or trustee, completes the Proof of Claim, that representative must (i) identify the Beneficial Owner(s) represented by name, address, telephone number, Social Security or Tax Identification Number; (ii) expressly state the capacity in which the representative is acting on behalf of the Beneficial Owner(s); and (iii) provide proof of authority to act on behalf of the Beneficial Owner(s) (e.g., power of attorney, currently effective letter testamentary, letter of administration).

13. Attention nominees (banks, brokers, financial institutions): Any nominee may submit a Master Proof of Claim on behalf of multiple clients who are beneficial owners of Apple common stock. The Master Proof of Claim and related instructions are posted on the "Nominees" page at www.AppleSecuritiesSettlement.com. Master Proofs of Claim must be completed and either submitted online at www.AppleSecuritiesSettlement.com by no later than March 15, 2011, or sent by first-class mail postage pre-paid postmarked no later than March 15, 2011.

**Claims Administrator**
In re Apple Inc. Securities Litigation
P.O. Box 6809
Portland, OR 97228-6809

---

## REMINDER CHECKLIST

*CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME. PLEASE BE PATIENT.*

1. Please sign the Proof of Claim. If you are submitting the Proof of Claim on behalf of Joint Beneficial Owners, all Joint Beneficial Owners must sign.

2. Please do not send originals of securities certificates. Remember to attach only copies of supporting documents, including documentation showing opening and closing balances and transactions in Apple common stock, as set forth in the Schedule of Transactions on page 2.

3. If your address changes in the future, or if these documents were sent to an old or incorrect address, please send us written notification of your new address.

4. Please keep a copy for your records of your completed Proof of Claim and all documentation submitted.

5. You will not receive confirmation that your Proof of Claim has been received, unless you send it via Certified Mail, Return Receipt Requested, or by some other means that provides you with proof of receipt. You will bear all risks of delay or non-delivery of your claim.

6. If you have any questions or concerns regarding your claim, contact the Claims Administrator at:

Claims Administrator
In re Apple Inc. Securities Litigation
P.O. Box 6809
Portland, OR 97228-6809
1-888-760-4869
www.AppleSecuritiesSettlement.com

**To participate in the settlement, you must either submit your completed and signed Proof of Claim online at www.AppleSecuritiesSettlement.com by no later than March 15, 2011, or send it to the address above by first-class mail postage pre-paid postmarked no later than March 15, 2011.**